**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ART AKIANE LLC,
               Plaintiff,

v.

ART & SOULWORKS LLC, and
CAROL CORNELIUSON,
               Defendants.

Civil Action No.:

**COMPLAINT**
JURY TRIAL DEMANDED

## COMPLAINT

1.      Plaintiff Art Akiane LLC ("Art Akiane") brings this action against Defendants Carol Corneliuson ("Corneliuson") and Art & SoulWorks LLC ("ASW") (collectively "Defendants") because of Defendants' illicit copying and distribution of Akiane Kramarik's artwork, trademark infringement, deceptive trade practices, unfair competition, and Defendants' other violations of federal and state law.

2.      Akiane Kramarik is an internationally renowned artist who has been recognized as a gifted child prodigy and garnered international acclaim for her works. She has appeared on the *Oprah Winfrey Show*, and been featured on the *Katie Couric Show, World News Tonight, Good Morning America, CNN, The View, Fox News*, the *Montel Williams Show*, and many others.

3.      In 2007, Akiane licensed to ASW the right to print certain artwork on bookmarks, journals, wallet cards, calendars, and greeting cards for sale, through her licensing company, Art Akiane LLC, the plaintiff in this matter. The license expired on January 11, 2019. Undeterred by the expiration of the license, Defendants refused to stop selling Akiane's artwork, and

1

continue to sell, copy, modify and distribute Akiane's artwork without authorization and misrepresent that they are the authorized source and representatives of Akiane's artwork.

4.     Through their misconduct Defendants continue to reap immense financial profit and benefit off of Akiane's work.

## I.  THE PARTIES

5.     Art Akiane LLC is an Illinois limited liability company with its principal place of business at 833 Central Ave., Unit 1250, Highland Park, IL 60035.  Art Akiane is the intellectual property holding company of Akiane Kramarik, and Akiane Kramarik has transferred all right, title and interest in her artwork, and name and likeness, to Art Akiane.

6.     Upon information and belief, Art & SoulWorks LLC is a Colorado limited liability company with its principal place of business at 214 Ranch Road, Evergreen, CO 80439.

7.     Corneliuson is an individual who, on information and belief, resides at 214 Ranch Road, Evergreen, CO 80439.  Upon information and belief, Corneliuson is the owner and sole member of Art & SoulWorks LLC.

## II.     STATUTORY BASIS AND NATURE OF ACTION

8.     This action is for: (1) copyright infringement under the Copyright Act, 17 U.S.C. §§ 1, *et seq*.; (2) unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition under Illinois common law; (4) deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7; (5) unjust enrichment under Illinois common law; (6) removal and alteration of copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202; (7) violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (8) tortious interference with a

2

prospective economic advantage under Illinois common law; and (9) violation of the Illinois Right of Publicity Act, 765 ILCS § 1075/1-60.

9.      Art Akiane seeks preliminary and permanent injunctive relief and an award of profits and statutory damages, among other remedies.

## III.  JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction to hear and determine this controversy pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act.  *See* 17 U.S.C. §§ 101, *et seq.*; 15 U.S.C. §§ 1051, *et seq.*

11.     This Court has supplemental jurisdiction to hear and determine the state law claims, which arise under the statutory and common laws of the State of Illinois, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution and derive from a common nucleus of operative facts.

12.     Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims herein occurred in this District and Defendants have promoted infringing goods in this District.

13.     This Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with the state of Illinois, because they have purposefully directed their activities toward the state of Illinois, causing harm suffered in the state of Illinois, and because this action is based upon activities that arise out of or relate to those contacts. Defendants targets consumers in Illinois in the sale of goods, and have contracted with Plaintiff, an Illinois company.

## IV.  FACTUAL BACKGROUND

### A.    Akiane Kramarik and Art Akiane

14.    Akiane comes from humble beginnings, having been born and raised in abject poverty.  She began creating her artwork, including many of the Works (as defined in paragraph 22 below) at age four.  Despite the challenges she faced growing up, she worked hard to develop her artistic talent, creating hundreds of original and renowned masterpieces over the past two decades.

