# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cv-02952 |
| v. ) | |
| ) | Judge Edmond E. Chang |
| ART & SOULWORKS LLC, ) | |
| CAROL CORNELIUSON, and ) | |
| CARPENTREE, INC., ) | |
| ) | |
| Defendants. ) | |
| ------------------------------------------------------ ) | |
| ) | |
| ART & SOULWORKS LLC, and ) | |
| CAROLYNE CORNELIUSON, ) | |
| ) | |
| Defendants - Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ART AKIANE LLC, AKIANE ART ) | |
| GALLERY, LLC, and AKIANE ) | |
| KRAMARIK, ) | |
| ) | |
| Counter-Defendants. ) | |

**ART & SOULWORKS AND CAROLYNE CORNELIUSON'S
POSITION PAPER ON DISCOVERY NEEDED TO RESPOND TO PLAINTIFF'S
<u>PRELIMINARY INJUNCTION MOTION</u>**

Defendants/Counter-plaintiffs Art & Soulworks LLC and Carolyne Corneliuson (collectively, "ASW"), submit this position paper outlining the primary discovery needed to respond to Plaintiff/Counter-Defendant Art Akiane's Motion for Preliminary Injunction ("Motion").[1]

Plaintiff seeks a preliminary injunction prohibiting ASW from, among other things, displaying and selling any of Akiane Kramarik's works on ASW's website and via its social media pages. Effectively, Plaintiff seeks to: (a) prevent ASW from re-selling any of the works it purchased via a series of wholesale and other oral agreements, where Plaintiff was already paid for the works and ASW obtained the Right of First Sale; and (b) force ASW to go back through all of its historical posts on social media and its website to remove any reference to any painting, likeness or affiliation with Plaintiff or the related Akiane parties even though all of these posts were made when the parties' written license agreement and other oral contracts were in effect. Plaintiff terminated these agreements without notice, leaving ASW with substantial inventory of which it seeks to be rid.

To respond to Plaintiff's 52-page motion and hundreds of pages of exhibits, ASW needs discovery, most easily obtained in the form of deposition testimony, on the following topics:

(1) Standing.
   a. From the onset of this litigation and in all of its pleadings, Plaintiff claims it has all rights, title and interest to the copyrights in the works in question and in the Akiane trademarks. Despite numerous requests for proof of the same, it has not been presented.

      i. Testimony by Akiane Kramarik and a representative of Art Akiane is needed to establish the bona fides and parameters (time frame, etc.) of the claim.

---

[1] As noted previously in court, ASW would like to request an expedited determination on its declaratory judgment count of its counterclaim [Dkt. 47], which covers and would bring clarity to the same conduct at issue. The discovery requested here will facilitate that endeavor as well.

1

(2) Likelihood of success on the merits.
   a. A substantial premise of Plaintiff's motion is that the sales by ASW and the posts at issue were or are "unauthorized." Testimony by Mark Kramarik to establish the parameters of the parties' agreements is necessary to defend this assertion.

(3) Irreparable Harm & No Adequate Remedy at Law.
   a. Plaintiff contends in a conclusory manner that it will be irreparably harmed if the sought injunction is not issued and that there is no comparable remedy at law. A deposition of Mark Kramarik will allow ASW to challenge these claims.

(4) Statute of Limitations.
   a. Plaintiff conflates an untold amount of alleged "harms" into its 52-page motion, but does not clarify when the alleged unlawful acts occurred, thus obfuscating a determination of whether the statute of limitations on some or all of its claims has expired. A deposition to establish the time frames in question is therefore necessary.

(5) Right of Publicity.
   a. Plaintiff addresses the likelihood of success on its right of publicity claim (p. 41-43). A deposition of Akiane Kramarik is necessary to establish the transfer of any such rights and the manner in which ASW has allegedly violated them.

(6) Unclean Hands.
   a. Unclean hands is a defense to motions seeking extraordinary equitable relief. A deposition of a representative of Art Akiane is necessary to establish how Plaintiff has unclean hands that prevent the issuing of the injunction sought.

(7) Clarity on Claims.
   a. Plaintiff's motion addresses a host of allegedly unlawful conduct, but does not do so with sufficient clarity as to where the allegedly infringing piece(s) was sold or displayed, when, and in what context. Many of the examples included in the graphic illustrations or exhibits do not appear to be what the text of the motion suggests. A deposition of a representative of Art Akiane would allow ASW to probe the claims being made to establish that no likelihood of success on the merits exists.

Rather than spend time exchanging documents, interrogatories and interrogatory responses, ASW believes that it can obtain the necessary information needed to respond to the instant motion through depositions as described above.

Dated:  October 16, 2019                    Respectfully submitted,

                                                              */s/ Nicole N. Auerbach*

Nicole N. Auerbach
Patrick J. Lamb
Salvador Carranza
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
(312) 676-5460 - Telephone
(312) 676-5499 - Facsimile
nicole.auerbach@elevatenextlaw.com
Patrick.lamb@elevatenextlaw.com
Salvador.carranza@elevatenextlaw.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2019, I caused the foregoing to be served upon all counsel of record via the Court's ECF system.

*/s/ Nicole N. Auerbach*
Nicole N. Auerbach
