## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, | |
|     Plaintiff, | |
| v. | Civil Action No.: 19-cv-02952 |
| ART & SOULWORKS LLC, CAROL CORNELIUSON, and CARPENTREE, LLC | Judge: Hon. Edmond E. Chang |
|     Defendants. | |
| ART & SOULWORKS LLC, and CAROLYNE CORNELIUSON, | |
|     Defendants-Counter-Plaintiffs, | |
| v. | |
| ART AKIANE LLC, | |
|     Plaintiff-Counter-Defendant, | |
| and | |
| AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, | |
|     Counter-Defendants. | |

## INITIAL STATUS REPORT[1]

Plaintiff/Counter-Defendant Art Akiane LLC ("Art Akiane"), Counter-Defendants Akiane

Art Gallery, LLC ("Akiane Art Gallery") and Akiane Kramarik ("Akiane") file this Initial Status

Report pursuant to Federal Rules of Civil Procedure 26(f) and 16(b), Local Rule 26.1, and after

conferring by telephone with Defendants/Counter-Plaintiffs Art & SoulWorks LLC ("ASW") and

---

[1] The parties previously agreed to the contents of this report via email, however, Plaintiff did not receive permission to add Defendants' signature blocks by the time of filing. Accordingly, Defendants' signature blocks are not included in this status report.

Carolyne Corneliuson ("Corneliuson"), and Defendant/Cross-Claimant Carpentree, LLC ("Carpentree").

       1.      **<u>Nature of the Case</u>**

          A.     <u>Attorneys of Record</u>:

For Plaintiff/Counter-Defendant Art Akiane LLC and Counter-Defendants Akiane Art Gallery, LLC and Akiane Kramarik,

Adam Wolek (lead attorney)
Marcus Harris
Rashad A. Simmons
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Phone: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com
mharris@taftlaw.com
rsimmons@taftlaw.com

For Defendants/Counter-Plaintiffs Art & SoulWorks LLC and Carol Corneliuson,

Nicole N. Auerbach (lead attorney)
Salvador Carranza
Patrick Lamb
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, Illinois 60661
Phone: (312) 676-5460
Fax: (312) 676-5499
nicole.auerbach@elevatenextlaw.com
salvador.carranza@elevatenextlaw.com
patrick.lamb@elevatenextlaw.com

For Defendant/Cross-Claimant Carpentree, LLC,

Michael L. Hahn (lead attorney)
Ryan D. Janski
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
Phone: (312) 781-6569 (Hahn)

Phone: (312) 781-6667 (Janski)
Fax: (312) 781-6630
Hahn@LitchfieldCavo.com
Janski@LitchfieldCavo.com

B.      Federal Jurisdiction: This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act. *See* 17 U.S.C. §§ 101, *et seq.*; 15 U.S.C. §§ 1051, *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because the parties' state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the Constitution and derive from a common nucleus of operative facts. Moreover, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Lastly, venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c).

C.      The Nature of the Claims Asserted:

1.      Plaintiff's Claims Against ASW and Corneliuson

Art Akiane asserts a claim for copyright infringement against ASW and Corneliuson. Specifically, Art Akiane alleges that ASW and Corneliuson infringed Art Akiane's copyrights by making illicit sales and ordering illicit prints from vendors. And because the subject license agreement between Art Akiane and ASW terminated on January 11, 2019, Art Akiane alleges that ASW's and Corneliuson's continued sales and online displays of the works are infringing.

Art Akiane also asserts a trademark infringement and unfair competition and false designation of origin claim against ASW and Corneliuson, alleging that ASW and Corneliuson have falsely represented that they have an "affiliation, connection, or association" with Akiane, are an authorized dealer of Art Akiane's goods, and own Art Akiane's trademarks, which will likely confuse consumers about the "origin, sponsorship, or approval" of the goods or commercial activities.

Art Akiane also brings additional claims against Corneliuson and ASW, including integrity of copyright management information, contributory copyright infringement, inducement of copyright infringement, common law unfair completion, unjust enrichment, violation of the Illinois Uniform Deceptive Trade Practices Act, and violation of the Illinois Right of Publicity Act.

