# EXHIBIT A
# (Part 1 of 10)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ART AKIANE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 19-cv-02952 |
| | ) | |
| ART & SOULWORKS LLC, | ) | |
| CAROL CORNELIUSON, | ) | **SECOND AMENDED** |
| CARPENTREE, INC., and VIRGINIA | ) | **COMPLAINT** |
| HOBSON, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| ART & SOULWORKS LLC, and | ) | |
| CAROLYNE CORNELIUSON, | ) | |
| | ) | |
| Defendants-Counter-Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| ART AKIANE LLC, | ) | |
| | ) | |
| Plaintiff-Counter-Defendant, | ) | |
| and | ) | |
| | ) | |
| AKIANE ART GALLERY, LLC, and | ) | |
| AKIANE KRAMARIK, | ) | |
| | ) | |
| Counter-Defendants. | ) | |
| ———————————————— | ) | |

## SECOND AMENDED COMPLAINT

1.     Plaintiff Art Akiane LLC ("Art Akiane") brings this action against Defendants

Carol Corneliuson ("Corneliuson"), Art & SoulWorks LLC ("ASW"), Carpentree, Inc.

("Carpentree"), and Virginia a/k/a "Ginny" Hobson ("Hobson") (collectively "Defendants")

because of Defendants' illicit copying and distribution of Akiane Kramarik's artwork, trademark

infringement, deceptive trade practices, unfair competition, and Defendants' other violations of federal and state law.

2.    Akiane Kramarik is an internationally renowned artist who has been recognized as a gifted child prodigy and garnered international acclaim for her works.  She has appeared on the *Oprah Winfrey Show*, and been featured on the *Katie Couric Show, World News Tonight, Good Morning America, CNN, The View, Fox News*, the *Montel Williams Show*, and many others.

3.    In 2007, Art Akiane licensed to ASW the right to print certain artwork on bookmarks, journals, wallet cards, calendars, and greeting cards for sale, through her licensing company, Art Akiane LLC, the plaintiff in this matter. ASW was required to pay a 10% royalty fee to Art Akiane for items sold under the license. The license expired on January 11, 2019.

4.    Unknown to Art Akiane, Corneliuson and ASW hid and underreported sales, made and sold counterfeit works, and printed and distributed illicit copies of Akiane's artwork.

5.    For instance, before and after ASW's license expired in January 2019, Corneliuson and ASW printed various illicit and counterfeit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers on ASW's website and via various vendors, including Defendant Carpentree. Carpentree then sold the illicit and counterfeit artwork to consumers and other resellers.

6.    Defendants also took postcards and wallet cards and framed them to look like legitimate framed artwork by Akiane, in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane.

7.    Furthermore, Corneliuson and ASW further induced the public to download illegal "free" copies of Akiane's artwork from ASW's website before and after the licensing

agreement expired, and Corneliuson and ASW continue to misrepresent that they are the authorized source and representatives of Akiane's artwork.

8.     For instance, ASW's website states that ASW is the "[t]rusted [s]ource for 'Prince of Peace' high-quality reproductions" and "everyone who visits Art & SoulWorks is invited to download a portrait of Jesus, free of charge." *See*, *e.g.* Exhibit A.

9.     Upon information and belief, Corneliuson and ASW also hid sales of Akiane products and underreported revenue by at least $464,730.26, and kept royalties that should have been paid to Art Akiane.

10.     Accordingly, Art Akiane seeks relief from this Court.

## I.     THE PARTIES

11.     Art Akiane LLC is an Illinois limited liability company with its principal place of business at 833 Central Ave., Unit 1250, Highland Park, IL 60035.  Art Akiane is the intellectual property holding company of Akiane Kramarik, and Akiane Kramarik has transferred all right, title and interest in her artwork, and name and likeness, to Art Akiane.

12.     Upon information and belief, Art & SoulWorks LLC is a Colorado limited liability company with its principal place of business at 214 Ranch Road, Evergreen, CO 80439.

13.     Corneliuson is an individual who, on information and belief, resides at 214 Ranch Road, Evergreen, CO 80439.  Upon information and belief, Corneliuson is the owner and sole member of Art & SoulWorks LLC.

14.     Upon information and belief, Carpentree, Inc. is an Oklahoma corporation with its principal place of business at 9410 East 54th Street, Tulsa, OK 74145.

15.     Hobson is an individual who, on information and belief, resides at 14016 W. 31st Street, Sand Springs, OK 74063. Upon in formation and belief, Hobson owns and controls Carpentree.

## II.     STATUTORY BASIS AND NATURE OF ACTION

16.     This action is for: (1) copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*; (2) unfair competition of false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition under Illinois common law; (4) deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7; (5) unjust enrichment under Illinois common law; (6) removal and alteration of copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202; (7) violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (8) tortious interference with a prospective economic advantage under Illinois common law; (9) violation of the Illinois Right of Publicity Act, 765 ILCS § 1075/1-60; and (10) breach of contract under Illinois common law.

17.     Art Akiane seeks preliminary and permanent injunctive relief, and an award of profits and statutory damages, among other remedies.

## III.     JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction to hear and determine this controversy pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act.  *See* 17 U.S.C. §§ 101, *et seq.*; 15 U.S.C. §§ 1051, *et seq.*

19.     This Court has supplemental jurisdiction to hear and determine the state law claims, which arise under the statutory and common laws of the State of Illinois, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form

part of the same case or controversy under Article III of the United States Constitution and derive from a common nucleus of operative facts.

20.     This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship between the parties exists, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

21.     Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims herein occurred in this District and Defendants have promoted infringing goods in this District.

22.     This Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with the state of Illinois, because they have purposefully directed their activities toward the state of Illinois, causing harm suffered in the state of Illinois, and because this action is based upon activities that arise out of or relate to those contacts. Defendants also target consumers in Illinois in the sale of goods, and Corneliuson and ASW had contracted with Plaintiff, an Illinois company.

IV.     **FACTUAL BACKGROUND**

A.     **Akiane Kramarik and Art Akiane**

23.     Akiane comes from humble beginnings, having been born and raised in abject poverty. She began creating her artwork, including many of the Works (as defined in paragraph 30 below) at age four. Despite the challenges she faced growing up, she worked hard to develop her artistic talent, creating hundreds of original and renowned masterpieces over the past two decades.

24.     Throughout her young life, Akiane developed her skillset through no formal training: she began drawing complex and sophisticated artwork utilizing different mediums including candles, charcoal, and pencils; at the age of six, she began painting; by the age of seven, Akiane was knowledgeable in the use of color pastels and acrylic paints; and at the age of eight, she had completed a five-foot long oil painting mastering realism, and was already holding solo art exhibitions.

