IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, | ) |
| Plaintiff, | ) ) Case No. 19-cv-02952 |
| v. | ) ) Judge Edmond E. Chang |
| ART & SOULWORKS LLC, CAROL CORNELIUSON, CARPENTREE, LLC, and VIRGINIA HOBSON, | ) ) Magistrate Judge Jeffrey Cole |
| Defendants. | ) |
| ART & SOULWORKS LLC, and CAROLYNE CORNELIUSON, | ) |
| Defendants - Counter-Plaintiffs, | ) |
| v. | ) |
| ART AKIANE LLC, | ) |
| Plaintiff - Counter-Defendant, | ) |
| and | ) |
| AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, | ) |
| Counter-Defendants. | ) |

**ART & SOULWORKS LLC AND CAROL
CORNELIUSON'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO COMPEL**

Art & Soulworks, LLC and Carolyne Corneliuson (collectively, "ASW"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, submit this Memorandum of Law in support of their Motion to Compel Art Akiane LLC ("Art Akiane"), Akiane Art Gallery, LLC ("Akiane Gallery"), and Akiane Kramarik (together with Art Akiane and Akiane Gallery, "Counter-Defendants"), to substantively respond to ASW's multiple discovery requests.

**INTRODUCTION**

The issues raised in this motion are not urgent, particularly considering the state of the world at the time this motion is being filed, but they are important to ASW since they address repeated deficiencies on the part of Counter-Defendants, and put in context the behavior of Counter-Defendants, who previously filed four motions to compel which now have a briefing schedule. [Dkt. No. 138]. At the time Counter-Defendants filed their motions to compel, the parties were still engaged in meet and confers on discovery issues, including many of the issues raised here. In its April 3, 2020 Order [Dkt. No. 130], the Court urged the parties to attempt to work out their differences. Accordingly, ASW served a draft motion to compel on Counter-Defendants, outlining many of the issues raised here, in an effort to resolve the matters absent court intervention. However, several issues remain that require this Court's intervention.

At the same time that Counter-Defendants, through lengthy letters, emails and multiple meet and confers, were incessantly berating ASW for its alleged "woefully deficient" discovery responses, they hypocritically ignored their own discovery obligations, as described in more detail below, and should be compelled to comply. Counter-Defendants failed to comply with the Mandatory Initial Discovery Pilot ("MIDP") rules by not producing all documents relevant to this matter regardless of whether they support Counter-Defendants' position. (See MIDP User's Manual for the Northern Dist. of Illinois 2(e): "The requirement to provide mandatory initial discovery responses includes both favorable and unfavorable information that is relevant to the claims and defenses in the case. This includes claims and defenses asserted by all parties to the litigation, and a responding party must provide relevant information regardless of whether it intends to use the information in presenting its claims or defenses.") In response to the MIDP, on November 15, 2019, Counter-Defendants only produced 725 pages of documents. This production included only about 20 emails. In contrast, ASW, a business run solely by Corneliuson, produced

2

13,952 pages as part of the MIDP process, including 4,800 emails.[1] Since many of ASW's email communications were with Counter-Defendants, at the very least, this body of email correspondence should have been produced.

Furthermore, although Counter-Defendants' responses to ASW's document requests were due on March 2, 2020 and they provided written responses on that date, they did not produce *any* documents in response until May 6, 2020 claiming that FRCP Rule 34 does not require documents to be produced within 30 days, just written responses. Yet, even the written responses were inadequate, as Counter-Defendants asserted extensive objections or outright refusals to provide information. (See Counter-Defendants' Responses to ASW's Document Requests, attached as **Exhibit A**). On April 14, 2020, after this Court's order, multiple meet and confers and ASW served its draft motion to compel, Counter-Defendant's counsel supplemented their Interrogatory responses[2], attached as **Exhibit B**, but failed to address many of the deficiencies raised by ASW. In addition, Art Akiane and Akiane Kramarik's supplemental Interrogatory responses include a blanket "confidential and subject to the protective order" tag, without identifying which specific responses were confidential. ASW's counsel objected to this blanket restriction in an April 14, 2020 email, attached hereto as **Exhibit C**, and asked Counter-Defendants to indicate what specific responses were confidential so as not to unduly burden ASW in using the information in the pleading or having to file this Motion to compel under seal. Instead of so indicating, Counter-Defendants attempted to put the burden on ASW by asking ASW's counsel to identify the responses believed to be improperly designated and explain the basis for that belief so Counter-

---

[1] In addition to the MIDP production, ASW produced another 2,100 pages on February 14, 2020. Timely complying with the discovery obligations has been extremely expensive and burdensome for Corneliuson, the sole proprietor of ASW.

