# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, | |
| Plaintiff, | |
| v. | Case No. 19-cv-02952 |
| ART & SOULWORKS LLC, | Judge Edmond E. Chang |
| CAROL CORNELIUSON, CARPENTREE, LLC, and VIRGINIA HOBSON, | Mag. Judge Jeffrey Cole |
| Defendants. | |
| ART & SOULWORKS LLC, and CAROLYNE CORNELIUSON, | |
| Defendants-Counter-Plaintiffs, | |
| v. | |
| ART AKIANE LLC, | |
| Plaintiff – Counter-Defendant, | |
| and | |
| AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, | |
| Counter-Defendants. | |

## AKIANE ART GALLERY, LLC'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ART & SOULWORKS LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Counterclaim-Defendant Akiane Art Gallery, LLC ("Akiane Art Gallery"[1]) hereby provides the following

---

[1] Akiane Art Gallery's initial responses used the defined term "Akiane Gallery" when referring to Akiane Art Gallery, LLC. For purposes of clarity, the preferred term for this entity is Akiane Art Gallery.

responses and objections to Defendant Art & SoulWorks LLC's ("ASW") First Set of Interrogatories. Pursuant to Federal Rule of Civil Procedure 26(e), Akiane Art Gallery reserves the right to modify or supplement its responses to these Interrogatories as this matter continues.

## **GENERAL OBJECTIONS[2]**

Akiane Art Gallery objects to the Interrogatories to the extent they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable doctrine or privilege. Inadvertent disclosure of any such information or documents shall not be deemed a waiver of any privilege or immunity.

Akiane Art Gallery objects to the Interrogatories as overly broad and unduly burdensome to the extent the Interrogatories: (a) seek information or documents that do not exist; (b) seek information or documents that are not in Akiane Art Gallery's possession, custody or control; (c) seek information or documents that are equally or more available to ASW; and/or (d) are not limited to a relevant time period.

Akiane Art Gallery objects to the Interrogatories to the extent they (or any word or term used therein) are vague, ambiguous or subject to different interpretations or require subjective knowledge by any party other than Akiane Art Gallery. Akiane Art Gallery will answer or produce documents to the extent possible based on the most objectively reasonable interpretation of the Interrogatory.

Akiane Art Gallery objects to the Interrogatories to the extent that they seek information or documents from an overly broad time period; seek information or documents not within the applicable scope of this case; seek information or documents not relevant to, nor reasonably calculated to, lead to the discovery of admissible evidence relevant to the claims or defenses in

---

[2] The above general objections are incorporated into each of the specific objections below.

this matter; or to require identification of information that would subject Akiane Art Gallery to annoyance, embarrassment or oppression.

Akiane Art Gallery objects to the Interrogatories as they are premature because Akiane Art Gallery has not yet completed discovery and is still processing and reviewing documents. Accordingly, Akiane Art Gallery reserves the right to supplement its responses to these Interrogatories, including by producing business records under Fed. R. Civ. P. 33(d).

These answers shall not constitute an admission by Akiane Art Gallery that the Interrogatories, any of the answers, or any information or documents produced in connection therewith, are admissible as evidence in any evidentiary hearing or other proceeding. Akiane Art Gallery specifically reserves the right to object on any grounds, at any time, to the admission or use of any Interrogatory or any answers or any information or document produced in connection therewith in any such evidentiary hearing or other proceeding.

Any statement made herein is not, and shall not be deemed, an admission of any factual or legal contention contained in the Interrogatory. Akiane Art Gallery objects to the Interrogatories to the extent that it contains any factual or legal misrepresentations. Akiane Art Gallery's response that it will produce documents in response to the Interrogatories does not necessarily mean that responsive documents or things exist, but instead that Akiane Art Gallery will produce documents or things if such documents or things are located after a reasonable and diligent search.

Akiane Art Gallery objects to the Definitions contained in the Interrogatories for the following reasons:

1.     Akiane Art Gallery objects to the Interrogatories to the extent that ASW's "Definitions" and "Instructions" purport to impose upon Akiane Art Gallery duties or responsibilities greater than or different from those imposed by the Federal Rules of Civil

Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and the orders of this Court.

2.      Akiane Art Gallery objects to ASW's definition of "Document" because Fed. R. Civ. P. 34 already defines that term. Akiane Art Gallery will respond to this Interrogatory in light of the definition of document provided in Rule 34.

3.      Akiane Art Gallery objects to ASW's definitions of "Akiane Gallery", "You", and "Your", as they purport to include all agents, employees, representatives, attorneys, and "all other persons acting or purporting to act on behalf of or who are subject to the direction or control or have a financial interest in" Akiane Art Gallery, among others. These definitions are overly broad, burdensome, and impracticable.

4.      Akiane Art Gallery objects to ASW's definitions of "AA" as it purports to include all agents, employees, representatives, attorneys, and "all other persons acting or purporting to act on behalf of or who are subject to the direction or control or have a financial interest in Art Akiane LLC and any related alias(es) of same," among others. These definitions are overly broad, burdensome, and impracticable.

5.      Akiane Art Gallery objects to ASW's definitions of "Identify," "Describe," "Describe in Detail," "State," and "State in Detail" because they purport to impose upon Akiane Art Gallery duties or responsibilities greater than those imposed by the Federal Rules of Civil Procedure.

## <u>RESPONSES TO INTERROGATORIES</u>

3.      Identify and describe all instances since January 6, 2008 in which You licensed any of Akiane's Works or the likeness of Akiane Kramarik, including identifying the person or entity, what work was licensed, and the amount of royalties received to date.

**RESPONSE:** Akiane Gallery objects to Interrogatory No. 3 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane Gallery's licensing activities, if any, are not at issue in this action and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence. Akiane Gallery further objects to the Interrogatory because the time limitation imposed by the Interrogatory (i.e., January 6, 2008 to the present) is overly broad such that it seeks irrelevant information and compliance with the Interrogatory as written would subject Akiane Gallery to undue burden and expense.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Akiane Art Gallery states that it entered into the following contracts and agreements:

- License Agreement for Artwork with Art Akiane dated October 22, 2007.

