# EXHIBIT D



**Adam Wolek**
P 312.836.4063
F 312.527.4011
C 312.860.9006
awolek@taftlaw.com

Taft Stettinius & Hollister LLP
111 East Wacker, Suite 2800 **/** Chicago, IL 60601 USA
Tel: 312.527.4000 **/** Fax: 312.527.4011
www.taftlaw.com

March 28, 2020

<u>Via E-Mail Only</u>

Nicole Nehama Auerbach
ElevateNext Law
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
nicole.auerbach@elevatenext.com

Re:     *Art Akiane LLC v. Art & SoulWorks LLC et al.*
        Case No. 19-cv-02952
Subject:  Ongoing meet and confer efforts regarding ASW's discovery requests
        to Art Akiane LLC, Akiane Art Gallery LLC and Akiane Kramarik

Dear Counsel:

Following our meet-and-confer telephone conference, we communicated with our clients regarding the matters addressed during our discussion. While Art Akiane LLC ("Art Akiane"), Akiane Art Gallery LLC ("Akiane Gallery"), and Akiane Kramarik ("Akiane") believe that ASW's discovery requests are overly broad, unduly burdensome, and otherwise improper, in the interest of avoiding motion practice, they are willing to supplement their respective responses as outlined in this letter, and are willing to take any questions you have under consideration. We are currently processing numerous additional documents for many of your requests, which, due to their volume and the logistics involved, are time-consuming; however, as we stated during our conference, we are moving through them diligently and the documents will be produced to you in due course.

**ASW'S FIRST REQUESTS FOR PRODUCTION TO ART AKIANE**

<u>Request No. 9</u>: As Art Akiane previously noted, the Request is overbroad because it seeks documents and communications that extend beyond the parties and issues in this case, but while we disagree with your statements during the meet-and-confer, in an effort to reach an accommodation and avoid motion practice, Art Akiane is willing to produce any responsive, non-privileged documents relating to licenses and contracts for the sale, purchase, printing or distribution of Akiane's works that exist, are reasonably accessible and are located after a reasonable and diligent search.

Nicole Nehama Auerbach
March 28, 2020

    <u>Request No. 10</u>: As Art Akiane previously noted, the Request is overbroad and imposes an undue burden because it extends beyond the parties and issues in this case. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Art Akiane is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

    <u>Request No. 11</u>: As Art Akiane previously noted, the Request is overbroad and imposes an undue burden because it extends beyond the parties and issues in this case. As we mentioned during the call, the Request could include irrelevant fan communications including photos of Akiane's works. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Art Akiane is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

    <u>Request No. 17</u>: As Art Akiane previously noted, the Request is overbroad and imposes an undue burden because it extends beyond the parties and issues in this case. While we believe the Request is overbroad and disproportionate, in an effort to reach an accommodation and avoid motion practice, Art Akiane is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

    <u>Request No. 19</u>: As Art Akiane previously noted, the Request is overbroad and imposes an undue burden because it seeks documents that extend beyond the issues in this case. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Art Akiane is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

    <u>Request Nos. 20-25</u>: Request Nos. 20-25 are functionally identical and are addressed collectively. Based on Ms. Durowade's email from March 24, 2020, we understand these requests as seeking communications regarding the following topics:

- Ownership of right, title and interest in any Akiane works;
- License agreement (the performance of it, actions taken under it, the renewals of it, the termination of it);
- Oral agreements (entering into them, permissions, limitations, the performance of them, the termination of them);
- Policing of non-ASW websites and other social media and e-commerce platforms to remove non-authorized sales or displays of Akiane's works;
- Trademarks/copyrights;
- The manner in which Akiane's works should be or have been displayed;
- Modification/altering of any of Akiane's works;
- The termination of the parties' relationship in 2019 and the bases for it;
- Non-privileged communications relating to Carol and ASW in any way;

