# EXHIBIT E

| | |
|---|---|
| **From:** | Barbara, Matthew B. <mbarbara@taftlaw.com> |
| **Sent:** | Tuesday, April 28, 2020 9:32 AM |
| **To:** | Nicole Nehama Auerbach; 'nicole.auerbach@elevatenextlaw.com'; 'salvador.carranza@elevatenextlaw.com'; 'patrick.lamb@elevatenextlaw.com'; kehinde.durowade@elevatenextlaw.com; Kehinde Durowade |
| **Cc:** | Wolek, Adam |
| **Subject:** | RE: Art Akiane v. ASW et al. |

Nicole,

ASW and Ms. Corneliuson have not responded to counter-defendants' proposed search protocol, nor have they offered an alternative. Please let us know ASW's and Ms. Corneliuson's response by Thursday so that we can confer as to an appropriate review. If we don't receive a response by Thursday, we will assume that your clients are amenable to counter-defendants' protocol and will proceed.

Please let us know if you have any questions, or if you are available to schedule a telephone call to discuss.

Best regards,
Matt


To receive regular COVID-19 updates from Taft, subscribe here. For additional resources, visit Taft's COVID-19 Resource Toolkit.

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Barbara, Matthew B.
**Sent:** Friday, April 24, 2020 8:21 PM
**To:** 'Nicole Nehama Auerbach' <nicole.auerbach@elevateservices.com>; 'nicole.auerbach@elevatenextlaw.com' <nicole.auerbach@elevatenextlaw.com>; 'salvador.carranza@elevatenextlaw.com' <salvador.carranza@elevatenextlaw.com>; 'patrick.lamb@elevatenextlaw.com' <patrick.lamb@elevatenextlaw.com>; kehinde.durowade@elevatenextlaw.com
**Cc:** Wolek, Adam <awolek@taftlaw.com>
**Subject:** RE: Art Akiane v. ASW et al.

Nicole,

As we noted in our email below, and in addition to the documents we previously produced, we prepared an additional search that attempts to narrow the 250,000+ further documents that we collected to what we believe is still an over-inclusive and burdensome number, but one we are willing to compromise on to avoid further disputes. While over-inclusive, we believe it represents the best good-faith attempt to compromise, while also attempting to capture relevant documents and address your clients' requests. That listing is attached. Please confirm that the proposed terms are acceptable. Additionally, we will apply a date limitation of January 1, 2007 through May 1, 2019 (i.e., the date the lawsuit was filed).

Let us know if ASW and Ms. Corneliuson have suggestions to revise the search terms or proposed search protocol, as we would like to narrow the list further. We can attempt to run any suggested terms/protocols in an effort determine whether they are feasible and, if they are not, we are available to confer as to the terms or scope of the search. We believe this approach will allow the parties to meaningfully confer and appropriately gauge the scope of any potential further review.

However, we are puzzled by your email below as it does not accurately characterize the parties' discussions. We repeatedly informed you of an additional large document collection, and further called you and your colleague, Mr. Carranza, to discuss this, but our voicemails went unreturned. When we offered to confer by phone to explain our process, you told us that you would not agree to a call. This is unfortunate because we were attempting to discuss reasonable limitations on your clients' discovery responses, and would have been amenable to co-developing an appropriate ESI protocol for Ms. Corneliuson and ASW had you asked. Yet you refused to confer or discuss, so we proceeded with our best efforts and in line with best practices for managing large ESI sets.

We also explained multiple times via email over the past few weeks that, in light of your clients' overbroad discovery and the additional requests made during the meet-and-confer in late March, we collected and preserved numerous additional documents. These efforts were undertaken in an effort to assess the burden with complying with your clients' broad discovery demands, even though the requests were overbroad, oppressive, and not tailored to the matters in dispute. We further informed you that we were processing numerous documents before we supplemented their interrogatory responses to identify the accounts.

