# EXHIBIT G



March 12, 2020

VIA EMAIL

Adam Wolek
Matthew Barbara
Taft Stettinius & Hollister
111 East Wacker Drive
Chicago, IL 60601
awolek@taftlaw.com
mbarbara@taftlaw.com

RE: *Art Akiane LLC v. Art & SoulWorks LLC et al.*, 19-cv-02952
Art Akiane's Deficient Responses to ASW's Discovery Requests

Mr. Wolek:

We have reviewed the responses provided by Art Akiane, LLC ("Art Akiane") to the various discovery requests served by Art & SoulWorks, LLC ("ASW"), and have found them deficient in many respects. This will be the subject of our meet and confer conversation on Monday, March 16, 2020. Please note that this is not an exhaustive recitation of every deficiency for every request. It will give you a general overview of our issues, and the requests at issue, but given the volume of issues, having the ability to go over the requests on the phone will enable us to focus on specifics. From a general standpoint, your complaints about the "severe deficiencies" in our discovery responses raise many of the same practices that you employed in responding to discovery we served on your clients. Discovery is a two-way street. If you are raising objections or refusing to produce certain information, it is difficult to understand the basis upon which you take a contrary position with respect to our responses.

General Objections

Many of Art Akiane's general objections are not appropriate objections at all, "whether placed in a separate section or repeated by rote in response to each requested category." *In re Peregrine Financial Group Customer Litigation*, 2015 WL 1344466 (N.D. Ill. 2015). This is particularly relevant to your general objection that states: *"Art Akiane's response that it will produce documents in response to the Interrogatories does not necessarily mean that responsive documents or things exist, but instead that Art Akiane will produce documents or things if such documents or things are located after a reasonable and diligent search."* On the contrary, the rule requires that a party undertake a thorough discovery investigation in the time allowed for a response, or seek leave for additional time to do so. *See Cusic v. Glass Mountain Capital LLC* 2013

1

WL 10209048 (N.D. Ill. 2013); *see also*, *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009) (holding that a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and to conduct a **careful and thorough search** for all responsive documents within the 30-day period allotted for same, or seek a reasonable extension to do so). If you have documents, your responses must indicate the same and they should be produced.

You also complain about the Definitions, stating that they are "overly broad, burdensome and impracticable." Yet interestingly, the definitions you provided in your discovery to us were even more expansive. Again, why is it okay for you to have such expansive definitions and yet when we have the same type (but fewer entities than you), you object outright?

> A. "ASW" or "Defendant" or "You" or "Your" means Defendant Art & SoulWorks LLC and any business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of Art & SoulWorks LLC.

Furthermore, the statement, "Any statement made herein is not, and shall not be deemed, an admission of any factual or legal contention contained in the Requests" is in conflict with the rule that allows any statement of a party opponent, including responses to discovery, to be used as admissions.

<u>Time-frame Objections</u>

As a general matter, you repeatedly state that the time frame we provided is overly broad, but you do not indicate why, and what would be an appropriate time frame. Furthermore, Interrogatory <u>no. 1</u> seeks identification of all members, managers, employees, agents, advisors, brokers and representatives of Art Akiane between January 6, 2008 and the present. While you identified some members, you failed to identify the dates in which those members served in their respective capacities.

Similarly, <u>RFP no. 39</u> seeks documents and communications received by Art Akiane from any person or entity prior to the termination of the license agreement, complaining or praising ASW or Corneliuson. Art Akiane's response that it will provide documents dated after January 1, 2015 is arbitrary and puzzling, as Art Akiane fails to explain the significance of this limitation. Finally, Art Akiane's statement that it will produce documents "if they exist," is contrary to the rules and settled law. *See Cusic,* 2013 WL 10209048, and *Novelty, Inc.*, 265 F.R.D at 376.

2

<u>Incomplete Answers</u>

Interrogatory **nos. 5, 7, 8, and 10** ask that you identify any third party since January 6, 2008 to whom Art Akiane assigned, licensed, transferred, sold, gifted, gave permission to produce, duplicate, or print any copyright of Akiane's Works, and any person or entity who has a financial interest in any copyright of Akiane's works. Your responses identify several documents, specifically, the following:

a. License Agreement dated July 21, 2016. (*See* AA000550.)
b. A Second Amendment to the Publishing Agreement dated July 1, 2014. (*See* AA000559.)
c. A License Agreement for Artwork dated October 22, 2007.

Not only do you fail to identify the parties to these agreements, you improperly *redacted* the names of certain parties from the identified documents. Since your objections were not based on privilege or work product, nothing in the protective order authorized you to redact any documents, and your general objections are invalid, please unredact these documents and provide the full versions no later than March 18, 2020, including all parties' names.

