**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ART AKIANE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-02952 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ART & SOULWORKS LLC, | ) | |
| CAROL CORNELIUSON, | ) | |
| CARPENTREE, LLC and VIRGINIA | ) | |
| HOBSON, | ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------------- | ) | |
| | ) | |
| ART & SOULWORKS LLC, and | ) | |
| CAROLYNE CORNELIUSON, | ) | |
| | ) | |
| Defendants - Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ART AKIANE LLC, | ) | |
| | ) | |
| Plaintiff - Counter-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AKIANE ART GALLERY, LLC, and | ) | |
| AKIANE KRAMARIK, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**ART & SOULWORKS LLC AND CAROLYNE
CORNELIUSON'S ANSWER TO SECOND AMENDED COMPLAINT**

Art & Soulworks LLC and Carolyne Corneliuson ("ASW Defendants") hereby answers

Plaintiff Art Akiane LLC's Second Amended Complaint as follows:

1.      Plaintiff Art Akiane LLC ("Art Akiane") brings this action against Defendants

Carol Corneliuson ("Corneliuson"), Art & SoulWorks LLC ("ASW"), Carpentree, LLC

("Carpentree"), and Virginia a/k/a "Ginny" Hobson ("Hobson") (collectively "Defendants") because of Defendants' illicit copying and distribution of Akiane Kramarik's artwork, trademark infringement, deceptive trade practices, unfair competition, and Defendants' other violations of federal and state law.

**ANSWER:**   ASW Defendants deny that Defendants engaged in any unlawful conduct as set forth in paragraph 1.

2.     Akiane Kramarik is an internationally renowned artist who has been recognized as a gifted child prodigy and garnered international acclaim for her works. She has appeared on the *Oprah Winfrey Show*, and been featured on the *Katie Couric Show, World News Tonight, Good Morning America, CNN, The View, Fox News*, the *Montel Williams Show*, and many others.

**ANSWER:**   ASW Defendants admit the allegations contained in paragraph 2.

3.     In 2007, Art Akiane licensed to ASW the right to print certain artwork on bookmarks, journals, wallet cards, calendars, and greeting cards for sale, through her licensing company, Art Akiane LLC, the plaintiff in this matter. ASW was required to pay a 10% royalty fee to Art Akiane for items sold under the license. The license expired on January 11, 2019.

**ANSWER:**   ASW Defendants admit there is a written license agreement between ASW and Art Akiane LLC ("License Agreement") and that Art Akiane terminated it with no notice in January and the parties extended it until April 2019 in an effort to negotiate a reasonable wind down period. ASW Defendants deny the agreement was limited in the manner claimed by Plaintiff for the entirety of the relationship between the parties. Furthermore, Plaintiff have again failed to disclose a second Schedule A to the agreement as well as a number of oral modifications to the License Agreement that the parties entered into in over the course of their relationship.  In one, Plaintiff wanted to expand the scope of its sales and sold Akiane art to Defendants at wholesale

prices so Defendants could resell the work ("Wholesale Agreement"). This oral agreement did not have an expiration date. Art Akiane, through Mark Kramarik, also entered into a different oral agreement with ASW and Corneliuson in which they were allowed to print copies of any works in a series called "the Jesus Series," as well as other works, such as, "Supreme Sanctuary," market and display these works and pay a royalty to Art Akiane for any sales (the "Printing Agreement"). The Printing Agreement also did not have an expiration date. Plaintiff also sold Akiane art to Defendant Corneliuson for her private collection. As the Plaintiffs admitted in open court during the TRO proceedings, and the Court held (*see* Dkt. 25), Defendants are entitled to continue selling and displaying for sale any works in their private collection or in their possession because of the Wholesale Agreement. Defendants deny the remaining allegations contained in paragraph 3.

4.     Unknown to Art Akiane, Corneliuson and ASW hid and underreported sales, made and sold counterfeit works, and printed and distributed illicit copies of Akiane's artwork.

**ANSWER:**     ASW Defendants deny that Defendants engaged in any unlawful conduct as set forth in paragraph 4.

5.     For instance, before and after ASW's license expired in January 2019, Corneliuson and ASW printed various illicit and counterfeit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers on ASW's website and via various vendors, including Defendant Carpentree. Carpentree then sold the illicit and counterfeit artwork to consumers and other resellers.

**ANSWER:**     ASW Defendants deny that Defendants engaged in any unlawful conduct as set forth in paragraph 5.

6.      Defendants also took postcards and wallet cards and framed them to look like legitimate framed artwork by Akiane, in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane.

**ANSWER:**      ASW Defendants deny that Defendants engaged in any unlawful conduct as set forth in paragraph 6.

7.      Furthermore, Corneliuson and ASW further induced the public to download illegal "free" copies of Akiane's artwork from ASW's website before and after the licensing agreement expired, and Corneliuson and ASW continue to misrepresent that they are the authorized source and representatives of Akiane's artwork.

**ANSWER:**      The ASW Defendants admit that for promotional and advertisement purposes, prior to the termination of the written License Agreement, the public was invited to download a free copy of a "wallet card" that was part of a promotion of Akiane's works. This was expressly allowed by the License Agreement and was openly displayed on ASW's website for years without complaint or even mention by Plaintiff. The pages allowing the download were hidden (at the expense of ASW) after the termination of the License Agreement and have not been available since then. Language informing the public that ASW is no longer the official licensor of Akiane art is contained throughout the website and prominently featured to inform the public of the same. Defendants deny the remaining allegations contained in paragraph 7.

8.      For instance, ASW's website states that ASW is the "[t]rusted [s]ource for 'Prince of Peace' high-quality reproductions" and "everyone who visits Art & SoulWorks is invited to download a portrait of Jesus, free of charge." *See*, *e.g.* Exhibit A.

**ANSWER:**      First, the term "trusted source" was language approved by and recommended by the Kramarik family after the termination of the agreements rather than "official source" or

4

"exclusive licensor" or source. Further, the other language shown in Exhibit A is a remnant of language existing prior to the termination of the License Agreement. While the download page was suppressed, it appears that the page referred (which was an "about the founder" page that far predated the termination of the agreements) was inadvertently not changed (although all links to any download capability showed that the download page is unavailable). Since this language was brought to ASW's attention by virtue of the amended complaint, it has been removed.

9.      Upon information and belief, Corneliuson and ASW also hid sales of Akiane products and underreported revenue by at least $464,730.26, and kept royalties that should have been paid to Art Akiane.

**ANSWER:**      ASW Defendants deny the allegations contained in paragraph 9.

10.      Accordingly, Art Akiane seeks relief from this Court.

**ANSWER:**      This paragraph is a conclusory statement to which no answer is required. To the extent an answer is required, ASW Defendants deny that Art Akiane is entitled to any relief sought.

## I.      THE PARTIES

11.      Art Akiane LLC is an Illinois limited liability company with its principal place of business at 833 Central Ave., Unit 1250, Highland Park, IL 60035. Art Akiane is the intellectual property holding company of Akiane Kramarik, and Akiane Kramarik has transferred all right, title and interest in her artwork, and name and likeness, to Art Akiane.

**ANSWER:**      ASW Defendants admit that Art Akiane LLC is an Illinois limited liability company with its principal place of business at 833 Central Ave., Unit 1250, Highland Park, IL 60035. However, ASW Defendants lack knowledge or information sufficient to form a belief

about the truth of the remaining allegations contained in paragraph 11 and therefore deny the same.

12.     Upon information and belief, Art & SoulWorks LLC is a Colorado limited liability company with its principal place of business at 214 Ranch Road, Evergreen, CO 80439.

**ANSWER:**     ASW Defendants admit the allegations contained in paragraph 12.

13.     Corneliuson is an individual who, on information and belief, resides at 214 Ranch Road, Evergreen, CO 80439. Upon information and belief, Corneliuson is the owner and sole member of Art & SoulWorks LLC.

**ANSWER:**     ASW Defendants admit the allegations contained in paragraph 13.

14.     Upon information and belief, Carpentree, LLC is an Oklahoma corporation with its principal place of business at 9410 East 54th Street, Tulsa, OK 74145.

**ANSWER:**     ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 and therefore deny the same.

15.     Hobson is an individual who, on information and belief, resides at 14016 W. 31st Street, Sand Springs, OK 74063. Upon in formation and belief, Hobson owns and controls Carpentree.

**ANSWER:**     ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 and therefore deny the same.

## II.     STATUTORY BASIS AND NATURE OF ACTION

16.     This action is for: (1) copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq*.; (2) unfair competition of false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition under Illinois common law; (4) deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7;

(5) unjust enrichment under Illinois common law; (6) removal and alteration of copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202; (7) violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (8) tortious interference with a prospective economic advantage under Illinois common law; (9) violation of the Illinois Right of Publicity Act, 765 ILCS § 1075/1-60; and (10) breach of contract under Illinois common law.

**ANSWER:**    This paragraph is a conclusory statement to which no answer is required. To the extent an answer is required, ASW Defendants deny that they have acted unlawfully in any way as set for in the counts listed in paragraph 16 and deny that Illinois law applies to the contract.

17.    Art Akiane seeks preliminary and permanent injunctive relief, and an award of profits and statutory damages, among other remedies.

**ANSWER:**    ASW Defendants admit the allegations contained in paragraph 17.

**III.    JURISDICTION AND VENUE**

18.    This Court has subject matter jurisdiction to hear and determine this controversy pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act. *See* 17 U.S.C. §§ 101, *et seq*.; 15 U.S.C. §§ 1051, *et seq*.

**ANSWER:**    ASW Defendants deny that Plaintiff has standing to assert any copyright or trademark claims. Despite conclusory allegations that it is assignor of all of Akiane Kramarik's rights to the art in question, no evidence of such assignment has been provided. To the extent the copyright and trademark claims exist, ASW Defendants admit the allegations contained in paragraph 18. To the extent the copyright and trademark claims are extinguished, or Plaintiff lacks standing, ASW Defendants deny the allegations contained in paragraph 18.