15.    Throughout her young life, Akiane developed her skillset through no formal training: she began drawing complex and sophisticated artwork utilizing different mediums including candles, charcoal, and pencils; at the age of six, she began painting; by the age of seven, Akiane was knowledgeable in the use of color pastels and acrylic paints; and at the age of eight, she had completed a five-foot long oil painting mastering realism, and was already holding solo art exhibitions.

16.    Akiane's art has been showcased in numerous galleries and developed an international fan base that continues to grow.  She has received extensive media coverage in Australia, China, Brazil, Japan, Korea, Russia, Ireland, England, Scotland, the Netherlands, France, Hungary, Poland, Lithuania, Latvia, Canada, the Middle East, and Norway.

17.    Akiane's online gallery, located at www.akiane.com, has had nearly 450 million global visitors over the past decade.  Her art exhibitions have been featured in museums, galleries, embassies, universities, institutes, churches, and corporations all around the world.

18.    She has also been featured in documentaries and made hundreds of media appearances.  In addition to the shows mentioned above, she has been featured on the *Glen Beck Program*, *The Late Late Show*, *Lou Dobbs Tonight*, *Hour of Power*, *Superhuman: Genius*, *The*

*Indigo Evolution*, *Miracle Detectives*, *Extreme Prophetic*, *Trinity Broadcast Network*, *Supreme Master Television*, and *Super Kids*.

19. Akiane has raised hundreds of thousands of dollars globally through her charity auctions and art exhibits for the impoverished, and she has used her talents and artwork to contribute to over two hundred international and charitable foundations and fundraisers, including Northwest Medical Teams and the Smile Network.

20. Due to her immense talent and fan base, Akiane has even been portrayed in the *New York Times* best-selling book *Heaven is For Real*, which was adapted into a 2014 film produced by Sony Pictures.

21. Akiane's name and persona have developed enormous commercial value in promoting her artwork as a result of the public's widespread knowledge and admiration of her talents.

22. Akiane assigned the copyright registrations for the Works to Art Akiane. Art Akiane owns all necessary rights to the following copyrights, registered at the U.S. Copyright Office, for the following visual works of art (the "Works"):

| Title of Work | Registration No. | Work |
|---|---|---|
| Prince of Peace | VA 1-921-911 |  |
| Father Forgive Them | VA 1-960-272 |  |

5

| | | |
|---|---|---|
| Jesus | VA 2-142-942 |  |
| Barefoot | VA 2-010-303 |  |
| I AM | VA 2-010-300 |  |
| Mother's Love | VA 1-925-543 |  |
| Innocence | VA 2-010-352 |  |
| On My Knees | VA 1-924-181 |  |
| Hope | VA 1-925-448 |  |

| | | |
|---|---|---|
| Co-Creation | VA 1-924-158 |  |
| The Swing | VA 2-011-840 |  |
| Love at First Sight | VA 1-924-183 |  |
| Vulnerable | VA 2-010-397 |  |

23.     Attached as Exhibit A are true and correct copies of the certificates of registration or registration information for the Works.

24.     The Works are original works of authorship, all created between 2002 and 2018. Akiane is the sole author of the Works.

25.     As the owner of the above-listed Works and pursuant to Section 106 of the Copyright Act, Art Akiane has the exclusive right to reproduce the Works, prepare derivative works of them, distribute copies to the public, and display the Works publicly.

26.     Art Akiane owns all right, title and interest in and to Akiane's name and likeness.

27.     Since at least as early as 2003, Art Akiane has also been substantially and continuously using the name and likeness of Akiane in the marketing and sale of the Works.

28.     Art Akiane owns all right, title and interest in and to Art Akiane and Akiane's trademarks, which are imprinted on the Works that Art Akiane sells, and are extensively used in online and media advertising.  By virtue of the quality and nature of the goods offered under the trademarks, the extensive sales, advertising, provision, marketing and promotion under the trademarks, and the substantially exclusive and continuous use of the trademarks for over 16 years for and in connection with the Works, the trademarks have come to symbolize and identify a source of great and valuable goodwill for and in connection with Art Akiane's goods.