Furthermore, Art Akiane brings a tortious interference with prospective economic advantage claim against Corneliuson where Art Akiane alleges that Corneliuson intentionally interfered with Art Akiane's prospective relationships with various potential Art Akiane customers, including by preventing further communications between Art Akiane and the potential customers.

Lastly, Art Akiane brings two individual claims against ASW, including a claim of cybersquatting as a result of ASW's allege use of domain names that are identical or confusingly similar to Art Akiane's trademarks. Art Akiane also brings a breach of contract claim against

3

ASW, alleging that ASW breached the license agreement because it has not paid royalties that are rightfully owed to Art Akiane under the agreement.

2. <u>ASW's and Corneliuson's Separate Statement Regarding Plaintiff's Claims</u>

ASW and Corneliuson deny all material allegations alleged in Art Akiane's Complaint and have asserted numerous affirmative defenses that defeat Plaintiff's claims, including but not limited to:

(1) **Time barred claims**. Although Plaintiffs do not specify the time-frames at issue for the alleged infringement claimed to have occurred prior to the expiration of the written License Agreement and the numerous oral agreements that governed the parties' relationship, based on the conduct alleged, the copyright infringement allegations and breach of contract claims (governed by Colorado law) that pre-date 3 years from the filing of the complaint, the breach of contract claims, as well as the other claims based on their respective statutes of limitation or laches, are time barred.

(2) **Licenses.** The written and oral agreements entered into by ASW gave ASW (and therefore, Corneliuson on ASW's behalf) the right to make all of the displays in question in the Amended Complaint as well as the right to sell the art work in question prior to wind-down period agreed to by the parties as a result of the purported termination of the agreements by Plaintiff. Thus, all passed alleged copyright or trademark infringement or violation of rights of publicity were in fact allowed.

(3) **First Sale Doctrine Rights**. With respect to the oral Wholesale Agreement between the parties as well as the purchases made for her private collection, ASW and Corneliuson have the right to sell and display for sale the Akiane works purchased per the First Sale Doctrine. Thus, notwithstanding the purported termination of the agreements, ASW and Corneliuson have rights independent of the licensee status and thus, the allegations of infringement after the terminations fail.

(4) **Lack of Standing or Authority**. As the Assignment Documents recently produced demonstrate, Plaintiff did not have the rights to enter into any of the various agreements with ASW over the years and thus, the claims it make fail for this reason as well.

(5) **Acquiescence/Waiver and/or Unclean Hands.** The conduct complained of was well known to Plaintiff over the more than 10 year relationship between the parties, in fact, there is ample evidence that Plaintiff and the Kramarik family endorsed the uses or displays they now complain of. In addition, regarding any injunctive relief, Plaintiff's hands are too unclean to allow equitable relief. Plaintiff's knowingly intended to terminate the parties' relationship, and knew from the prior 10 years the time, effort and money expended by ASW and Corneliuson in anticipation that the agreement would continue as it had in the past. Plaintiff even fulfilled a substantial order placed the day before it abruptly and without notice purported to terminate the agreements, leaving ASW and Corneliuson's reputation in the Christian art community indelibly tarnished, causing Defendants to have to cancel

order, tradeshows and other commitments, and leaving them with an enormous inventory of licensed work for which they had to sell at a loss using fire-sale prices, and a further inventory of Wholesale and private collection works that they are trying to sell, but have the added burden of Plaintiff's harassing conduct towards all its institutional buyers, including sending take-down notices and naming those buyers in this litigation as co-defendants.

3.       Plaintiff's Claims Against Carpentree

Art Akiane brings a claim of copyright infringement against Carpentree as a result of Carpentree's alleged copying, redistribution, and sale of Art Akiane's works. Art Akiane also brings a claim of unjust enrichment against Carpentree. Specifically, Art Akiane alleges by reproducing, distributing, and selling Art Akiane's Works without permission or authorization, and allegedly profiting off the Works without paying compensation to Art Akiane, Carpentree has allegedly retained Art Akiane's benefit.

Carpentree denies all material allegations alleged in Art Akiane's Complaint.