25.     Akiane's art has been showcased in numerous galleries and developed an international fan base that continues to grow.  She has received extensive media coverage in Australia, China, Brazil, Japan, Korea, Russia, Ireland, England, Scotland, the Netherlands, France, Hungary, Poland, Lithuania, Latvia, Canada, the Middle East, and Norway.

26.     Akiane's online gallery, located at www.akiane.com, has had nearly 450 million global visitors over the past decade.  Her art exhibitions have been featured in museums, galleries, embassies, universities, institutes, churches, and corporations all around the world.

27.     She has also been featured in documentaries and made hundreds of media appearances.  In addition to the shows mentioned above, she has been featured on the *Glen Beck Program*, *The Late Late Show*, *Lou Dobbs Tonight*, *Hour of Power*, *Superhuman: Genius*, *The Indigo Evolution*, *Miracle Detectives*, *Extreme Prophetic*, *Trinity Broadcast Network*, *Supreme Master Television*, and *Super Kids*.

28.     Akiane has raised hundreds of thousands of dollars globally through her charity auctions and art exhibits for the impoverished, and she has used her talents and artwork to contribute to over two hundred international and charitable foundations and fundraisers, including Northwest Medical Teams and the Smile Network.

29. Due to her immense talent and fan base, Akiane has even been portrayed in the *New York Times* best-selling book *Heaven is For Real*, which was adapted into a 2014 film produced by Sony Pictures.

30. Akiane's name and persona have developed enormous commercial value in promoting her artwork as a result of the public's widespread knowledge and admiration of her talents.

31. Akiane assigned the copyright registrations for the Works to Art Akiane. Art Akiane owns all necessary rights to the following copyrights, registered at the U.S. Copyright Office, for the following visual works of art (the "Works"):

| Title of Work | Registration No. | Work |
|---|---|---|
| Prince of Peace | VA 1-921-911 |  |
| Father Forgive Them | VA 1-960-272 |  |
| Jesus | VA 2-142-942 |  |
| Barefoot | VA 2-010-303 |  |

| | | |
|---|---|---|
| I AM | VA 2-010-300 |  |
| Mother's Love | VA 1-925-543 |  |
| Innocence | VA 2-010-352 |  |
| On My Knees | VA 1-924-181 |  |
| Hope | VA 1-925-448 |  |
| Co-Creation | VA 1-924-158 |  |
| The Swing | VA 2-011-840 |  |
| Love at First Sight | VA 1-924-183 |  |

| | | |
|---|---|---|
| Vulnerable | VA 2-010-397 |  |

32. Attached as Exhibit B are true and correct copies of the certificates of registration or registration information for the Works.

33. The Works are original works of authorship, all created between 2002 and 2018. Akiane is the sole author of the Works.

34. As the owner of the above-listed Works and pursuant to Section 106 of the Copyright Act, Art Akiane has the exclusive right to reproduce the Works, prepare derivative works of them, distribute copies to the public, and display the Works publicly.

35. Art Akiane owns all right, title and interest in and to Akiane's name and likeness.

36. Since at least as early as 2003, Art Akiane has also been substantially and continuously using the name and likeness of Akiane in the marketing and sale of the Works.

37. Art Akiane owns all right, title and interest in and to Art Akiane and Akiane's trademarks, which are imprinted on the Works that Art Akiane sells, and are extensively used in online and media advertising. By virtue of the quality and nature of the goods offered under the trademarks, the extensive sales, advertising, provision, marketing and promotion under the trademarks, and the substantially exclusive and continuous use of the trademarks for over 16 years for and in connection with the Works, the trademarks have come to symbolize and identify a source of great and valuable goodwill for and in connection with Art Akiane's goods.

38. Art Akiane has used its trademarks in commerce throughout the United States continuously since at least 2003 for the distribution, provision, sale, marketing, advertising, and promotion of the goods associated with its marks. Attached as Exhibit C is a representative

sample showing Art Akiane's use of its trademarks (the "AKIANE Marks") in connection with these goods.

39.     As a result of its widespread, continuous, and exclusive use of the AKIANE Marks to identify its goods and Art Akiane as their source, Art Akiane owns valid and subsisting rights to the AKIANE Marks.

40.     The AKIANE Marks are distinctive to both the consuming public and to those in Art Akiane's industry.

41.     Art Akiane has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the AKIANE Marks, including through online blog posts, speaking engagements, attendance and participation at media events, and publishing books and newsletters about Akiane. *See*, *e.g.* Exhibit D.  Art Akiane has expended significant resources on the marketing, advertising, and promotion of the goods sold under the AKIANE Marks.

42.     Consumers understand and see that the Art Akiane goods originate from Art Akiane.  As a result of Art Akiane's considerable expenditures and efforts, the AKIANE Marks have come to signify the high quality of the goods designated by the AKIANE Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Art Akiane.

43.     Art Akiane has protected and enforced its AKIANE Marks against past infringements, including sending numerous cease and desist letters to infringers.

**B.     Corneliuson's and ASW's Illicit Printing**

44.     ASW is a business entity that profits from selling religiously themed art, ornaments, home décor, and other various goods to consumers.

45.     Upon information and belief, Corneliuson is the owner and sole member of ASW. ASW, at the direction of Corneliuson, sells products on its website, which it also utilizes to promote and sell its goods.  Exhibit E.  At Corneliuson's direction and with her knowledge, ASW sells products on various e-commerce stores such as Amazon, eBay, Carpentree, Christianbooks, Mardel, and others. *See*, *e.g.* Exhibit F.

46.     Upon information and belief, Corneliuson directs and controls the operations of ASW, ASW's websites https://art-soulworks.com and www.jesusprinceofpeace.com, and ASW's social media, including its Facebook page at www.facebook.com/jesusprinceofpeace, its Twitter page at https://twitter.com/ArtnSoulworks, its Instagram page at https://www.instagram.com/jesus_art_akiane/, and its Pinterest page. *See*, *e.g.* Exhibit G.

47.     On January 11, 2007, Art Akiane and ASW entered into a licensing agreement (the "Agreement"), which expired on January 11, 2019. Exhibit H.

48.     Art Akiane licensed the copyrighted paintings "Prince of Peace" (Reg. VA 1-921-911), Father Forgive Them (Reg. VA 1-960-272), Trust (Reg. VA 1-925-445), Love at First Sight (Reg. VA 1-924-183), Blessing (Reg. VA 1-924-543), The Challenge (Reg. VA 1-924-186), and Mother's Love (VA 1-925-543), to ASW to be reproduced and printed on bookmarks, journals, wallet cards, calendars, deck cards, and greeting cards for Corneliuson and ASW to sell to consumers.

49.     Unknown to Art Akiane, and upon information and belief, Corneliuson and ASW have been copying, modifying, displaying, distributing, and selling Art Akiane's other Works, despite never having been granted licensing rights to do so under the Agreement.