[2] Counter-Defendants have not supplemented their responses to ASW's Requests for Production of Documents. In a letter following the parties' meet and confer calls, Counter-Defendants state, in response to nearly all ASW's requests, that they "will assess the extent of the information [they] can provide without incurring undue burden or expense." (See March 28, 2020 letter attached hereto as **Exhibit D**.)

3

Defendants could review the response and reconsider whether the designation was needed. (See Ex. C.) This runs counter to the Confidentiality Order entered in this matter on December 16, 2019. (Dkt. No. 85.)

In response to ASW's inquiries as to when documents would be produced, in April, Counter-Defendants informed ASW that they had as many as 35 gigabytes of data, which they claimed translated to about 250,000 documents and over 1 million pages. However, it was not until May 6, 2020, over two months after they were due, that Counter-Defendants produced any such documents, and even then, the vast majority of Counter-Defendant's claimed 35 gigabytes was 126 promotional videos for Akiane Kramarik. Although ASW has repeatedly asked when the remainder of the documents will be produced, Counter-Defendants continue to respond with the rote phrase: "[ASW's] requests are overbroad, substantially directed to irrelevant matters…[are] disproportionate to the needs of the case, and [constitute] unreasonable demands." (See, e.g., email string between ASW and Counter-Defendants dated April 24, 2020 – May 20, 2020 attached as **Exhibit E**). Counter-Defendants state that they continue to review documents but give no production date. This has been the same story since the March meet and confers.

Thus, as of today's date, other than documents received in response to multiple third-party subpoenas they propounded, Counter-Defendants have produced only 3,587 pages, 500 of which are duplicative of documents they have already produced, 126 Videos, and 206 articles/publicity documents in foreign languages. What's more, the production failed to conform to the production protocol proposed by Counter-Defendants, which ASW complied with in its own productions. (See November 19, 2019 email from Counter-Defendants attached **Exhibit F**.) For instance, instead of producing an entire document with applicable metadata, Counter-Defendants produced every page of every document as individual pages. Put differently, a seven-page document was produced as seven single documents, leaving ASW to attempt to determine when a document ends and the next

4

one begins. When ASW pointed out the deficiency and, instead of asking for the production to be redone, advised Counter-Defendants that the remaining production must conform, Counter-Defendants refused to do so, repeating its now mandatory phraseology about ASW's discovery requests: "Counter-Defendants have expended significant time in identifying, collecting and producing documents in response to [ASW]'s overbroad demands, and will produce additional documents in due course." (See Ex. E.)

The parties have also engaged in extensive negotiations over search terms in an effort to shrink the volume of documents Counter-Defendants said they recently uncovered. When, at Counter-Defendants' request, ASW proposed a number of terms, Counter-Defendants rejected most of them out of hand as too overbroad, insisted that ASW agree to the search terms they deemed final (only some of which included ASW's suggestions), and demanded that ASW agree to waive the right to seek additional documents subsequently. (See April 29, 2020 – May 11 email string in Ex. E). Since there are no rules of discovery that require such a waiver, ASW declined to do so. Therefore, apart from Counter-Defendants' insufficient production on May 6, 2020, and despite their agreement to a rolling production of documents, ASW has yet to receive additional documents as of the filing of this Motion. Counter-Defendants continue to contend that discovery is "voluminous" and that they will produce it "in due course." Why these documents were not produced in response to the MIDP rules is unclear. When ASW might receive the remainder of these documents is even more unclear.