- A Licensing Dissolvement Agreement dated January 10, 2019 with Art Akiane and filed at Dkt. 27-6.

- A Business Separate Agreement with Art Akiane LLC and Spirit at Works dated October 27, 2007.

Akiane Art Gallery is still processing and reviewing documents, and discovery is still undergoing, and it reserves the right to further supplement, including pursuant to F.R.C.P. 33(d).

4.      Identify and describe all instances since January 6, 2008 in which You gave permission to any person or entity to produce, reproduce, duplicate, copy, modify, or print Akiane's Works.

**RESPONSE:** Akiane Gallery objects to Interrogatory No. 4 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane Gallery's alleged giving of permission to produce Akiane's works, which is not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Akiane Art Gallery did not, to the best of its knowledge, information, and belief, give any third party permission to produce, reproduce, duplicate, copy, modify, or print Akiane's Works.

5.      Identify and describe all instances since January 1, 2015 in which You printed or directed another person or entity to print Akiane's Works, including identifying the person/entity, what works and sizes they printed, the dates of printing and the amount they printed.

**RESPONSE:** Akiane Gallery objects to Interrogatory No. 5 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane Gallery's printing or non-printing of Akiane's works is not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Akiane Art Gallery did not, to the best of its knowledge, information, and belief, print or direct a third party to print Akiane's works.

6.      Identify and describe all instances since January 1, 2015 in which You sent, shared, distributed, or permitted other persons to directly download images relating to Akiane's Works through the Internet.

**RESPONSE:** Akiane Gallery objects to Interrogatory No. 6 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant

information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane Gallery's asserted sharing or distribution of images through the Internet is not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Akiane Art Gallery did not, to the best of its knowledge, information, and belief, send, share, or distribute images of Akiane's works through the internet. Further answering, Akiane Art Gallery does not permit the downloading of images relating to Akiane's works through the Internet.


7.      Identify and describe all instances since January 1, 2015 in which You posted or shared an image of or relating to Akiane's Works on or through the Internet, including but not limited to posting to or sharing through social media.

**RESPONSE:** Akiane Gallery objects to Interrogatory No. 7 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane

Gallery's posting of images relating to Akiane's works is not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Akiane Art Gallery did not, to the best of its knowledge, information, and belief, post or share images of Akiane's works through the internet during the identified timeframe. Further answering, Akiane Art Gallery states that it does not have any social media accounts.

8.  Identify all persons, including any third-party companies, You engaged, retained, employed, or otherwise worked with to print Akiane's Works since January 1, 2015.

**RESPONSE:** Akiane Gallery objects to Interrogatory No. 8 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane Gallery's asserted printing is not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Akiane Art Gallery did not, to the best of its knowledge, information, and belief, engage, retain, employ, or work with a third party to print Akiane's works.

9.     Identify all third party e-commerce entities You have used to sell Akiane's Works since January 1, 2015.

**RESPONSE:** Akiane Gallery objects to Interrogatory No. 9 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because it requests Akiane Gallery identify "all third party e-commerce entities" it "used" to sell Akiane's works. Akiane Gallery's selling or failure to sell Akiane's works is not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Akiane Art Gallery did not, to the best of its knowledge, information, and belief, use any e-commerce platforms to sell Akiane's works during the identified timeframe.

11.     Identify every social media channel You have used to market and advertise Akiane's Works since January 6, 2008.

**RESPONSE:** Akiane Gallery objects to Interrogatory No. 11 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the

10

parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane Gallery's social media channels are not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Akiane Art Gallery does not have any social media accounts.

Dated: April 14, 2020

Respectfully submitted,

By: */s/ Adam Wolek*
    Adam Wolek
    Marcus Harris
    TAFT STETTINIUS & HOLLISTER LLP
    111 E. Wacker Drive, Suite 2800
    Chicago, Illinois 60601
    Phone: (312) 836-4063
    Fax: (312) 966-8598
    awolek@taftlaw.com
    mharris@taftlaw.com

    Matthew B. Barbara (*pro hac vice*)
    TAFT STETTINIUS & HOLLISTER LLP
    200 Public Square, Suite 3500
    Cleveland, Ohio 44114
    Phone: (216) 241-2838
    Fax: (216) 241-3707
    mbarbara@taftlaw.com

    *Counsel for Counter-Defendant Akiane Art*
    *Gallery, LLC*

## CERTIFICATE OF SERVICE

I hereby certify on that on April 14, 2020, a true and correct copy of the foregoing was served via electronic mail upon the following:

Nicole N. Auerbach
Patrick J. Lamb
Salvador Carranza
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
nicole.auerbach@elevatenextlaw.com
patrick.lamb@elevatenextlaw.com
salvador.carranza@elevatenextlaw.com

*Counsel for Defendants-Counter-Plaintiffs
Art & SoulWorks LLC and Carolyne
Corneliuson*

Michael L. Hahn
Michael P. Baniak
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, IL 60606
Hahn@LitchfieldCavo.com
Baniak@LitchfieldCavo.com

*Counsel for Defendant/Cross-Claimant
Carpentree LLC*

/s/ Adam Wolek
Adam Wolek

26976730

13

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, | |
| Plaintiff, | |
| v. | Case No. 19-cv-02952 |
| ART & SOULWORKS LLC, CAROL CORNELIUSON, CARPENTREE, LLC, and VIRGINIA HOBSON, | Judge Edmond E. Chang |
| | Mag. Judge Jeffrey Cole |
| Defendants. | |
| ART & SOULWORKS LLC, and CAROLYNE CORNELIUSON, | |
| Defendants-Counter-Plaintiffs, | |
| v. | |
| ART AKIANE LLC, | |
| Plaintiff – Counter-Defendant, | |
| and | |
| AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, | |
| Counter-Defendants. | |

### AKIANE KRAMARIK'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ART & SOULWORKS LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Counterclaim-Defendant Akiane Kramarik ("Akiane") hereby provides the following responses and objections to Defendant Art & SoulWorks LLC's ("ASW") First Set of Interrogatories. Pursuant to Federal

1

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

Rule of Civil Procedure 26(e), Akiane reserves the right to modify or supplement her responses to these Interrogatories as this matter continues.