Nicole Nehama Auerbach
March 28, 2020

- Non-privileged communications relating to Akiane's desire to go in a new direction in 2019;
- Complaints about ASW or Carol internally or from third parties;
- Discussions of any payments made between/among Akiane, Akiane Gallery and/or Art Akiane;
- Anything related to Carpentree, prior agreements or its sale, display, copying or printing of Akiane Works;
- The sale of Akiane Works at wholesale prices;
- ASW or Carol's involvement in trade shows or the manner of marketing any Akiane Works;
- Discussions about the annual calendar;
- Non-privileged discussions regarding this litigation;
- The sale of bookmarks, magnets and other things that ASW sold; and
- Any discussions that touch upon any of the claims against ASW, Carpentree, Hobson that Art Akiane has raised, or defenses Carpentree or ASW has raised, or counter-claims ASW has raised.

This proposed compromise unreasonably expands the scope of the document requests, which are limited on their face to communications "relating to Akiane's Works." While we believe the Requests are overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Art Akiane is willing to reassess the scope of the information requested by this Request and supplement its Response.

Request No. 29: As Art Akiane previously noted, the Request is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. During the meet and confer, you offered to limit Request No. 29 to documents dated after 2018. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Art Akiane is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 38: As Art Akiane previously noted, the Request is overly broad and imposes an undue burden because not every communication regarding ASW or Corneliuson is relevant to the issues in this case. We also understand that, following the meet-and-confer call, ASW has enlarged the scope of Request No. 38 to include all topics identified in Request Nos. 20-25. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Art Akiane is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 39: As Art Akiane previously noted, the Request is overly broad and imposes an undue burden because not every communication criticizing or praising ASW or Corneliuson is relevant to the issues in this case. We also understand that, following the meet-and-confer call, ASW has enlarged the scope of Request No. 39 to include all topics identified in Request Nos. 20-25 and 38. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion

Nicole Nehama Auerbach
March 28, 2020

practice, Art Akiane is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 41: As Art Akiane previously noted, the Request does not seek relevant information because the Request extends beyond the issues in this case. On the meet-and-confer call, you claimed that the entities and Akiane are "intertwined" and asserted that ASW was entitled to discovery for this reason. We remain confused by this explanation, particularly as ASW and Corneliuson have not asserted alter ego claims. Additionally, in an effort to reach an accommodation and to avoid motion practice, Art Akiane is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 45: As Art Akiane previously noted, the Request is overbroad and imposes an undue burden because the request for marketing information extends beyond the issues in this case. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Art Akiane is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 53: Art Akiane does not see, nor did ASW explain, how this Request is directed to discoverable information, but if ASW possesses facts or case law that justify this Request, please send it to us and we are happy to take those facts and/or case law under consideration.

Request No. 54: Art Akiane reiterates its position that Request No. 54 is overly broad and outside the issues related to this case. In an effort to reach an accommodation and to avoid motion practice, Art Akiane offers to identify the works sold, the sale price for each, and the associated list price for each work located after a reasonable and diligent search.

Request No. 57: Art Akiane reiterates its objections that Request No. 57 is irrelevant to the claims and defenses in this case. If ASW possesses additional facts or case law that justify this Request, please send it to us and we are happy to take those facts and/or case law under advisement.

## ASW'S FIRST INTERROGATORIES TO ART AKIANE

Interrogatory No. 6: Following our meet-and-confer call, we confirmed with Art Akiane that it is unaware of any power of attorney relating to Akiane's likeness or her works after performing a reasonable and diligent search. If you are aware of any facts or documents that indicate otherwise, please forward them and we are happy to take the materials under advisement.

Interrogatory No. 7: As Art Akiane previously noted, the Interrogatory is vague, overly broad, and imposes an undue burden; however, as discussed during our met-and-

Nicole Nehama Auerbach
March 28, 2020

confer call, Art Akiane will produce the documents identified in the last four bullet points of its answer in due course. Additionally, in an effort to reach an accommodation, and, given the additional guidance provided during our call, Art Akiane will assess the extent of the information it can provide without incurring undue burden or expense.