For instance:
- On March 24, 2020, we held a meet-and-confer call, where Defendants further demanded expansive document productions.
- On April 3, 2020, we informed Defendants that we were processing numerous additional documents in light of counsel's meet and confer demands and were collecting a large number of additional documents.
- On April 3, 2020, we also left voicemails to you and Sal Carranza, and followed up by email requesting calls to provide updates.
- On April 7, 2020, we informed you that we supplementing interrogatory responses and processing numerous documents, and that we collected more than 35 gigabytes of material.
- That same day, we asked whether you would prefer that we supplement the responses after the document production was complete and documents could be identified by bates number, or whether you would prefer to receive an early response that did not identify documents by bates number, followed by another supplement after document discovery was complete. You asked that we supplement the discovery and then revise when bates numbers were available. We agreed and clarified that we were happy to explain discovery supplements and documents on a call.
- On April 10, 2020, we informed you that we would supplement the discovery responses.
- On April 14, 2020, we provide supplemental interrogatory responses that identified additional client email accounts.

In sum, the additional collections were substantial: they total over 250,000 documents spanning hundreds of thousands if not millions of pages. This was time-consuming and costly to undertake. We retained an outside vendor to collect the contents. There were 29 unique email accounts stretching back nearly a decade-and-a-half. Each account was pulled individually, each had to be processed, and each had to be checked for data integrity, a process that was further complicated by the COVID outbreak. Even though plaintiff and counter-defendants believed that they were unlikely to contain relevant information as we informed you, we gathered them due to your insistence and threats of a motion to compel. We further worked with an ESI specialist to help ensure the integrity of this process. In short, this was a substantial undertaking, one we attempted and hoped to avoid, but due to your refusal to confer by phone, we proceeded with our best efforts to avoid motion practice.

Please let us know if you have any questions, we are available by phone, or otherwise, and please let us know if you have any issues with our process and we are willing to discuss.

Best regards,
Matt

---

**From:** Nicole Nehama Auerbach <nicole.auerbach@elevateservices.com>
**Sent:** Friday, April 24, 2020 5:43 PM
**To:** Barbara, Matthew B. <mbarbara@taftlaw.com>; 'nicole.auerbach@elevatenextlaw.com' <nicole.auerbach@elevatenextlaw.com>; 'salvador.carranza@elevatenextlaw.com' <salvador.carranza@elevatenextlaw.com>; 'patrick.lamb@elevatenextlaw.com' <patrick.lamb@elevatenextlaw.com>; kehinde.durowade@elevatenextlaw.com
**Cc:** Wolek, Adam <awolek@taftlaw.com>
**Subject:** Re: Art Akiane v. ASW et al.

Hi Matt. I'm curious why this is being raised, for the first time, several months after the requests were first issued, but more importantly way way past the deadline imposed by Judge Change to comply with the MIDP rules. Had we been made aware of the huge volume of documents and data from your clients' perspective, we too would have agreed to try to limit the incredible burden placed upon Ms. Corneliuson in trying to amass the large volume of information that the MIDP called for, and more importantly that your 6-7 sets of discovery requests have called for.

While we are well aware of the Sedona conference and ability to try to limit the burden of production, those rules are two-way. At the Rule 26 meet and conference, the parties were supposed to raise any such issues and come to agreements on production protocols and the like. You never raised any such issues and I would like to understand why.

I would also like to understand what the millions of pages of documents are that you are referring to. This would go a long way to understanding where certain protocols to lessen the burden on your clients might be agreed upon. Are they emails, images, posts, etc. And again, if there are millions of pages of documents, why have they not been produced to date.

Thanks.

**Nicole Nehama Auerbach**
Vice President/Founding Partner
+1 312 676 5469 (o)
+1 847 414 8827 (m)



**Elevate** | elevatenextlaw.com | 
218 N Jefferson St., Suite 300, Chicago, IL 60661

---

**From:** "Barbara, Matthew B." <mbarbara@taftlaw.com>
**Date:** Friday, April 24, 2020 at 12:40 PM
**To:** Nicole Auerbach <nicole.auerbach@elevatenextlaw.com>, Salvador Carranza <salvador.carranza@elevatenextlaw.com>, "'patrick.lamb@elevatenextlaw.com'" <patrick.lamb@elevatenextlaw.com>, "kehinde.durowade@elevatenextlaw.com" <kehinde.durowade@elevatenextlaw.com>
**Cc:** Adam Wolek <awolek@taftlaw.com>
**Subject:** Art Akiane v. ASW et al.

Hi Nicole,

In response to your clarifications and new requests made during the meet and confer process, we have collected and processed numerous additional documents and data from Art Akiane LLC, Akiane Art Gallery LLC, and Akiane Kramarik, which total over 250,000 documents spanning hundreds of thousands if not millions of pages. It is not efficient nor proportionate to the needs of this case to review each of these documents, and doing so would impose an undue burden and expense on our clients.