In addition, interrogatory **no. 12 and RFP no. 11** request information and documents relating to third parties, including third party e-commerce websites or companies you have used to sell, copy, reproduce, modify, distribute, etc., Akiane's Works. Your responses identify Marco Fine Arts, Amazon.com, Ebay.com, and Etsy.com. However, documents produced indicate that there are at least three additional e-commerce websites – Anchor, Shopify, and QB – and multiple other printers. Please supplement your answers to these requests to adequately provide the necessary information no later than March 18, 2020.

<u>Accuracy in Doubt</u>

Please confirm the accuracy of your response to interrogatory **no. 6** that there are no powers of attorney issued to and from a third party in any way related to the likeness of Akiane Kramarik or copyright in Akiane Works, particularly because document AA000559 suggests otherwise.

In addition, you state in response to interrogatory **no. 9** that between January 1, 2015 and the present, AA "did not post to Akiane's social media accounts." That was not the question posed. The question related to posting of any Akiane works to any social media, not her accounts. Please revise your response to this question by March 18, 2020.

<u>Failure to Answer</u>

You failed to answer the following requests on a number of bases including relevance, vagueness, over-breadth, undue burden, among others:

3

> **RFP no. 53**, which seeks documents evidencing any investment, funding, loans or other financial interest in paying for this action;
>
> **RFP no. 57**, which seeks documents relating to your permissions, consents, or authorizations to use any celebrity's likeness and image in marketing Akiane Works;
>
> **Interrogatory no. 15,** which seeks the names of all customers who bought Akiane Works from January 1, 2015 to the present; and
>
> **Interrogatory. no. 16,** which seeks the sales price of any original work, including the buyer information.

Your objections are unfounded because these documents are relevant to ASW's defenses and counterclaims. Documents regarding litigation funding are relevant, just as you insisted that documents reflecting potential insurance available in this matter was relevant. Documents relating to Art Akiane's permission to use the likeness of celebrities such as Oprah, Glen Beck, Lou Dobbs, Katie Couric, and Peter Jennings to market Akiane Works are relevant to ASW's defense of unclean hands. The identity of other customers is relevant because it would allow ASW to determine which of the customers it might want to contact about issues relevant to this lawsuit. Similarly, ASW is entitled to learn the value of the original works, since it has works in its private collection that it is entitled to sell. Furthermore, knowing the value of the original art previously sold will enable ASW to have a comparison and measurement to any claimed damages that Art Akaine contends it is entitled to as a result of a diminishment in the value of Akiane's work. To the extent that gathering this information is difficult, Art Akiane always has the option of producing documents in lieu of the information.

You also objected outright to **RFP nos. 5, 9, 17, 20-25, 29, 38, 45, and 54**, and did not indicate that you would produce documents. We would like to discuss all of these requests as well.

Finally, you did not produce any documents in response to our Requests for Production even though they were due on March 1, 2020. Therefore, the requests are extremely overdue. Please produce the documents that are responsive to the requests that are not in dispute immediately, but no later than Monday, March 18, 2020 – more than two weeks after they are due.

We look forward to discussing the foregoing on March 16, 2020 when the parties are scheduled to meet and confer.

Yours,

*Kehinde Durowade*

Kehinde Durowade

4



March 12, 2020

**VIA EMAIL**

Adam Wolek
Matthew Barbara
Taft Stettinius & Hollister
111 East Wacker Drive
Chicago, IL 60601
awolek@taftlaw.com
mbarbara@taftlaw.com

RE: <i>Art Akiane LLC v. Art & SoulWorks LLC et al.</i>, 19-cv-02952<br/>Akiane Art Gallery's Deficient Responses to ASW's Discovery Requests

Mr. Wolek:

  We have reviewed the responses provided by Akiane Art Gallery, LLC ("Akiane Gallery") to the various discovery requests served by Art & SoulWorks, LLC ("ASW"), and have found them deficient in many respects. This will be the subject of our meet and confer conversation on Monday, March 16, 2020. Please note that this is not an exhaustive recitation of every deficiency for every request. It will give you a general overview of our issues, and the requests at issue, but given the volume of issues, having the ability to go over the requests on the phone will enable us to focus on specifics. From a general standpoint, your complaints about the "severe deficiencies" in our discovery responses raise many of the same practices that you employed in responding to discovery we served on your clients. Discovery is a two-way street. If you are raising objections or refusing to produce certain information, it is difficult to understand the basis upon which you take a contrary position with respect to our responses.