19.    This Court has supplemental jurisdiction to hear and determine the state law

claims, which arise under the statutory and common laws of the State of Illinois, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution and derive from a common nucleus of operative facts.

**ANSWER:**    ASW Defendants admit that so long as there are viable federal claims and that Plaintiff has standing to assert them, the Court has supplemental jurisdiction for the remaining causes of action. If the federal claims are dismissed or Plaintiff lacks standing, this Court would not have supplemental jurisdiction for the remaining causes of action contained in paragraph 19.

20.    This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship between the parties exists, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

**ANSWER:**    ASW Defendants admit that so long as there exists an amount in controversy exceeding the sum value of $75,000 and the parties remain completely diverse of citizenship, this Court has diversity jurisdiction on any claims other than federal question claims.

21.    Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims herein occurred in this District and Defendants have promoted infringing goods in this District.

**ANSWER:**    ASW Defendants submit to the jurisdiction and venue in this Court, but deny that a substantial part of the events giving rise to the claims occurred in this District and therefore deny the allegations contained in paragraph 21.

22.    This Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with the state of Illinois, because they have purposefully directed their activities toward the state of Illinois, causing harm suffered in the state of Illinois,

and because this action is based upon activities that arise out of or relate to those contacts. Defendants also target consumers in Illinois in the sale of goods, and Corneliuson and ASW had contracted with Plaintiff, an Illinois company.

**ANSWER:** ASW Defendants deny the allegations as stated in paragraph 22 but submit to the jurisdiction of this court for purposes of this dispute.

## IV. FACTUAL BACKGROUND

### A. Akiane Kramarik and Art Akiane

23. Akiane comes from humble beginnings, having been born and raised in abject poverty. She began creating her artwork, including many of the Works (as defined in paragraph 30 below) at age four. Despite the challenges she faced growing up, she worked hard to develop her artistic talent, creating hundreds of original and renowned masterpieces over the past two decades.

**ANSWER:** ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23, but submits that Akiane was listed in the book "Richest Kids in America" by Mark Victor Hansen in 2009 so therefore denies the same.

24. Throughout her young life, Akiane developed her skillset through no formal training: she began drawing complex and sophisticated artwork utilizing different mediums including candles, charcoal, and pencils; at the age of six, she began painting; by the age of seven, Akiane was knowledgeable in the use of color pastels and acrylic paints; and at the age of eight, she had completed a five-foot long oil painting mastering realism, and was already holding solo art exhibitions.

**ANSWER:** ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 and therefore deny the same.

25.     Akiane's art has been showcased in numerous galleries and developed an international fan base that continues to grow. She has received extensive media coverage in Australia, China, Brazil, Japan, Korea, Russia, Ireland, England, Scotland, the Netherlands, France, Hungary, Poland, Lithuania, Latvia, Canada, the Middle East, and Norway.

**ANSWER:**     ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 and therefore deny the same.

26.     Akiane's online gallery, located at www.akiane.com, has had nearly 450 million global visitors over the past decade. Her art exhibitions have been featured in museums, galleries, embassies, universities, institutes, churches, and corporations all around the world.

**ANSWER:**     ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 and therefore deny the same.

27.     She has also been featured in documentaries and made hundreds of media appearances. In addition to the shows mentioned above, she has been featured on the *Glen Beck Program*, *The Late Late Show*, *Lou Dobbs Tonight*, *Hour of Power*, *Superhuman: Genius*, *The Indigo Evolution*, *Miracle Detectives*, *Extreme Prophetic*, *Trinity Broadcast Network*, *Supreme Master Television*, and *Super Kids*.

**ANSWER:**     ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 and therefore deny the same.

28.     Akiane has raised hundreds of thousands of dollars globally through her charity auctions and art exhibits for the impoverished, and she has used her talents and artwork to contribute to over two hundred international and charitable foundations and fundraisers, including Northwest Medical Teams and the Smile Network.

**ANSWER:**  ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 and therefore deny the same.

29.  Due to her immense talent and fan base, Akiane has even been portrayed in the *New York Times* best-selling book *Heaven is For Real*, which was adapted into a 2014 film produced by Sony Pictures.

**ANSWER:**  ASW Defendants deny that Akiane's portrayal in the movie, *Heaven is For Real* is due to her "immense talent and fan base," and instead states that it was due to ASW Defendants' and others, intervention to ensure Akiane's work was included in the movie. ASW Defendants admit the remaining allegations contained in paragraph 29.

30.  Akiane's name and persona have developed enormous commercial value in promoting her artwork as a result of the public's widespread knowledge and admiration of her talents.

**ANSWER:**  ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 and therefore deny the same.

31.  Akiane assigned the copyright registrations for the Works to Art Akiane. Art Akiane owns all necessary rights to the following copyrights, registered at the U.S. Copyright Office, for the following visual works of art (the "Works"):

| Title of Work | Registration No. | Work |
|---|---|---|
| Prince of Peace | VA 1-921-911 |  |

11

| | | |
|---|---|---|
| Father Forgive Them | VA 1-960-272 |  |
| Jesus | VA 2-142-942 |  |
| Barefoot | VA 2-010-303 |  |
| I AM | VA 2-010-300 |  |
| Mother's Love | VA 1-925-543 |  |
| Innocence | VA 2-010-352 |  |
| On My Knees | VA 1-924-181 |  |

| | | |
|---|---|---|
| Hope | VA 1-925-448 |  |
| Co-Creation | VA 1-924-158 |  |
| The Swing | VA 2-011-840 |  |
| Love at First Sight | VA 1-924-183 |  |
| Vulnerable | VA 2-010-397 |  |

**ANSWER:** ASW Defendants admit that within about a week of filing this lawsuit in April 2019, the rights were transferred to Art Akiane, but deny that Art Akiane had the rights prior to that.

32. Attached as Exhibit B are true and correct copies of the certificates of registration or registration information for the Works.

**ANSWER:** ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 and therefore deny the same.

33. The Works are original works of authorship, all created between 2002 and 2018.

13

Akiane is the sole author of the Works.

**ANSWER:** ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 and therefore deny the same.

34. As the owner of the above-listed Works and pursuant to Section 106 of the Copyright Act, Art Akiane has the exclusive right to reproduce the Works, prepare derivative works of them, distribute copies to the public, and display the Works publicly.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 34. Since 2007, ASW owned the exclusive right to take certain actions alleged in paragraph 34. In addition, the above-listed Works were purchased and resold pursuant to the Wholesale agreement with Plaintiff and/or are part of Carol Corneliuson's private collection.

35. Art Akiane owns all right, title and interest in and to Akiane's name and likeness.

**ANSWER:** ASW Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 and state that it appears Art Akiane only obtained these rights just prior to filing this lawsuit. Therefore, ASW Defendants, deny the same. However, ASW Defendants had rights and interests bestowed upon them as a result of the written License Agreement, the Wholesale Agreement, Printing Agreement and other oral agreements and therefore deny the allegations in this paragraph on that basis as well.

36. Since at least as early as 2003, Art Akiane has also been substantially and continuously using the name and likeness of Akiane in the marketing and sale of the Works.

**ANSWER:** ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36 and therefore deny the same.

37. Art Akiane owns all right, title and interest in and to Art Akiane and Akiane's trademarks, which are imprinted on the Works that Art Akiane sells, and are extensively used in

online and media advertising. By virtue of the quality and nature of the goods offered under the trademarks, the extensive sales, advertising, provision, marketing and promotion under the trademarks, and the substantially exclusive and continuous use of the trademarks for over 16 years for and in connection with the Works, the trademarks have come to symbolize and identify a source of great and valuable goodwill for and in connection with Art Akiane's goods.

**ANSWER:**     ASW Defendants admit that it appears that Art Akiane obtained such rights only about a week before this lawsuit was filed in 2019, and deny that any such rights were bestowed on Art Akiane prior to that, meaning Art Akiane did not have the authority to enter into any agreements with ASW. The ASW Defendants also deny that there is evidence of any federal trademark registration for such a mark. However, ASW Defendants had rights and interests purportedly bestowed upon them as a result of the written License Agreement, Wholesale Agreement, Printing Agreement and other oral agreements or, by the partie's custom and performance. ASW Defendants deny the remaining allegations in this paragraph.

38.     Art Akiane has used its trademarks in commerce throughout the United States continuously since at least 2003 for the distribution, provision, sale, marketing, advertising, and promotion of the goods associated with its marks. Attached as Exhibit C is a representative sample showing Art Akiane's use of its trademarks (the "AKIANE Marks") in connection with these goods.

**ANSWER:**     ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38 and therefore deny the same.

39.     As a result of its widespread, continuous, and exclusive use of the AKIANE Marks to identify its goods and Art Akiane as their source, Art Akiane owns valid and subsisting rights to the AKIANE Marks.

**ANSWER:** ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 and therefore deny the same.

40. The AKIANE Marks are distinctive to both the consuming public and to those in Art Akiane's industry.

**ANSWER:** ASW Defendants deny the allegations of Paragraph 40.

41. Art Akiane has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the AKIANE Marks, including through online blog posts, speaking engagements, attendance and participation at media events, and publishing books and newsletters about Akiane. *See*, *e.g.* Exhibit D. Art Akiane has expended significant resources on the marketing, advertising, and promotion of the goods sold under the AKIANE Marks.

**ANSWER:** ASW Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 and therefore deny the same.

42. Consumers understand and see that the Art Akiane goods originate from Art Akiane. As a result of Art Akiane's considerable expenditures and efforts, the AKIANE Marks have come to signify the high quality of the goods designated by the AKIANE Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Art Akiane.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 42.

43. Art Akiane has protected and enforced its AKIANE Marks against past infringements, including sending numerous cease and desist letters to infringers.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 43 and state that it was the ASW Defendants who policed the Akiane marks.

**B.**    **Corneliuson's and ASW's Illicit Printing**

44.    ASW is a business entity that profits from selling religiously themed art, ornaments, home décor, and other various goods to consumers.

**ANSWER:**    ASW Defendants admit that ASW is a for-profit entity, but states that at least 20% of its profits are donated to non-profit organizations.