29.     Art Akiane has used its trademarks in commerce throughout the United States continuously since at least 2003 for the distribution, provision, sale, marketing, advertising, and promotion of the goods associated with its marks.  Attached as Exhibit B is a representative sample showing Art Akiane's use of its trademarks (the "AKIANE Marks") in connection with these goods.

30.     As a result of its widespread, continuous, and exclusive use of the AKIANE Marks to identify its goods and Art Akiane as their source, Art Akiane owns valid and subsisting rights to the AKIANE Marks.

31.     The AKIANE Marks are distinctive to both the consuming public and to those in Art Akiane's industry.

32.     Art Akiane has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the AKIANE Marks, including through online blog posts, speaking engagements, attendance and participation at media events, and publishing books and newsletters about Akiane.  Exhibit C.  Art Akiane has expended significant resources on the marketing, advertising, and promotion of the goods sold under the AKIANE Marks.

33.     Consumers understand and see that the Art Akiane goods originate from Art Akiane.  As a result of Art Akiane's considerable expenditures and efforts, the AKIANE Marks have come to signify the high quality of the goods designated by the AKIANE Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Art Akiane.

34.     Art Akiane has protected and enforced its AKIANE Marks against past infringements, including sending numerous cease and desist letters to infringers.

**B.     Defendants Corneliuson and ASW**

35.     ASW is a business entity that profits from selling religiously themed art, ornaments, home décor, and other various goods to consumers.

36.     Upon information and belief, Corneliuson is the owner and sole member of ASW. ASW, at the direction of Corneliuson, sells products on its website, which it also utilizes to promote and sell its goods.  Exhibit D.  At Corneliuson's direction and with her knowledge, ASW sells products on various e-commerce stores such as Amazon, eBay, Christianbooks, Mardel, and others.

37.     Upon information and belief, Corneliuson directs and controls the operations of ASW, ASW's websites https://art-soulworks.com and www.jesusprinceofpeace.com, and ASW's social media, including its Facebook page at www.facebook.com/jesusprinceofpeace, its Twitter page at https://twitter.com/ArtnSoulworks, and its Instagram page at https://www.instagram.com/jesus_art_akiane/.

38.     On January 11, 2007, Art Akiane and ASW entered into a licensing agreement (the "Agreement"), which expired on January 11, 2019.

39.     Art Akiane licensed the copyrighted paintings "Prince of Peace" (Reg. VA 1-921-911), Father Forgive Them (Reg. VA 1-960-272), Trust (Reg. VA 1-925-445), Love at First

Sight (Reg. VA 1-924-183), Blessing (Reg. VA 1-924-543), The Challenge (Reg. VA 1-924-186), and Mother's Love (VA 1-925-543), to ASW to be reproduced and printed on bookmarks, journals, wallet cards, calendars, deck cards, and greeting cards for Defendants to sell to consumers.

40.     Unknown to Art Akiane, and upon information and belief, Defendants had been copying, displaying, distributing, and selling Art Akiane's other Works, despite never having been granted licensing rights to do so under the Agreement.

41.     Upon information and belief, Corneliuson represented herself to be the sole representative of all the Works to customers.

42.     Between 2011 to 2018, potential customers and art collectors who were interested in purchasing Art Akiane's artwork contacted Corneliuson in order to purchase original artwork. Corneliuson would contact Art Akiane to request the price for the original artwork, without disclosing to Art Akiane the identity of the potential customer.

43.     Upon information and belief, Corneliuson would not allow further communications between these potential customers and Art Akiane, despite Art Akiane's willingness to negotiate purchase terms for the artwork and the legitimate expectancy to enter into a valid business relationship with those customers.

44.     Art Akiane could not contact the potential customers because Corneliuson withheld customer contact information. Art Akiane lost sales because negotiations with potential customers deteriorated when Art Akiane could not contact these customers.

45.     On January 10, 2019, Art Akiane sent a letter to Corneliuson, formally notifying her that Art Akiane would not be renewing the Agreement.