4.       ASW's and Corneliuson's Counterclaim

ASW and Corneliuson have been harmed by Art Akiane (Plaintiff/Counter-Defendant) as well as by Akiane Kramarik and Akiane Gallery (collectively, "the Akiane Group"). Art Akiane (thought it did not have the rights to do so), failed to act in good faith leading up to the termination of the parties' agreements, as it knew that it intended to terminate the agreements, but allowed ASW and Corneliuson to rely on the parties' course of conduct over the years in extending the agreements, and knew that based on this reasonable reliance, Counter-Plaintiffs invested substantial time, effort and money into continuing the business for the benefit of all parties. By purporting to terminate the agreements without notice, the Akiane Group left Counter-Plaintiffs with a substantial amount of inventory that they had to sell at fire-sale prices, irreparably injured their reputation in the industry, and have continued to harm Counter-Plaintiffs by their tactics in this litigation. In addition, they have failed to pay commissions due to Corneliuson for paintings sold to buyers Corneliuson referred to Art Akiane and for which commissions were promised.

ASW and Corneliuson bring the following Counterclaims against the Akiane Group:

- Expedited declaratory judgment, Count I (against Art Akiane, Akiane Art Gallery, and Akiane Kramarik);

- Breach of contract, Count II (against Art Akiane and/or Akiane Art Gallery);

- Breach of duty of good faith and fair dealing, Count III (against Art Akiane);

- Unjust enrichment, Count IV (against Art Akiane, Akiane Art Gallery, and Akiane Kramarik);

- Intentional interference with contractual relations, Count V (against Art Akiane, Akiane Art Gallery, and Akiane Kramarik);

- Tortious interference with business expectancies, Count VI (against Art Akiane, Akiane Art Gallery, and Akiane Kramarik); and

- Violation of the DCMA, Count VII (against Art Akiane, Akiane Art Gallery, and Akiane Kramarik).

Art Akiane, Akiane Art Gallery, and Akiane Kramarik deny all material allegations alleged in ASW's and Corneliuson's counterclaims.

### 5.     Carpentree's Cross-Claims Against ASW

Carpentree alleges that it purchased goods from ASW (including Art Akiane related goods) with the good faith belief that ASW possessed the right to sell those goods. It was with this understanding that Carpentree then sold certain goods it had purchased from ASW to consumers on its own website.

Carpentree has, in the alternative, asserted cross-claims against ASW for breach of the warranty against infringement, breach of warranty of title, and contribution pursuant to the Illinois Joint-Tortfeasor's Act. To the extent that ASW was not permitted to sell its goods to Carpentree, Carpentree alleges that ASW breached its warranty of title and/or warranty against infringement.

D.     Major Legal and Factual Issues: The major legal and factual issues anticipated in the case are as follows:

Factual Issues:

1.     Art Akiane's works and marks.

2.     The existence and scope of any oral agreements.

3.     The scope of and expiration of the license agreement.

4.     The nature and extent of the Defendants' use of Art Akiane's works and marks, and their use following termination of the license agreement.

5.     Whether the Defendants' use of Art Akiane's works and marks were permitted.

6.     Whether Art Akiane acquiesced in the Defendants' use of the works and marks.

7.     Whether the Art Akiane has unclean hands.

6

8.   Whether the Art Akiane acted in bad faith under the parties' alleged agreements.

9.   Whether Akiane Kramarik tortuously interfered with the alleged ASW agreements.

Legal Issues:

1.   Whether Defendants infringed Art Akiane's copyrights.

2.   Whether ASW and Corneliuson infringed Art Akiane's Lanham Act rights.

3.   Whether ASW and Corneliuson violated Akiane's identity and likeness rights.

4.   Whether any oral agreements granted ASW and Corneliuson the right to use Art Akiane's works or marks.

5.   Whether ASW and Corneliuson have the right to continue the display of various Art Akiane's works on their website and social media.

6.   Whether Defendants' actions are excused by the first sale doctrine, fair use, or any other affirmative defense.

7.   Whether Defendants are liable under Art Akiane's state law claims.

8.   Whether the affirmative defenses asserted by Defendants – such as the equitable defenses of laches and estoppel – apply.

9.   Whether Art Akiane has standing to assert the claims asserted, and/or whether it had the rights to enter into the various alleged agreements with ASW.

10.   Whether Art Akiane owns the words "Jesus" or "Prince of Peace" or iterations of the same and can argue that ASW/Corneliuson's ownership of the "Jesusprinceofpeace" or "FriendsofJesus" domain names are infringing or cybersquatting.