50.     Corneliuson and ASW have at a minimum sold and printed the following Works without authorization from Art Akiane:

| Dimension | Title of Work | Work |
|---|---|---|
| 8x10<br>Custom Paper Print | Prince of Peace |  |
| 9x12<br>Canvas, OE | Prince of Peace |  |
| 12x16<br>Paper Print | Prince of Peace |  |
| 2x3 inch<br>Wallet Cards | Prince of Peace |  |
| 11x14<br>Paper Print | Prince of Peace |  |
| 2x7<br>Bookmarks | Prince of Peace |  |
| 11x14<br>Paper Print | Jesus |  |

| 2x3 inch Wallet Cards | Jesus |  |
|---|---|---|
| 11 x 14 Paper Print | I AM |  |

51. Unknown to Art Akiane, Corneliuson and ASW illicitly printed and sold excessive numbers of prints exceeding Art Akiane's approval.

52. For instance, unknown to Art Akiane, and upon information and belief, Corneliuson and ASW printed:

    a. 469 8x10 Prince of Peace paper prints in excess of the 500 prints they purchased from Art Akiane;

    b. printed and sold over 834 9x12 Prince of Peace canvas prints in excess of the 300 prints they purchased from Art Akiane;

    c. printed and sold 3,000 12x16 Prince of Peace paper prints in excess of the 600 prints they purchased from Art Akiane;

    d. printed 400 11x14 Jesus paper print without authorization;

    e. printed 100 11x14 "I AM" paper print without authorization;

    f. printed 2,000 11x14 Prince of Peace paper prints;

    g. printed over 114,800 2x3 Prince of Peace wallet cards without authorization;

    h. printed 5,000 2x3 inch Jesus wallet cards without authorization; and

    i. printed 10,000 Prince of Peace bookmarks without authorization.

53.     Defendants sold the illicit prints to various customers.

54.     ASW abused and exceeded its rights under the Agreement when it printed without permission, illicit versions of Art Akiane's artwork.

55.     For instance, while only having rights to sell postcards, Defendants printed framed postcards so that they would look like legitimate framed artwork by Akiane.

56.     An example of Defendants' illegitimate work is found below:



57.     Defendants also digitally modified the Prince of Peace work, printed it on wallet cards, added "Copyright by Arts & Soulworks," and framed the wallet cards so it would look like legitimate framed artwork by Akiane.

58.     An example of Defendants' illegitimate work is found below:

**Original Akiane Artwork**

**Altered ASW Image**










59. Defendants impermissibly took postcards and wallet cards and framed these items

to look like legitimate framed artwork by Akiane, when in reality, these items were not

legitimate artwork, but merely postcards and wallet cards that were framed by Defendants in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane.

60.     Corneliuson's and ASW's illicit artwork were also often of an inferior quality. For instance, the illicit artwork was often framed on cardboard, and used low quality colors and materials.

**C.     Corneliuson's and ASW's Illicit Sales**

61.     Unknown to Art Akiane, and upon information and belief, Corneliuson and ASW sold its illicit artwork through online vendors, including Carpentree, Mardel, Christianbook, St. Judge Shop, and Amazon. *See*, *e.g.* Exhibit I.

62.     Carpentree then sold the framed illicit artwork to consumers at a significant mark-up. For instance, upon information and belief, Carpentree framed a 3x4 inch Prince of Peace wallet card to make it look like it was a legitimate framed artwork by Akiane.

63.     Carpentree then sold this illicit artwork to customers. *See*, *e.g.* Exhibit J.

64.     Carpentree's sales were illicit and not approved by Art Akiane and the copying, redistribution, and sale of Art Akiane's work directly infringed Art Akiane's copyrights.

**D.     ASW Hid the True Sales from Art Akiane, and Underpaid Royalties**

65.     ASW was required to pay a 10% royalty fee to Art Akiane for items sold under the Agreement.

66.     Upon information and belief, ASW failed to disclose numerous sales to Art Akiane so that ASW could avoid making royalty payments to Art Akiane as required by the Agreement.

67.     Upon information and belief, ASW has underreported its sales and royalty payments to Art Akiane and has kept Art Akiane's royalty revenue for its exclusive and sole benefit despite completing various sales to customers under the Agreement.

68.     Upon information and belief, Corneliuson and ASW hid at least $464,730.26 in undisclosed revenue they made from Akiane related products.

69.      Upon information and belief, ASW underpaid Art Akiane at least $46,473 in unpaid royalties.

**E.      Art Akiane's Lost Sales and Termination of the Agreement**

70.     Upon information and belief, Corneliuson represented herself to be the sole representative of all the Works to customers.

71.     Corneliuson and ASW induced the public to download illegal "free" copies of Akiane's artwork from ASW's website.

72.     Corneliuson and ASW also misrepresented to the public that they are the authorized source and representatives of Akiane's artwork. Exhibit K.

73.     For instance, ASW's website states:

> *That's why everyone who visits Art & SoulWorks is invited to download a portrait of Jesus, free of charge. The portrait is "Prince of Peace," painted by child artist Akiane Kramarik. You'll find it and other paintings by Akiane here at Art & SoulWorks. In fact, we are the Trusted Source for "Prince of Peace" high-quality reproductions.*

To feed God's sheep, I created a community to offer inspiration and encouragement.

Downloading the image of Jesus is not the only reason to visit Art & SoulWorks. I know from experience how frustrating it can be to seek Jesus and not find Him. Or to be in pain, with no place to receive solace. Or to feel lonely and disconnected.

*See* Exhibit A.

74.     Between 2011 to 2018, potential customers and art collectors who were interested in purchasing Art Akiane's artwork contacted Corneliuson in order to purchase original artwork.

18

Corneliuson would contact Art Akiane to request the price for the original artwork, without disclosing to Art Akiane the identity of the potential customer.

75.     Upon information and belief, Corneliuson would not allow further communications between these potential customers and Art Akiane, despite Art Akiane's willingness to negotiate purchase terms for the artwork and the legitimate expectancy to enter into a valid business relationship with those customers.

76.     Art Akiane often could not contact the potential customers because Corneliuson withheld customer contact information.  Art Akiane lost sales because negotiations with potential customers deteriorated when Art Akiane could not contact these customers.

77.     On January 10, 2019, Art Akiane sent a letter to Corneliuson, formally notifying her that Art Akiane would not be renewing the Agreement.

78.     Corneliuson was upset that Art Akiane would not renew the Agreement.

**F.     Corneliuson's and ASW's Infringing Conduct and Willful Copying**

79.     Despite the expiration of the Agreement, Corneliuson and ASW continue to make copies, display, and distribute the Works without authorization, including on ASW's online store, ASW's Facebook page at www.facebook.com/jesusprinceofpeace, ASW's Twitter page at https://twitter.com/ArtnSoulworks, ASW's Instagram page at https://www.instagram.com/jesus_art_akiane/, and through Squareup, St. Jude Shop, Amazon, eBay, Christianbook, Mardel, and other online stores on the internet.  *See*, *e.g.* Exhibit L and Exhibit M.