**PROCEDURAL HISTORY**

On January 31, 2020, ASW propounded Rule 33 Interrogatories and Rule 34 Requests for Production on Counter-Defendants. Counter-Defendants served responses on March 2, 2020. Counter-Defendants' responses were deficient in many respects. Therefore, on March 12, 2020,

5

ASW served letters of deficiency on Counter-Defendants. The same are attached and incorporated hereto as **Exhibit G**.

The parties met and conferred by phone on three separate occasions.[3] During these conferences, Counter-Defendants complained about "severe deficiencies" in ASW's discovery responses, and indeed filed *four* separate motions to compel ASW's responses. Two of these motions were filed before the meet and confer process was complete, as ASW had agreed to supplement certain responses and in fact, did so. Yet, all of Counter- Defendants' complaints regarding ASW's responses are equally applicable to Counter-Defendants' responses to ASW's requests. When these polar opposite positions were pointed out to Counter-Defendants, they consistently indicated that how *they* responded to ASW's discovery was not relevant to how *ASW* responded to theirs. ASW disagrees entirely, as discovery is not a one-way street and contentions of "severe deficiencies" ring hollow when the complaining party refuses to respond to or produce documents or information for nearly identical requests. *See Johnstone v. Fox,* 1986 WL 7978, at 1 (N.D. Ill. 1986) (ruling that co-defendant must satisfy the legitimate discovery requests of the other parties because discovery is a two-way street.)

For example, Counter-Defendants objected to many of ASW's interrogatories and requests for production on the basis that the time frame requested – January 1, 2008 to present, the duration of the parties' relationship – was overly broad and unduly burdensome. Nevertheless, in their own requests and during the meet and confer, Counter-Defendants insisted that ASW provide information and documents spanning the same time-frame. Similarly, Counter-Defendants objected to ASW's requests for documents or communications showing payments between and among Counter-Defendants on the basis that it was not relevant or reasonably calculated to lead to

---

[3] The telephonic meet and confers occurred on March 20, March 23 and March 24, 2020 to address discovery issues on both sides. These sessions lasted at least four hours in total and proved to be largely unsuccessful.

the discovery of admissible evidence. Nevertheless, Counter-Defendants insisted on the same information from Corneliuson and ASW, arguing that it was relevant and discoverable. In addition, Counter-Defendants objected on various grounds to ASW's requests for information relating to investment, funding, loans, or other financial interest in paying for this action but nevertheless sought the same information from ASW.

Additionally, in response to the parties' meet and confer, Counter-Defendants sent a letter on March 28, 2020, stating: "…in the interest of avoiding motion practice, [Counter-Defendants] are willing to supplement their respective responses as outlined in this letter…" (See Ex. D.) However, as with their initial responses, their supplement remains deficient. First, they only supplemented their Interrogatory responses. Second, Counter-Defendants continued to include a separate section titled "General Objections" along with individual objections to each of their supplemental Interrogatory responses. Aside from the fact that "general objections, whether placed in a separate section or repeated by rote in response to each requested category, are not appropriate and should not be considered," *In re Peregrine Financial Group Customer Litigation*, 2015 WL 1344466 (N.D. Ill. 2015), these objections include language that directly contravene established law. For example, the "General Objections" section includes the following language:

> **[Counter-Defendants'] response that it will produce documents in response to the Interrogatories does not necessarily mean that responsive documents or things exist, but instead that [Counter-Defendants] will produce documents or things if such documents or things are located after a reasonable and diligent search.**

On the contrary, the rule requires that a party undertake a thorough discovery investigation in the time allowed for a response, or seek leave for additional time to do so. *See Cusic v. Glass Mountain Capital LLC* 2013 WL 10209048 (N.D. Ill. 2013); *see also*, *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009) (holding that a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and to conduct

a **careful and thorough search** for all responsive documents within the 30-day period allotted for same, or seek a reasonable extension to do so) (emphasis added). Not only have Counter-Defendants failed to conduct an investigation into what responsive documents exist *prior* to responding to ASW's discovery requests, they have also failed to seek an extension to do so. *See id.* Furthermore, Counter-Defendants' "objection" that even-if-we-say-we-are-producing-we-are-not-actually-producing leaves ASW (and the Court) in the position of having to guess whether Counter-Defendants did in fact produce documents responsive to each request where they said they would. This is particularly troubling in light of Counter-Defendants' March 28, 2020 letter, which fails to address any of ASW's concerns about these "General Objections," but also states that "documents will be produced in due course." (See Ex D.) As things stand, ASW has no inkling whatsoever, even after three separate meet and confers, multiple emails and inquiries, whether Counter-Defendants are producing documents in response to specific requests, and if so, which ones, and when.