### **GENERAL OBJECTIONS**[1]

Akiane objects to the Interrogatories to the extent they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable doctrine or privilege. Inadvertent disclosure of any such information or documents shall not be deemed a waiver of any privilege or immunity.

Akiane objects to the Interrogatories as overly broad and unduly burdensome to the extent the Interrogatories: (a) seek information or documents that do not exist; (b) seek information or documents that are not in Akiane's possession, custody or control; (c) seek information or documents that are equally or more available to ASW; and/or (d) are not limited to a relevant time period.

Akiane objects to the Interrogatories to the extent they (or any word or term used therein) are vague, ambiguous or subject to different interpretations or require subjective knowledge by any party other than Akiane. Akiane will answer or produce documents to the extent possible based on the most objectively reasonable interpretation of the Interrogatory.

Akiane objects to the Interrogatories to the extent that they seek information or documents from an overly broad time period; seek information or documents not within the applicable scope of this case; seek information or documents not relevant to, nor reasonably calculated to, lead to the discovery of admissible evidence relevant to the claims or defenses in this matter; or to require identification of information that would subject Akiane to annoyance, embarrassment or oppression.

---

[1] The above general objections are incorporated into each of the specific objections below.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

Akiane objects to the Interrogatories as they are premature because Akiane has not yet completed discovery and is still processing and reviewing documents. Accordingly, Akiane reserves the right to supplement her responses to these Interrogatories, including by producing business records under Fed. R. Civ. P. 33(d).

These answers shall not constitute an admission by Akiane that the Interrogatories, any of the answers, or any information or documents produced in connection therewith, are admissible as evidence in any evidentiary hearing or other proceeding. Akiane specifically reserves the right to object on any grounds, at any time, to the admission or use of any Interrogatory or any answers or any information or document produced in connection therewith in any such evidentiary hearing or other proceeding.

Any statement made herein is not, and shall not be deemed, an admission of any factual or legal contention contained in the Interrogatory. Akiane objects to the Interrogatories to the extent that it contains any factual or legal misrepresentations. Akiane's response that she will produce documents in response to the Interrogatories does not necessarily mean that responsive documents or things exist, but instead that Akiane will produce documents or things if such documents or things are located after a reasonable and diligent search.

Akiane objects to the Definitions contained in the Interrogatories for the following reasons:

1.      Akiane objects to the Interrogatories to the extent that ASW's "Definitions" and "Instructions" purport to impose upon Akiane duties or responsibilities greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and the orders of this Court.

3

2.     Akiane objects to ASW's definition of "Document" because Fed. R. Civ. P. 34 already defines that term. Akiane will respond to this Interrogatory in light of the definition of document provided in Rule 34.

3.     Akiane objects to ASW's definitions of "You" and "Your", as they purport to include all "related alias(es)," which is both vague, overly broad, burdensome, and impracticable.

4.     Akiane objects to ASW's definitions of "AA" as it purports to include all agents, employees, representatives, attorneys, and "all other persons acting or purporting to act on behalf of or who are subject to the direction or control or have a financial interest in Art Akiane LLC and any related alias(es) of same," among others. These definitions are overly broad, burdensome, and impracticable.

5.     Akiane objects to ASW's definition of "Akiane Gallery" as it purports to include all agents, employees, representatives, attorneys, and "all other persons acting or purporting to act on behalf of or who are subject to the direction or control or have a financial interest in" Akiane Art Gallery, among others. This definition is overly broad, burdensome, and impracticable.

6.     Akiane objects to ASW's definitions of "Identify," "Describe," "Describe in Detail," "State," and "State in Detail" because they purport to impose upon Akiane duties or responsibilities greater than those imposed by the Federal Rules of Civil Procedure

## RESPONSES TO INTERROGATORIES

2.     Identify all persons or entities you employ, contract, partner, or authorize as your agent between January 6, 2008 and the present, including but not limited to the contracted advisors referenced in the attached text message string.

**RESPONSE:** Akiane objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the

4

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane's asserted employees are not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence. The time limitation imposed by the Interrogatory (i.e., January 6, 2008 to the present) is especially overbroad, unduly burdensome, and seeks irrelevant information because the text message string contains a date stamp of January 31, 2019 at 6:22 PM.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving her specific and General Objections, Akiane states that, between January 6, 2008 and the present, Art Akiane LLC, Akiane Art Gallery LLC, and members of her family, including Mark Kramarik, Jeanlu Kramarik, and Foreli Kramarik, were authorized to act on her behalf. Further answering, Akiane states that, upon information and belief, the text message string provided with ASW's first interrogatories is between Jeanlu Kramarik and Carolyne Corneliuson. The reference to "contracted" advisors appears to be a typo, with the correct word being "contacted," and the "advisors" being Akiane's family.


4.      Identify all persons or entities which have provided You any payment, whether monies, equity or other value, for the copyrights or licensing of Akiane's Works or the likeness of Akiane Kramarik since January 1, 2015.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

**RESPONSE:** Akiane objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because payments to Akiane are not implicated in the Second Amended Complaint or ASW's First Amended Counterclaim, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving her specific and General Objections, Akiane states that she has received payments from Art Akiane LLC, Akiane Art Gallery LLC, and Harper Collins book publishing.

Akiane is still processing and reviewing documents, and discovery is still undergoing, and she reserves the right to further supplement, including pursuant to F.R.C.P. 33(d).

5.      Identify and describe all instances since January 6, 2008 in which You licensed any of Akiane's Works or the likeness of Akiane Kramarik, including identifying the person or entity, what work was licensed, the date and the amount of royalties received.

**RESPONSE:** Akiane objects to Interrogatory No. 5 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the

6

importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit.