Interrogatory No. 9: As Art Akiane previously noted, the Interrogatory is overly broad, imposes an undue burden and compliance would be disproportionate to the needs of this case. As we stated, Art Akiane is willing to discuss reasonable bounds to this Interrogatory, and if ASW presents them, we are happy to take them under consideration. Further, Art Akiane is willing to produce documents relating to its social media posts concerning Akiane's works to the extent any exist and any are located after a reasonable and diligent search, under Fed. R. Civ. P. 33(d).

Interrogatory No. 12: We remain puzzled by ASW's position with regard to Interrogatory No. 12 because Art Akiane has already identified several websites used to sell its works. Regardless, in an effort to reach an accommodation and to avoid motion practice, Art Akiane is willing to supplement its response to this Interrogatory.

Interrogatory No. 16: As Art Akiane previously noted, the Interrogatory is overbroad and imposes an undue burden because the request for sales information for "any original work" extends beyond the parties and issues in this case. In an effort to reach an accommodation, Art Akiane will supplement its response to identify the original works sold, the prices at which those works were sold, and the price at which those works were listed after a reasonable and diligent search. The identities of any buyers are not at issue in this case and discovery of this information is not reasonably calculated to lead to the discovery of admissible evidence. If you have facts or case law suggesting otherwise, please send them to us and we will take them under advisement.

## ASW'S FIRST REQUESTS FOR PRODUCTION TO AKIANE GALLERY

Request No. 7: As Akiane Gallery previously noted, the Request is overbroad because it seeks documents and communications that do not relate to the parties or issues to this case, and while we disagree with your statements during the meet-and-confer, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to produce any responsive, non-privileged documents relating to licenses and contracts for the sale, purchase, printing or distribution of Akiane's works that exist, are reasonably accessible and are located after a reasonable and diligent search.

Request No. 8: As Akiane Gallery previously noted, the Request is overbroad and imposes an undue burden because to the request for "[a]ll documents" extends beyond the parties and issues in this case. As agreed during the call, Akiane Gallery will perform a reasonable and diligent search for documents relating to any party to the litigation—including Hobson, Corneliuson, and any agents of those individuals. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

5

Nicole Nehama Auerbach
March 28, 2020

     Request No. 15: As Akiane Gallery previously noted, the Request's demand for all social media posts is overbroad, imposes an undue burden, and seeks irrelevant information because it extends beyond the parties and issues in this case. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery will supplement its response to this Request.

     Request No. 18-23: Request Nos. 18-23 are functionally identical and are addressed collectively. Based on Ms. Durowade's email from March 24, 2020, we understand these requests as seeking communications regarding the following topics:

- Ownership of right, title and interest in any Akiane works;
- License agreement (the performance of it, actions taken under it, the renewals of it, the termination of it);
- Oral agreements (entering into them, permissions, limitations, the performance of them, the termination of them);
- Policing of non-ASW websites and other social media and e-commerce platforms to remove non-authorized sales or displays of Akiane's works;
- Trademarks/copyrights;
- The manner in which Akiane's works should be or have been displayed;
- Modification/altering of any of Akiane's works;
- The termination of the parties' relationship in 2019 and the bases for it;
- Non-privileged communications relating to Carol and ASW in any way;
- Non-privileged communications relating to Akiane's desire to go in a new direction in 2019;
- Complaints about ASW or Carol internally or from third parties;
- Discussions of any payments made between/among Akiane, Akiane Gallery and/or Art Akiane;
- Anything related to Carpentree, prior agreements or its sale, display, copying or printing of Akiane Works;
- The sale of Akiane Works at wholesale prices;
- ASW or Carol's involvement in trade shows or the manner of marketing any Akiane Works;
- Discussions about the annual calendar;
- Non-privileged discussions regarding this litigation;
- The sale of bookmarks, magnets and other things that ASW sold; and
- Any discussions that touch upon any of the claims against ASW, Carpentree, Hobson that Art Akiane has raised, or defenses Carpentree or ASW has raised, or counter-claims ASW has raised.