We have been working on a way to get the total down to a reasonable number for review, while also attempting to capture relevant documents you requested. To find the most relevant documents using a proportional procedure, we suggest and have been attempting keywords and search terms to tailor the universe of documents to a manageable number. This strategy is applicable where, as here, a large volume of ESI is collected, making review of all documents impractical, unduly burdensome, and not proportional to the needs of the case. In that vein, the Sedona Conference's Commentary on Defense of Process describes the use of search terms as "[p]erhaps the most common method used to cull data for review and production" and that search terms are "a defensible technique for limiting the number of documents for review and production" when used appropriately. *See* https://www.ediscoverycouncil.com/sites/default/files/The%20Sedona%20Conference%20Commentary%20on%20Defense%20of%20Process_Public%20Comment%20Version_Sept%202016.pdf (accessed Apr. 21, 2020). In short, we've been making progress tailoring the universe of documents to a manageable number, though it's been complicated by the large volume of documents and ubiquity of certain terms. We will send you our proposed terms shortly.

In the meantime, please feel free to let us know if ASW and Ms. Corneliuson have recommended search terms or a proposed search protocol. This can be done after we provide our terms, or after you assess ours. We can then attempt to run those terms/protocols in an effort determine whether they are feasible. If a search yields an unreasonable number of results, we remain willing to confer as to the terms or scope of the search. This will allow the parties to appropriately gauge the scope of any potential review before agreeing to that review or producing documents. However, note that a generic search term like "Akiane" is not feasible as it would produce over one hundred seventy thousand documents, which would be unduly burdensome to review and would produce a tremendous number of irrelevant documents or ones that only have tenuous relations to any of the issues in this case.

We are finalizing our own listing of proposed terms, and plan to circulate that in short order.

Best regards,
Matt

**Taft /**   **Matthew B. Barbara**
Attorney
mbarbara@taftlaw.com
**Dir:** 216.706.3954
**Tel:** 216.241.2838   |   **Fax:** 216.241.3707
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302

**taftlaw.com**

To opt in to Taft's daily updates on COVID-19, please **subscribe here**. For news and advice on coronavirus-related implications, please review our **Resource Toolkit** anytime.

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# Kehinde Durowade

| | |
|---|---|
| **From:** | Barbara, Matthew B. <mbarbara@taftlaw.com> |
| **Sent:** | Wednesday, May 20, 2020 11:16 AM |
| **To:** | Salvador Carranza |
| **Cc:** | Wolek, Adam; Nicole Nehama Auerbach; Kehinde Durowade |
| **Subject:** | RE: [Response Requested by May 22, 2020] Art Akiane v. ASW et al.: Document Production |

Sal,

Plaintiff/counter-defendants have produced thousands of additional documents, including more than 34 gigabytes of data just a short time ago. Plaintiff/counter-defendants expended significant time in identifying, collecting and producing these documents in response to your clients' overbroad demands. We have been working diligently to process and review additional documents, which we also explained were to your overbroad search requests, and will produce them in due course. In short, your claims are unfounded, including about the format of the earlier production. The production followed the specifications and included documents as kept in the ordinary course of business.

Sincerely,
Matt

---

**From:** Salvador Carranza <salvador.carranza@elevatenextlaw.com>
**Sent:** Tuesday, May 19, 2020 4:28 PM
**To:** Barbara, Matthew B. <mbarbara@taftlaw.com>
**Cc:** Wolek, Adam <awolek@taftlaw.com>; Nicole Auerbach <nicole.auerbach@elevateservices.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Subject:** [Response Requested by May 22, 2020] Art Akiane v. ASW et al.: Document Production

Matt, what is the status of your production? You indicated you would be doing rolling productions and we haven't seen anything since May 6th.

In addition, with regard to the May 6th production, many of the documents were produced in a manner that once again doesn't follow best practices or the protocol we agreed. Instead of producing an entire document with applicable metadata, you produced every page in one document as individual pages. So for instance, a 7 page agreement was produced as 7 single page documents. When you provide your next production, please remedy this issue. There is no reason why we should have to put together individual pages to form a single document.