General Objections

  Many of Akiane Gallery's general objections are not appropriate objections at all, "whether placed in a separate section or repeated by rote in response to each requested category." *In re Peregrine Financial Group Customer Litigation*, 2015 WL 1344466 (N.D. Ill. 2015). This is particularly relevant to your general objection that states: ***"Akiane Gallery's response that it will produce documents in response to the Interrogatories does not necessarily mean that responsive documents or things exist, but instead that Akiane Gallery will produce documents or things if such documents or things are located after a reasonable and diligent search."*** On the contrary, the rule requires that a party undertake a thorough discovery investigation in the time allowed for a response, or seek leave for additional time to do so. *See Cusic v. Glass Mountain Capital LLC* 2013

1

WL 10209048 (N.D. Ill. 2013); *see also*, *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009) (holding that a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and to conduct a **careful and thorough search** for all responsive documents within the 30-day period allotted for same, or seek a reasonable extension to do so). If you have documents, your responses must indicate the same and they should be produced.

You also complain about the Definitions, stating that they are "overly broad, burdensome and impracticable." Yet interestingly, the definitions you provided in your discovery to us were even more expansive. Again, why is it okay for you to have such expansive definitions and yet when we have the same type (but fewer entities than you), you object outright?

> A. "ASW" or "Defendant" or "You" or "Your" means Defendant Art & SoulWorks LLC and any business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of Art & SoulWorks LLC.

Furthermore, the statement, "Any statement made herein is not, and shall not be deemed, an admission of any factual or legal contention contained in the Requests" is in conflict with the rule that allows any statement of a party opponent, including responses to discovery, to be used as admissions.

### Failure to Answer

You objected outright to **interrogatory nos. 3 -13** and **RFP nos. 2-3, 7, 15, 18-23, 25-27, 35, 41-42, 45, 51-52, and 55**, and did not indicate that you would produce the requested information or documents. We would like to discuss all of these on March 16, 2020 during our meet and confer.

Furthermore, your objections are unfounded because these documents are relevant to ASW's defenses and counterclaims. For example, documents regarding litigation funding are relevant, just as you insisted that documents reflecting potential insurance available in this matter was relevant. Documents relating to Akiane Gallery's permission to use the likeness of celebrities such as Oprah, Glen Beck, Lou Dobbs, Katie Couric, and Peter Jennings to market Akiane Works are relevant to ASW's defense of unclean hands. Similarly, ASW is entitled to learn the value of the original works, since it has works in its private collection that it is entitled to sell. And knowing the value of the original art previously sold will enable ASW to have a full understanding of its claimed damages. To the extent that gathering this information is difficult, Akiane Gallery always has the option of producing documents in lieu of the information.

2

<u>Incomplete Answers</u>

<u>RFP no. 8</u> seeks documents and communications relating to any act or omission by Art Akiane, Akiane Gallery, Akiane Kramarik, Mark Kramarik, Foreli Kramarik, Jeanlu Kramarik, or Delfini Kramarik constituting or evidencing permission to copy, reproduce, duplicate, modify, alter, or distribute Akiane's Works. Akiane Gallery's response limiting responsive documents to Carpentree and ASW is puzzling, as it fails to explain the significance of this limitation.

Similarly, <u>RFP no. 36</u> seeks documents and communications received by Akiane Gallery from any person or entity prior to the termination of the license agreement, complaining or praising ASW or Corneliuson. Akiane Gallery's response that it will provide documents dated after January 1, 2015 is also arbitrary and puzzling, as Akiane Gallery fails to explain the significance of this limitation.

In addition, Akiane Gallery's statement in response to both requests that it will produce documents "if they exist," is contrary to the rules and settled law. *See Cusic,* 2013 WL 10209048, and *Novelty, Inc.*, 265 F.R.D at 376. Please supplement your answers to these requests to adequately provide the necessary information no later than March 18, 2020.

Finally, you did not produce any documents in response to our Requests for Production even though they were due on March 1, 2020. Therefore, the requests are extremely overdue. Please produce the documents that are responsive to the requests that are not in dispute immediately, but no later than Monday, March 18, 2020 – more than two weeks after they are due.

We look forward to discussing the foregoing on March 16, 2020 when the parties are scheduled to meet and confer.

Yours,

*Kehinde Durowade*

Kehinde Durowade

3



March 12, 2020

VIA EMAIL

Adam Wolek
Matthew Barbara
Taft Stettinius & Hollister
111 East Wacker Drive
Chicago, IL 60601
awolek@taftlaw.com
mbarbara@taftlaw.com

RE: *Art Akiane LLC v. Art & SoulWorks LLC et al.*, 19-cv-02952
Akiane Kramarik's Deficient Responses to ASW's Discovery Requests

Mr. Wolek:

We have reviewed the responses provided by Akiane Kramarik ("Akiane") to the various discovery requests served by Art & SoulWorks, LLC ("ASW"), and have found them deficient in many respects. This will be the subject of our meet and confer conversation on Monday, March 16, 2020. Please note that this is not an exhaustive recitation of every deficiency for every request. It will give you a general overview of our issues, and the requests at issue, but given the volume of issues, having the ability to go over the requests on the phone will enable us to focus on specifics. From a general standpoint, your complaints about the "severe deficiencies" in our discovery responses raise many of the same practices that you employed in responding to discovery we served on your clients. Discovery is a two-way street. If you are raising objections or refusing to produce certain information, it is difficult to understand the basis upon which you take a contrary position with respect to our responses.