45.    Upon information and belief, Corneliuson is the owner and sole member of ASW. ASW, at the direction of Corneliuson, sells products on its website, which it also utilizes to promote and sell its goods.  Exhibit E.  At Corneliuson's direction and with her knowledge, ASW sells products on various e-commerce stores such as Amazon, eBay, Carpentree, Christianbooks, Mardel, and others. *See*, *e.g.* Exhibit F.

**ANSWER:**    ASW Defendants admit they sell products on the ASW website and on Amazon but deny the remaining allegations contained in paragraph 45.

46.    Upon information and belief, Corneliuson directs and controls the operations of ASW, ASW's websites https://art-soulworks.com and www.jesusprinceofpeace.com, and ASW's social media, including its Facebook page at  www.facebook.com/jesusprinceofpeace, its Twitter page at https://twitter.com/ArtnSoulworks, its Instagram page at https://www.instagram.com/jesus_art_akiane/, and its Pinterest page. *See*, *e.g.* Exhibit G.

**ANSWER:**    Www.jesusprinceofpeace.com is a URL that points to www.art-soulworks.com. It is not an independent website. The Facebook page is called "Prince of Peace Friends." Plaintiff has absolutely no legal right to the phrase "Prince of Peace" or "Jesus" or any combination of these words. The Instagram account name referencing Akiane was made when the various agreements of the parties were in place. At Plaintiff's request, the Instagram page name was changed to "Jesus_art_inspiration." The Pinterest account was also created while the agreements

were in effect and is no longer available. ASW Defendants admit the remaining allegations contained in paragraph 46.

47.     On January 11, 2007, Art Akiane and ASW entered into a licensing agreement (the "Agreement"), which expired on January 11, 2019. Exhibit H.

**ANSWER:**     ASW Defendants admit that Art Akiane entered into a licensing agreement with ASW on January 11, 2007, but states that in addition to the terms listed in the License Agreement, the parties' course of dealings and the Wholesale Agreement, Printing Agreement and other oral agreements governed the parties' relationship. ASW Defendants deny the remaining allegations contained in paragraph 47.

48.     Art Akiane licensed the copyrighted paintings "Prince of Peace" (Reg. VA 1-921-911), Father Forgive Them (Reg. VA 1-960-272), Trust (Reg. VA 1-925-445), Love at First Sight (Reg. VA 1-924-183), Blessing (Reg. VA 1-924-543), The Challenge (Reg. VA 1-924-186), and Mother's Love (VA 1-925-543), to ASW to be reproduced and printed on bookmarks, journals, wallet cards, calendars, deck cards, and greeting cards for Corneliuson and ASW to sell to consumers.

**ANSWER:**     ASW Defendants admit that some of the listed categories of items were included in the first Schedule A to the License Agreement and that it was limited to the works listed in paragraph 48. However, there is a second Schedule A that provided ASW Defendants additional rights. ASW Defendants deny that the limitations referenced in paragraph 48 applied throughout the parties' relationship and therefore deny the allegations contained in paragraph 48.

49.     Unknown to Art Akiane, and upon information and belief, Corneliuson and ASW have been copying, modifying, displaying, distributing, and selling Art Akiane's other Works, despite never having been granted licensing rights to do so under the Agreement.

**ANSWER:**   ASW Defendants deny the allegations contained in paragraph 49.

50.   Corneliuson and ASW have at a minimum sold and printed the following Works without authorization from Art Akiane:

| Dimension | Title of Work | Work |
|---|---|---|
| 8x10<br>Custom Paper Print | Prince of Peace |  |
| 9x12<br>Canvas, OE | Prince of Peace |  |
| 12x16<br>Paper Print | Prince of Peace |  |
| 2x3 inch<br>Wallet Cards | Prince of Peace |  |
| 11x14<br>Paper Print | Prince of Peace |  |
| 2x7<br>Bookmarks | Prince of Peace |  |

| 11x14<br>Paper Print | Jesus |  |
|---|---|---|
| 2x3 inch<br>Wallet Cards | Jesus |  |
| 11 x 14<br>Paper Print | I AM |  |

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 50.

51.    Unknown to Art Akiane, Corneliuson and ASW illicitly printed and sold excessive numbers of prints exceeding Art Akiane's approval.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 51.

52.    For instance, unknown to Art Akiane, and upon information and belief, Corneliuson and ASW printed:

a.    469 8x10 Prince of Peace paper prints in excess of the 500 prints they purchased from Art Akiane;

b.    printed and sold over 834 9x12 Prince of Peace canvas prints in excess of the 300 prints they purchased from Art Akiane;

c.    printed and sold 3,000 12x16 Prince of Peace paper prints in excess of the 600 prints they purchased from Art Akiane;

d.    printed 400 11x14 Jesus paper print without authorization;

e.    printed 100 11x14 "I AM" paper print without authorization;

    f.   printed 2,000 11x14 Prince of Peace paper prints;

    g.   printed over 114,800 2x3 Prince of Peace wallet cards without authorization;

    h.   printed 5,000 2x3 inch Jesus wallet cards without authorization; and printed 10,000 Prince of Peace bookmarks without authorization

**ANSWER:**    Plaintiff and the various agreements between the parties gave ASW Defendants permission to undertake every action listed in paragraph 52(a) through (h), and Plaintiff readily accepted payments in connection with these pieces, and in many instances, purchased the ***same*** items and sold them on its own sites. ASW Defendants therefore deny that Art Akiane had no knowledge of these actions.

53.    Defendants sold the illicit prints to various customers.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 53.

54.    ASW abused and exceeded its rights under the Agreement when it printed without permission, illicit versions of Art Akiane's artwork.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 54 and note that their rights did not come from a single Agreement.

55.    For instance, while only having rights to sell postcards, Defendants printed framed postcards so that they would look like legitimate framed artwork by Akiane.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 55 and further state that putting a frame on a card, print or piece of art does not violate the law. Further, Plaintiff and the entire Kramarik family were well aware of the sales being made, approved the sales and happily accepted payments and royalties until they were called out for the wrongful termination of the agreements and have resorted to manufacturing allegations and alleged violations to deflect scrutiny from their own misdeeds.

56.    An example of Defendants' illegitimate work is found below:



**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 56.

57.    Defendants also digitally modified the Prince of Peace work, printed it on wallet cards, added "Copyright by Arts & Soulworks," and framed the wallet cards so it would look like legitimate framed artwork by Akiane.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 57 and state that Plaintiff was well aware of the modifications made so the copyright could be more legible on the wallet cards. ASW has sold the wallet cards for more than 10 years, with full knowledge and permission from Plaintiff and in an open and notorious manner. In fact, Plaintiff even purchased wallet cards from ASW during the course of the parties' relationship.

58.    An example of Defendants' illegitimate work is found below:

**Original Akiane Artwork**



**Altered ASW Image**









**ANSWER:** ASW Defendants deny the allegations contained in paragraph 58.

59. Defendants impermissibly took postcards and wallet cards and framed these items to look like legitimate framed artwork by Akiane, when in reality, these items were not legitimate

artwork, but merely postcards and wallet cards that were framed by Defendants in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane.

**ANSWER:**    Putting a frame on postcards or wallet cards is not unlawful. Nor did consumers ever believe they were being "deceived." Further, Plaintiff approved of, encouraged and received royalties or payments from these types of sales. ASW Defendants deny the allegations contained in paragraph 59.

60.    Corneliuson's and ASW's illicit artwork were also often of an inferior quality. For instance, the illicit artwork was often framed on cardboard, and used low quality colors and materials.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 60 and state that the quality issues often arose with Plaintiff's own printer and that the products claimed to be of inferior quality actually originated from the Kramariks, years ago. ASW further states that it has never affixed any works to cardboard. Plaintiff is conflating resales by other retailers or ASW under the First Sale Doctrine.

**C.    Corneliuson's and ASW's Illicit Sales**

61.    Unknown to Art Akiane, and upon information and belief, Corneliuson and ASW sold its illicit artwork through online vendors, including Carpentree, Mardel, Christianbook, St. Judge Shop, and Amazon. *See*, *e.g.* Exhibit I.

**ANSWER:**    ASW Defendants deny they sold illicit artwork at any time and therefore deny the allegations contained in paragraph 61.

62.    Carpentree then sold the framed illicit artwork to consumers at a significant mark-up. For instance, upon information and belief, Carpentree framed a 3x4 inch Prince of Peace wallet card to make it look like it was a legitimate framed artwork by Akiane.

**ANSWER:** This allegation is not directed at the ASW Defendants. To the extent it is, they deny the allegations contained in paragraph 62.

63. Carpentree then sold this illicit artwork to customers. *See*, *e.g.* Exhibit J.

**ANSWER:** This allegation is not directed at the ASW Defendants. To the extent it is, the ASW Defendants deny the allegations contained in paragraph 63.

64. Carpentree's sales were illicit and not approved by Art Akiane and the copying, redistribution, and sale of Art Akiane's work directly infringed Art Akiane's copyrights.

**ANSWER:** This allegation is not directed at the ASW Defendants. To the extent it is, ASW Defendants deny the allegations contained in paragraph 64.

**D. ASW Hid the True Sales from Art Akiane, and Underpaid Royalties**

65. ASW was required to pay a 10% royalty fee to Art Akiane for items sold under the Agreement.

**ANSWER:** ASW Defendants admit they were obligated to pay a 10% royalty fee on the wholesale price under the written License Agreement between ASW and Art Akiane LLC and under various other oral agreements, including the Printing Agreement. ASW Defendants deny that there was a single Agreement as this allegation appears to suggest.

66. Upon information and belief, ASW failed to disclose numerous sales to Art Akiane so that ASW could avoid making royalty payments to Art Akiane as required by the Agreement.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 66.

67. Upon information and belief, ASW has underreported its sales and royalty payments to Art Akiane and has kept Art Akiane's royalty revenue for its exclusive and sole benefit despite completing various sales to customers under the Agreement.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 67 and further state that there are royalties being held for sales after the termination, pending resolution of this lawsuit, to be offset by amounts owed by Plaintiffs and counter-Defendants Akiane Gallery and Akiane Kramarik, including for commissions owed.