46.     Corneliuson was upset that Art Akiane would not renew the Agreement.

**C.      Defendants' Infringing Conduct and Willful Copying**

47.      Despite the expiration of the Agreement, Defendants continue to make copies, display, and distribute the Works without authorization, including on ASW's online store, ASW's Facebook page at www.facebook.com/jesusprinceofpeace, ASW's Twitter page at https://twitter.com/ArtnSoulworks, ASW's Instagram page at https://www.instagram.com/jesus_art_akiane/, and through Squareup, St. Jude Shop, Amazon, eBay, Christianbook, Mardel, and other online stores on the internet.  Exhibit E.

48.      Defendants also modified copies of Akiane's artwork by altering or removing Akiane's signature and other identifying information, and distributed the altered Works on the internet on ASW's Facebook page, Twitter page, Instagram page, YouTube, their online store, and other websites.  Exhibit F.

49.      Defendants altered or removed copyright management information from Akiane's artwork in at least 755 instances, publicizing those images with altered or removed copyright management information.  Attached as Exhibit G is a table summarizing the instances Defendants impermissibly published the artwork with altered or removed copyright management information.

50.      Upon information and belief, the alteration or removal of copyright management information was directed by Corneliuson, and done with the purpose of marketing and profiting off of ASW's association with Art Akiane.

51.      Art Akiane never gave Defendants permission or authority to remove copyright management information from the Works.

52.      Defendants also created, registered, and run unauthorized Facebook, Twitter, and Instagram pages using Akiane's likeness, and that prominently uses the AKIANE Marks,

including in the domain name for the Facebook page located at

www.facebook.com/jesusprinceofpeace.  Exhibit H.

53.     The domains advertise the sale of the Works and uses Akiane's likeness to
promote the sale of infringing goods.

54.     Upon information and belief, Defendants maintain the Facebook, Twitter, and
Instagram domains solely to profit from the sale of the Works.

55.     Defendants also created, registered, and continue to run the website domain
www.jesusprinceofpeace.com, which prominently uses the AKIANE Marks, including in the
domain name.

56.     Without Art Akiane's authorization, Defendants continue to use Akiane's likeness
and the AKIANE Marks on their domain names, websites, e-commerce sites, and social media
sites, including on their Facebook page, Twitter page, and Instagram page.  Exhibit I.

57.     Upon information and belief, Defendants continue to willfully distribute, provide,
market, advertise, promote, and offer for sale the Works under the AKIANE Marks.

58.     Upon information and belief, Defendants offer and sell the Works under the
AKIANE Marks to the same types of consumers that comprise Art Akiane's same class of
consumers and to whom Art Akiane sells the same goods to.  Consumers are likely to be
confused as to the source or sponsorship of the goods, as well as the association between
Defendants and Art Akiane.

59.     Defendants, upon information and belief, willfully appropriated Akiane's name
and likeness in multiple ways including, without limitation, by uploading Akiane's images and
name to Defendants' publicly available YouTube channel, Facebook page, Twitter page,
Instagram page, and Defendants' website.

60. Art Akiane did not authorize Defendants to use Akiane's name, identity, or likeness and Defendants had no consent to do so.

61. Upon information and belief, Defendants' utilization of Akiane's name, identity, likeness, and reputation was purely for commercial purposes including, without limitation, to offer for sale and promote Defendants' products via Defendants' website, Facebook page, Twitter page, Instagram page, YouTube channel, and other channels of trade.

62. Upon information and belief, Defendants have received and continue to receive a benefit from their utilization of Akiane's full name, identity, likeness, and reputation including, without limitation, internet traffic to Defendant's social media channels and website, increased search engine relevancy, and potential or actual customers who were directed to Defendants for no reason other than Defendants' utilization of Akiane's name, identity, and likeness.

63. Defendants' infringing acts as alleged above have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and have and are likely to continue to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods originate from, are associated or affiliated with, or otherwise authorized by Art Akiane.

64. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Art Akiane's AKIANE Marks, cause confusion and deception in the marketplace, and divert potential sales of Art Akiane's goods to Defendants.

65. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Art Akiane and to its valuable reputation and goodwill with the consuming public for which Art Akiane has no adequate remedy at law.

13

## COUNT I
## COPYRIGHT INFRINGEMENT
### (AGAINST ALL DEFENDANTS)

66.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

67.     Art Akiane is the assignee of copyrights registered with the United States Copyright Office.

68.     Art Akiane is the true, rightful, and sole owner of the copyrights in the Works, including Copyright Registration Nos. VA 1-921-911, VA 1-960-272, VA 2-142-942, VA 2-010-303, VA 2-010-300, VA 1-925-543, VA 2-010-352, VA 1-924-181, VA 1-924-448, VA 1-924-158, VA 2-011-840, VA 1-924-183, and VA 2-010-397.

69.     By their actions alleged above, Defendants have infringed Art Akiane's copyrights by knowingly copying and willfully reproducing and distributing into the market infringing content with knowledge that they are either direct copies or derivatives of the copyrighted materials.

70.     Defendants without authority copied copyrighted content owned by Art Akiane for use on websites including Defendants' website at http://art-soulworks.com, www.jesusprinceofpeace.com, Amazon, Facebook, Twitter, Instagram, YouTube, and eBay.

71.     Defendants' acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

72.     Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## COUNT II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

73.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

74.     Defendants' unauthorized use in commerce of the AKIANE Marks as alleged above is likely to confuse, cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of its goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Defendants are in some way affiliated with or sponsored by Art Akiane.

75.     Defendants' unauthorized use in commerce of the AKIANE Marks as alleged above constitutes use of a false designation of origin and misleading description and representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76.     Upon information and belief, Defendants' conduct as alleged above is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Art Akiane.

77.     Defendants' conduct as alleged above constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Art Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court. Art Akiane has no adequate remedy at law.

79.     Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees,

and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III**
**COMMON LAW UNFAIR COMPETITION**
**(AGAINST ALL DEFENDANTS)**

80.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

81.     Art Akiane owns all rights, title, and interest in and to the AKIANE Marks, including but not limited to all common law rights in such marks due to Art Akiane's first use of the AKIANE Marks in this district.  Defendants' unauthorized use in commerce of the AKIANE Marks as alleged herein occurred long after Art Akiane began using the AKIANE Marks and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Defendants is in some way affiliated with or sponsored by Art Akiane.

82.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants' with Art Akiane.

83.     By reason of their acts, Defendants have committed unfair competition under Illinois common law.

84.     Defendants' conduct is causing immediate and irreparable harm and injury to Art Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court.  Art Akiane has no adequate remedy at law.

85.     Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Illinois common law, together with prejudgment and post-judgment interest.

**COUNT IV**
**VIOLATION OF THE ILLINOIS**
**UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(AGAINST ALL DEFENDANTS)**

86.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

87.     The Illinois Uniform Deceptive Practices Act ("UDPA"), 815 ILCS § 510/2, *et seq.* provides that a person engages in deceptive trade practices when the person "(1) passes off goods or services as those of another . . . (3) causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; . . . [or] (5) represents that goods or services has sponsorship, approval, characteristics, . . . that they do not have."

88.     Upon information and belief, Corneliuson represented herself to be the sole representative of all the Works to customers.

89.     Defendants have violated the UDPA by falsely and deceptively representing to consumers that Art Akiane is associated with Defendant, and because Defendants have used deception, fraud, false pretense, misrepresentation or concealment, suppression or omission of material facts, either expressly or by implication, in causing the false association with the intent that the public rely upon those false representations.

90.     Defendants' trade practice of misleadingly holding itself out as being associated with Art Akiane is directed to the market generally, and otherwise constitutes a consumer

17

protection matter because consumers need to be protected from false and misleading advertising of the type that Defendants are engaged in.

91. The unauthorized use by Defendants of Art Akiane's Works and the AKIANE Marks is causing and is likely to cause substantial injury to the public and to Art Akiane, and Art Akiane has no adequate remedy at law for this injury.