11.   Whether some of the claims are time-barred.

12.   Whether Art Akiane owes Corneliuson commissions.

E.    Relief Sought by Plaintiff:

1.    Judgment in its favor on all of its claims;

2.    Actual damages against Defendants in an amount to be determined at trial;

3.    An award of Defendants' profits from Defendants' activities;

4.    An award of punitive and statutory damages;

5.    An award of its costs and reasonable attorneys' fees;

6.    Pre-and-post judgment interest at the maximum legal rate and costs;

7.    Preliminarily and permanently enjoin Defendants from:

   a.   Displaying, copying, distributing, promoting, offering, disseminating, or selling Art Akiane's copyrighted materials or any modification, derivation, or reproduction thereof;

   b.   Representing that Defendants have any rights to Art Akiane's copyrights, including ownership, license, or any other right; and

   c.   Using Akiane's identity without prior authorization; and

   d.   Representing that they have an "affiliation, connection, or association" with Akiane, are an authorized dealer of Art Akiane's goods, and own Art Akiane's trademarks, or that they are the "origin, sponsorship, or approval" of the goods or commercial activities.

8.    Directing that ASW and Corneliuson recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays, and related materials incorporating or bearing Art Akiane's trademarks;

9.    Directing ASW and Corneliuson to transfer and assign all rights and control to any webpage and social media site that is likely to cause confusion, mistake or to deceive consumers with Art Akiane's trademarks; and

10. Directing Defendants to provide an accounting of all products ever sold incorporating Art Akiane's Works.

F. Relief Sought by Counter-Plaintiffs ASW and Corneliuson:

1. Enter judgment in Counter-Plaintiffs favor on all Counts;

2. Declare that ASW/Corneliuson:

   a. Have the right to display the Akiane work they purchased through the Wholesale and Private Collection agreements and to continue to display that art in the manner in which they previously displayed it on social media, Amazon, their websites, etc.;

   b. Have no obligation to remove any previous posts regarding Akiane Art that were made in accordance with the rights given under the License Agreement to use the art for purposes of promotion and marketing;

   c. can sell Akiane art and products they own with frames in accordance with the First Sale Doctrine;

   d.  third parties who legitimately purchased art from ASW either while the License Agreements were in place, through the fire-sale liquidation process or from the Wholesale inventory, need not take down the materials as infringing and may continue to sell them in accordance with the First Sale Doctrine;

   e. ASW owns the "Princeofpeacefriends" and "Jesusprinceofpeace" domains and may use these websites, domains and the words "Jesus" or "Prince of Peace";

   f. ASW/Corenliuson had the right to create derivative works of the Akiane right for purposes of promotion and display while the Agreements were in place; and

   g. the Akiane Group waived/forfeited the right to complain about, or are estopped from complaining about the ASW displays, use of trademarks and copyrights during the parties' agreements, as they were open and notorious for more than 10 years.

3. Enjoin the Akiane Group from continuing to issue false Take Down Notices and order them to retract all such notices;

4. Award Counter-Plaintiffs its actual damages against Counter-Defendants in an amount to be determined at trial, but in excess of

$1,000,000;

5.      Award Counter-Plaintiffs with punitive damages against Counter-Defendants for Counts V and VI;

6.      Award Counter-Plaintiffs all of their costs and reasonable attorneys' fees in this action as authorized by 17 U.S.C. § 1203, 17 U.S.C. § 512(f), 15 U.S. Code § 1117 and other applicable laws;

7.      Award Counter-Plaintiffs with pre- and post-judgment interest at the maximum legal rate and costs; and

8.      Grant Counter-Plaintiffs such other relief as may be just and warranted under the circumstances.

## 2.     <u>Pending Motions and Case Plan</u>

A.     <u>Status of Service</u>: All Defendants have been served and appeared.

B.     <u>Pending Motions</u>: Plaintiff filed a motion for preliminary injunctive relief on October 7, 2019 to enjoin ASW and Corneliuson:

1.      From copying, displaying or distributing digital images of Art Akiane's copyrighted works, and modifying, creating derivative works or reproducing such materials on its webpages or social media accounts;

2.      From copying, displaying, making derivative works of or distributing videos of Akiane's Works;

3.      From using Akiane's likeness or identity to promote its webpages and social media; and

4.      From marketing, holding themselves out as, or representing that they are the origin of, affiliated with, or endorsed or approved by Art Akiane or its works.