80.     Corneliuson and ASW also modified copies of Akiane's artwork by altering or removing Akiane's signature and other identifying information, and distributed the altered

Works on the internet on ASW's Facebook page, Twitter page, Instagram page, Pinterest page, YouTube, their online store, and other websites. *See* Exhibit G and Exhibit N.

81.     Corneliuson and ASW altered or removed copyright management information from Akiane's artwork in at least 755 instances, publicizing those images with altered or removed copyright management information. Attached as Exhibit O is a table summarizing the instances Corneliuson and ASW impermissibly published the artwork with altered or removed copyright management information along with each of the identified instances.

82.     Upon information and belief, the alteration or removal of copyright management information was directed by Corneliuson, and done with the purpose of marketing and profiting off of ASW's association with Art Akiane.

83.     Art Akiane never gave Corneliuson or ASW permission or authority to remove copyright management information from the Works.

84.     Corneliuson and ASW also created, registered, and ran unauthorized Facebook, Twitter, Instagram, and Pinterest pages using Akiane's likeness, and that prominently uses the AKIANE Marks, including in the domain name for the Facebook page located at www.facebook.com/jesusprinceofpeace. *See* Exhibit P.

85.     The domains advertise the sale of the Works and uses Akiane's likeness to promote the sale of infringing goods.

86.     Upon information and belief, Corneliuson and ASW maintain the Facebook, Twitter, Instagram, and Pinterest domains solely to profit from the sale of the Works.

87.     Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW also published unauthorized videos displaying the Works on Corneliuson's and ASW's YouTube account. Exhibit Q.

88.     Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW also edited Art Akiane's documentary videos of Akiane, including the "Painting the Impossible" documentary. Corneliuson and ASW published these edited and unauthorized videos on Corneliuson's and ASW's YouTube account.

89.     Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW also created "inspirational magnets" using the Works. These magnets said that Art by Akiane was a "trademark of © Art & SoulWorks," which is false.

90.     An example of the magnets are found below:



91.     Corneliuson and ASW also created, registered, and continue to run the website domain www.jesusprinceofpeace.com, which prominently uses the AKIANE Marks, including in the domain name.

92.     Without Art Akiane's authorization, Corneliuson and ASW continue to use Akiane's likeness and the AKIANE Marks on their domain names, websites, e-commerce sites, and social media sites, including on their Facebook page, Twitter page, Instagram page, and Pinterest page.  *See* Exhibit G and Exhibit R.

93.     Upon information and belief, Corneliuson and ASW continue to distribute, provide, market, advertise, promote, and offer for sale the Works under the AKIANE Marks.

94.     In the alternative or in addition, upon information and belief, Corneliuson and ASW continue to do so willfully, despite having actual knowledge of Art Akiane's rights under the AKIANE Marks.



95.     Corneliuson and ASW ████████████████████████████████ ████████████████████████████. Exhibit S. ███████████ ███████████. (*Id.*) ████████████████████████ ████████████████████████████████████████ (*Id.*)

96.     ████████████████████████████████████ ████████████████████ (*Id.*) Upon information and belief, ████ ████████████████████████████████████ ████████████████████████████████ ████████

97.     ████████████████████████████████ ███████████████████████████████████ ████████████████████. (*Id.*)

98.     ████████████████████████████████ ████████████████████████████ ████████████████████████████████ ████████████████████████

99.     Upon information and belief, Corneliuson and ASW offer and sell the Works under the AKIANE Marks to the same types of consumers that comprise Art Akiane's same class of consumers and to whom Art Akiane sells the same goods to.  Consumers are likely to be confused as to the source or sponsorship of the goods, as well as the association between Corneliuson and ASW and Art Akiane.

100.    Corneliuson and ASW, upon information and belief, appropriated Akiane's name and likeness in multiple ways including, without limitation, by uploading Akiane's images and name to Corneliuson's and ASW's publicly available YouTube channel, Facebook page, Twitter page, Instagram page, and Corneliuson's and ASW's website.

101.    In the alternative or in addition, Corneliuson and ASW, upon information and belief, knowingly and willfully appropriated Akiane's name and likeness in multiple ways including, without limitation, by uploading Akiane's images and name to Corneliuson's and ASW's publicly available YouTube channel, Facebook page, Twitter page, Instagram page, and Corneliuson's and ASW's website.

102.    At all times relevant, Corneliuson participated in and supervised ASW's infringing activities and, due to her status as the sole member of ASW, obtained direct financial benefits from ASW's infringing activities, including but not limited to receipts from customers and other monetary income from the sale and distribution of the illicit works.

103.    Art Akiane did not authorize Corneliuson and ASW to use Akiane's name, identity, or likeness and Corneliuson and ASW had no consent to do so.

104.    Upon information and belief, Corneliuson's and ASW's utilization of Akiane's name, identity, likeness, and reputation was purely for commercial purposes including, without limitation, to offer for sale and promote Corneliuson's and ASW's products via Corneliuson's

and ASW's website, Facebook page, Twitter page, Instagram page, Pinterest page, YouTube channel, and other channels of trade.

105.    Upon information and belief, Corneliuson and ASW have received and continue to receive a benefit from their utilization of Akiane's full name, identity, likeness, and reputation including, without limitation, internet traffic to Corneliuson's and ASW's social media channels and website, increased search engine relevancy, and potential or actual customers who were directed to Corneliuson and ASW because of Corneliuson's and ASW's utilization of Akiane's name, identity, and likeness.

106.    Corneliuson's and ASW's infringing acts as alleged above have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Corneliuson's and ASW's goods and have and are likely to continue to deceive the relevant consuming public into believing, mistakenly, that Corneliuson's and ASW's goods originate from, are associated or affiliated with, or otherwise authorized by Art Akiane.

107.    In the alternative or in addition, upon information and belief, Corneliuson's and ASW's acts are knowing, willful with the deliberate intent to trade on the goodwill of Art Akiane's AKIANE Marks, cause confusion and deception in the marketplace, and divert potential sales of Art Akiane's goods to Corneliuson and ASW.

108.    Corneliuson's and ASW's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Art Akiane and to its valuable reputation and goodwill with the consuming public for which Art Akiane has no adequate remedy at law.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**(AGAINST CORNELIUSON AND ASW)**

109.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

110.     Art Akiane is the assignee of copyrights registered with the United States Copyright Office.

111.     Art Akiane is the true, rightful, and sole owner of the copyrights in the Works, including Copyright Registration Nos. VA 1-921-911, VA 1-960-272, VA 2-142-942, VA 2-010-303, VA 2-010-300, VA 1-925-543, VA 2-010-352, VA 1-924-181, VA 1-924-448, VA 1-924-158, VA 2-011-840, VA 1-924-183, and VA 2-010-397.