The "General Objections," also state that: "[a]ny statement made herein is not, and shall not be deemed, an admission of any factual or legal contention contained in the Interrogatory [or Request]." This statement directly conflicts with the rules of evidence which permit any statement of a party opponent, including responses to discovery, to be used as admissions. *See e.g., In re Kaiser*, 566 B.R. 550, 556 (N.D. Ill. 2015) (holding that the defendant's answer and Interrogatory responses were binding on her as judicial admissions.)

Counter-Defendants' evasive and incomplete responses, coupled with their hypocritical behavior and unwillingness to cooperate with ASW warrants the imposition of attorney's fees on Counter-Defendants. *See Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323 (N.D. Ill. 2009) (holding that defendants' conduct was a result of bad faith, willfulness, or fault, weighing in favor of an award of attorney fees against defendants under rule

8

governing sanctions for failure to make disclosures or to cooperate in discovery, where, on every occasion, failure to produce documents in a timely manner was no one's fault but defendant's.)

**SPECIFIC DEFICIENT RESPONSES.**

**Interrogatories**

**No. 6 to Art Akiane:** Art Akiane contends that it does not know of any powers of attorney related in any way to Akiane Kramarik's likeness or her Works. However, one of the documents produced by Art Akiane AA000559-60, a Second Amendment to Publishing Agreement attached hereto as **Exhibit H**, specifically references a power of attorney on behalf of Akiane Kramarik. ASW pointed this out in the meet and confers, but the response was not revised.

**No. 9 to Art Akiane:** This Interrogatory serves as a perfect example of Art Akiane's hypocrisy. While demanding that ASW identify every instance in which it sent, shared, distributed, or permitted other persons to download images of Akiane's art through the internet (Art Akiane's Interrogatory No. 3 to ASW), Art Akiane nevertheless, refuses to identify every instance in which it posted or shared Akiane's art through the internet, arguing that such a request "remains overly broad and compliance would impose an undue burden because it is disproportionate to the needs of the case." Art Akiane should be compelled to provide this information to the extent that it seeks the same information from ASW. *See Johnstone*, 1986 WL 7978, at 1.

**No. 5 to Akiane Kramarik:** While Akiane has supplemented this response, she still does not fully respond. The Interrogatory seeks information relating to all instances since January 6, 2008 in which Akiane licensed her likeness or any of her Works, including identifying the person or entity, what work was licensed, the date and the amount of royalties received. Akiane fails to identify the works that were licensed under the agreements identified in her supplemental response. Akiane should be compelled to fully respond to this Interrogatory.

**No. 6 to Akiane Kramarik:** The accuracy of Akiane's supplemental response to this Interrogatory is in doubt. While acknowledging in its supplemental response to Interrogatory No. 5 *supra* that she licensed her works to numerous entities, Akiane nevertheless, lists only two entities – one of whom is another Counter-Defendant in this action – in response to this Interrogatory asking that she identify all instances in which she gave permission to any person or entity to produce, reproduce, duplicate, copy, modify, or print her works since January 6, 2008. Akiane should be compelled to fully respond to this Interrogatory.

**Requests for Production Counter-Defendants Agreed to Supplement**

Furthermore, despite indicating that they will supplement their responses to the following requests for production of documents, Counter-Defendants have failed to do so:

1. Third-party Contracts for the purchase, sale, printing, or distribution, and reproduction of Akiane's Works:

    - RFP 9 and 11 to Art Akiane
    - RFP 7 Akiane Gallery
    - RFP 7 to Akiane Kramarik.

2. Documents and communications tending to show any acts or omissions by Counter-Defendants that constitute permission to anyone, to copy, reproduce, duplicate, modify, alter, or distribute Akiane's Works:

    - RFP 10 to Art Akiane
    - RFP 8 to Akiane Gallery.