Subject to and without waiving her specific and General Objections, Akiane states she gave rights in each of her works and in her likeness to Art Akiane LLC and Akiane Art Gallery LLC.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving her specific and General Objections, Akiane states that the following agreements involving her works and likeness were entered into:

- A consent form with Healthy Wealthy n Wise on February 11, 2008.

- A contract with ITV Productions Limited dated on or about April 1, 2008.

- A Media Release Form with Morgan Communication Media, Inc.

- An agreement with Lip Ink and Art Akiane LLC dated December 4, 2009.

- A Location agreement with Courtroom Television Network LLC dated May 20, 2008.

- A General Appearance Release with Where Are They Now, LLC dated May 17, 2016.

- An Authorization Agreement with Summer Infant (USA), Inc. with Art Akiane LLC and Mark Kramarik dated November 17, 2010.

- A One Time Usage Agreement with Wellington E. Watts II dated March 10, 2014.

- A Second Amendment to the Publishing Agreement with Thomas Nelson dated July 1, 2014.

- A Speaker Release Form dated on or about June 12, 2009 with Harvest International Ministry.

- An acknowledgement form with Living Greatness dated in April 2009.

- Two Footage/Still Photo Licenses with Pilgrim Operations, Inc. dated April 28, 2010.

- A Pacific Magazine Release with Pacific Magazines Pty Ltd. dated January 28, 2015.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

- A Consent to Create Derivative Works and Release with Asset Marketing Services, LLC dated October 16, 2017.

- A Letter of Intent with Rainbowlight Creations, LLC dated on or about February 7, 2008.

- A Guest Speaker Policy with St. Michael the Archangel School.

- An Acceptance Letter of Confirmation dated March 14, 2008.

- A Permission and Release with Thomas Nelson, Inc. dated June 8, 2010.

- An agreement with Truth Consciousness Publications dated June 1, 2011.

Documents reflecting royalty information paid to Akiane were produced at AA000376, AA000378, AA000382, AA000404, AA000440, AA000475, and AA000518.

Akiane is still processing and reviewing documents, and discovery is still undergoing, and she reserves the right to further supplement, including pursuant to F.R.C.P. 33(d).

6.      Identify and describe all instances since January 6, 2008 in which You gave permission to any person or entity to produce, reproduce, duplicate, copy, modify, or print Akiane's Works.

**RESPONSE:**  Akiane objects to Interrogatory No. 6 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because the issue whether Akiane

8

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

"gave permission to any person or entity to produce, reproduce, duplicate, copy, modify, or print" her works is not at issue this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving her specific and General Objections, Akiane states that Art Akiane LLC has certain rights to produce, reproduce, duplicate, copy, modify, or print her artwork. See documents produced at bates numbers AA000561-AA000568. Further answering, Akiane states that TSG Products, Inc. was authorized to print puzzles in November 2017 relating to "Jesus," "Messenger," and "Today."

Akiane is still processing and reviewing documents, and discovery is still undergoing, and she reserves the right to further supplement, including pursuant to F.R.C.P. 33(d).

7.    Identify and describe all instances since January 1, 2015 in which You printed or directed another person or entity to print Akiane's Works, including identifying the person or entity, what art they printed, the dates and the amount they printed.

**RESPONSE:** Akiane objects to Interrogatory No. 7 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane's printing or non-printing is not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving her specific and General Objections, Akiane gave rights to Art Akiane LLC to print her artwork and, upon information and belief, Art Akiane LLC made the ultimate decisions regarding printing.

8.      Identify and describe all instances since January 1, 2015 in which You posted or shared an image of or relating to Akiane's Works through the Internet, including but not limited to posting to or sharing through social media.

**RESPONSE:** Akiane objects to Interrogatory No. 8 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because Akiane's social media posts are not at issue in this action, and, therefore, discovery into this matter is not relevant nor reasonably calculated to lead to admissible evidence.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving her specific and General Objections, Akiane's social media posts can be accessed at https://www.instagram.com/akianeart/?hl=en,                https://www.facebook.com/akianeart/, https://www.youtube.com/channel/UCq6mKVHW99y2t8syMUYHgJg, https://twitter.com/akianeart?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor, and https://www.pinterest.com/akianeart/.  Akiane will supplement her response with printouts of her social media accounts, under Fed. R. Civ. P. 33(d).

10

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

9.     Identify all email addresses, including personal ones and any alias(es), used by You to conduct business related to the Akiane Works or the likeness of Akiane Kramarik since January 6, 2008.

**RESPONSE:** Akiane objects to Interrogatory No. 9 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad and responding would impose an undue burden because Akiane is not believed to have corresponded with the defendants to this action via email.

Subject to and without waiving her specific and General Objections, Akiane's personal email address is luvkorra@yahoo.com.au.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving her specific and General Objections, Akiane states that she has also used luvkuroko@gmail.com as her email.

11.     Identify the address of every personal residence You have used as a primary residence since January 6, 2008.

**RESPONSE:** Akiane objects to Interrogatory No. 11 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties 'relative access to relevant information, the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. Akiane's personal residences are not at issue in this action and, therefore, discovery into this matter is not relevant nor is it reasonably calculated to lead to the discovery of relevant evidence. Further, Akiane has lived in multiple countries and travelled to dozens more; in fact, she has lived in and travelled to nearly 30 countries during her lifetime. During the last five years, she has had five primary residences in the United States alone. Listing out each of Akiane's primary residences in the last 12 years would be unduly burdensome.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving her specific and General Objections, Akiane has lived at the following primary residences:

- Lincoln Park, Chicago, Illinois, 60657, 2020
- 585 Sumac Road, Highland Park, Illinois, 60035
- 24W140 Hobson Road, Naperville, Illinois, 60540
- 8472 Kimberly Court, Burr Ridge, Illinois, 60527
- Residence Inn, Warrenville, Illinois, 60555
- Palazzo at Park La Brea, 6220 West 3rd Street, Unit 3-410, Los Angeles, California
- The Level, 888 Olive Street, Los Angeles, California, 90015
- 255 Hedges Ave. Mermaid Beach, Queensland, 4218, Australia
- City Plaza 705, Level 7, Apt. 222, City Walk, Canberra, ACT, 2600, Australia
- Pilies 6, Vilnius, Lithuania
- 25043 Lantern Hill Road, Rathdrum, Idaho, 83858
- 1280 Palouse, Post Falls, Idaho, 83854

In addition to the above primary residences, Akiane has resided at numerous other locations for short periods of time, and it would be unduly burdensome and disproportionate to list each as Akiane does not consider them to be primary residences.