     This proposed compromise unreasonably expands the scope of the document requests, which are limited on their face to communications "relating to Akiane's Works." While we believe the Requests are overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to reassess the scope of the information requested by this Request and supplement its Response.

Nicole Nehama Auerbach
March 28, 2020

Request No. 25: As Akiane Gallery previously noted, the Request is overly broad and imposes an undue burden because it extends beyond the issues in this case. We remain confused by your explanation during the meet-and-confer call, particularly as ASW and Corneliuson have not asserted alter ego claims. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 26: As Akiane Gallery previously noted, the Request is overly broad and imposes an undue burden because it extends beyond the issues in this case. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 27: As Akiane Gallery previously noted, the Request is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. During the meet and confer, you offered to limit Request No. 27 to documents dated after 2018. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 35: As Akiane Gallery previously noted, the Request is overly broad and imposes an undue burden because not every communication regarding ASW or Corneliuson is relevant to the issues in this case. We also understand that, following the meet-and-confer call, ASW has enlarged the scope of Request No. 35 to include all topics identified in Request Nos. 18-23. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 36: As Akiane Gallery previously noted, the Request is overly broad and imposes an undue burden because not every communication criticizing or praising ASW or Corneliuson is relevant to the issues in this case. We also understand that, following the meet-and-confer call, ASW has enlarged the scope of Request No. 36 to include all topics identified in Request Nos. 18-23 and 35. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 38: As Akiane Gallery previously noted, the Request does not seek relevant information because the Request extends beyond the issues in this case. On the

Nicole Nehama Auerbach
March 28, 2020

meet-and-confer call, you explained that the entities and Akiane are "intertwined" and asserted that ASW was entitled to discovery for this reason. We remain confused by this explanation, particularly as ASW and Corneliuson have not asserted alter ego claims. While we believe the Request seeks irrelevant information as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 41: As Akiane Gallery previously noted, the Request is overbroad and imposes an undue burden because it extends beyond the issues in this case. You explained that the entities and Akiane are "intertwined" and asserted that ASW was entitled to discovery for this reason. We remain confused by this explanation, particularly as ASW and Corneliuson have not asserted alter ego claims. While we believe the Request seeks irrelevant information as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 42: As Akiane Gallery previously noted, the Request is overbroad and imposes an undue burden because the request for marketing information extends beyond the issues in this case. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane Gallery is willing to supplement its response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Request No. 51: Akiane Gallery does not see, nor did ASW explain, how this Request is directed to discoverable information, but if ASW possesses facts or case law that justify this Request, please send it to us and we are happy to take those facts and/or case law under consideration.

Request No. 52: As Akiane Gallery previously noted, the Request is overly broad and outside of the issues related to any claim or defense in this case because it relates to "any" original work. The Request is also duplicative of discovery served on Art Akiane. Please let us know if Art Akiane's answer to the analogous Request will negate any obligation for Akiane Gallery to respond to this Request.

Request No. 55: As Akiane Gallery previously noted, the Request is overly broad and outside of the issues related to any claim or defense in this case because it relates to celebrity images. If ASW possess additional facts or case law that justify this Request, please send it to us and we are happy to take those facts and/or case law under advisement.

**ASW'S FIRST INTERROGATORIES TO AKIANE GALLERY**

Interrogatory No. 3: As Akiane Gallery previously noted, the Interrogatory is overly broad, seeks irrelevant information, and is unduly burdensome. While we believe the

Nicole Nehama Auerbach
March 28, 2020

Interrogatory is overbroad and disproportionate as written, Akiane Gallery is willing to supplement this response by producing non-privileged documents relating to any licensure of Akiane's works or likeness, pursuant to Fed. R. Civ. P. 33(d) that exist, are reasonably accessible and are located after a reasonable and diligent search.