Please let me know by this Friday, May 22, 2020 when we can expect additional documents to be produced.

Thank you,

Sal

**Salvador Carranza**
Director
+13126765466
+1 4148991980

**Elevate** | elevateservices.com |
218 N Jefferson St., Suite 300, Chicago, IL 60661

1



Notice: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

**From:** Salvador Carranza
**Sent:** Monday, May 11, 2020 11:20 AM
**To:** Barbara, Matthew B. <mbarbara@taftlaw.com>
**Cc:** Wolek, Adam <awolek@taftlaw.com>; Nicole Auerbach <nicole.auerbach@elevateservices.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Subject:** RE: Art Akiane v. ASW et al.

Matt - as you know, we believe that the search terms we originally proposed made the most sense in order to get to the largest amount of documents that are relevant to the case. You rejected our proposed terms and significantly narrowed them and indicated you are not willing to further expand the search terms. Accordingly, in an effort to move the case forward, we agreed to work with those search terms.
However, in the event that it turns out that the documents we would expect to be produced are not, we do not agree to waive our rights to seek additional documents. Ultimately, should that be the case, we will need to raise that with the Court, and the Court will decide whether the terms you employed are reasonable or not. We hope it does not have to come to that, but in the absence of seeing the outcome, we are simply not in a position to say we waive our rights.

Thanks

Sal

**Salvador Carranza**
Director
+13126765466
+1 4148991980

**Elevate** | elevateservices.com |
218 N Jefferson St., Suite 300, Chicago, IL 60661



Notice: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

**From:** Barbara, Matthew B. [mailto:mbarbara@taftlaw.com]
**Sent:** Wednesday, May 6, 2020 2:47 PM
**To:** Salvador Carranza <salvador.carranza@elevatenextlaw.com>
**Cc:** Wolek, Adam <awolek@taftlaw.com>; Nicole Auerbach <nicole.auerbach@elevateservices.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Subject:** RE: Art Akiane v. ASW et al.

Sal,

We sent you another batch of documents early this morning, which spanned thousands of documents and more than 34 gigabytes of data. Plaintiff/counter-defendants expended significant time in identifying, collecting and producing these documents in response to your clients' overbroad demands.

As we've explained several times, before we move forward with the keyword search for the remaining email documents, we need to first resolve a proposed search because there are over 250,000+ emails likely spanning hundreds of thousands of pages in the batch. While the previously proposed search was overly broad and exceedingly burdensome, we would agree to the proposed search terms as a compromise with the understanding the emails reviewed during that search will be limited to those emails containing the agreed-upon keyword terms. However, expanding it further at a

later time would be inefficient and would result in expanding an already overbroad set of documents, which would produce an unduly burdensome result and cause us to expend resources not proportional to the needs of the case or the issues at stake. In short, we will not agree to an undefined and uncertain scope of review, which is inefficient and unduly burdensome. To that end, we either reach an agreement on the already overly-broad search terms, or we will instead apply limitations to achieve a reasonable universe of documents that are directed to the issues in this case (rather than the over-expansive set previously proposed). Please let us know if you agree that the terms are sufficient to encompass your clients' discovery requests.

Best regards,
Matt

---

**From:** Salvador Carranza <salvador.carranza@elevatenextlaw.com>
**Sent:** Tuesday, May 5, 2020 6:42 PM
**To:** Barbara, Matthew B. <mbarbara@taftlaw.com>; Wolek, Adam <awolek@taftlaw.com>
**Cc:** Nicole Auerbach <nicole.auerbach@elevateservices.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Subject:** RE: Art Akiane v. ASW et al.

Matt -

We continue to go over the same grounds which is unproductive. We have noted our comments and concerns numerous times and have suggested alternatives. We get that you disagree with our position. As before when the parties have gone at the issues multiple times but not come to agreement, we think the best move is to proceed forward with the understanding that the issues may be revisited after we have had a chance to review the documents in question.

As to rolling production, I apologize, I missed that. When you do get the production ready, please make sure it meets our agreed upon production protocols and we will get our e-discovery vendor involved to pull the data from your team.