General Objections

Many of Akiane's general objections are not appropriate objections at all, "whether placed in a separate section or repeated by rote in response to each requested category." *In re Peregrine Financial Group Customer Litigation*, 2015 WL 1344466 (N.D. Ill. 2015). This is particularly relevant to your general objection that states: ***"Akiane's response that she will produce documents in response to the Interrogatories does not necessarily mean that responsive documents or things exist, but instead that Akiane will produce documents or things if such documents or things are located after a reasonable and diligent search."*** On the contrary, the rule requires that a party undertake a thorough discovery investigation in the time allowed for a response, or seek leave for additional time to do so. *See Cusic v. Glass Mountain Capital LLC* 2013 WL 10209048 (N.D. Ill. 2013); *see also*,

1

*Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009) (holding that a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and to conduct a **careful and thorough search** for all responsive documents within the 30-day period allotted for same, or seek a reasonable extension to do so). If you have documents, your responses must indicate the same and they should be produced.

You also complain about the Definitions, stating that they are "overly broad, burdensome and impracticable." Yet interestingly, the definitions you provided in your discovery to us were even more expansive. Again, why is it okay for you to have such expansive definitions and yet when we have the same type (but fewer entities than you), you object outright?

> A. "ASW" or "Defendant" or "You" or "Your" means Defendant Art & SoulWorks LLC and any business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of Art & SoulWorks LLC.

Furthermore, the statement, "Any statement made herein is not, and shall not be deemed, an admission of any factual or legal contention contained in the Requests" is in conflict with the rule that allows any statement of a party opponent, including responses to discovery, to be used as admissions.

### Failure to Answer

As a general matter, you repeatedly state that the time frame we provided is overly broad, but you do not indicate why, and what would be an appropriate time frame. Furthermore, you failed to provide any answers to **interrogatory nos. 2, 4, 6-8, 10, 11** and **RFP nos. 3, 7, 16, 19-24, 33, 36, 38, 45, 47-48, and 51**, and did not indicate that you would produce the requested information or documents. We would like to discuss all of these on March 16, 2020 during our meet and confer.

Furthermore, your objections are unfounded because these documents are relevant to ASW's defenses and counterclaims. For example, documents regarding Akiane's places of residence are relevant to the choice of law issues you have raised in this matter. Documents regarding litigation funding are relevant, just as you insisted that documents reflecting potential insurance available in this matter was relevant. Documents relating to Akiane's permission to use the likeness of celebrities such as Oprah, Glen Beck, Lou Dobbs, Katie Couric, and Peter Jennings to market Akiane Works are relevant to ASW's defense of unclean hands. Similarly, ASW is entitled to learn the value of the original works, since it has works in its private collection that it is entitled to sell. And knowing the value of the original art previously sold will enable ASW to have a full

2

understanding of its claimed damages. To the extent that gathering this information is difficult, Akiane always has the option of producing documents in lieu of the information.

#### Incomplete Answers

Interrogatory **no. 5** asks that you identify each instance in which you licensed any of Akiane's Works or the likeness of Akiane Kramarik, including identifying the person or entity, what work was licensed, the date and the amount of royalties received. While you provided the names of the licensees, you failed to identify what work was licensed, the date, and the amount of royalties received.

Similarly, **RFP no. 34** seeks documents and communications received by Akiane from any person or entity prior to the termination of the license agreement, complaining or praising ASW or Corneliuson. Akiane's response that she will provide documents dated after January 1, 2015 is arbitrary and puzzling, as Akiane fails to explain the significance of this limitation. In addition, Akiane's statement that she will produce documents "if they exist," is contrary to the rules and settled law. *See Cusic,* 2013 WL 10209048, and *Novelty, Inc.*, 265 F.R.D at 376. Please supplement your answers to these requests to adequately provide the necessary information no later than March 18, 2020.

Finally, you did not produce any documents in response to our Requests for Production even though they were due on March 1, 2020. Therefore, the requests are extremely overdue. Please produce the documents that are responsive to the requests that are not in dispute immediately, but no later than Monday, March 18, 2020 – more than two weeks after they are due.

We look forward to discussing the foregoing on March 16, 2020 when the parties are scheduled to meet and confer.

Yours,

*Kehinde Durowade*

Kehinde Durowade

3