68.    Upon information and belief, Corneliuson and ASW hid at least $464,730.26 in undisclosed revenue they made from Akiane related products.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 68.

69.    Upon information and belief, ASW underpaid Art Akiane at least $46,473 in unpaid royalties.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 69.

**E.    Art Akiane's Lost Sales and Termination of the Agreement**

70.    Upon information and belief, Corneliuson represented herself to be the sole representative of all the Works to customers.

**ANSWER:**    The term "sole representative" is ambiguous and unintelligible. Nevertheless, ASW Defendants deny the allegations contained in paragraph 70.

71.    Corneliuson and ASW induced the public to download illegal "free" copies of Akiane's artwork from ASW's website.

**ANSWER:**    ASW Defendants refer to and incorporate their answers to Paragraphs 7 and 8 as their answer to the allegations in paragraph 71.

72.    Corneliuson and ASW also misrepresented to the public that they are the authorized source and representatives of Akiane's artwork. Exhibit K.

**ANSWER:**    ASW Defendants refer to and incorporate their answers to Paragraphs 7 and 8 as their answer to the allegations in paragraph 72.

73.    For instance, ASW's website states:

*That's why everyone who visits Art & SoulWorks is invited to download a portrait of Jesus, free of charge. The portrait is "Prince of Peace," painted by child artist Akiane Kramarik. You'll find it and other paintings by Akiane here at Art & SoulWorks. In fact, we are the Trusted Source for "Prince of Peace" high-quality reproductions.*

To feed God's sheep, I created a community to offer inspiration and encouragement.

Downloading the image of Jesus is not the only reason to visit Art & SoulWorks. I know from experience how frustrating it can be to seek Jesus and not find Him. Or to be in pain, with no place to receive solace. Or to feel lonely and disconnected.

*See* Exhibit A.

**ANSWER:**    ASW Defendants refer to and incorporate their answers to Paragraphs 7 and 8 as their answer to the allegations in paragraph 73.

74.    Between 2011 to 2018, potential customers and art collectors who were interested in purchasing Art Akiane's artwork contacted Corneliuson in order to purchase original artwork. Corneliuson would contact Art Akiane to request the price for the original artwork, without disclosing to Art Akiane the identity of the potential customer.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 74 and refer to their response to Plaintiff's Motion for TRO for examples demonstrating that this allegation is patently untrue.

75.    Upon information and belief, Corneliuson would not allow further communications between these potential customers and Art Akiane, despite Art Akiane's willingness to negotiate purchase terms for the artwork and the legitimate expectancy to enter into a valid business relationship with those customers.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 75 and refers to their response to Plaintiff's Motion for TRO for examples demonstrating that this allegation is patently untrue.

28

76.    Art Akiane often could not contact the potential customers because Corneliuson withheld customer contact information. Art Akiane lost sales because negotiations with potential customers deteriorated when Art Akiane could not contact these customers.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 76 and refers to their response to Plaintiff's Motion for TRO for examples demonstrating that this allegation is patently untrue.

77.    On January 10, 2019, Art Akiane sent a letter to Corneliuson, formally notifying her that Art Akiane would not be renewing the Agreement.

**ANSWER:**    ASW Defendants admit that they received a letter by email from Art Akiane, Mark and Foreli Kramarik, Akiane Art Gallery, LLC and Akiane Kramarik purporting to terminate the License Agreement.

78.    Corneliuson was upset that Art Akiane would not renew the Agreement.

**ANSWER:**    ASW Defendants admit the allegations contained in paragraph 78.

### F.    Corneliuson's and ASW's Infringing Conduct and Willful Copying

79.    Despite the expiration of the Agreement, Corneliuson and ASW continue to make copies, display, and distribute the Works without authorization, including on ASW's online store, ASW's Facebook page at www.facebook.com/jesusprinceofpeace, ASW's Twitter page at https://twitter.com/ArtnSoulworks, ASW's Instagram page at https://www.instagram.com/jesus_art_akiane/, and through Squareup, St. Jude Shop, Amazon, eBay, Christianbook, Mardel, and other online stores on the internet. *See*, *e.g.* Exhibit L and Exhibit M.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 79 and affirmatively state that the display or sale of the art in question is lawful.

80.     Corneliuson and ASW also modified copies of Akiane's artwork by altering or removing Akiane's signature and other identifying information, and distributed the altered Works on the internet on ASW's Facebook page, Twitter page, Instagram page, Pinterest page, YouTube, their online store, and other websites. *See* Exhibit G and Exhibit N.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 80.

81.     Corneliuson and ASW altered or removed copyright management information from Akiane's artwork in at least 755 instances, publicizing those images with altered or removed copyright management information. Attached as Exhibit O is a table summarizing the instances Corneliuson and ASW impermissibly published the artwork with altered or removed copyright management information along with each of the identified instances.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 81.

82.     Upon information and belief, the alteration or removal of copyright management information was directed by Corneliuson, and done with the purpose of marketing and profiting off of ASW's association with Art Akiane.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 82.

83.     Art Akiane never gave Corneliuson or ASW permission or authority to remove copyright management information from the Works.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 83.

84.     Corneliuson and ASW also created, registered, and ran unauthorized Facebook, Twitter, Instagram, and Pinterest pages using Akiane's likeness, and that prominently uses the AKIANE Marks, including in the domain name for the Facebook page located at www.facebook.com/jesusprinceofpeace. *See* Exhibit P.

**ANSWER:** ASW Defendants admit they run various social media channels, but deny the remaining allegations contained in paragraph 84 and affirmatively state that the display or sale of the art in question, including on social media sites, is lawful and that all of it was displayed with Plaintiff and the Kramarik's knowledge, encouragement, retention of royalties or payments, and approval.

85. The domains advertise the sale of the Works and uses Akiane's likeness to promote the sale of infringing goods.

**ANSWER:** ASW Defendants admit that certain "domains" advertise Akiane work. Defendants deny the remaining allegations contained in paragraph 85 and affirmatively state that the display or sale of the art in question is lawful.

86. Upon information and belief, Corneliuson and ASW maintain the Facebook, Twitter, Instagram, and Pinterest domains solely to profit from the sale of the Works.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 86.

87. Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW also published unauthorized videos displaying the Works on Corneliuson's and ASW's YouTube account. Exhibit Q.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 87. The videos referenced in Exhibit Q were provided to ASW Defendants *by Plaintiff and the Kramarik Family* and posted at their request and authorization.

88. Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW also edited Art Akiane's documentary videos of Akiane, including the "Painting the Impossible" documentary. Corneliuson and ASW published these edited and unauthorized videos on Corneliuson's and ASW's YouTube account.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 88. The videos referenced in Exhibit Q were provided to ASW Defendants ***by Plaintiff and the Kramarik Family*** and posted at their request and authorization.

89. Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW also created "inspirational magnets" using the Works. These magnets said that Art by Akiane was a "trademark of © Art & SoulWorks," which is false.

**ANSWER:** ASW Defendants deny that they were not authorized to create the magnets, and deny that they were created without authorization. ASW Defendants deny the remaining allegations of Paragraph 89.

90. An example of the magnets are found below:



**ANSWER:** This is a conclusory statement to which no response is required.

91. Corneliuson and ASW also created, registered, and continue to run the website domain www.jesusprinceofpeace.com, which prominently uses the AKIANE Marks, including in the domain name.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 91 and state that this repeated allegation is a violation of FCRP Rule 11. Www.jesusprinceofpeace.com is an URL that points to www.art-soulworks.com. It is not an independent website. ASW Defendants further affirmatively state that neither the words "Jesus" nor "Prince of Peace" nor the combination of those words are proprietary to Plaintiff, the Kramarik family or their affiliated businesses. ASW Defendants own that domain and the display is lawful.

92. Without Art Akiane's authorization, Corneliuson and ASW continue to use Akiane's likeness and the AKIANE Marks on their domain names, websites, e-commerce sites, and social media sites, including on their Facebook page, Twitter page, Instagram page, and Pinterest page. *See* Exhibit G and Exhibit R.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 92. Plaintiff once again conflates time frames. Prior to the unlawful termination of the agreements by the Kramarik Family and Art Akiane, all displays contained on the social media sites were allowed by virtue of the parties' written and oral agreements. ASW Defendants do not have an obligation to remove prior posts that were lawfully made. Any posts made post-termination were made to promote the sale of the Wholesale Agreement and private collection works that ASW Defendants were left with when the Kramarik Family improperly terminated the agreements. These posts are lawful.

93. Upon information and belief, Corneliuson and ASW continue to distribute, provide, market, advertise, promote, and offer for sale the Works under the AKIANE Marks.

**ANSWER:** ASW Defendants admit that they lawfully continue to sell and promote for sale those works that Plaintiff in open court during the TRO hearing admitted and the Court held that Defendants are entitled to display and sell. Defendants deny any remaining allegations contained in paragraph 93.

94.     In the alternative or in addition, upon information and belief, Corneliuson and ASW continue to do so willfully, despite having actual knowledge of Art Akiane's rights under the AKIANE Mark.

**ANSWER:**     ASW Defendants admit that they lawfully continue to sell and promote for sale those works that Plaintiff in open court during the TRO hearing admitted and the Court held that Defendants are entitled to display and sell, and that the law regarding the right of first sale and fair use allows them to display and sell. Defendants deny any remaining allegations contained in paragraph 94.

95.     Corneliuson and ASW also printed images of Akiane's artwork without authority, cut and framed those images, and sold them to consumers. Exhibit S. These products were of inferior quality. (*Id.*) Corneliuson and ASW printed these inferior copies with the intent to ***sidestep*** Art Akiane and with full knowledge of Art Akiane's rights in the images and artwork. (*Id.*)

**ANSWER:**     Denied. Answering further, ASW Defendants state that it was Art Akiane that could not deliver prints. Their own printer went out of business, and Mark Kramarik's efforts to timely provide product failed. Their new printer's quality was terrible and not of sufficient quality, and Art Akiane and Mark Kramarik acknowledged this.