92. As a result of Defendants' unlawful business practices, Art Akiane is entitled to an order enjoining such future conduct, attorneys' fees under 815 ILCS § 510/3, and such other orders and judgments necessary.

## COUNT V
## UNJUST ENRICHMENT
## (AGAINST ASW)

93. Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

94. Art Akiane's ownership of the rights to distribute and the rights to license the use of the Works are valuable assets to Art Akiane.

95. By reproducing, distributing, and selling Art Akiane's Works without permission or authorization, and profiting off the Works without paying compensation to Art Akiane, Defendant has appropriated a valuable asset belonging to Art Akiane.

96. By failing to pay proper compensation to Art Akiane for the sale and use of the Works, Defendant has retained Art Akiane's benefit and such retention violates the fundamental principles of justice, equity and good conscience.

## COUNT VI
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
### (AGAINST ALL DEFENDANTS)

97.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

98.     The Works and Akiane's artwork contain the signature or name of Akiane or Art Akiane, which is copyright management information protected under 17 U.S.C. § 1202(b).

99.     Upon information and belief, Defendants intentionally and knowingly removed and/or altered the copyright management information identifying Akiane or Art Akiane as the author and owner, and distributed the same without authorization.

100.    Defendants' conduct violates 17 U.S.C. § 1202(b).

101.    Defendants' removal and/or altering of the aforementioned copyright management information and its distribution was made without the knowledge or consent of Art Akiane.

102.    Upon information and belief, the removal and/or altering of the aforementioned copyright management information and its unauthorized distribution were made by Defendants to induce, enable, facilitate, or conceal its infringement of Art Akiane's copyrights.

103.    Defendants also knew, or should have known, that such removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Art Akiane's copyrights.

104.    As a result of the wrongful conducts of Defendants, Art Akiane is entitled to recover from Defendants the damages that Art Akiane sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

105.    Alternatively, Art Akiane may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## COUNT VII
## VIOLATION OF THE LANHAM ACT – ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
## (AGAINST ASW)

106.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

107.    At the time of Defendant's registration or first use of its domain names, including its Facebook domain name, Instagram domain name, and the www.jesusprinceofpeace.com domain name, each of the AKIANE Marks was distinctive.

108.    Defendant's domain names are identical or confusingly similar to the AKIANE Marks.

109.    Defendant has registered, trafficked in, or used the domain names with a bad faith intent to profit from the AKIANE Marks in violation of 15 U.S.C. § 1125(d).

110.    Defendant's bad faith intent is demonstrated by numerous factors, including the following:

   a.    Defendant intends to divert consumers from Art Akiane's online location to a site accessible under its own domain names that could harm the goodwill represented by the AKIANE Marks, either for Defendant's commercial gain or with the intent to tarnish or disparage the AKIANE Marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site accessible under the Defendant domain names; and

20

b. Defendant knows that the Defendant domain names are identical or confusingly similar to the AKIANE Marks.

111. Upon information and belief, Defendant's actions have been and are willful, deliberate, and done with knowledge of Art Akiane's rights.

112. Art Akiane has no adequate remedy at law. Unless enjoined by this Court, Art Akiane will continue to do the acts complained of in this Complaint and cause damage and injury, all to Art Akiane's irreparable harm and to Defendant's unjust enrichment.

**COUNT VIII**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(AGAINST CORNELIUSON)**

113. Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

114. Art Akiane had a reasonable business expectancy of entering into a valid business relationship with customers with whom Art Akiane would have sold artwork to.

115. Corneliuson had knowledge of this expectancy, which knowledge Corneliuson acquired because she facilitated communications between Art Akiane and the potential customers.

116. Upon information and belief, through dishonest, unfair, and/or improper means, Corneliuson intentionally interfered with Art Akiane's prospective relationships with these customers, including by preventing further communications between Art Akiane and the potential customers.

117. Corneliuson's interference caused injury to Art Akiane's prospective relationships with these customers.

118.    Art Akiane has no adequate remedy at law for Corneliuson's tortious conduct. Unless Corneliuson is enjoined by the Court, Art Akiane will continue to suffer irreparable harm.