ASW's and Corneliuson's response to the preliminary injunction motion and request for affirmative relief is due on or before December 6, 2019. Plaintiff's reply is due on or before December 23, 2019.

C.     <u>Mandatory Initial Discovery</u>:

i.     <u>The general type of discovery needed</u>: The parties anticipate that they will seek both written discovery and deposition testimony from each other. In addition, Plaintiff has issued third-party subpoenas and the parties may issue additional subpoenas or otherwise obtain discovery from third parties.

ii.    The due dates of the mandatory initial discovery disclosures: Plaintiff's mandatory initial disclosures to Carpentree were due on October 28, 2019 and were served on that date. Plaintiff's ESI disclosures to Carpentree were due on November 11, 2019 and were served to Carpentree on that date.

Plaintiff's and Cross-Respondents Akiane Art Gallery's and Akiane Kramarik's mandatory initial disclosures to ASW and Corneliuson were due on November 1, 2019 and were served on that date. Their corresponding ESI disclosures were due on November 15, 2019 and were served on that date.

Carpentree's mandatory initial disclosures were due on October 28, 2019. Carpentree served its mandatory disclosures on October 29, 2019. Carpentree's ESI disclosures were due on November 11, 2019, and they produced their ESI disclosures on November 22, 2019 and November 25, 2019.

ASW's and Corneliuson's mandatory initial disclosures were due on November 1, 2019 and they served their disclosures on that date. ASW's and Corneliuson's ESI disclosures were due on November 15, 2019 and they produced their ESI disclosures on November 22, 2019.

iii.    Provide a description of the parties' discussions of the mandatory initial discovery responses: The parties had informal discussions throughout the litigation, and had their conference on November 20, 2019.[2]

As noted in further detail below, the parties were unable to agree on a proposed discovery and trial schedule. Plaintiff believes that five months for fact discovery is appropriate because this is not a document intensive case and documents have already been produced as a result of the earlier settlement conference and mandatory initial disclosures. Plaintiff further believes that ASW's and Corneliuson's proposed discovery and trial schedule is too long and will unfairly and unnecessarily delay this litigation and the relief requested by Plaintiff.

Defendant Carpentree states that they do not need the length of time proposed by ASW and Corneliuson, however, Carpentree would like additional time from Plaintiff's proposed discovery and trial schedule.

The parties proposed discovery and trial schedules are shown below in Exhibit A and the parties seek Court intervention to resolve their dispute concerning the length of discovery.

iv.    A date to issue the first-set of written discovery requests: The parties agree that that may begin to serve written discovery on each other upon the Court's entry of the parties' proposed confidentiality order.

---

[2] The additional language noted below footnote 2 in section 2(c)(iii) was previously agreed upon by the parties and included in the footnotes found in Exhibit A. However, to provide clarity to the Court, Plaintiff added the language from the footnotes in Exhibit A to the body of the status report. Plaintiff tried to obtain permission to use Defendants' signature blocks following this addition, however, Plaintiff did not hear back from all of the Defendants. Accordingly, Defendants' signature blocks are not included in this status report.

v.      A fact discovery completion date: The parties disagree on a fact discovery completion date. Plaintiff proposes the close of fact discovery on or before March 13, 2020. ASW and Corneliuson propose the close of fact discovery on or before September 30, 2020.

vi.      Expert discovery: The parties disagree on the expert discovery closure date. Plaintiff proposes the close of expert discovery on or before June 26, 2020. ASW and Corneliuson propose the close of expert discovery on or before November 30, 2020.

vii.      A date of filing dispositive motions: The parties disagree on the deadline to file dispositive motions. Plaintiff proposes a deadline for dispositive motions of August 7, 2020. ASW and Corneliuson propose a deadline for dispositive motions on December 30, 2020.

D.      For Cases Not in the Mandatory Initial Discovery Pilot Project: Not applicable.

E.      Jury Trial and Probably Length of Trial: Plaintiff requests a jury trial, and the parties estimate that a trial may last 5 days.