112.     By their actions alleged above, Corneliuson and ASW have infringed Art Akiane's copyrights by copying, reproducing, and distributing into the market infringing content including direct copies and derivatives of the copyrighted materials.

113.     In the alternative or in addition, by their actions alleged above, Corneliuson and ASW willfully and knowingly infringed Art Akiane's copyrights by copying, reproducing, and distributing into the market infringing content including direct copies and derivatives of the copyrighted materials.

114.     Corneliuson and ASW without authority copied copyrighted content owned by Art Akiane for use on websites including Corneliuson's and ASW's website at http://art-soulworks.com, www.jesusprinceofpeace.com, Amazon, Facebook, Twitter, Instagram, YouTube, and eBay.

115. Corneliuson and ASW without authority induced the public to download illegal copies of Akiane's artwork from ASW's website, and upon information and belief, made illicit digital copies and distributed them without authorization.

116. Corneliuson and ASW without authority digitally modified the Prince of Peace work, printed it on wallet cards, added "Copyright by Arts & Soulworks," and had the wallet cards framed so it would look like legitimate framed artwork by Akiane, and sold and distributed them.

117. Corneliuson and ASW without authority printed various illicit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers and online vendors.

118. Corneliuson and ASW without authority published unauthorized videos displaying the Works on Corneliuson's and ASW's YouTube account.

119. Corneliuson and ASW without authority edited Art Akiane's documentary videos of Akiane, including the "Painting the Impossible" documentary. Corneliuson and ASW published these edited and unauthorized videos on Corneliuson's and ASW's YouTube account.

120. Corneliuson and ASW without authority printed, copied, modified, displayed, distributed, and sold Art Akiane's other Works.

121. This infringement was willful, deliberate, and done with knowledge of Art Akiane's rights.

122. Corneliuson's and ASW's acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

123.    Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Corneliuson's and ASW's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

**COUNT II**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND FALSE**
**DESIGNATION OF ORIGIN**
**(AGAINST DEFENDANTS)**

124.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

125.    Corneliuson's and ASW's unauthorized use in commerce of the AKIANE Marks as alleged above is likely to confuse, cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of its goods, and is likely to cause consumers to believe, contrary to fact, that Corneliuson's and ASW's goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Corneliuson and ASW are in some way affiliated with or sponsored by Art Akiane.

126.    Corneliuson's and ASW's unauthorized use in commerce of the AKIANE Marks as alleged above constitutes use of a false designation of origin and misleading description and representation of fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

127.    Corneliuson and ASW created magnets using the Works that incorrectly stated that Art by Akiane was a "trademark of © Art & SoulWorks," which is false. Corneliuson's and ASW's unauthorized use of the Art Akiane name constitutes use of a false designation of origin and misleading description and representation of fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

128.    Defendants' sold illicit artwork with AKIANE'S Marks which is likely to confuse consumers.

129.    Corneliuson and ASW continue to misrepresent that they are the authorized source and representatives of Akiane's artwork. For instance, ASW's and Corneliuson's website incorrectly states: "In fact, we are the Trusted Source for 'Prince of Peace' high-quality reproductions." Exhibit A. Such misrepresentations constitute a false designation of origin and misleading description and representation of fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

130.    Upon information and belief, Defendants' conduct as alleged above is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Corneliuson and ASW with Art Akiane.

131.    In the alternative or in addition, upon information and belief, Defendants' conduct as alleged above is knowing, willful, and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Corneliuson and ASW with Art Akiane.

132.    Defendants' conduct as alleged above constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

133.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Art Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court.  Art Akiane has no adequate remedy at law.

134.    Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees,

and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III**
**COMMON LAW UNFAIR COMPETITION**
**(AGAINST DEFENDANTS)**

135.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

136.    Art Akiane owns all rights, title, and interest in and to the AKIANE Marks, including but not limited to all common law rights in such marks due to Art Akiane's first use of the AKIANE Marks in this district.  Defendants' unauthorized use in commerce of the AKIANE Marks as alleged herein occurred long after Art Akiane began using the AKIANE Marks and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Defendants are in some way affiliated with or sponsored by Art Akiane.

137.    Upon information and belief, Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Art Akiane.

138.    In the alternative or in addition, upon information and belief, Defendants' conduct as alleged herein is knowing and willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Art Akiane.

139.    By reason of their acts, Defendants have committed unfair competition under Illinois common law.

140.     Defendants' conduct is causing immediate and irreparable harm and injury to Art Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court.  Art Akiane has no adequate remedy at law.

141.     Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Illinois common law, together with prejudgment and post-judgment interest.

## COUNT IV
## VIOLATION OF THE ILLINOIS
## UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (AGAINST DEFENDANTS)

142.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

143.     The Illinois Uniform Deceptive Practices Act ("UDPA"), 815 ILCS § 510/2, *et seq*. provides that a person engages in deceptive trade practices when the person "(1) passes off goods or services as those of another . . . (3) causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; . . . [or] (5) represents that goods or services has sponsorship, approval, characteristics, . . . that they do not have."

144.     Defendants have violated the UDPA by falsely and deceptively representing to consumers that Art Akiane is associated with Defendants, and because Defendants have used deception, fraud, false pretense, misrepresentation or concealment, suppression or omission of material facts, either expressly or by implication, in causing the false association with the intent that the public rely upon those false representations.

145.     Defendants' trade practice of misleadingly holding themselves out as being associated with Art Akiane is directed to the market generally, and otherwise constitutes a consumer protection matter because consumers need to be protected from false and misleading advertising of the type that Defendants are engaged in.

146.     The unauthorized use by Defendants of Art Akiane's Works and the AKIANE Marks is causing and is likely to cause substantial injury to the public and to Art Akiane, and Art Akiane has no adequate remedy at law for this injury.

147.     As a result of Defendants' unlawful business practices, Art Akiane is entitled to an order enjoining such future conduct, attorneys' fees under 815 ILCS § 510/3, and such other orders and judgments necessary.

**COUNT V**
**UNJUST ENRICHMENT**
**(AGAINST ASW AND CARPENTREE)**

148.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

149.     Art Akiane's ownership of the rights to distribute and the rights to license the use of the Works are valuable assets to Art Akiane.

150.     By reproducing, distributing, and selling Art Akiane's Works without permission or authorization, and profiting off the Works without paying compensation to Art Akiane, ASW and Carpentree have appropriated a valuable asset belonging to Art Akiane.

151.     By failing to pay proper compensation to Art Akiane for the sale and use of the Works, ASW and Carpentree have retained Art Akiane's benefit and such retention violates the fundamental principles of justice, equity and good conscience.

## COUNT VI
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
### (AGAINST CORNELIUSON AND ASW)

152.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

153.     The Works and Akiane's artwork contain the signature or name of Akiane or Art Akiane, which is copyright management information protected under 17 U.S.C. § 1202(b).