3. Internet/Social Media posts relating to Akiane:

    - RFP 17 to Art Akiane
    - RFP 15 to Akiane Gallery

- RFP 16 to Akiane Kramarik.

4. Communications between and among the parties relating to ASW:

- RFPs 20-25 and 38-39 to Art Akaine

- RFPs 18-23 and 35-36 to Akiane Gallery

- RFPs 19-24 and 33-34 to Akiane Gallery.

5. Documents and communications relating to Search Engine Optimization keyword and/or advertising purchases:

- RFP 29 to Art Akiane

- RFP 27 to Akiane Gallery.

6. Payments between and among the entities:

- RFP 41 to Art Akiane

- RFP 38 to Akiane Gallery

- RFP 36 to Akiane Kramarik.

7. Support for Mark Kramarik's declaration regarding the time, effort and money spent marketing goods relating to Akiane Works:

- RFP 45 to Art Akiane

- RFP 42 to Akiane Gallery.

8. Documents relating to the valuation of Akiane Gallery:

- RFP 41 to Akiane Gallery.

**Requests for Production Counter-Defendants have refused to supplement**

On the other hand, Counter-Defendants have blatantly refused to produce any documents in response to the following categories of requests:

1. **RFP Nos. 53, 51, and 47** to Art Akiane, Akiane Gallery, and Akiane Kramarik

11

respectively, which seek documents relating to third-party funding for this litigation. These documents are relevant to exploring statements or representations about the facts of the case that Counter-Defendants have made, and could expand on the allegations of ASW's counterclaims, identify witnesses, and potentially be used for impeachment. *See Fulton v. Foley*, 2019 WL 6609298, at 4 (N.D. Ill. 2019) (permitting the discovery of all non-mental impressions of counsel, fact-based information and documents including any statements provided by the plaintiff directly to a third party funder.)

2. **RFP Nos. 57, 55, and 51** to Art Akiane, Akiane Gallery, and Akiane Kramarik respectively, which seek documents reflecting permissions given to Counter-Defendants to use any celebrity's likeness. These documents are relevant to ASW's counterclaim of unclean hands. If Counter-Defendants have used other celebrity likeness without permission but now accuse ASW of allegedly doing the same, they come to this Court with unclean hands and ASW is entitled to all documents in support of its claim. *See* Fed.R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.")

3. **RFP No. 38** to Akiane Kramarik seeking documents relating to the valuation of Akiane Gallery. Counter-Defendant object to this Interrogatory despite agreeing to provide similar documents in response to ASW RFP No. 45 to Akiane Gallery. This response is inconsistent and illogical and Counter-Defendants should be compelled to respond.

4. Finally, Counter-Defendants failed to provide verifications for their supplemental Interrogatory responses as required by Rule 33(b)(3), and continue to refuse to do so despite ASW's request they provide said verifications. (See April 21, 2020 email from ASW to Counter-Defendants attached as **Exhibit I**.)

## **CONCLUSION**

For the reasons stated above, ASW respectfully moves this Court to:

(a) compel Counter-Defendants to substantively respond to the Interrogatories set forth in this Motion and produce documents in response to the Requests set forth in this motion by June 8, 2020, in accordance with the production protocol agreed to by the parties;

(b) order Counter-Defendants to reimburse ASW for its reasonable fees in bringing this motion under Fed. R. Civ.P. 37(a)(5)(A); and

(c) grant ASW all other relief the Court deems just and proper.

Dated: May 29, 2020                                                      Respectfully submitted,

/s/ Nicole N. Auerbach

Nicole N. Auerbach
Salvador Carranza
Kehinde Durowade
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
(312) 676-5469 - Telephone
(312) 676-5499 - Facsimile
nicole.auerbach@elevatenextlaw.com
Salvador.carranza@elevatenextlaw.com
Kehinde.durowade@elevateservices.com

**CERTIFICATE OF SERVICE**

I certify that on May 29, 2020, I caused a copy of the attached Memorandum of Law in support of ASW's Motion to Compel to be served upon all counsel of record via the Court's ECF system.

*/s/ Nicole N. Auerbach*
Nicole N. Auerbach