12

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

Dated: April 14, 2020

Respectfully submitted,


By: */s/ Adam Wolek*
    Adam Wolek
    Marcus Harris
    TAFT STETTINIUS & HOLLISTER LLP
    111 E. Wacker Drive, Suite 2800
    Chicago, Illinois 60601
    Phone: (312) 836-4063
    Fax: (312) 966-8598
    awolek@taftlaw.com
    mharris@taftlaw.com

    Matthew B. Barbara (*pro hac vice*)
    TAFT STETTINIUS & HOLLISTER LLP
    200 Public Square, Suite 3500
    Cleveland, Ohio 44114
    Phone: (216) 241-2838
    Fax: (216) 241-3707
    mbarbara@taftlaw.com

    *Counsel for Counter-Defendant Akiane Kramarik*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on that on April 14, 2020, a true and correct copy of the foregoing was

served via electronic mail upon the following:

Nicole N. Auerbach
Patrick J. Lamb
Salvador Carranza
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
nicole.auerbach@elevatenextlaw.com
patrick.lamb@elevatenextlaw.com
salvador.carranza@elevatenextlaw.com

*Counsel for Defendants-Counter-Plaintiffs*
*Art & SoulWorks LLC and Carolyne*
*Corneliuson*

Michael L. Hahn
Michael P. Baniak
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, IL 60606
Hahn@LitchfieldCavo.com
Baniak@LitchfieldCavo.com

*Counsel for Defendant/Cross-Claimant*
*Carpentree LLC*

/s/  Adam Wolek
Adam Wolek

26981711

14

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, | |
| Plaintiff, | |
| v. | Case No. 19-cv-02952 |
| ART & SOULWORKS LLC, CAROL CORNELIUSON, CARPENTREE, LLC, and VIRGINIA HOBSON, | Judge Edmond E. Chang |
| | Mag. Judge Jeffrey Cole |
| Defendants. | |
| ART & SOULWORKS LLC, and CAROLYNE CORNELIUSON, | |
| Defendants-Counter-Plaintiffs, | |
| v. | |
| ART AKIANE LLC, | |
| Plaintiff – Counter-Defendant, | |
| and | |
| AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, | |
| Counter-Defendants. | |

## ART AKIANE LLC'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ART & SOULWORKS LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff-Counterclaim-Defendant Art Akiane LLC ("Art Akiane") hereby provides the following responses and objections to Defendant Art & SoulWorks LLC's ("ASW") First Set of Interrogatories.

1

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

Pursuant to Federal Rule of Civil Procedure 26(e), Art Akiane reserves the right to modify or supplement its responses to these Interrogatories as this matter continues.

## GENERAL OBJECTIONS[1]

Art Akiane objects to the Interrogatories to the extent they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, the common interest privilege or any other applicable doctrine or privilege. Inadvertent disclosure of any such information or documents shall not be deemed a waiver of any privilege or immunity.

Art Akiane objects to the Interrogatories as overly broad and unduly burdensome to the extent the Interrogatories: (a) seek information or documents that do not exist; (b) seek information or documents that are not in Art Akiane's possession, custody or control; (c) seek information or documents that are equally or more available to ASW; and/or (d) are not limited to a relevant time period.

Art Akiane objects to the Interrogatories to the extent they (or any word or term used therein) are vague, ambiguous or subject to different interpretations or require subjective knowledge by any party other than Art Akiane. Art Akiane will answer or produce documents to the extent possible based on the most objectively reasonable interpretation of the Interrogatory.

Art Akiane objects to the Interrogatories to the extent that they seek information or documents from an overly broad time period; seek information or documents not within the applicable scope of this case; seek information or documents not relevant to, nor reasonably calculated to, lead to the discovery of admissible evidence relevant to the claims or defenses in this matter; or to require identification of information that would subject Art Akiane to annoyance, embarrassment or oppression.

---

[1] The above general objections are incorporated into each of the specific objections below.

2

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

Art Akiane objects to the Interrogatories as they are premature because Art Akiane has not yet completed discovery and is still processing and reviewing documents. Accordingly, Art Akiane reserves the right to supplement its responses to these Interrogatories, including by producing business records under Fed. R. Civ. P. 33(d).

These answers shall not constitute an admission by Art Akiane that the Interrogatories, any of the answers, or any information or documents produced in connection therewith, are admissible as evidence in any evidentiary hearing or other proceeding. Art Akiane specifically reserves the right to object on any grounds, at any time, to the admission or use of any Interrogatory or any answers or any information or document produced in connection therewith in any such evidentiary hearing or other proceeding.

Any statement made herein is not, and shall not be deemed, an admission of any factual or legal contention contained in the Interrogatory. Art Akiane objects to the Interrogatories to the extent that it contains any factual or legal misrepresentations. Art Akiane's response that it will produce documents in response to the Interrogatories does not necessarily mean that responsive documents or things exist, but instead that Art Akiane will produce documents or things if such documents or things are located after a reasonable and diligent search.

Art Akiane objects to the Definitions contained in the Interrogatories for the following reasons:

1.      Art Akiane objects to the Interrogatories to the extent that ASW's "Definitions" and "Instructions" purport to impose upon Art Akiane duties or responsibilities greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and the orders of this Court.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

2.     Art Akiane objects to ASW's definition of "Document" because Fed. R. Civ. P. 34 already defines that term. Art Akiane will respond to this Interrogatory in light of the definition of document provided in Rule 34.