     <u>Interrogatory No. 4</u>: As Akiane Gallery previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane Gallery is willing to supplement this response by producing non-privileged documents relating to any permission to produce, reproduce, duplicate, modify, or print Akiane's works, pursuant to Fed. R. Civ. P. 33(d), that exist, are reasonably accessible and are located after a reasonable and diligent search.

     <u>Interrogatory No. 5</u>: As Akiane Gallery previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane Gallery is willing to supplement its response to this Interrogatory.

     <u>Interrogatory No. 6</u>: As Akiane Gallery previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane Gallery is willing to supplement its response to this Interrogatory.

     <u>Interrogatory No. 7</u>: As Akiane Gallery previously noted, the Interrogatory is overly broad, imposes an undue burden and compliance would be disproportionate to the needs of this case. As we stated, Akiane Gallery is willing to discuss reasonable bounds to this Interrogatory, and if ASW presents them, we are happy to take them under consideration. Further, Akiane Gallery is willing to produce documents relating to its social media posts concerning Akiane's works to the extent any exist, are reasonably accessible and are located after a reasonable and diligent search, under Fed. R. Civ. P. 33(d).

     <u>Interrogatory No. 8</u>: As Akiane Gallery previously noted, the Interrogatory is overly broad because it extends beyond the parties and issues in this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane Gallery is willing to supplement its response to this Interrogatory.

     <u>Interrogatory No. 9</u>: As Akiane Gallery previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the issues in this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane Gallery is willing to supplement its response to this Interrogatory.

     <u>Interrogatory No. 11</u>: As Akiane Gallery previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the issues in this

Nicole Nehama Auerbach
March 28, 2020

case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane Gallery is willing to supplement its response to this Interrogatory.

Interrogatory No. 12: As Akiane Gallery previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. The Interrogatory is also duplicative of discovery served on Art Akiane. Please let us know if Art Akiane's answer to Interrogatory No. 16 will negate any obligation for Akiane Gallery to respond to this Interrogatory.

Interrogatory No. 13: As Akiane Gallery previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. The Interrogatory is also duplicative of discovery served on Art Akiane. Please let us know if Art Akiane's answer to the analogous Interrogatory will negate any obligation for Akiane Gallery to respond to this Interrogatory.

## ASW'S FIRST REQUESTS FOR PRODUCTION TO AKIANE

Request No. 7: As Akiane previously noted, the Request is overbroad because it seeks documents and communications that do not relate to the parties to this case, but while we disagree with your statements during the meet-and-confer, in an effort to reach an accommodation and avoid motion practice, Akiane is willing to produce any responsive, non-privileged documents relating to licenses and contracts for the sale, purchase, printing or distribution of Akiane's works that exist, are reasonably accessible and are located after a reasonable and diligent search.

Request No. 16: As Akiane previously noted, the Request's demand for all social media posts is overbroad, imposes an undue burden, and seeks irrelevant information. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane is willing to supplement her response; and, given the additional guidance provided during our call, will assess the extent of the information she can provide without incurring undue burden or expense.

Request No. 19-24: Request Nos. 19-24 are functionally identical and are addressed collectively. Based on Ms. Durowade's email from March 24, 2020, we understand these requests as seeking communications regarding the following topics:

- Ownership of right, title and interest in any Akiane works;
- License agreement (the performance of it, actions taken under it, the renewals of it, the termination of it);
- Oral agreements (entering into them, permissions, limitations, the performance of them, the termination of them);
- Policing of non-ASW websites and other social media and e-commerce platforms to remove non-authorized sales or displays of Akiane's works;
- Trademarks/copyrights;
- The manner in which Akiane's works should be or have been displayed;
- Modification/altering of any of Akiane's works;