Thanks

Sal


**Salvador Carranza**
Director
+13126765466
+1 4148991980

**Elevate** | elevateservices.com |
218 N Jefferson St., Suite 300, Chicago, IL 60661



Notice: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

**From:** Barbara, Matthew B. [mailto:mbarbara@taftlaw.com]
**Sent:** Tuesday, May 5, 2020 12:38 PM
**To:** Salvador Carranza <salvador.carranza@elevatenextlaw.com>; Wolek, Adam <awolek@taftlaw.com>
**Cc:** Nicole Auerbach <nicole.auerbach@elevateservices.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Subject:** RE: Art Akiane v. ASW et al.

Sal,

As noted below, we have already been reviewing additional documents for responsiveness and privilege and will get a production to you this week. That process has been time-consuming as the data set totals many thousands of documents intended to address many of your clients' discovery requests, notwithstanding their overbreadth and failure to seek relevant information. We will apply the below search terms and begin reviewing the resulting documents promptly. A rolling production is acceptable though the size and timing of the rolling productions will turn on the contents of the review.

We consider the below agreed upon search terms to not only satisfy but exceed any responsibility of plaintiff/counter-defendants to search for and review potentially responsive documents to ASW's requests for production and consider the parties' agreement to the terms to reflect such. If you disagree, please let us know as that could signify the parties are at an impasse with these terms, which we'd like to resolve before undertaking this additional overly broad and burdensome review. Again, our compromise is not because we believe your clients' requests are targeted to obtaining relevant information, but as an effort to confer and avoid motion practice.

If you have any questions, please feel free to call.

Best regards,
Matt

**From:** Salvador Carranza <salvador.carranza@elevatenextlaw.com>
**Sent:** Tuesday, May 5, 2020 11:21 AM
**To:** Barbara, Matthew B. <mbarbara@taftlaw.com>; Wolek, Adam <awolek@taftlaw.com>
**Cc:** Nicole Auerbach <nicole.auerbach@elevateservices.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Subject:** RE: Art Akiane v. ASW et al.

Matt, I honestly think this has been far more productive that the calls we previously undertook, but to each their own.

Let's move forward with these search terms. However, to be clear, we do not believe our requests are overbroad, unduly burdensome, irrelevant, etc. or that your document production is timely. In fact, we think these current search terms are far too narrow in some instances and that the vast majority of the documents we expect you to produce, should have been produced as part of your MIDP obligations. We are attempting to work cooperatively with you to find a solution to let us move forward. Once we get the documents, we will evaluate and as needed, seek additional documents as afforded us under the rules of civil procedure.

As to the timing of the production, would you be able to do rolling productions? It appears you have already analyzed some documents and would be in a position to make a production now. Regardless, please let us know by next Monday May 11, 2020 on the progress of your production and a date certain as to when you will produce documents.

Thank you,

Sal


**Salvador Carranza**
Director
+13126765466
+1 4148991980

**Elevate** | elevateservices.com | 
218 N Jefferson St., Suite 300, Chicago, IL 60661



Notice: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

**From:** Barbara, Matthew B. [mailto:mbarbara@taftlaw.com]
**Sent:** Monday, May 4, 2020 7:23 PM
**To:** Salvador Carranza <salvador.carranza@elevatenextlaw.com>; Wolek, Adam <awolek@taftlaw.com>
**Cc:** Nicole Auerbach <nicole.auerbach@elevateservices.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Subject:** RE: Art Akiane v. ASW et al.

Sal,

As noted below, a call would have allowed the parties to confer and resolve this matter more quickly, and your refusals to do so delayed and made the process less efficient. Nevertheless, while your clients' requests are substantially overbroad and are not calculated to lead to relevant evidence, we have made significant investments in time and resources to compromise. In short, with a few minor modifications listed below to minimize irrelevant documents and avoid an unreasonably large number of documents that are not proportional to the needs of the case, we can substantially agree to your proposal.

To your requests, we will be producing contracts, publicity, tax records, purchase orders, social media captures, SEO information, and other documents this week. And even though the following terms are overly broad, we can agree to further add "Infring*", "Framing," and while redundant of our other searches, we are finally further amenable to running "Approv*," "Permi*," "Authoriz*," "Grant," and "Commission" with the operative ASW and Carol Corneliuson search terms [i.e., ("art&soulworks" or (art w/2 soul) or (art w/2 soulworks) or artnsoulwrks.com or art-soulworks.com or art-soulwroks.com or ASW or Carol or Corneliuson)], to our search terms, attached herein.