96.     Hobson and Carpentree had direct knowledge of and participated in Corneliuson's scheme to print and frame the unauthorized images. (*Id.*) Upon information and belief, Hobson and Carpentree benefitted economically from these unauthorized sales because they distributed the illicit copies through Carpentree's website and received payments from customers for the illicit works.

**ANSWER:**   This paragraph is not directed to the ASW Defendants so no answer is required. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

97.   Upon information and belief, Hobson and Carpentree also printed images of Akiane's artwork without authority, framed those images, and sold them to consumers. These products were of inferior quality. (*Id.*)

**ANSWER:**   This paragraph is not directed to the ASW Defendants so no answer is required. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

98.   Upon information and belief, Hobson participated in and supervised Carpentree's framing of the images of Akiane's artwork and obtained direct financial benefits from Carpentree's infringing activities, including but not limited to receipts from customers and other monetary income from the sale and distribution of the illicit works.

**ANSWER:**   This paragraph is not directed to the ASW Defendants so no answer is required. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

99.   Upon information and belief, Corneliuson and ASW offer and sell the Works under the AKIANE Marks to the same types of consumers that comprise Art Akiane's same class of consumers and to whom Art Akiane sells the same goods to. Consumers are likely to be confused as to the source or sponsorship of the goods, as well as the association between Corneliuson and ASW and Art Akiane.

**ANSWER:**   ASW Defendants admit that they lawfully continue to sell and promote for sale those works that Plaintiff in open court admitted and the Court held that ASW Defendants are

entitled to display and sell and that the law regarding the right of first sale and fair use allows them to display and sell. Defendants deny that any "confusion" exists, as anyone who has purchased Akiane's works has the right to resell that work under the First Sale Doctrine. ASW Defendants deny any remaining allegations contained in paragraph 99.

100.    Corneliuson and ASW, upon information and belief, appropriated Akiane's name and likeness in multiple ways including, without limitation, by uploading Akiane's images and name to Corneliuson's and ASW's publicly available YouTube channel, Facebook page, Twitter page, Instagram page, and Corneliuson's and ASW's website.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 100.

101.    In the alternative or in addition, Corneliuson and ASW, upon information and belief, knowingly and willfully appropriated Akiane's name and likeness in multiple ways including, without limitation, by uploading Akiane's images and name to Corneliuson's and ASW's publicly available YouTube channel, Facebook page, Twitter page, Instagram page, and Corneliuson's and ASW's website.

**ANSWER:**    ASW Defendants deny the allegations of this paragraph.

102.    At all times relevant, Corneliuson participated in and supervised ASW's infringing activities and, due to her status as the sole member of ASW, obtained direct financial benefits from ASW's infringing activities, including but not limited to receipts from customers and other monetary income from the sale and distribution of the illicit works.

**ANSWER:**    ASW Defendants deny the allegations of this paragraph.

103.    Art Akiane did not authorize Corneliuson and ASW to use Akiane's name, identity, or likeness and Corneliuson and ASW had no consent to do so.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 103 and state that this allegation violates FCRP Rule 11.

104. Upon information and belief, Corneliuson's and ASW's utilization of Akiane's name, identity, likeness, and reputation was purely for commercial purposes including, without limitation, to offer for sale and promote Corneliuson's and ASW's products via Corneliuson's and ASW's website, Facebook page, Twitter page, Instagram page, Pinterest page, YouTube channel, and other channels of trade.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 104, state that the mission behind ASW, as the Kramariks' were aware and embraced, was to promote Jesus and further state that the sale and display of the art in question is lawful.

105. Upon information and belief, Corneliuson and ASW have received and continue to receive a benefit from their utilization of Akiane's full name, identity, likeness, and reputation including, without limitation, internet traffic to Corneliuson's and ASW's social media channels and website, increased search engine relevancy, and potential or actual customers who were directed to Corneliuson and ASW because of Corneliuson's and ASW's utilization of Akiane's name, identity, and likeness.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 105.

106. Corneliuson's and ASW's infringing acts as alleged above have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Corneliuson's and ASW's goods and have and are likely to continue to deceive the relevant consuming public into believing, mistakenly, that Corneliuson's and ASW's goods originate from, are associated or affiliated with, or otherwise authorized by Art Akiane.

37

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 106 and affirmatively state that the sale and display of the art in question is lawful.

107. In the alternative or in addition, upon information and belief, Corneliuson's and ASW's acts are knowing, willful with the deliberate intent to trade on the goodwill of Art Akiane's AKIANE Marks, cause confusion and deception in the marketplace, and divert potential sales of Art Akiane's goods to Corneliuson and ASW.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 107 and affirmatively state that the sale and display of the art in question is lawful.

108. Corneliuson's and ASW's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Art Akiane and to its valuable reputation and goodwill with the consuming public for which Art Akiane has no adequate remedy at law.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 108, refer Plaintiff to the Court's order denying their Motion for TRO (*see* Dkt. 25), and affirmatively state that the display or sale of the art in question is lawful.

## COUNT I
## COPYRIGHT INFRINGEMENT
## (AGAINST CORNELIUSON AND ASW)

109. Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:** ASW Defendants repeat and reallege their responses to paragraphs 1 through 108 as though fully set forth herein as their answer to the allegations of paragraph 109.

110. Art Akiane is the assignee of copyrights registered with the United States Copyright Office.

**ANSWER:** ASW Defendants deny this allegation.

111. Art Akiane is the true, rightful, and sole owner of the copyrights in the Works,

38

including Copyright Registration Nos. VA 1-921-911, VA 1-960-272, VA 2-142-942, VA 2- 010-303, VA 2-010-300, VA 1-925-543, VA 2-010-352, VA 1-924-181, VA 1-924-448, VA 1- 924-158, VA 2-011-840, VA 1-924-183, and VA 2-010-397.

**ANSWER:**    ASW Defendants deny this allegation.

112.    By their actions alleged above, Corneliuson and ASW have infringed Art Akiane's copyrights by copying, reproducing, and distributing into the market infringing content including direct copies and derivatives of the copyrighted materials.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 112.

113.    In the alternative or in addition, by their actions alleged above, Corneliuson and ASW willfully and knowingly infringed Art Akiane's copyrights by copying, reproducing, and distributing into the market infringing content including direct copies and derivatives of the copyrighted materials.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 113.

114.    Corneliuson and ASW without authority copied copyrighted content owned by Art Akiane for use on websites including Corneliuson's and ASW's website at http://art-soulworks.com, www.jesusprinceofpeace.com, Amazon, Facebook, Twitter, Instagram, YouTube, and eBay.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 114.

115.    Corneliuson and ASW without authority induced the public to download illegal copies of Akiane's artwork from ASW's website, and upon information and belief, made illicit digital copies and distributed them without authorization.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 115.

116.    Corneliuson and ASW without authority digitally modified the Prince of Peace

work, printed it on wallet cards, added "Copyright by Arts & Soulworks," and had the wallet cards framed so it would look like legitimate framed artwork by Akiane, and sold and distributed them.

**ANSWER:**   ASW Defendants deny the allegations contained in paragraph 116.

117.   Corneliuson and ASW without authority printed various illicit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers and online vendors.

**ANSWER:**   ASW Defendants deny the allegations contained in paragraph 117.

118.   Corneliuson and ASW without authority published unauthorized videos displaying the Works on Corneliuson's and ASW's YouTube account.

**ANSWER:**   ASW Defendants deny the allegations contained in paragraph 118. The videos were provided to ASW Defendants by Plaintiff and the Kramarik's and posted at their request and authorization.

119.   Corneliuson and ASW without authority edited Art Akiane's documentary videos of Akiane, including the "Painting the Impossible" documentary. Corneliuson and ASW published these edited and unauthorized videos on Corneliuson's and ASW's YouTube account.

**ANSWER:**   ASW Defendants deny the allegations contained in paragraph 119. The videos were provided to ASW Defendants by Plaintiff and the Kramarik's and posted at their request and authorization.

120.   Corneliuson and ASW without authority printed, copied, modified, displayed, distributed, and sold Art Akiane's other Works.

**ANSWER:**   ASW Defendants deny the allegations contained in paragraph 120.

121.   This infringement was willful, deliberate, and done with knowledge of Art

Akiane's rights.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 121.

122.     Corneliuson's and ASW's acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 122.

123.     Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Corneliuson's and ASW's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 123.

## COUNT II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (AGAINST DEFENDANTS)

124.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     ASW Defendants repeat and reallege their responses to paragraphs 1 through 123 as though fully set forth herein as their answer to the allegations of paragraph 124.

125.     Corneliuson's and ASW's unauthorized use in commerce of the AKIANE Marks as alleged above is likely to confuse, cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of its goods, and is likely to cause consumers to believe, contrary to fact, that Corneliuson's and ASW's goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Corneliuson and ASW are in some way affiliated with or sponsored by Art Akiane.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 125.

126.     Corneliuson's and ASW's unauthorized use in commerce of the AKIANE Marks

as alleged above constitutes use of a false designation of origin and misleading description and representation of fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**   ASW Defendants deny the allegations contained in paragraph 126.

127.   Corneliuson and ASW created magnets using the Works that incorrectly stated that Art by Akiane was a "trademark of © Art & SoulWorks," which is false. Corneliuson's and ASW's unauthorized use of the Art Akiane name constitutes use of a false designation of origin and misleading description and representation of fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**   ASW Defendants deny the allegations of paragraph 127.

128.   Defendants' sold illicit artwork with AKIANE'S Marks which is likely to confuse consumers.

**ANSWER:**   Defendants deny the allegations contained in paragraph 128.

129.   Corneliuson and ASW continue to misrepresent that they are the authorized source and representatives of Akiane's artwork. For instance, ASW's and Corneliuson's website incorrectly states: "In fact, we are the Trusted Source for 'Prince of Peace' high-quality reproductions." Exhibit A. Such misrepresentations constitute a false designation of origin and misleading description and representation of fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**   ASW Defendants deny the allegations contained in paragraph 129.

130.   Upon information and belief, Defendants' conduct as alleged above is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Corneliuson and ASW with Art Akiane.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 130.

131.    In the alternative or in addition, upon information and belief, Defendants' conduct as alleged above is knowing, willful, and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Corneliuson and ASW with Art Akiane.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 131.