119.    Art Akiane may elect to recover from Corneliuson exemplary and punitive damages and attorneys' fees under Illinois law for Corneliuson's willful, intentional, and tortious acts.

## COUNT IX
## VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT
## (AGAINST ALL DEFENDANTS)

120.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

121.    Defendants' unauthorized use of Akiane's identity for commercial purposes is a violation of the Illinois Right of Publicity Act, 765 ILCS § 1075/1-60.

122.    Defendants' use of Akiane's identity was unauthorized because Defendants did not obtain Art Akiane's consent to use Akiane's identity in connection with any advertisement.

123.    Upon information and belief, Defendants' use of Akiane's identity was willful because they used Akiane's identity intentionally and with knowledge that its use was not authorized.

124.    Art Akiane has been damaged by Defendants' unauthorized use of Akiane's identity.  Art Akiane has no adequate remedy at law.

125.    Unless enjoined by this Court, Defendants will continue to do the acts complained of in this Complaint and cause damage and injury, all to Art Akiane's irreparable harm and to Defendants' unjust enrichment.

126.    Art Akiane may elect to recover from Defendant statutory damages pursuant to 765 ILCS § 1075/40 in a sum of at least its actual damages, profits derived from the unauthorized use, or both, and punitive damages.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Art Akiane respectfully request that this Court:

A.    Enter judgment in favor of Art Akiane on Counts I-IX;

B.    Award Art Akiane its actual damages against Defendants in an amount to be determined at trial;

C.    Award Art Akiane with Defendants' profits from its aforementioned activities;

D.    Award Art Akiane with punitive damages against Defendants;

E.    Award Art Akiane with statutory damages;

F.    Award Art Akiane all of its costs and reasonable attorneys' fees in this action as authorized by 17 U.S.C. § 1203, 765 ILCS § 1075/55, 815 ILCS § 510/3 and other applicable laws;

G.    Award Art Akiane with pre- and post-judgment interest at the maximum legal rate and costs;

H.    Award Art Akiane an accounting for damages and for all the profits together with those profits lost by Art Akiane due to Defendants' misconduct alleged herein;

I.    Preliminarily and permanently enjoin Defendants, and their predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concert with them, or on their behalf, from:

    i.    Displaying, copying, distributing, promoting, offering, disseminating, or selling Art Akiane's copyrighted materials or any modification, derivation, or reproduction thereof;

    ii.    Representing that Defendants have any rights to Art Akiane's copyrights, including ownership, license, or any other right;

    iii.    Using Akiane's identity without prior authorization; and

    iv.    Doing and engaging in any of the acts described above and directing Defendants to conform with each and every provision of this prayer for relief;

J.    Directing that Defendants recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark AKIANE or any other marks that are a counterfeit, copy, confusingly similar variation, or colorable imitation of the AKIANE Marks or Works;

K.    Directing Defendants to transfer and assign all rights and control to any webpage and social media site that is likely to cause confusion, mistake or to deceive consumers with the AKIANE Marks;

L.    Directing Defendants to provide an accounting of all products ever sold incorporating the Works, including the products:

    i.    currently in Defendants' inventory;

    ii.    sold by Defendants since January 11, 2007, whether directly or indirectly;

    iii.    taken into inventory by Defendants; and

    iv.    ordered by or on behalf of Defendants (including units for which a purchase order has been submitted, which are currently being loaded for shipment, or

which are currently *en route* for delivery), including listing all lot or serial

numbers of said products as applicable; and

M.     Grant to Art Akiane such other relief as may be just and warranted under the

circumstances.

## JURY DEMAND

Plaintiff Art Akiane LLC hereby demands a jury trial on all issues so triable.


Dated: May 1, 2019                    Respectfully submitted,

ART AKIANE LLC,


By: s/  Adam Wolek
Adam Wolek
Marcus S. Harris
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 28th Floor
Chicago, Illinois 60601
Phone: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com
mharris@taftlaw.com

*Counsel for Plaintiff Art Akiane LLC*