F.      Service of Pleadings and Other Papers by Electronic Means under Federal Rule of Civil Procedure 5(b)(2)(E): The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E) and email.

**3.      Consent to Proceed Before a Magistrate Judge**

The parties do not consent unanimously to proceed before a magistrate judge for all purposes, including entry of final judgment.

**4.      Status of Settlement Discussions**

Plaintiff and Defendants ASW and Corneliuson participated in a settlement conference before the Honorable Jeffrey Cole on August 1, 2019 and August 6, 2019. Those parties were unable to reach a settlement.

Dated: December 4, 2019                         Respectfully submitted,

                                                ART AKIANE LLC,


                                                By: s/ Adam Wolek
                                                     Adam Wolek
                                                     Marcus Harris
                                                     Rashad A. Simmons
                                                     TAFT STETTINIUS & HOLLISTER LLP
                                                     111 E. Wacker Drive, Suite 2800
                                                     Chicago, Illinois 60601
                                                     Phone: (312) 836-4063

Fax: (312) 966-8598
awolek@taftlaw.com
mharris@taftlaw.com
rsimmons@taftlaw.com
*Counsel for Plaintiff and Counter-Defendant Art Akiane LLC and Counter-Defendants Akiane Art Gallery, LLC and Akiane Kramarik*

## EXHIBIT A

### Plaintiff's Proposed Discovery and Trial Schedule[3]

| Event | Date |
|---|---|
| Deadline to Add Parties or Amend Pleadings | February 14, 2020 |
| Written and Document Fact Discovery Closes | March 13, 2020 |
| Deadline for Fact-Witness Deposition | April 24, 2020 |
| Deadline to File Initial Expert Reports | May 22, 2020 |
| Deadline to File Rebuttal Expert Reports | June 12, 2020 |
| Expert Discovery Closes | June 26, 2020 |
| Deadline for Filing Expert *Daubert* Motions | August 7, 2020 |
| Deadline for Filing Dispositive Motions | August 7, 2020 |
| Deadline for Filing Opposition to Expert *Daubert* Motions | September 11, 2020 |
| Deadline for Filing Opposition to Dispositive Motions | September 11, 2020 |
| Deadline for Filing Reply in Support of Expert *Daubert* Motions | October 2, 2020 |
| Deadline for Filing Reply in Support of Dispositive Motions | October 2, 2020 |
| Trial Estimate (On or After) | December 7, 2020 |

### Defendant ASW's and Corneliuson's Proposed Discovery and Trial Schedule[4]

| Event | Date |
|---|---|
| Fact Discovery Closes | September 30 , 2020 |
| Deadline to Add Parties or Amend Pleadings | June 19, 2020 |
| Deadline for Plaintiff and Counter-Plaintiffs to File Expert Reports | September 1, 2020 |
| Defendants & Counter-Defendants' Deadline to File Counter-Expert Reports | October 1,  2020 |
| Expert Discovery Closes | November 30, 2020 |
| Deadline for Filing Dispositive Motions | December 30, 2020 |
| Trial Estimate (On or After) | April , 2021 |

---

[3] Plaintiff believes that five months for fact discovery is appropriate because this is not a document intensive case and documents have already been produced as a result of the earlier settlement conference and mandatory initial disclosures. Plaintiff further believes that ASW's and Corneliuson's proposed discovery and trial schedule is too long and will unfairly and unnecessarily delay this litigation and the relief requested by Plaintiff.

[4] Defendant Carpentree states that it does not need the length of time proposed by ASW and Corneliuson, however, it would like additional time from Plaintiff's proposed discovery and trial schedule.

## CERTIFICATE OF SERVICE

On December 4, 2019 the undersigned caused the foregoing Initial Status Report to be filed electronically with the Northern District of Illinois, and served upon all parties registered to receive notice via the Court's CM/ECF system.

By: /s/  Rashad A. Simmons

Rashad A. Simmons
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Phone: (312) 836-4043
Fax: (312) 966-8598
rsimmons@taftlaw.com
*Counsel for Plaintiff and Counter-
Defendant Art Akiane LLC and Counter-
Defendants Akiane Art Gallery and Akiane
Kramarik*