154.     Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW created magnets using the Works that incorrectly said Art by Akiane was a "trademark of © Art & SoulWorks," which is false.

155.     Upon information and belief, Corneliuson and ASW intentionally and knowingly removed and/or altered the copyright management information identifying Akiane or Art Akiane as the author and owner, and distributed the same without authorization.

156.     Corneliuson's and ASW's conduct alleged herein is a violation of 17 U.S.C. § 1202(b).

157.     Corneliuson's and ASW's removal and/or altering of the aforementioned copyright management information and its distribution was made without the knowledge or consent of Art Akiane.

158.     Upon information and belief, the removal and/or altering of the aforementioned copyright management information and its unauthorized distribution were made by Corneliuson and ASW to induce, enable, facilitate, or conceal its infringement of Art Akiane's copyrights.

159.     Corneliuson and ASW also knew, or should have known, that such removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Art Akiane's copyrights.

160.     As a result of the wrongful conduct of Corneliuson and ASW, Art Akiane is entitled to recover from Corneliuson and ASW the damages that Art Akiane sustained and will sustain, and any gains, profits and advantages obtained by Corneliuson and ASW because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

161.     Alternatively, Art Akiane may elect to recover from Corneliuson and ASW statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**COUNT VII**
**VIOLATION OF THE LANHAM ACT – ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT**
**(AGAINST ASW)**

162.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

163.     At the time of ASW's registration or first use of its domain names, including its Facebook domain name, Instagram domain name, and the www.jesusprinceofpeace.com domain name, each of the AKIANE Marks was distinctive.

164.     ASW's domain names are identical or confusingly similar to the AKIANE Marks.

165.     ASW has registered, trafficked in, or used the domain names with a bad faith intent to profit from the AKIANE Marks in violation of 15 U.S.C. § 1125(d).

166.     ASW's bad faith intent is demonstrated by numerous factors, including the following:

   a.     ASW intends to divert consumers from Art Akiane's online location to a site accessible under its own domain names that could harm the goodwill represented by the AKIANE Marks, either for ASW's commercial gain or with the intent to tarnish or disparage the AKIANE Marks, by creating a

likelihood of confusion as to the source, sponsorship, affiliation, or

endorsement of the site accessible under ASW's domain names; and

b.     ASW knows that its domain names are identical or confusingly similar to

the AKIANE Marks.

167.     Upon information and belief, ASW's actions have been and are willful, deliberate,

and done with knowledge of Art Akiane's rights.

168.     Art Akiane has no adequate remedy at law.  Unless enjoined by this Court, Art

Akiane will continue to do the acts complained of in this Complaint and cause damage and

injury, all to Art Akiane's irreparable harm and to ASW's unjust enrichment.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
## (AGAINST CORNELIUSON)

169.     Art Akiane realleges and incorporates each and every allegation in the paragraphs

above as if they were fully set forth herein.

170.     Art Akiane had a reasonable business expectancy of entering into a valid business

relationship with customers with whom Art Akiane would have sold artwork to.

171.     Corneliuson had knowledge of this expectancy, which knowledge Corneliuson

acquired because she facilitated communications between Art Akiane and the potential

customers.

172.     Upon information and belief, through dishonest, unfair, and/or improper means,

Corneliuson intentionally interfered with Art Akiane's prospective relationships with these

customers, including by preventing further communications between Art Akiane and the

potential customers.

173.     Corneliuson's interference caused injury to Art Akiane's prospective relationships with these customers.

174.     Art Akiane has no adequate remedy at law for Corneliuson's tortious conduct. Unless Corneliuson is enjoined by the Court, Art Akiane will continue to suffer irreparable harm.

175.     Under Illinois law, Art Akiane may elect to recover exemplary and punitive damages and attorneys' fees from Corneliuson for her willful, intentional, and tortious acts.

**COUNT IX**
**VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT**
**(AGAINST CORNELIUSON AND ASW)**

176.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

177.     Corneliuson's and ASW's unauthorized use of Akiane's identity for commercial purposes is a violation of the Illinois Right of Publicity Act, 765 ILCS § 1075/1-60.

178.     Corneliuson's and ASW's use of Akiane's identity was unauthorized because Corneliuson and ASW did not obtain Art Akiane's consent to use Akiane's identity in connection with any advertisement.

179.     In the alternative or in addition, upon information and belief, Corneliuson's and ASW's use of Akiane's identity was knowing and willful because they used Akiane's identity intentionally and with knowledge that its use was not authorized.

180.     Art Akiane has been damaged by Corneliuson's and ASW's unauthorized use of Akiane's identity. Art Akiane has no adequate remedy at law.

181.     Unless enjoined by this Court, Corneliuson and ASW will continue to do the acts complained of in this Complaint and cause damage and injury, all to Art Akiane's irreparable harm and to Corneliuson's and ASW's unjust enrichment.

182.     Art Akiane may elect to recover statutory damages from Corneliuson and ASW pursuant to 765 ILCS § 1075/40 in a sum of at least its actual damages, profits derived from the unauthorized use, or both, and punitive damages.

### COUNT X
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (AGAINST DEFENDANTS)

183.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

184.     Corneliuson and ASW printed various illicit and counterfeit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers on ASW's website via various vendors, including Defendant Carpentree.

185.     Carpentree then sold the illicit and counterfeit artwork to consumers and other resellers.

186.     Corneliuson, ASW, Carpentree, and Hobson also took postcards and wallet cards and framed them to look like legitimate framed artwork by Akiane, in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane, and sold them to consumers without authority to do so.

187.     Corneliuson's and ASW's illicit artwork were of an inferior quality.

188.     Carpentree's sales to consumers and other resellers were illicit and not approved by Art Akiane and the copying, modification, redistribution, and sale of Art Akiane's work directly infringed Art Akiane's copyrights.

189.     On information and belief, Corneliuson and ASW had knowledge of Carpentree's infringing activities, while Hobson condoned and participated in Carpentree's infringing activities.

190. Corneliuson and ASW have contributorily infringed Art Akiane's copyrights and exclusive rights under copyright when they on information and belief knowingly and intentionally facilitated, encouraged, allowed, assisted, and induced Carpentree to infringe Art Akiane's copyrights.

191. On information and belief, Defendants have directly profited from Carpentree's and Hobson's unauthorized and illegal use of Art Akiane's copyrights.

192. The infringement of Art Akiane's rights in each of its copyrighted work constitutes a separate and distinct act of infringement.

193. Defendants' contributory infringement was reckless, intentional, and/or purposeful, in disregard of, and indifferent to, the rights of Art Akiane.

194. In the alternative or in addition, Defendants' contributory infringement was knowingly and willful because Defendants infringed with knowledge of Art Akiane's rights and with the intent to avoid compensating Art Akiane.

195. As a direct and proximate result of Defendants' contributory infringement of Art Akiane's copyrights and exclusive rights under copyright, Art Akiane is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each act of infringement.