3.     Art Akiane objects to ASW's definitions of "AA", "You", and "Your", as they purport to include all agents, employees, representatives, attorneys, and "all other persons acting or purporting to act on behalf of or who are subject to the direction or control or have a financial interest in" Art Akiane, among others. These definitions are overly broad, burdensome, and impracticable.

4.     Art Akiane objects to ASW's definitions of "Akiane Gallery" as it purports to include all agents, employees, representatives, attorneys, and "all other persons acting or purporting to act on behalf of or who are subject to the direction or control or have a financial interest in Akiane Art Gallery, LLC and any related alias(es) of same," among others. These definitions are overly broad, burdensome, and impracticable.

5.     Art Akiane objects to ASW's definitions of "Identify," "Describe," "Describe in Detail," "State," and "State in Detail" because they purport to impose upon Art Akiane duties or responsibilities greater than those imposed by the Federal Rules of Civil Procedure

## RESPONSES TO INTERROGATORIES

7.     Identify and describe all instances since January 6, 2008 in which You licensed any of Akiane's Works or the likeness of Akiane Kramarik, including identifying the person or entity, what work was licensed, the dates and the amount of royalties or consideration received.

**RESPONSE:** Art Akiane objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

at stake in this action, the amount in controversy, the parties' relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. Additionally, many of the contracts and other agreements relating to Akiane Kramarik's works and likeness are not at issue in this action and it would be unduly burdensome to locate, identify, and catalog each of these contracts, what work was licensed, and the dates and the amount of royalties or consideration received.

Subject to and without waiving its General Objections, Art Akiane entered into the following contracts and agreements:

- A licensing agreement with ASW on or about January 11, 2007. (*See* Ex. H to Art Akiane's First Amended Complaint.)

- An Assignment dated April 19, 2019 with Akiane Kramarik and Akiane Gallery. (*See* AA000561.)

- A Right of Publicity Assignment Agreement dated April 30, 2019 with Akiane Kramarik. (*See* AA000566.)

- A Trademark Assignment Agreement dated April 19, 2019 with Akiane Kramarik and Akiane Gallery. (*See* AA000567.)

- A License Agreement dated July 21, 2016. (*See* AA000550.)

- A Second Amendment to the Publishing Agreement dated July 1, 2014. (*See* AA000559.)

- A Licensing Dissolution Agreement dated January 10, 2019.

- A License Termination and Wind-Down Agreement dated March 1, 2019.

- An Art Images & Licensing Agreement dated January 11, 2007.

5

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

- A License Agreement for Artwork dated October 22, 2007.

Further answering, Art Akiane states: See royalty information produced at Bates Nos. AA000227 – AA000268.

Art Akiane is willing to meet and confer regarding a reasonable limitation upon the remainder of the scope of this Interrogatory and will re-evaluate its objections in the event ASW refines the scope.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Art Akiane will produce the documents identified in the last four bullet points above. Further answering, Art Akiane states that the Licensing Dissolvement Agreement dated January 10, 2019 was entered into with Akiane Gallery. The License Termination and Wind-Down Agreement dated March 1, 2019 was entered into with Akiane Gallery and ASW. ASW was identified as a party to this agreement; however, ASW's representative did not sign this document. The License Agreement for Artwork dated October 22, 2007 was entered into with Akiane Gallery.

Further answering, and without waiving its objections that ASW's request for "all instances" is overly broad and seeks irrelevant information, Art Akiane entered into the following agreements:

- An Anturo Agreement with BookMasters, Inc. dated September 17, 2011;

- An agreement with Les Editions CEC Inc. dated February 8, 2008.

- An Authorization to Use Appearance with Creative Differences Productions, Inc. and Discovery Communications, Inc. dated January 13, 2007.

- An agreement relating to the Double Rainbow book dated October 25, 2017.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

- A Publishing and Distribution Agreement with eChristian, Inc. dated on or about November 11, 2011.

- An Image Usage Agreement with Hillsong Church Ltd. dated July 7, 2016.

- An Image Usage Agreement with Hillsong Church Ltd. dated September 7, 2018.

- A Work Agreement with Kraupp Inc. dated on or about February 15, 2016.

- An agreement with Lip Ink and Akiane Kramarik dated December 4, 2009.

- An agreement with Originals, Inc. dba Print mfg dated November 17, 2014

- An agreement with "The Richest Kids in America."

- A Public Relations Service Agreement with Ruby Public Relations Pty Ltd. dated on or about December 19, 2014.

- A Business Separate Agreement with Akiane Art Gallery and Spirit at Works dated October 27, 2007.

- An Authorization Agreement with Summer Infant (USA), Inc. with Akiane Kramarik and Mark Kramarik dated November 17, 2010.

- A Memorandum of Agreement with Here II Here music group.

- An Image Usage Agreement with Mark Andrew Sweeney dated March 16, 2017.

- A Screening License with Zero Plus International Film Festival.

- An agreement with Voyager dated on or about June 9, 2010.

Art Akiane is still processing and reviewing documents, and discovery is still undergoing, and it reserves the right to further supplement, including pursuant to F.R.C.P. 33(d).

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

8. Identify and describe all instances since January 6, 2008 in which You gave permission to any person or entity to produce, reproduce, duplicate, copy, modify, or print Akiane's Works.

**RESPONSE:** Art Akiane objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. Additionally, many of the contracts and other agreements relating to Akiane Kramarik's works and likeness are not at issue in this action and it would be unduly burdensome to locate, identify, and catalog each of these contracts and determine whether any constitute permission for "any person or entity to produce, reproduce, duplicate, copy, modify, or print Akiane's Works."