Nicole Nehama Auerbach
March 28, 2020

- The termination of the parties' relationship in 2019 and the bases for it;
- Non-privileged communications relating to Carol and ASW in any way;
- Non-privileged communications relating to Akiane's desire to go in a new direction in 2019;
- Complaints about ASW or Carol internally or from third parties;
- Discussions of any payments made between/among Akiane, Akiane Gallery and/or Art Akiane;
- Anything related to Carpentree, prior agreements or its sale, display, copying or printing of Akiane Works;
- The sale of Akiane Works at wholesale prices;
- ASW or Carol's involvement in trade shows or the manner of marketing any Akiane Works;
- Discussions about the annual calendar;
- Non-privileged discussions regarding this litigation;
- The sale of bookmarks, magnets and other things that ASW sold; and
- Any discussions that touch upon any of the claims against ASW, Carpentree, Hobson that Art Akiane has raised, or defenses Carpentree or ASW has raised, or counter-claims ASW has raised.

This proposed compromise unreasonably expands the scope of the document requests, which are limited on their face to communications "relating to Akiane's Works." While we believe the Requests are overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane is willing to reassess the scope of the information requested by this Request and supplement her Response.

Request No. 33: As Akiane previously noted, the Request is overly broad and imposes an undue burden because not every communication regarding ASW or Corneliuson is relevant to the issues in this case. Based on our meet-and-confer call, we understand that ASW is no longer seeking communications regarding Bill Corneliuson. We also understand that, following the meet-and-confer call, ASW has enlarged the scope of Request No. 33 to include all topics identified in Request Nos. 19-24. While we believe the Request is overbroad and disproportionate as written even with ASW's modifications, in an effort to reach an accommodation and avoid motion practice, Akiane is willing to supplement her response; and, given the additional guidance provided during our call, will assess the extent of the information she can provide without incurring undue burden or expense.

Request No. 34: As Akiane previously noted, the Request is overly broad and imposes an undue burden because not every communication criticizing or praising ASW or Corneliuson is relevant to the issues in this case. We also understand that, following the meet-and-confer call, ASW has enlarged the scope of Request No. 34 to include all topics identified in Request Nos. 19-24 and 33. While we believe the Request is overbroad and disproportionate as written, in an effort to reach an accommodation and avoid motion practice, Akiane is willing to supplement her response; and, given the additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Nicole Nehama Auerbach
March 28, 2020

     <u>Request No. 36</u>: As Akiane previously noted, the Request does not seek relevant information because the Request extends beyond the issues in this case. On the call, you claimed that the entities and Akiane are "intertwined" and asserted that ASW was entitled to discovery for this reason. We remain confused by this explanation, particularly as ASW and Corneliuson have not asserted alter ego claims. In an effort to reach an accommodation and to avoid motion practice, Akiane is willing to supplement her response; and, given the additional guidance provided during our call, will assess the extent of the information she can provide without incurring undue burden or expense.

     <u>Request No. 38</u>: As Akiane previously noted, the Request does not seek relevant information because the valuation of Akiane Gallery is not relevant to the claims and defenses in dispute, and we are puzzled as to why ASW has served this request on Akiane when ASW can seek this information directly from Akiane Gallery. Please confirm that ASW will withdraw this Request to Akiane and, instead, seek this information from Akiane Gallery.

     <u>Request No. 45</u>: As Akiane previously noted, the Request is overly broad and imposes an undue burden because the Request extends beyond the issues in this case. In an effort to reach an accommodation and to avoid motion practice, Akiane is willing to supplement her response to ASW's Interrogatory seeking this information. If you are aware of facts or case law that indicate this compromise is insufficient, please send the same to us and we are happy to take them under advisement.

     <u>Request No. 47</u>: Akiane does not see, nor did ASW explain, how this Request is directed to discoverable information, but if ASW possesses facts or case law that justify this Request, please send it to us and we are happy to take those facts and/or case law under consideration.

     <u>Request No. 48</u>: As Akiane previously noted, the Request is overly broad and outside of the issues related to any claim or defense in this case because it relates to "any" original work. The Request is also duplicative of discovery served on Art Akiane. Please let us know if Art Akiane's answer to Request No. 54 will negate any obligation for Akiane to respond to this Request.