Please confirm that the attached terms, which reflect substantially all your requested terms, are acceptable so that we can begin reviewing the remaining documents containing those terms promptly. Note, our cooperation here is not because we believe your requests are reasonably targeted to relevant information – far from it – but as an effort to avoid motion practice. Should you have any questions or concerns regarding the proposed searches, or wish to discuss the search further, please advise as to your availability for a telephone call.

Hope you are safe and well.

Best regards,
Matt




**Matthew B. Barbara**
Attorney
mbarbara@taftlaw.com
Dir: 216.706.3954
Tel: 216.241.2838   |   Fax: 216.241.3707
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302

**taftlaw.com**

**From:** Salvador Carranza <salvador.carranza@elevatenextlaw.com>
**Sent:** Friday, May 1, 2020 4:02 PM
**To:** Barbara, Matthew B. <mbarbara@taftlaw.com>; Wolek, Adam <awolek@taftlaw.com>
**Cc:** Nicole Auerbach <nicole.auerbach@elevateservices.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Subject:** RE: Art Akiane v. ASW et al.

Matt, we are closer to agreement but still have some issues:

1) "Approv*," "Permi*, "Authoriz*," "Grant," "Commission," and "Infringe" are clearly relevant to the allegations and defenses in this lawsuit. Simply stating that they are overbroad or irrelevant because they are not tailored to the parties in the case is inaccurate. What your clients knew, what they authorized, their good/bad faith actions related to those actions, etc. are all relevant facts. If they are creating "false" hits, we are open to suggestions on how to narrow the search terms. But simply excluding them because there are 8,000 unique emails does not meet your burden to not produce.
2) Similarly, the issue of Framing is clearly relevant. You have made allegations of intentional counterfeiting against our clients related to Framing. Limiting the search to only a discussion of "postcard" or "wallet card" may exclude discussions of framing that could show your clients knowledge, authorization, acquiesce, etc. to your claims of counterfeiting. We don't know how your clients discussed framing. In addition, your claim that we didn't ask for this type of information is inaccurate. Our RTP # RTP 14 for Akiane Gallery, RTP 15 for Akiane Kramarik and RTP 16 for Art Akiane all seek documents related to framing. Once again, if you have a suggestion on how to narrow the search we are open to considering.
3) As to Advertising and SEO search terms, your proposed terms are connected to "Akiane." If your clients are buying advertising or SEO search terms but not using the word Akiane, documents and communications would not show up. Further, your clients discussions on how to target our clients business using advertising or SEO search terms would not show up with your proposed search terms. We stand on our requests for broader search on advertising and SEO.
4) Finally, as to date range, we stand on our position that your clients actions after they filed the lawsuit are relevant and should be produced.

With regard to the other proposed revisions and search terms, we will agree to their use, subject to our ability to obtain supplemental discovery once we see what documents are produced. Obviously, we are not in a position to see whether these search terms are providing the types of documents we have sought.

Let me know how you would like to proceed on the above,

Thank you,

Sal

**Salvador Carranza**
Director
+13126765466
+1 4148991980

**Elevate** | elevateservices.com |
218 N Jefferson St., Suite 300, Chicago, IL 60661



Notice: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

**From:** Barbara, Matthew B. [mailto:mbarbara@taftlaw.com]
**Sent:** Thursday, April 30, 2020 6:18 PM

**To:** Nicole Auerbach <nicole.auerbach@elevateservices.com>; Salvador Carranza <salvador.carranza@elevatenextlaw.com>; Patrick Lamb <patrick.lamb@elevatenextlaw.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Cc:** Wolek, Adam <awolek@taftlaw.com>
**Subject:** RE: Art Akiane v. ASW et al.

Nicole,

Again, a call on a meet and confer can more efficiently answer most of the questions you pose. But as you continue to refuse to confer by phone, and while less efficient, we are responding to your questions in writing below in an effort to move forward.

We have assessed your proposed searches and parameters, and nearly all of the terms you proposed are either redundant of the terms we circulated or are irrelevant and overly broad. In an effort to reach an accommodation, and while we believe the following searches are largely redundant of what we proposed or irrelevant, we are willing to add the following terms that you propose into our search: "Transfer w/15 copyright or trademark," "Sell w/15 copyright or trademark," "Print! w/15 agreement or contract," "Montage or meme," "'shut down' or 'put out' w/15 business," and "Amend* w/15 agreement or contract or license." We are further willing to add your term "art-soulwroks.com" (*sic*).