132.    Defendants' conduct as alleged above constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 132.

133.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Art Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court. Art Akiane has no adequate remedy at law.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 133.

134.    Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 134.

### COUNT III
### COMMON LAW UNFAIR COMPETITION
### (AGAINST DEFENDANTS)

135.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    ASW Defendants repeat and reallege their responses to paragraphs 1 through 134 as though fully set forth herein as their answer to the allegations of paragraph 135.

136.    Art Akiane owns all rights, title, and interest in and to the AKIANE Marks, including but not limited to all common law rights in such marks due to Art Akiane's first use of the AKIANE Marks in this district. Defendants' unauthorized use in commerce of the AKIANE Marks as alleged herein occurred long after Art Akiane began using the AKIANE Marks and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Defendants are in some way affiliated with or sponsored by Art Akiane.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 136.

137.    Upon information and belief, Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Art Akiane.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 137.

138.    In the alternative or in addition, upon information and belief, Defendants' conduct as alleged herein is knowing and willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Art Akiane.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 138.

139.    By reason of their acts, Defendants have committed unfair competition under Illinois common law.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 139.

140.    Defendants' conduct is causing immediate and irreparable harm and injury to Art

Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court. Art Akiane has no adequate remedy at law.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 140.

141.    Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Illinois common law, together with prejudgment and post-judgment interest.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 141.

**COUNT IV**
**VIOLATION OF THE ILLINOIS**
**UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(AGAINST DEFENDANTS)**

142.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    ASW Defendants repeat and reallege their responses to paragraphs 1 through 141 as though fully set forth herein as their answer to the allegations of paragraph 142.

143.    The Illinois Uniform Deceptive Practices Act ("UDPA"), 815 ILCS § 510/2, *et seq*. provides that a person engages in deceptive trade practices when the person "(1) passes off goods or services as those of another . . . (3) causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; . . . [or] (5) represents that goods or services has sponsorship, approval, characteristics, . . . that they do not have."

**ANSWER:**    This paragraph is a conclusory statement to which no answer is required. To the extent an answer is required, ASW Defendants deny that they have acted unlawfully in any way as defined in paragraph 143.

144.    Defendants have violated the UDPA by falsely and deceptively representing to consumers that Art Akiane is associated with Defendants, and because Defendants have used deception, fraud, false pretense, misrepresentation or concealment, suppression or omission of material facts, either expressly or by implication, in causing the false association with the intent that the public rely upon those false representations.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 144 and state that since all allegations giving rise to this purported claim are made on information and belief, this conclusory paragraph should be plead on information and belief as well.

145.    Defendants' trade practice of misleadingly holding themselves out as being associated with Art Akiane is directed to the market generally, and otherwise constitutes a consumer protection matter because consumers need to be protected from false and misleading advertising of the type that Defendants are engaged in.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 145.

146.    The unauthorized use by Defendants of Art Akiane's Works and the AKIANE Marks is causing and is likely to cause substantial injury to the public and to Art Akiane, and Art Akiane has no adequate remedy at law for this injury.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 146.

147.    As a result of Defendants' unlawful business practices, Art Akiane is entitled to an order enjoining such future conduct, attorneys' fees under 815 ILCS § 510/3, and such other orders and judgments necessary.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 147.

**COUNT V**
**UNJUST ENRICHMENT**
**(AGAINST ASW AND CARPENTREE)**

148.    Art Akiane realleges and incorporates each and every allegation in the paragraphs

above as if they were fully set forth herein.

**ANSWER:**     ASW repeats and realleges its responses to paragraphs 1 through 147 as though

fully set forth herein as its answer to the allegations of paragraph 148.

149.     Art Akiane's ownership of the rights to distribute and the rights to license the use

of the Works are valuable assets to Art Akiane.

**ANSWER:**     ASW Defendants deny that Art Akiane owns such rights and denies the remaining

allegation in paragraph 149.

150.     By reproducing, distributing, and selling Art Akiane's Works without permission

or authorization, and profiting off the Works without paying compensation to Art Akiane, ASW

and Carpentree have appropriated a valuable asset belonging to Art Akiane.

**ANSWER:**     ASW denies the allegations contained in paragraph 150.

151.     By failing to pay proper compensation to Art Akiane for the sale and use of the

Works, ASW and Carpentree have retained Art Akiane's benefit and such retention violates the

fundamental principles of justice, equity and good conscience.

**ANSWER:**     ASW denies the allegations contained in paragraph 151.

## COUNT VI
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
## (AGAINST CORNELIUSON AND ASW)

152.     Art Akiane realleges and incorporates each and every allegation in the paragraphs

above as if they were fully set forth herein.

**ANSWER:**     ASW Defendants repeat and reallege their responses to paragraphs 1 through 151

as though fully set forth herein as their answer to the allegations of paragraph 152.

153.     The Works and Akiane's artwork contain the signature or name of Akiane or Art

Akiane, which is copyright management information protected under 17 U.S.C. § 1202(b).

**ANSWER:**     ASW Defendants admit the allegations contained in paragraph 153 as they relate to the Works as Plaintiff has defined that term. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 153 as it relates to "Akiane's artwork," and therefore deny the same.

154.     Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW created magnets using the Works that incorrectly said Art by Akiane was a "trademark of © Art & SoulWorks," which is false.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 154.

155.     Upon information and belief, Corneliuson and ASW intentionally and knowingly removed and/or altered the copyright management information identifying Akiane or Art Akiane as the author and owner, and distributed the same without authorization.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 155.

156.     Corneliuson's and ASW's conduct alleged herein is a violation of 17 U.S.C. § 1202(b).

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 156.

157.     Corneliuson's and ASW's removal and/or altering of the aforementioned copyright management information and its distribution was made without the knowledge or consent of Art Akiane.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 157.

158.     Upon information and belief, the removal and/or altering of the aforementioned copyright management information and its unauthorized distribution were made by Corneliuson and ASW to induce, enable, facilitate, or conceal its infringement of Art Akiane's copyrights.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 158.

159. Corneliuson and ASW also knew, or should have known, that such removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Art Akiane's copyrights.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 159 and state that, as the allegations in the Complaint and the Exhibit establish, at all times, ASW Defendants' display of the art in question has been open and notorious and encouraged by Plaintiff, the Kramarik Family and the Akiane Gallery, and consistent with the manner in which Plaintiff and the Kramarik Family display the same works.

160. As a result of the wrongful conduct of Corneliuson and ASW, Art Akiane is entitled to recover from Corneliuson and ASW the damages that Art Akiane sustained and will sustain, and any gains, profits and advantages obtained by Corneliuson and ASW because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 160.

161. Alternatively, Art Akiane may elect to recover from Corneliuson and ASW statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 161.

## COUNT VII
## VIOLATION OF THE LANHAM ACT – ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
### (AGAINST ASW)

162. Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:** ASW repeats and realleges its responses to paragraphs 1 through 161 as though fully set forth herein as its answer to the allegations of paragraph 162.

163.    At the time of ASW's registration or first use of its domain names, including its Facebook domain name, Instagram domain name, and the www.jesusprinceofpeace.com domain name, each of the AKIANE Marks was distinctive.

**ANSWER:**    ASW denies the allegations contained in paragraph 163.

164.    ASW's domain names are identical or confusingly similar to the AKIANE Marks.

**ANSWER:**    ASW denies the allegations contained in paragraph 164 and affirmatively state that the domain names used belong to ASW and Plaintiff has no right to the words contained in them, notwithstanding that Akiane Kramarik chose to name some of her art using words in the public domain since the Bible was written.

165.    ASW has registered, trafficked in, or used the domain names with a bad faith intent to profit from the AKIANE Marks in violation of 15 U.S.C. § 1125(d).

**ANSWER:**    ASW denies the allegations contained in paragraph 165.

166.    ASW's bad faith intent is demonstrated by numerous factors, including the following:

a.  ASW intends to divert consumers from Art Akiane's online location to a site accessible under its own domain names that could harm the goodwill represented by the AKIANE Marks, either for ASW's commercial gain or with the intent to tarnish or disparage the AKIANE Marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site accessible under ASW's domain names; and

b.  ASW knows that its domain names are identical or confusingly similar to the AKIANE Marks.

**ANSWER:**    ASW denies the allegations contained in paragraph 166.

167.    Upon information and belief, ASW's actions have been and are willful, deliberate, and done with knowledge of Art Akiane's rights.

**ANSWER:**    ASW denies the allegations contained in paragraph 167.

168.    Art Akiane has no adequate remedy at law. Unless enjoined by this Court, Art Akiane will continue to do the acts complained of in this Complaint and cause damage and injury, all to Art Akiane's irreparable harm and to ASW's unjust enrichment.

**ANSWER:**    ASW denies the allegations contained in paragraph 168.

**COUNT VIII**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(AGAINST CORNELIUSON)**

169.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    Corneliuson repeats and realleges her responses to paragraphs 1 through 168 as though fully set forth herein as her answer to the allegations of paragraph 169.

170.    Art Akiane had a reasonable business expectancy of entering into a valid business relationship with customers with whom Art Akiane would have sold artwork to.

**ANSWER:**    Corneliuson denies the allegations contained in paragraph 170.

171.    Corneliuson had knowledge of this expectancy, which knowledge Corneliuson acquired because she facilitated communications between Art Akiane and the potential customers.

**ANSWER:**    Corneliuson admits that she often facilitated communications between Plaintiff and potential customers, interested parties, fans, and regarding potential engagements for Akiane Kramarik, including among many things, requests for interviews and original or limited edition art. However, she denies there was any business expectancy of Plaintiff involved in those communications, as Plaintiff encouraged Defendants to purchase art from Plaintiff in order to

resell to customers (which gave rise to the Wholesale Agreement and the Printing Agreement), or Plaintiff sold the works outright at full retail value upon a referral from Corneliuson, and paid her a commission, as the emails from Mark Kramarik attached as an Exhibit to Defendants' Response to Plaintiff's Motion for TRO establishes. Defendant denies the remaining allegations contained in paragraph 171.