196. Art Akiane is further entitled to its reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## COUNT XI
## INDUCEMENT OF COPYRIGHT INFRINGEMENT
## (AGAINST CORNELIUSON AND ASW)

197. Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

198.     Corneliuson and ASW printed various illicit and counterfeit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers on ASW's website via various vendors, including Defendant Carpentree.

199.     Carpentree then sold the illicit and counterfeit artwork to consumers and other resellers.

200.     Corneliuson, ASW, and Carpentree also took postcards and wallet cards and framed them to look like legitimate framed artwork by Akiane, in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane.

201.     On information and belief, Corneliuson and ASW had knowledge of Carpentree's infringing activities.

202.     On information and belief, Corneliuson and ASW directed and participated in, and benefited from, Carpentree's infringing conduct as alleged herein, and has been the guiding spirit behind and central figure in Carpentree's infringing activities.

203.     Corneliuson's and ASW's acts alleged herein were in reckless disregard of, and indifferent to, or intentionally against, the rights of Art Akiane.

204.     In the alternative or in addition, Corneliuson's and ASW's acts alleged herein were knowing and willful because Corneliuson and ASW had personal knowledge of Art Akiane's rights and deliberately ignored those rights for their own profit.

205.     As a direct and proximate result of Corneliuson and ASW inducing the unauthorized copying, redistribution, and sale of Akiane's copyrights and exclusive rights under copyright, Art Akiane is entitled to damages and Corneliuson's and ASW's profits pursuant to 17 U.S.C. § 504(b) for each act of infringement.

206.     Art Akiane is further entitled to its reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## COUNT XII
## BREACH OF CONTRACT
## (AGAINST ASW)

207.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

208.     Art Akiane and ASW entered into a valid and enforceable Agreement.

209.     ASW was required to pay a 10% royalty fee to Art Akiane for items sold under the Agreement.

210.     Upon information and belief, ASW failed to disclose numerous sales to Art Akiane so that ASW could avoid making royalty payments to Art Akiane as required by the Agreement.

211.     Upon information and belief, ASW has underreported its sales and royalty payments to Art Akiane and has kept Art Akiane's royalty revenue for its exclusive and sole benefit despite completing various sales to customers under the Agreement.

212.     Upon information and belief, Corneliuson and ASW hid at least $464,730.26 in undisclosed revenue they made from Akiane related products.

213.     Upon information and belief, ASW underpaid Art Akiane at least $46,473 in unpaid royalties.

214.     ASW has breached the Agreement because it has not paid royalties that are rightfully owed to Art Akiane under the Agreement.

215.     Accordingly, Art Akiane is entitled to recover damages from ASW in an amount to be determined at trial, and is entitled to reasonable sums for attorneys' fees in the discretion of the Court.

**COUNT XIII**
**COPYRIGHT INFRINGEMENT**
**(AGAINST CARPENTREE AND HOBSON)**

216.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

217.     Art Akiane is the assignee of copyrights registered with the United States Copyright Office.

218.     Art Akiane is the true, rightful, and sole owner of the copyrights in the Works, including Copyright Registration Nos. VA 1-921-911, VA 1-960-272, VA 2-142-942, VA 2-010-303, VA 2-010-300, VA 1-925-543, VA 2-010-352, VA 1-924-181, VA 1-924-448, VA 1-924-158, VA 2-011-840, VA 1-924-183, and VA 2-010-397.

219.     By their actions alleged above, Carpentree and Hobson have infringed Art Akiane's copyrights by copying, modifying, framing, and reproducing and distributing into the market infringing content.

220.     In the alternative or in addition, by their actions alleged above, Carpentree and Hobson knowingly and willfully infringed Art Akiane's copyrights by copying, modifying, framing, and reproducing and distributing into the market infringing content with knowledge that they are either direct copies or derivatives of the copyrighted materials

221.     Carpentree and Hobson without authority copied copyrighted content owned by Art Akiane for use in commerce, including on Carpentree's website at https://www.carpentree.com.

222.    Carpentree's and Hobson's acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

223.    Carpentree's and Hobson's acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

224.    Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Carpentree's and Hobson's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Art Akiane respectfully request that this Court:

A.     Enter judgment in favor of Art Akiane on Counts I-XIII;

B.     Award Art Akiane its actual damages against Defendants in an amount to be determined at trial;

C.     Award Art Akiane with Defendants' profits from its aforementioned activities;

D.     Award Art Akiane with punitive damages against Defendants;

E.     Award Art Akiane with statutory damages;

F.     Award Art Akiane all of its costs and reasonable attorneys' fees in this action as authorized by 17 U.S.C. § 1203, 765 ILCS § 1075/55, 815 ILCS § 510/3 and other applicable laws;

G.     Award Art Akiane with pre- and post-judgment interest at the maximum legal rate and costs;

H.     Award Art Akiane an accounting for damages and for all the profits together with those profits lost by Art Akiane due to Defendants' misconduct alleged herein;

I.      Preliminarily and permanently enjoin Defendants, and their predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concert with them, or on their behalf, from:

        i.      Displaying, copying, distributing, promoting, offering, disseminating, or selling Art Akiane's copyrighted materials or any modification, derivation, or reproduction thereof;

        ii.      Representing that Defendants have any rights to Art Akiane's copyrights, including ownership, license, or any other right;

        iii.      Using Akiane's identity without prior authorization; and

        iv.      Doing and engaging in any of the acts described above and directing Defendants to conform with each and every provision of this prayer for relief;

J.      Directing that Defendants recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark AKIANE or any other marks that are a counterfeit, copy, confusingly similar variation, or colorable imitation of the AKIANE Marks or Works;

K.      Directing Defendants to transfer and assign all rights and control to any webpage and social media site that is likely to cause confusion, mistake or to deceive consumers with the AKIANE Marks;

L.      Directing Defendants to provide an accounting of all products ever sold incorporating the Works, including the products:

        i.      currently in Defendants' inventory;

      ii.      sold by Defendants since January 11, 2007, whether directly or indirectly;

      iii.      taken into inventory by Defendants; and

      iv.      ordered by or on behalf of Defendants (including units for which a purchase order has been submitted, which are currently being loaded for shipment, or which are currently *en route* for delivery), including listing all lot or serial numbers of said products as applicable; and

M.      Grant to Art Akiane such other relief as may be just and warranted under the circumstances.

## JURY DEMAND

Plaintiff Art Akiane LLC hereby demands a jury trial on all issues so triable.

Dated: February 24, 2020

      Respectfully submitted,

      ART AKIANE LLC,

      By: s/   Adam Wolek
      Adam Wolek
      Marcus S. Harris
      TAFT STETTINIUS & HOLLISTER LLP
      111 E. Wacker Drive, 28th Floor
      Chicago, Illinois 60601
      Phone: (312) 836-4063
      Fax: (312) 966-8598
      awolek@taftlaw.com
      mharris@taftlaw.com

      *Counsel for Plaintiff and Counter-Defendant Art Akiane LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2020, the foregoing was filed with the Clerk of

Court via CM/ECF, which provided notice of the same to all parties who have made an

appearance in this case.