Subject to and without waiving its General Objections, Art Akiane entered into a licensing agreement with ASW on or about January 11, 2007 pursuant to which ASW was given limited rights to print Akiane's works. (*See* Ex. H to Art Akiane's First Amended Complaint.) Additional contracts and agreements relating to the use of Akiane's works and likeness are identified in response to Interrogatory No. 7. Further, Art Akiane uses a fine art printing vendor, Marco Fine Arts, to make giclee prints of its works.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Art Akiane states that it has worked with Marco Fine Arts from 2015 to the present. Art Akiane previously worked with Print MFG from 2011 through 2015, and Digital Color Print Center from 2004 through 2011, to fulfill

8

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

print orders. Art Akiane has also worked with Osio-Brown Gallery to create digital captures of Art Akiane's works and to fulfill rush orders on an infrequent and inconsistent basis. Further answering, TSG Products, Inc. printed puzzles in November 2017 relating to "Jesus," "Messenger," and "Today."

Art Akiane is still processing and reviewing documents, and discovery is still undergoing, and it reserves the right to further supplement, including pursuant to F.R.C.P. 33(d).

9.     Identify and describe all instances since January 1, 2015 in which You posted or shared an image relating to Akiane's Works through the Internet, including but not limited to posting to or sharing through social media.

**RESPONSE:** Art Akiane objects to Interrogatory No. 9 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because it requests "all instances" in which Art Akiane "posted or shared an image of or relating to Akiane's Works on or through the Internet," rather than those instances applicable to the named defendants, causes of action asserted, and defenses pleaded in this action.

Subject to and without waiving its specific and General Objections, Art Akiane states that, between January 1, 2015 and the present, it did not post to Akiane's social media accounts.

9

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Art Akiane states that it posted images of Akiane's works on Akiane.com. Those images are publicly available and can be viewed by ASW. ASW's request for "all instances" in which Art Akiane "shared" an images of Art Akiane's through the Internet remains overly broad and compliance would impose an undue burden because it is disproportionate to the needs of the case to locate each instance in which an image was sent or otherwise shared, such as images and thumbnails exchanged in orders, in fan communications, and in other correspondence.

Art Akiane is still processing and reviewing documents, and discovery is still undergoing, and it reserves the right to further supplement, including pursuant to F.R.C.P. 33(d).

12.     Identify all third party e-commerce websites or companies You have used to sell Akiane's Works since January 1, 2015.

**RESPONSE:** Art Akiane objects to Interrogatory No. 12 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. The Interrogatory is especially overbroad, unduly burdensome, and seeks irrelevant information because it requests Art Akiane identify "all third party e-commerce websites or companies You have used to sell Akiane's Works," an inquiry that is not tailored to the named defendants, causes of action asserted, and defenses pleaded in this action.

10

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

Subject to and without waiving its General Objections, Art Akiane states: Amazon.com, Ebay.com, and Etsy.com. Products are also available for purchase at Akiane.com/store/.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Art Akiane has used WooCommerce as an e-commerce platform. Art Akiane previously used Magento Marketplace as an e-commerce platform but no longer does.

13. Identify all email addresses, including personal ones and any alias(es), used by You to conduct AA business since January 6, 2008.

**RESPONSE:** Art Akiane objects to Interrogatory No. 13 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit.

Subject to and without waiving its specific and General Objections, Art Akiane states that its representatives have used the following email addresses: jeanluwi@gmail.com, markskramarik7@yahoo.com, prints@artakiane.com, and love@artakiane.com.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, and after further investigation, Art Akiane has identified the following additional accounts that were used to conduct business: prints@akiane.com, artakianellc@gmail.com, akianecom@gmail.com, luvkuroko@gmail.com, Rlakiane@gmail.com, akianeops@gmail.com, markskramarik@gmail.com,

11

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

markskramarik7@yahoo.com.au, foreli1969@yahoo.com, and Akianesart9@yahoo.com. Art Akiane has identified following inactive/archived email accounts: ak@akiane.com, books@akiane.com, fans@akiane.com, fb@akiane.com, info@akiane.com, info@artakiane.com, love@akiane.com, mark@akiane.com, media@akiane.com, news@akiane.com, ops@akiane.com, orders@akiane.com, originals@akiane.com, raphael@akiane.com, test@akiane.com, and track@akiane.com.

16.    Identify the actual sale price of any original work, including but not limited to, Prince of Peace, from January 1, 2006 to present and provide the title of the work; date sold; price sold for; identity of the buyer and buyer's most recent address.

**RESPONSE:** Art Akiane objects to Interrogatory No. 16 because it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of the parties and/or is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the importance of this Interrogatory in resolving the issues in this case, and the burden and expense of the requested information, which outweigh its likely benefit. Art Akiane's sales of Akiane's works are not at issue in this action; rather, this action relates to ASW's unauthorized sales and alteration of Akiane's works. Additionally, compliance with this Interrogatory would prove unduly burdensome because Art Akiane is currently relocating its office to Chicago, because customer information has been deleted or compromised during IT migrations, and because sources of documents include various hard copy and electronic storage directories housed in storage units, garages, and in unlabeled boxes and crates. Art Akiane has only two remaining employees—Mark

12

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

and Foreli Kramarik—and it would be unreasonable and unduly burdensome to re-task both to identify each customer within the last 5 years.

Subject to and without waiving its specific and General Objections, Art Akiane states that it has sold the two original works to the recipients identified in response to Interrogatory No. 15.

Art Akiane is willing to meet and confer regarding a reasonable limitation upon the scope of this Interrogatory and will re-evaluate its objections in the event ASW narrows the scope.

**FIRST SUPPLEMENTAL RESPONSE:** Subject to and without waiving its specific and General Objections, including as set forth in its initial response, Art Akiane states that it sold the following original works for the below list and sales prices:

| Name | List and Sales Price (USD) | Date Sold |
|---|---|---|
| Decision | $21,000 | 2011 |
| Summer Snow | $15,000 | 2017 |
| Silence | $15,000 | 2019 |
| Clematis Dream | $14,000 | 2003 |
| Castle Street | $15,000 | 2020 |
| The Focus | $6,000 | 2016 |
| Jesus, The Missing Years | $50,000 | 2019 |
| Life Without A Leash | $35,000 | 2016 |
| Dreams | $85,000 | 2019 |
| Hope | $95,000 | 2018 |
| Inseparable | $145,000 | 2018 |
| On My Knees | $55,000 | 2019 |
| Untitled | $10,000 | 2018 |
| Morning | unknown | 2005-2008 |
| Sixteen Lives In The Wind | $180,000[2] | 2016 |
| The Horse | unknown | 2002-2005 |
| Power Of Prayer | $32,500 | 2019 |
| WWW | $35,000 | 2019 |
| Spirited | Bundle - $180,000 Listed - $5,000 | 2016 |
| The Angel | 108,000 | 2006 |

---

[2] Sixteen Lives in the Wind was sold for $180,000. The artwork identified with "Bundle" was gifted to the buyer of Sixteen Lives in the Wind as a condition for that purchase.