     <u>Request No. 51</u>: Akiane does not see, nor did ASW explain, how this Request is directed to discoverable information, but if ASW possesses facts or case law that justify this Request, please send it to us and we are happy to take those facts and/or case law under consideration.

## <u>ASW'S FIRST INTERROGATORIES TO AKIANE</u>

     <u>Interrogatory No. 2</u>: As Akiane previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. Based on our meet-and-confer call, we understand that ASW will limit this Interrogatory to matters related to the case. In an effort to reach an accommodation and to avoid motion practice, Akiane is willing to supplement her response; and, given the

Nicole Nehama Auerbach
March 28, 2020

additional guidance provided during our call, will assess the extent of the information it can provide without incurring undue burden or expense.

Interrogatory No. 4: As Akiane previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane is willing to supplement her response; and, given the additional guidance provided during our call, will assess the extent of the information she can provide without incurring undue burden or expense.

Interrogatory No. 5: As Akiane previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane is willing to reconsider her objections if ASW provides additional clarification regarding the information requested. Further, Akiane is willing to produce documents relating to licensing of her works or likeness to the extent any exist and are located after a reasonable and diligent search, and without incurring an undue burden or expense, under Fed. R. Civ. P. 33(d).

Interrogatory No. 6: As Akiane previously noted, the Interrogatory is overly broad imposes an undue burden because it extends beyond the parties and issues in this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane is willing to supplement her response; and, given the additional guidance provided during our call, will assess the extent of the information she can provide without incurring undue burden or expense.

Interrogatory No. 7: As Akiane previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. While we believe the Interrogatory is overly broad and seeks irrelevant information as written, in an effort to reach an accommodation and to avoid motion practice, Akiane is willing to supplement her response; and, given the additional guidance provided during our call, will assess the extent of the information she can provide without incurring undue burden or expense.

Interrogatory No. 8: As Akiane previously noted, the Interrogatory is overly broad, imposes an undue burden and compliance would be disproportionate to the needs of this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane is willing to supplement her response to provide her social media posts regarding Akiane's works, to the extent any exist, are located after a reasonable and diligent search and without incurring undue burden or expense, under Fed. R. Civ. P. 33(d); and, given the additional guidance provided during our call, will assess the extent of the information she can provide without incurring undue burden or expense.

Nicole Nehama Auerbach
March 28, 2020

Interrogatory No. 10: As Akiane previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the parties and issues in this case. The Interrogatory is also duplicative of discovery served on Art Akiane. Please let us know if Art Akiane's answer to the analogous Interrogatory will negate any obligation for Akiane to respond to this Interrogatory.

Interrogatory No. 11: As Akiane previously noted, the Interrogatory is overly broad and imposes an undue burden because it extends beyond the issues in this case. While we believe the Interrogatory is overbroad and disproportionate as written, in an effort to reach an accommodation and to avoid motion practice, Akiane is willing to supplement her response to the Interrogatory and identify certain places of residence after a reasonable and diligent search.

In sum, Art Akiane, Akiane Gallery, and Akiane maintain that ASW's First Interrogatories and Requests for Production of Documents are overly broad, unduly burdensome, disproportionate, and seek information that is not relevant to the claims and issues in this dispute. The compromises and limitations proposed in this letter are offered in a good faith effort to tailor ASW's discovery requests to the claims and parties at issue. Should you disagree with any proposed limitation or compromise, or should you identify case law or facts that you believe are sufficient for Art Akiane, Akiane Gallery, or Akiane to re-evaluate their objections, please forward the same for our review so that we may assess the information and determine whether a supplemental response is appropriate.

As always, should you have any questions or concerns, please don't hesitate to call. We remain willing to meet and confer regarding any concerns or questions your clients may have in discovery.

Sincerely,

Adam Wolek

cc:    All counsel of record (via email only)

26967475