Other search terms, are entirely redundant of searches that we already proposed. For example, the terms "[c]ancel or terminate or end or stop or cease /30 of Carol or Corneliuson or ASW or Soul, etc.", "[d]ownload /15 Carol, ASW, Art & SoulWorks", and ASW's remaining copyright phrases are redundant because we already proposed Carol, Corneliuson, and Art & SoulWorks as standalone terms. Thus, the results of your proposed search terms would already be captured by our proposed running of the standalone terms.

Other terms are overbroad and seek irrelevant information. For example, the terms "Approv*," "Permi*," "Authoriz*," "Grant," "Commission," and "Infringe" exceed the scope of relevancy because they are not tailored to any of the parties in the case and result in over 8,000 additional unique emails when run. Your request for fram* instead of combining that term with "postcard" or "wallet card" likewise seeks irrelevant information, yields numerous additional results, and exceeds the scope of the documents requested in ASW's own discovery. Additionally, we believe plaintiff/counter-defendants proposed terms capture documents related to advertising and SEO on websites. Your refusal to limit the date range to documents created up to the filing of this lawsuit will likewise encompass irrelevant and privileged communications. We are willing to reassess and explore alternative searches, terms, or limitations if you can provide an additional modification to these proposals or if you can explain why these terms are appropriate, and are happy to confer by phone to discuss these or any other terms and proposed modifications in an effort reach an accommodation.

To be clear, your email misleadingly skews the parties' correspondence and background. Plaintiff/counter-defendants timely produced relevant documents and timely responded ASW's and Ms. Corneliuson's discovery requests, and plaintiff/counter-defendants noted then that ASW's and Ms. Corneliuson's requests were substantially directed to irrelevant matters and were disproportionate to the needs of the case. Even so, plaintiff/counter-defendants offered to continue their efforts to meet and confer. In response to your clients' unreasonable demands, plaintiff/counter-defendants promptly and appropriately worked to agree on a reasonable scope of production, including by exchanging multiple letters and emails, and participating in an extended meet and confer, during which you re-read your clients' discovery requests and generally refused to compromise. Following the parties' meet and confer, plaintiff/counter-defendants supplemented their discovery responses and agreed to supplement further. Despite the burdens imposed, in response to your clients' demands and their threatened motion to compel, which was both unnecessary and premature in light of the parties' ongoing meet and confer efforts, plaintiff/counter-defendants collected and processed numerous additional documents from additional accounts and custodians, many of which are believed to be irrelevant to the case as discussed below, identified those 29 email accounts in their discovery responses, and encompassed each individual's email address named in your requests for production. Furthermore, due to the parties' meet and confer efforts, plaintiff/counter-defendants supplemented their discovery responses and sent them to ASW and Ms. Corneliuson, which is precisely the goal that meet and confers seek to achieve.

Please confirm that the proposed additions and modifications are acceptable so that we can begin reviewing those additional documents from the search results. Additionally, we have already been reviewing non-email client documents and will produce those once that review is complete.

Should you have any questions or wish to discuss the search further, please advise as to your availability for a telephone call; we are available to confer at your convenience.

Best regards,
Matt

To receive regular COVID-19 updates from Taft, subscribe here. For additional resources, visit Taft's COVID-19 Resource Toolkit.

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Nicole Nehama Auerbach <nicole.auerbach@elevateservices.com>
**Sent:** Wednesday, April 29, 2020 7:07 PM
**To:** Barbara, Matthew B. <mbarbara@taftlaw.com>; 'salvador.carranza@elevatenextlaw.com' <salvador.carranza@elevatenextlaw.com>; 'patrick.lamb@elevatenextlaw.com' <patrick.lamb@elevatenextlaw.com>; Kehinde Durowade <kehinde.durowade@elevateservices.com>
**Cc:** Wolek, Adam <awolek@taftlaw.com>
**Subject:** Re: Art Akiane v. ASW et al.

Hi Matt -

I wanted to provide you with our response to the issues you have raised in your emails below, and to clarify a number of statements you make that we disagree with. Although we disagree with your characterization of the events that transpired (for example, our request to have communications in writing rather than set up lengthy and to that date, fruitless conference calls) was not an effort to avoid discussing the issues. Having your positions in writing is helpful since we are all dispersed, as is our client. It will not further the ball for us to rehash the series of events, so we will leave that in an effort to make progress.

You appear to contend that the 250,000 "additional documents" spanning upward of 1 million pages are the result of our "new requests" and clarifications in our meet and confers. To be clear, we did not add any new requests. Had we done so, we would have issued additional document requests as the rules require. Rather, in an effort to resolve the many issues that arose out of your blanket refusal to answer in your initial discovery responses and the many inappropriate objections, including stating that by saying you would produce you were not really producing, we engaged in discussions with you about your client's answers. We also served a draft motion to compel to frame the remaining issues out of our meet and confers, that highlighted the fact that as of the date of the draft (and indeed, to this day), your clients have yet to produce even a single page of documents in response to our discovery. Rather, the only thing produced since the initial disclosure deadline was the responses received to your client's third-party subpoenas.

So, my first question is -- where are the documents that you stated in your initial responses to our discovery requests (prior to our meet and confers) that you intended to produce? Are they part of the 250,000 documents?

Second, I had asked in my email below for some clarity on what type of documents we are talking about. Is the universe predominantly emails from the 29 separate email accounts that you note you suddenly found or are there other types of documents? Knowing that answer will help us weigh in further on appropriate search terms.

Third, I did not see an answer to my question of why these documents were not produced as part of the MIDP protocol. Is it your position that the million pages of documents you have now obtained have nothing to do with any of the claims you have made in the lawsuit against any party, the defenses that have been raised, or the counterclaims and cross-claims filed such that the documents did not need to be produced per the MIDP rules? You produced very few emails as part of the MIDP disclosures, and you did not indicate when we discussed production parameters that 29 email accounts existed or that there were these volumes of documents so that we could agree on a mutual protocol at that time.

In terms of general information that will help us make a determination of how to lower the amount of documents, we need to know the names of the 29 email custodians. Obviously if some of the accounts are for people unrelated to the relationship between your clients and mine, then the need to obtain information from those accounts is far more limited. Please provide this information at your earliest convenience.

Please also let us know the data size of each PST, as that too will help us determine where we might be able to forego certain files.

In terms of the search parameters, we do not agree with the outer time limitation of May 1, 2019. Rather the documents that we have requested should continue to the present, in that we have alleged that your clients have and continue to act in bad faith by virtue of the termination, the take-down notices, communications with ASW's customers, suppliers and the like, and because we are entitled to determine what conduct your clients have taken since the termination, as efforts to capitalize on the extensive efforts ASW made to build Akiane's brand name and following helps to illustrate bad faith and supports our claims.

Comments on your search terms:

A lot of them are "and "connected. For instance, "postcard or wallet card **and** frame". Since you have put framing in general at issue, we would not want modifiers to that. So we would eliminate "post card or wallet card" with respect to simply capturing all documents related to framing.

We also want any discussion of copyright, license or trademark regardless of whether it is in close proximity to Carol or Akiane's name, so we would remove any qualifiers to those terms.

With respect to the SEO terms - we want to know what Advertising (google ad words, etc) or search engine optimization your clients have been employing that targets ASW (or the various iterations of that name), Carol, "prince of peace friends" or "jesus prince of peace" as well.

We would add the following search terms:

- Approv!
- Permi!
- Authoriz!
- Grant
- Transfer w/15 copyright or trademark

9

- - Fund w/15 litigation or lawsuit or suit or case
  - Sell w/15 copyright or trademark
  - Cancel or terminate or end or stop or cease /30 of Carol or Corneliuson or ASW or Soul, etc.
  - Commission
  - Infring!
  - Print! w/15 agreement or contract
  - Montage or meme
  - Download /15 Carol, ASW, Art & Soulworks
  - "shut down" or "put out" w/15 business
- amend! w/15 agreement or contract or license

We also want to make sure that the documents you produce capture the communications among the Kramarik members who were working in the business and would have had conversations that relate to the relationship with Carol, ASW, Carpentree and any of the other customers of ASW.

We also believe you should add in the actual trademark or other language that you complain that ASW/Carol used.

We look forward to getting the additional information we have asked so we can provide further guidance on the search terms.

Thanks.

**Nicole Nehama Auerbach**
Vice President/Founding Partner
+1 312 676 5469