172.    Upon information and belief, through dishonest, unfair, and/or improper means, Corneliuson intentionally interfered with Art Akiane's prospective relationships with these customers, including by preventing further communications between Art Akiane and the potential customers.

**ANSWER:**    Corneliuson denies the allegations contained in paragraph 172.

173.    Corneliuson's interference caused injury to Art Akiane's prospective relationships with these customers.

**ANSWER:**    Corneliuson denies the allegations contained in paragraph 173.

174.    Art Akiane has no adequate remedy at law for Corneliuson's tortious conduct. Unless Corneliuson is enjoined by the Court, Art Akiane will continue to suffer irreparable harm.

**ANSWER:**    Corneliuson denies the allegations contained in paragraph 174.

175.    Under Illinois law, Art Akiane may elect to recover exemplary and punitive damages and attorneys' fees from Corneliuson for her willful, intentional, and tortious acts.

**ANSWER:**    Corneliuson denies the allegations contained in paragraph 175.

**COUNT IX**
**VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT**
**(AGAINST CORNELIUSON AND ASW)**

176.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:** ASW Defendants repeat and reallege their responses to paragraphs 1 through 175 as though fully set forth herein as their answer to the allegations of paragraph 176.

177. Corneliuson's and ASW's unauthorized use of Akiane's identity for commercial purposes is a violation of the Illinois Right of Publicity Act, 765 ILCS § 1075/1-60.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 177.

178. Corneliuson's and ASW's use of Akiane's identity was unauthorized because Corneliuson and ASW did not obtain Art Akiane's consent to use Akiane's identity in connection with any advertisement.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 178.

179. In the alternative or in addition, upon information and belief, Corneliuson's and ASW's use of Akiane's identity was knowing and willful because they used Akiane's identity intentionally and with knowledge that its use was not authorized.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 179.

180. Art Akiane has been damaged by Corneliuson's and ASW's unauthorized use of Akiane's identity. Art Akiane has no adequate remedy at law.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 180.

181. Unless enjoined by this Court, Corneliuson and ASW will continue to do the acts complained of in this Complaint and cause damage and injury, all to Art Akiane's irreparable harm and to Corneliuson's and ASW's unjust enrichment.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 181.

182. Art Akiane may elect to recover statutory damages from Corneliuson and ASW pursuant to 765 ILCS § 1075/40 in a sum of at least its actual damages, profits derived from the unauthorized use, or both, and punitive damages.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 182.

## COUNT X
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
## (AGAINST DEFENDANTS)

183.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     ASW Defendants repeat and reallege their responses to paragraphs 1 through 182 as though fully set forth herein as their answer to the allegations of paragraph 183.

184.     Corneliuson and ASW printed various illicit and counterfeit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers on ASW's website via various vendors, including Defendant Carpentree.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 184.

185.     Carpentree then sold the illicit and counterfeit artwork to consumers and other resellers.

**ANSWER:**     This allegation is not directed to the ASW Defendants. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

186.     Corneliuson, ASW, Carpentree, and Hobson also took postcards and wallet cards and framed them to look like legitimate framed artwork by Akiane, in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane, and sold them to consumers without authority to do so.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 186.

187.     Corneliuson's and ASW's illicit artwork were of an inferior quality.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 187.

188.     Carpentree's sales to consumers and other resellers were illicit and not approved by Art Akiane and the copying, modification, redistribution, and sale of Art Akiane's work

directly infringed Art Akiane's copyrights.

**ANSWER:**    This allegation is not directed to the ASW Defendants. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

189.    On information and belief, Corneliuson and ASW had knowledge of Carpentree's infringing activities, while Hobson condoned and participated in Carpentree's infringing activities.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 189.

190.    Corneliuson and ASW have contributorily infringed Art Akiane's copyrights and exclusive rights under copyright when they on information and belief knowingly and intentionally facilitated, encouraged, allowed, assisted, and induced Carpentree to infringe Art Akiane's copyrights.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 190.

191.    On information and belief, Defendants have directly profited from Carpentree's and Hobson's unauthorized and illegal use of Art Akiane's copyrights.

**ANSWER:**    ASW Defendants deny the existence of any unauthorized or illegal use of Art Akiane's copyrights and therefore deny the allegations contained in paragraph 191.

192.    The infringement of Art Akiane's rights in each of its copyrighted work constitutes a separate and distinct act of infringement.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 192.

193.    Defendants' contributory infringement was reckless, intentional, and/or purposeful, in disregard of, and indifferent to, the rights of Art Akiane.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 193.

194.    In the alternative or in addition, Defendants' contributory infringement was

knowingly and willful because Defendants infringed with knowledge of Art Akiane's rights and with the intent to avoid compensating Art Akiane.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 194.

195.    As a direct and proximate result of Defendants' contributory infringement of Art Akiane's copyrights and exclusive rights under copyright, Art Akiane is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each act of infringement.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 195.

196.    Art Akiane is further entitled to its reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 196.

**COUNT XI**
**INDUCEMENT OF COPYRIGHT INFRINGEMENT**
**(AGAINST CORNELIUSON AND ASW)**

197.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    ASW Defendants repeat and reallege their responses to paragraphs 1 through 196 as though fully set forth herein as their answer to the allegations of paragraph 197.

198.    Corneliuson and ASW printed various illicit and counterfeit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers on ASW's website via various vendors, including Defendant Carpentree.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 198.

199.    Carpentree then sold the illicit and counterfeit artwork to consumers and other resellers.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 199.

200.    Corneliuson, ASW, and Carpentree also took postcards and wallet cards and

framed them to look like legitimate framed artwork by Akiane, in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 200.

201.     On information and belief, Corneliuson and ASW had knowledge of Carpentree's infringing activities.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 201.

202.     On information and belief, Corneliuson and ASW directed and participated in, and benefited from, Carpentree's infringing conduct as alleged herein, and has been the guiding spirit behind and central figure in Carpentree's infringing activities.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 202.

203.     Corneliuson's and ASW's acts alleged herein were in reckless disregard of, and indifferent to, or intentionally against, the rights of Art Akiane.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 203.

204.     In the alternative or in addition, Corneliuson's and ASW's acts alleged herein were knowing and willful because Corneliuson and ASW had personal knowledge of Art Akiane's rights and deliberately ignored those rights for their own profit.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 204

205.     As a direct and proximate result of Corneliuson and ASW inducing the unauthorized copying, redistribution, and sale of Akiane's copyrights and exclusive rights under copyright, Art Akiane is entitled to damages and Corneliuson's and ASW's profits pursuant to 17 U.S.C. § 504(b) for each act of infringement.

**ANSWER:**     ASW Defendants deny the allegations contained in paragraph 205.

206.     Art Akiane is further entitled to its reasonable attorneys' fees, and costs of the

action, together with prejudgment and post-judgment interest.

**ANSWER:**    ASW Defendants deny the allegations contained in paragraph 206.

## COUNT XII
## BREACH OF CONTRACT
## (AGAINST ASW)

207.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    ASW repeats and realleges its responses to paragraphs 1 through 206 as though fully set forth herein as its answer to the allegations of paragraph 207.

208.    Art Akiane and ASW entered into a valid and enforceable Agreement.

**ANSWER:**    ASW admits the allegations contained in paragraph 208 but further states that the parties entered into multiple agreements, the majority of which were oral, including but not limited to the Wholesale Agreement and Printing Agreement.

209.    ASW was required to pay a 10% royalty fee to Art Akiane for items sold under the Agreement.

**ANSWER:**    ASW Defendants admit they were obligated to pay a 10% royalty fee on the wholesale price under the written License Agreement between ASW and Art Akiane LLC and under various other oral agreements, including the Printing Agreement. ASW Defendants deny that there was a single Agreement as this allegation appears to suggest.

210.    Upon information and belief, ASW failed to disclose numerous sales to Art Akiane so that ASW could avoid making royalty payments to Art Akiane as required by the Agreement.

**ANSWER:**    ASW denies the allegations contained in paragraph 210.

211.    Upon information and belief, ASW has underreported its sales and royalty payments to Art Akiane and has kept Art Akiane's royalty revenue for its exclusive and sole benefit despite completing various sales to customers under the Agreement.

**ANSWER:**     ASW denies the allegations contained in paragraph 211.

212.     Upon information and belief, Corneliuson and ASW hid at least $464,730.26 in undisclosed revenue they made from Akiane related products.

**ANSWER:**     ASW denies the allegations contained in paragraph 212.

213.     Upon information and belief, ASW underpaid Art Akiane at least $46,473 in unpaid royalties.

**ANSWER:**     ASW denies the allegations contained in paragraph 213.

214.     ASW has breached the Agreement because it has not paid royalties that are rightfully owed to Art Akiane under the Agreement.

**ANSWER:**     ASW denies the allegations contained in paragraph 214.

215.     Accordingly, Art Akiane is entitled to recover damages from ASW in an amount to be determined at trial, and is entitled to reasonable sums for attorneys' fees in the discretion of the Court.

**ANSWER:**     ASW denies the allegations contained in paragraph 215.

## COUNT XIII
## COPYRIGHT INFRINGEMENT
## (AGAINST CARPENTREE AND HOBSON)

216.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     The allegations in paragraph 216 are not directed at Defendants Corneliuson and ASW, requiring no response. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

217.     Art Akiane is the assignee of copyrights registered with the United States Copyright Office.

**ANSWER:** The allegations in paragraph 217 are not directed at Defendants Corneliuson and ASW, requiring no response. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

218. Art Akiane is the true, rightful, and sole owner of the copyrights in the Works, including Copyright Registration Nos. VA 1-921-911, VA 1-960-272, VA 2-142-942, VA 2-010-303, VA 2-010-300, VA 1-925-543, VA 2-010-352, VA 1-924-181, VA 1-924-448, VA 1-924-158, VA 2-011-840, VA 1-924-183, and VA 2-010-397.

**ANSWER:** The allegations in paragraph 218 are not directed at Defendants Corneliuson and ASW, requiring no response. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

219. By their actions alleged above, Carpentree and Hobson have infringed Art Akiane's copyrights by copying, modifying, framing, and reproducing and distributing into the market infringing content.

**ANSWER:** The allegations in paragraph 219 are not directed at Defendants Corneliuson and ASW, requiring no response. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

220. In the alternative or in addition, by their actions alleged above, Carpentree and Hobson knowingly and willfully infringed Art Akiane's copyrights by copying, modifying, framing, and reproducing and distributing into the market infringing content with knowledge that they are either direct copies or derivatives of the copyrighted materials.

**ANSWER:** The allegations in paragraph 220 are not directed at Defendants Corneliuson and ASW, requiring no response. To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

221.     Carpentree and Hobson without authority copied copyrighted content owned by Art Akiane for use in commerce, including on Carpentree's website at https://www.carpentree.com.

**ANSWER:**     The allegations in paragraph 221 are not directed at Defendants Corneliuson and ASW, requiring no response.  To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

222.     Carpentree's and Hobson's acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

**ANSWER:**     The allegations in paragraph 222 are not directed at Defendants Corneliuson and ASW, requiring no response.  To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

223.     Carpentree's and Hobson's acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

**ANSWER:**     The allegations in paragraph 223 are not directed at Defendants Corneliuson and ASW, requiring no response.  To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

224.     Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Carpentree's and Hobson's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

**ANSWER:**     The allegations in paragraph 224 are not directed at Defendants Corneliuson and ASW, requiring no response.  To the extent any of the allegations can be construed against Defendants Corneliuson and ASW, they are denied.

DEFENDANTS DEMAND TRIAL BY JURY FOR ALL CLAIMS FOR WHICH A JURY TRIAL IS AVAILABLE.

## AFFIRMATIVE DEFENSES

Defendants reincorporate the allegations and responses as if incorporated here for factual background, and assert the following affirmative defenses to the Amended Complaint. Defendants reserve all defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may become available based on discovery or any other factual investigation.

## FIRST AFFIRMATIVE DEFENSE – LICENSE

1.      Defendants' alleged copying posting, use or sale involving Art Akiane's works or Akiane marks is lawful use per the express terms of the License Agreement between Art Akiane and ASW, attached to Defendants' Amended counterclaim as Exhibit A, as well as the license granted in the Wholesale Agreement, Printing Agreement and other oral agreements between the parties.  Art Akiane authorized ASW's allegedly infringing copying, posting, selling or use of the works and/or marks at issue and received the consideration it bargained for as a result.

## SECOND AFFIRMATIVE DEFENSE – IMPLIED LICENSE

2.      To the extent Art Akiane alleges that ASW's alleged copying, posting, selling or use involving Art Akiane works and/or Akiane marks went outside the written terms of the License Agreement, in addition to the express license to do so, there was an implied license to do so by virtue of the Wholesale Agreement, Printing Agreement and other oral agreements between the parties. Art Akiane permitted the copying, posting, selling or use, knew of that copying, posting, selling or use, and benefitted from that copying, posting, selling or use.

**THIRD AFFIRMATIVE DEFENSE – FIRST SALE/EXHAUSTION DOCTRINE**

3.      The causes of action Art Akiane alleges are barred, in whole or in part, by the First Sale Doctrine and/or the doctrine of exhaustion. Art Akiane placed its works into the stream of commerce by selling them and exhausted its exclusive statutory right to control distribution of those products (to the extent it had such statutory rights by assignment from Akiane Kramarik). Defendants cannot be prevented from advertising and selling Art Akiane works.

**FOURTH AFFIRMATIVE DEFENSE – COPYRIGHT FAIR USE**

4.      Any copying, posting, selling or use by Defendants involving Art Akiane work or Akiane marks was transformative and was created when the License Agreement, Wholesale Agreement, Printing Agreement and other oral agreements were in full force and did not and does not harm the market for Art Akiane's works. With respect to the art that the ASW Defendants purchased through the Wholesale or private collection agreements, they have the right to display for sale and to copy, post, sell or use the works consistently with the fair use doctrine.

**FIFTH AFFIRMATIVE DEFENSE – WAIVER**

5.      Art Akiane, its agents and/or those acting on its behalf, knew or should have known about the alleged copying, posting, sale or use involving Art Akiane's works and/or Akiane marks by Defendants. Plaintiff's display on social media sites and her website was open and notorious. Plaintiff not only knew of her conduct, but sent her photos and videos to post and sold her the art in question for resale because it benefitted Art Akiane and/or its agents. In addition, Plaintiff waived any claims for the removal and alteration of copyright management information, as Plaintiff and the Kramarik family display the art in question in the same manner.

**SIXTH AFFIRMATIVE DEFENSE – ACQUIESENCE**

6.      Art Akiane has acquiesced to the alleged copying, posting, selling or use about

which it now complains because these activities were carried out with the full knowledge and encouragement of Art Akiane and/or its agents and without objection until this litigation. In addition, Plaintiff acquiesced to the manner in which Defendants displayed the artworks, and Plaintiff and the Kramarik family display the art in question in the same manner.

### SEVENTH AFFIRMATIVE DEFENSE – PREEMPTION

7.      The Copyright Act and/or Lanham Act both preempt the state law claims brought by Art Akiane because the facts that form the basis for the state law claims are the same as those that form the basis for the Copyright Act and/or Lanham Act claims.

### EIGHTH AFFIRMATIVE DEFENSE – COPYRIGHT MISUSE

8.      The cause of action of copyright infringement Art Akiane alleges in the Amended Complaint is barred, in whole or in part, because Art Akiane misused its copyright to unlawfully restrict or monopolize the distribution, sale, and licensing of its products, and therefore used its copyright in a manner which violates the public policy embodied in the grant of a copyright.

### NINTH AFFIRMATIVE DEFENSE – TRADEMARK MISUSE

9.      The cause of action of trademark infringement Art Akiane alleges in the Amended Complaint is barred, in whole or in part, because Art Akiane misused or misrepresented its ownership of the purported trademarks in an attempt to unlawfully restrict or monopolize the distribution, sale, and licensing of its products, and therefore used its trademarks in a manner which violates the public policy embodied in the grant of a trademark.

### TENTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

10.      Art Akiane had knowledge of and endorsed and facilitated the display and sale of the works it now complains of, and therefore comes to the Court with unclean hands to obtain the equitable relief it seeks. First, Plaintiff concealed its known attempt to terminate the contractual

relations between the parties in an effort to decimate Defendants' business so that it could capitalize on the goodwill Defendants worked for 11 years to create for Plaintiff, Akiane Kramarik, the Akiane Gallery and the Kramarik family. Knowing full well that they were going to abruptly end the License Agreement, Wholesale Agreement, Printing Agreement and other oral agreements, Plaintiff and its agents stood back and watched while Defendants, in reliance on the prior conduct of the parties, continued to purchase inventory, make arrangements for the continuation of the business into 2019 and 2020 and even allowed an $11,000 order to go through the day before they planned to terminate the agreement. In addition, Plaintiff complains that the display of Akiane's artwork by Defendants is without appropriate copyright management information or Akiane alleged trademark, yet Plaintiff and the Kramarik family display the art in question in the same manner on websites, social media posts and elsewhere. The prosecution of these claims is undertaken with unclean hands, rendering Art Akiane's asserted rights unenforceable.

### ELEVENTH AFFIRMATIVE DEFENSE – LACHES & ESTOPPEL

11.     The doctrines of laches and estoppel bar the claims in the Amended Complaint. Art Akiane unreasonably delayed in bringing its claims for injunctive relief. It knew for years of Defendants' copying, posting, selling or use of Art Akiane works and/or Akiane Marks yet it not only remained utterly silent about the same, but it and its agents encouraged and facilitated the very conduct complained of here. Thus, laches prevents the assertion of the claims asserted and estoppel bars Plaintiff from obtaining the relief it seeks.

### TWELFTH AFFIRMATIVE DEFENSE – LACK OF STANDING

12.     Art Akiane did not have any "rights, title and interest" in Akiane's works, likeness and/or her name and any common law trademarks until approximately one week before

this lawsuit was filed in 2019. It did not have the ability to enter into the various License and oral agreements with ASW and lacks standing to assert the claims here.

## THIRTEENTH AFFIRMATIVE DEFENSE – LACK OF TRADEMARK PROTECTION

13.     There are no federal or state trademark registrations for the trademarks Art Akiane suggests exists. Plaintiff has not established the necessary requirements to assert common law rights in the marks in question, nor has Art Akiane established that it owns such marks, as opposed to Akiane Kramarik, or some other person or entity, who is not a party to this lawsuit.

## FOURTEENTH AFFIRMATIVE DEFENSE – INADEQUACY OF CLAIM FOR INJUNCTIVE RELIEF

14.     Art Akiane cannot satisfy the requirements applicable to its requests for injunctive relief and has an adequate remedy at law, in that money damages, should it prove any of its claims, are adequate.

## FIFTEENTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

15.     Art Akiane's claims are barred in whole or in part by the applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE – NO DAMAGES

16.     Art Akiane's claims are barred in whole or in part because it has suffered no damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE – NO STATUTORY DAMAGES AND ATTORNEYS FEES

17.     To the extent Art Akiane's copyright claims involve infringement prior to the registration of a copyrighted Art Akiane work, statutory damages and attorney fees are barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

18.     Art Akiane fails to state claims upon which relief may be granted.

WHEREFORE, Defendants pray for judgment in their favor and against Art Akiane on all counts and for their fees, costs and expenses under the Copyright and Trademark Act, and for such other relief as the Court deems just and proper.

Dated:  June 3, 2020

Respectfully submitted,

*/s/ Nicole N. Auerbach*

Nicole N. Auerbach
Salvador Carranza
Kehinde Durowade
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL  60661
(312) 676-5460 - Telephone
(312) 676-5499 - Facsimile
nicole.auerbach@elevatenextlaw.com
Salvador.carranza@elevatenextlaw.com
kehinde.durowade@elevateservices.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2020, I caused the foregoing to be served upon all counsel of record via the Court's ECF system.

/s/ Nicole N. Auerbach
Nicole N. Auerbach