/s/ Adam Wolek


26782879.1



# EXHIBIT A



Search Entire Store

*Trusted Source of Jesus Prince of Peace Gifts & Art*

| JESUS ART | PRINCE OF PEACE | HEAVEN IS FOR REAL | ALL COLLECTIONS MENU ▾ | ABOUT |

*Meet the Founder: A personal message*

## Thank you for your interest in Jesus & Akiane's Art .... Why Art & SoulWorks?



*GOD SAYS, "IF YOU LOVE ME, FEED MY SHEEP" JOHN 21:17 THAT'S WHAT HE ASKED US TO DO NEARLY 15 YEAR AGO ... AND WE LOVE BEING PART OF HIS MISSION BY SHARING AKIANE'S ART AND OUR PROCEEDS!*

### Do you know how to make God laugh? Tell him your plans!

Many of us can identify with this statement, and it truly resonates with me. I retired from a successful sales career 10 years ago. Founding the Art & SoulWorks business was something I had not considered. Not for a moment. Until Jesus led me to do it.

I have sought Jesus through prayer and study all of my life. This was not a passing fancy – I have always sought answers to life's challenging questions.

- What is love?
- What is the truth about Jesus?
- What is my life purpose?

One day while in prayer and meditation, I heard a voice. he said, "What you're looking for is a relationship with Jesus." *Exactly!* But since I hadn't had much luck on my own, I angrily responded, "Then send someone to teach me!"

## God gave me the answers I sought. The answers were literally delivered to my door!

God did send someone to teach me. A few days later, a stranger came to my door. I learned that, without exaggeration, he is a true prophet who advises governments around the world. In addition to his teachings, he brought me a DVD – as he had been instructed to do. This prophet, sent by God, changed my world forever. At last, I knew my purpose.

Through this prophet, God told me, "If you love me, feed my sheep."

Document title: Official Jesus, Prince of Peace by Akiane Gifts &amp; Art Shop Founder – Art &amp; SoulWorks
Capture URL: https://art-soulworks.com/pages/meet-the-founder
Capture timestamp (UTC): Tue, 13 Aug 2019 22:46:16 GMT

Case: 1:19-cv-02952 Document #: 33-1 Filed: 03/22/19 Page 3 of 4 PageID #:907

# God gave me the answer. I sought... Then a stranger at my door delivered it to my door!

God did send someone to teach me. A few days later, a stranger came to my door. I learned that, without exaggeration, he is a true prophet who advises governments around the world. In addition to his teachings, he brought me a DVD – as he had been instructed to do. This prophet, sent by God, changed my world forever. At last, I knew my purpose.

Through this prophet, God told me, "If you love me, feed my sheep."

Now that I knew what God wanted me to do, I needed to figure out how I feed His sheep.

## I believe that once you see the real face of Jesus, you can begin to know Him, to connect with Him, and to develop a relationship with Him.

Art has always been a thread throughout my lifelong search for Jesus. I believe it is a gift from God. To fulfill my mission to feed His sheep, I was led to use the internet to share, Prince of Peace, the image that millions believe is the real face of Jesus to everyone, everywhere in the world.

*That's why everyone who visits Art & SoulWorks is invited to download a portrait of Jesus, free of charge. The portrait is "Prince of Peace," painted by child artist Akiane Kramarik. You'll find it and other paintings by Akiane here at Art & SoulWorks. In fact, we are the Trusted Source for "Prince of Peace" high-quality reproductions.*

## To feed God's sheep, I created a community to offer inspiration and encouragement.

Downloading the image of Jesus is not the only reason to visit Art & SoulWorks. I know from experience how frustrating it can be to seek Jesus and not find Him. Or to be in pain, with no place to receive solace. Or to feel lonely and disconnected.

That's why you'll find inspirational blog posts at Art & SoulWorks. We truly strive to create a community, resource, and respite for those who seek to know Jesus – and for those who seek to reconnect with Jesus.

Plus, we have a thriving Facebook community of over 700,000!  You are invited to join our Facebook page to share your struggles and triumphs with like-minded people from all walks of life.

And yes, we also invite you to shop here for portraits of Jesus created by acclaimed child artist Akiane Kramarik and other inspirational items.

## Also, to help feed God's sheep, we donate proceeds from our sales.

By donating a significant percentage of the proceeds, this enables me to feed God's sheep in another, very tangible way. We donate over 20% of our proceeds to a variety of worthwhile causes that serve the physical and spiritual needs of people around the world.

## You are invited to visit often: Become part of our community!

I hope you will spend some time here and that you are inspired to visit often. Share your struggles and your search for answers. Your story could help others see the real face of Jesus.

Case: 1:19-cv-02952 Document #: 38-1 Filed: 08/22/19 Page 4 of 4 PageID #:907

Downloading the... _(illegible overlapping text)_ ...rating it can be to seek Jesus and not find Him. Or to be in pain, with no place to receive solace. Or to feel lonely and disconnected.

That's why you'll find inspirational blog posts at Art & SoulWorks. We truly strive to create a community, resource, and respite for those who seek to know Jesus – and for those who seek to reconnect with Jesus.

Plus, we have a thriving Facebook community of over 700,000!  You are invited to join our Facebook page to share your struggles and triumphs with like-minded people from all walks of life.

And yes, we also invite you to shop here for portraits of Jesus created by acclaimed child artist Akiane Kramarik and other inspirational items.

## Also, to help feed God's sheep, we donate proceeds from our sales.

By donating a significant percentage of the proceeds, this enables me to feed God's sheep in another, very tangible way. We donate over 20% of our proceeds to a variety of worthwhile causes that serve the physical and spiritual needs of people around the world.

## You are invited to visit often: Become part of our community!

I hope you will spend some time here and that you are inspired to visit often. Share your struggles and your search for answers. Your story could help others see the real face of Jesus.

## If this is your first visit you are invited to receive 10% off your by using Code MyFirstOrder as you checkout!



| CUSTOMER SERVICE | ART & SOULWORKS | STAY CONNECTED |
| --- | --- | --- |
| Contact Us | About Us | Art Soulworks LLC |
| Prayer Request | Our Mission | P.O. Box 1179 |
| Helpful Resources | Philanthropy | Evergreen, CO 80439 |
| Our Guarantee | Meet the Founder | **1.888.308.8659** |
| Shipping Info | Our Blog | Fax: 1.888.308.8629 |

Largest Selection of Jesus Prince of Peace Gifts  Your Trusted Source for Giving Gifts of Grace™

© 2019 Art & SoulWorks. All rights Reserved. Sitemap