13

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

| The Light Bearers | $75,000 | 2005 |
|---|---|---|
| Faith | $39,000 | 2010 |
| Missing Puzzle | unknown | 2011 |
| Love At First Sight | $108,000 | 2006-2008 |
| The Gift | $65,000 | 2018 |
| Dance Of The Mind | unknown | 2004 |
| Melancholy | $4,500 | 2016 |
| Father Forgive Them | $535,000 | 2020 |
| Patience | $32,000 | 2019 |
| The Balance | Bundle - $180,000 Listed - $25,000 | 2016 |
| The Listening | $7,500 | 2005 |
| Breaking Free | 20,000 | 2011 |
| Empathy | unknown | 2005 |
| I AM | $140,000 | 2018 |
| My Sight Cannot Wait | Bundle - $180,000 Listed - $75,000 | 2016 |
| Perception of Illusion | $18,500 | 2020 |
| Water Angel | $20,000 | 2010 |
| Dream Fence | unknown | 2004-2008 |
| Upside Down - Inside Out | $45,000 | 2019 |
| Co-Creation | $30,000 | 2017 |
| Penguin | $10,000 | 2019 |
| The Challenge | $175,000 | 2007 |
| Symphony | $67,000 | 2019 |
| Immortal | $65,000 | 2018 |
| Labyrinth | $4,850 | 2010 |
| Search For Truth | Bundle - $180,000 Listed - $35,000 | 2016 |
| The Swing | $4,000 | 2010 |
| Turquoise Eyes | $25,000 | 2019 |
| The Path | $25,000 | 2019 |
| Faithfulness | Bundle - $180,000 Listed - $45,000 | 2016 |
| Endangerment | Listed - $250,000 Gift | 2013 |
| Courage | $15,000 | 2019 |
| Butterfly Passion | $35,000 | unknown |
| Welcoming | $11,000 | 2020 |
| The Relic | $32,000 | 2019 |
| Each | $10,000 | 2010 |
| Instinct | Bundle - $180,000 Listed - $45,000 | 2016 |

14

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

| | | |
|---|---|---|
| Garden Arch | $26,000 | 2012 |
| Barefoot | $15,500 | 2018 |
| Love Is Never Alone | $159,000 | 2008 |
| Time | $10,000 | 2019 |
| Dancing Against Time | $10,000 | 2017 |
| Eagle | unknown | 2003-2008 |
| Freedom Horse | unknown | 2003-2008 |
| Jazz In The City | $15,000 | 2019 |
| Carefree | $10,000 | 2016 |
| Dancing Dream | Bundle - $180,000 Listed - $10,000 | 2016 |
| Supreme Sanctuary | Bundle - $180,000 Listed - $35,000 | 2016 |
| Guidance | $5,500 | 2016 |
| Turquoise Falls | $8,500 | 2018 |
| Adventure | $21,000 | 2020 |
| Again I Find The Winter | unknown | 2002-2005 |
| Unforgettable | $7,600 | 2018 |
| Together | $30,000 | 2018 |
| The Vision | $25,000 | 2018 |
| The Garden | $25,000 | 2018 |
| This Is My Life | $30,000 | 2019 |
| Odyssey | $20,000 | 2018 |
| Guardians of Grace | $20,000 | 2018 |
| Divine Compass | $20,000 | 2018 |
| The Light | $85,000 | 2018 |
| Bald | $8,700 | 2005 |
| On The Right Track | $16,500 | 2019 |
| Divine Knowledge | unknown | 2008 |
| Prince of Peace | $850,000 | 2019 |

15

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

Dated: April 14, 2020

Respectfully submitted,

By: */s/ Adam Wolek*
     Adam Wolek
     Marcus Harris
     **TAFT STETTINIUS & HOLLISTER LLP**
     111 E. Wacker Drive, Suite 2800
     Chicago, Illinois 60601
     Phone: (312) 836-4063
     Fax: (312) 966-8598
     awolek@taftlaw.com
     mharris@taftlaw.com

     Matthew B. Barbara (*pro hac vice*)
     **TAFT STETTINIUS & HOLLISTER LLP**
     200 Public Square, Suite 3500
     Cleveland, Ohio 44114
     Phone: (216) 241-2838
     Fax: (216) 241-3707
     mbarbara@taftlaw.com

     *Counsel for Plaintiff and Counter-*
     *Defendant Art Akiane LLC*

16

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

*Art Akiane LLC v. Art & SoulWorks LLC, et al.*, Case No. 19-cv-02952

## CERTIFICATE OF SERVICE

I hereby certify on that on April 14, 2020, a true and correct copy of the foregoing was

served via electronic mail upon the following:

Nicole N. Auerbach
Patrick J. Lamb
Salvador Carranza
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
nicole.auerbach@elevatenextlaw.com
patrick.lamb@elevatenextlaw.com
salvador.carranza@elevatenextlaw.com

*Counsel for Defendants-Counter-Plaintiffs*
*Art & SoulWorks LLC and Carolyne*
*Corneliuson*

Michael L. Hahn
Michael P. Baniak
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, IL 60606
Hahn@LitchfieldCavo.com
Baniak@LitchfieldCavo.com

*Counsel for Defendant/Cross-Claimant*
*Carpentree LLC*

/s/ Adam Wolek
Adam Wolek

26974674

17

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER