**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ART AKIANE, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. 19-cv-02952 |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| ART & SOULWORKS LLC, | ) | |
| CAROL CORNELIUSON, and | ) | |
| CARPENTREE, LLC and | ) | |
| VIRGINIA HOBSON, | ) | |
| | ) | |
| *Defendants.* | ) | |

**CARPENTREE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT
AND CROSS-CLAIMS**

NOW COMES Defendant Carpentree LLC and for its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint states as follows:

1.      Plaintiff Art Akiane LLC ("Art Akiane") brings this action against Defendants Carol Corneliuson ("Corneliuson"), Art & SoulWorks LLC ("ASW"), Carpentree, Inc. ("Carpentree") and Virginia a/k/a "Ginny" Hobson ("Hobson") (collectively "Defendants") because of Defendants' illicit copying and distribution of Akiane Kramarik's artwork, trademark infringement, deceptive trade practices, unfair competition, and Defendants' other violations of federal and state law.

**ANSWER:**      Carpentree denies that it engaged in any of the conduct alleged by Plaintiff in Paragraph 1.

2.      Akiane Kramarik is an internationally renowned artist who has been recognized as a gifted child prodigy and garnered international acclaim for her works. She has appeared on the

Oprah Winfrey Show, and been featured on the Katie Couric Show, World News Tonight, Good Morning America, CNN, The View, Fox News, the Montel Williams Show, and many others.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 2.

3. In 2007, Art Akiane licensed to ASW the right to print certain artwork on bookmarks, journals, wallet cards, calendars, and greeting cards for sale, through her licensing company, Art Akiane LLC, the plaintiff in this matter. ASW was required to pay a 10% royalty fee to Art Akiane for items sold under the license. The license expired on January 11, 2019.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 3.

4. Unknown to Art Akiane, Corneliuson and ASW hid and underreported sales, made and sold counterfeit works, and printed and distributed illicit copies of Akiane's artwork.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 4.

5. For instance, before and after ASW's license expired in January 2019, Corneliuson and ASW printed various illicit and counterfeit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers on ASW's website and via various vendors, including Defendant Carpentree. Carpentree then sold the illicit and counterfeit artwork to consumers and other resellers.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 5.

6. Defendants also took postcards and wallet cards and framed them to look like legitimate framed artwork by Akiane, in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane.

2

**ANSWER:**     As to itself, Carpentree admits that it sold framed postcards and wallet cards, but denies the balance of paragraph 6. As to any other Defendant, Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 6.

7.      Furthermore, Corneliuson and ASW further induced the public to download illegal "free" copies of Akiane's artwork from ASW's website before and after the licensing agreement expired, and Corneliuson and ASW continue to misrepresent that they are the authorized source and representatives of Akiane's artwork.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 7.

8.      For instance, ASW's website states that ASW is the "[t]rusted [s]ource for 'Prince of Peace' high-quality reproductions" and "everyone who visits Art & SoulWorks is invited to download a portrait of Jesus, free of charge." See, e.g. Exhibit A.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 8.

9.      Upon information and belief, Corneliuson and ASW also hid sales of Akiane products and underreported revenue by at least $464,730.26, and kept royalties that should have been paid to Art Akiane.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 9.

10.      Accordingly, Art Akiane seeks relief from this Court.

**ANSWER:**     Carpentree denies Art Akiane is entitled to any relief sought.

I.      **THE PARTIES**

11.      Art Akiane LLC is an Illinois limited liability company with its principal place of

business at 833 Central Ave., Unit 1250, Highland Park, IL 60035. Art Akiane is the intellectual property holding company of Akiane Kramarik, and Akiane Kramarik has transferred all right, title and interest in her artwork, and name and likeness, to Art Akiane.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 11.

12.     Upon information and belief, Art & SoulWorks LLC is a Colorado limited liability company with its principal place of business at 214 Ranch Road, Evergreen, CO 80439.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 12.

13.     Corneliuson is an individual who, on information and belief, resides at 214 Ranch Road, Evergreen, CO 80439. Upon information and belief, Corneliuson is the owner and sole member of Art & SoulWorks LLC.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 13.

14.     Upon information and belief, Carpentree, Inc. is an Oklahoma corporation with its principal place of business at 9410 East 54th Street, Tulsa, OK 74145.

**ANSWER:**     Admitted.

15.     Hobson is an individual who, on information and belief, resides at 14016 W. 31st Street, Sand Springs, OK 74063. Upon in formation and belief, Hobson owns and controls Carpentree.

**ANSWER:**     On information and belief, admitted.

## II.     STATUTORY BASIS AND NATURE OF ACTION

16.     This action is for: (1) copyright infringement under the Copyright Act, 17 U.S.C.

§§ 101, et seq.; (2) unfair competition of false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition under Illinois common law; (4) deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7; (5) unjust enrichment under Illinois common law; (6) removal and alteration of copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202; (7) violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (8) tortious interference with a prospective economic advantage under Illinois common law; (9) violation of the Illinois Right of Publicity Act, 765 ILCS § 1075/1-60; and (10) breach of contract under Illinois common law.

**ANSWER:** Carpentree admits that paragraph 16 summarizes the causes of action asserted in the Complaint, but denies Plaintiff is entitled to any relief sought.


17. Art Akiane seeks preliminary and permanent injunctive relief, and an award of profits and statutory damages, among other remedies.

**ANSWER:** Carpentree admits Plaintiff seeks the relief described in this paragraph, but denies it is entitled to said relief.


## III. JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction to hear and determine this controversy pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act. See 17 U.S.C. §§ 101, et seq.; 15 U.S.C. §§ 1051, et seq.

**ANSWER:** Admitted.


19. This Court has supplemental jurisdiction to hear and determine the state law claims, which arise under the statutory and common laws of the State of Illinois, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the

same case or controversy under Article III of the United States Constitution and derive from a common nucleus of operative facts.

**ANSWER:**    Admitted.

20.    This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship between the parties exists, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

**ANSWER:**    Admitted.

21.    Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims herein occurred in this District and Defendants have promoted infringing goods in this District.

**ANSWER:**    Carpentree submits to the jurisdiction and venue in this Court, but denies that a substantial part of the events giving rise to the claims occurred in this District and therefore denies the allegations contained in paragraph 21.

22.    This Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with the state of Illinois, because they have purposefully directed their activities toward the state of Illinois, causing harm suffered in the state of Illinois, and because this action is based upon activities that arise out of or relate to those contacts. Defendants also target consumers in Illinois in the sale of goods, and Corneliuson and ASW had contracted with Plaintiff, an Illinois company.

**ANSWER:**    Carpentree denies the allegations as stated in paragraph 22 but submits to the jurisdiction of this court for purposes of this dispute.

IV.     **FACTUAL BACKGROUND**

    A.     **Akiane Kramarik and Art Akiane**

23.     Akiane comes from humble beginnings, having been born and raised in abject poverty. She began creating her artwork, including many of the Works (as defined in paragraph 30 below) at age four. Despite the challenges she faced growing up, she worked hard to develop her artistic talent, creating hundreds of original and renowned masterpieces over the past two decades.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 23.

24.     Throughout her young life, Akiane developed her skillset through no formal training: she began drawing complex and sophisticated artwork utilizing different mediums including candles, charcoal, and pencils; at the age of six, she began painting; by the age of seven, Akiane was knowledgeable in the use of color pastels and acrylic paints; and at the age of eight, she had completed a five-foot long oil painting mastering realism, and was already holding solo art exhibitions.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 24.

25.     Akiane's art has been showcased in numerous galleries and developed an international fan base that continues to grow. She has received extensive media coverage in Australia, China, Brazil, Japan, Korea, Russia, Ireland, England, Scotland, the Netherlands, France, Hungary, Poland, Lithuania, Latvia, Canada, the Middle East, and Norway.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 25.

26. Akiane's online gallery, located at www.akiane.com, has had nearly 450 million global visitors over the past decade. Her art exhibitions have been featured in museums, galleries, embassies, universities, institutes, churches, and corporations all around the world.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 26.

27. She has also been featured in documentaries and made hundreds of media appearances. In addition to the shows mentioned above, she has been featured on the Glen Beck Program, The Late Late Show, Lou Dobbs Tonight, Hour of Power, Superhuman: Genius, The Indigo Evolution, Miracle Detectives, Extreme Prophetic, Trinity Broadcast Network, Supreme Master Television, and Super Kids.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 27.

28. Akiane has raised hundreds of thousands of dollars globally through her charity auctions and art exhibits for the impoverished, and she has used her talents and artwork to contribute to over two hundred international and charitable foundations and fundraisers, including Northwest Medical Teams and the Smile Network.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 28.

29. Due to her immense talent and fan base, Akiane has even been portrayed in the New York Times best-selling book Heaven is For Real, which was adapted into a 2014 film produced by Sony Pictures.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about why Akiane was portrayed, but admits on information and belief the balance of paragraph 29.

30. Akiane's name and persona have developed enormous commercial value in promoting her artwork as a result of the public's widespread knowledge and admiration of her talents.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 30.

31. Akiane assigned the copyright registrations for the Works to Art Akiane. Art Akiane owns all necessary rights to the following copyrights, registered at the U.S. Copyright Office, for the following visual works of art (the "Works"):

| Title of Work | Registration No. | Work |
|---|---|---|
| Prince of Peace | VA 1-921-911 | *[picture omitted]* |
| Father Forgive Them | VA 1-960-272 | *[picture omitted]* |
| Jesus | VA 2-142-942 | *[picture omitted]* |
| Barefoot | VA 2-010-303 | *[picture omitted]* |
| I AM | VA 2-010-300 | *[picture omitted]* |
| Mother's Love | VA 1-925-543 | *[picture omitted]* |
| Innocence | VA 2-010-352 | *[picture omitted]* |
| On My Knees | VA 1-924-181 | *[picture omitted]* |
| Hope | VA 1-925-448 | *[picture omitted]* |
| Co-Creation | VA 1-924-158 | *[picture omitted]* |
| The Swing | VA 2-011-840 | *[picture omitted]* |
| Love at First Sight | VA 1-924-183 | *[picture omitted]* |
| Vulnerable | VA 2-010-397 | *[picture omitted]* |

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 31.

32.     Attached as Exhibit B are true and correct copies of the certificates of registration or registration information for the Works.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 32.

33.     The Works are original works of authorship, all created between 2002 and 2018. Akiane is the sole author of the Works.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 33.

34.     As the owner of the above-listed Works and pursuant to Section 106 of the Copyright Act, Art Akiane has the exclusive right to reproduce the Works, prepare derivative works of them, distribute copies to the public, and display the Works publicly.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 34.

35.     Art Akiane owns all right, title and interest in and to Akiane's name and likeness.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 35.

36.     Since at least as early as 2003, Art Akiane has also been substantially and continuously using the name and likeness of Akiane in the marketing and sale of the Works.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 36.

37.     Art Akiane owns all right, title and interest in and to Art Akiane and Akiane's trademarks, which are imprinted on the Works that Art Akiane sells, and are extensively used in online and media advertising. By virtue of the quality and nature of the goods offered under the

trademarks, the extensive sales, advertising, provision, marketing and promotion under the trademarks, and the substantially exclusive and continuous use of the trademarks for over 16 years for and in connection with the Works, the trademarks have come to symbolize and identify a source of great and valuable goodwill for and in connection with Art Akiane's goods.

**ANSWER:**   Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 37.

38.   Art Akiane has used its trademarks in commerce throughout the United States continuously since at least 2003 for the distribution, provision, sale, marketing, advertising, and promotion of the goods associated with its marks. Attached as Exhibit C is a representative sample showing Art Akiane's use of its trademarks (the "AKIANE Marks") in connection with these goods.

**ANSWER:**   Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 38.

39.   As a result of its widespread, continuous, and exclusive use of the AKIANE Marks to identify its goods and Art Akiane as their source, Art Akiane owns valid and subsisting rights to the AKIANE Marks.

**ANSWER:**   Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 39.

40.   The AKIANE Marks are distinctive to both the consuming public and to those in Art Akiane's industry.

**ANSWER:**   Carpentree denies the allegations set forth in Paragraph 40.

41.   Art Akiane has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the AKIANE Marks, including through online

blog posts, speaking engagements, attendance and participation at media events, and publishing books and newsletters about Akiane. See, e.g. Exhibit D. Art Akiane has expended significant resources on the marketing, advertising, and promotion of the goods sold under the AKIANE Marks.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 41.

42.     Consumers understand and see that the Art Akiane goods originate from Art Akiane. As a result of Art Akiane's considerable expenditures and efforts, the AKIANE Marks have come to signify the high quality of the goods designated by the AKIANE Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Art Akiane.

**ANSWER:**     Carpentree denies the allegations set forth in Paragraph 42.

43.     Art Akiane has protected and enforced its AKIANE Marks against past infringements, including sending numerous cease and desist letters to infringers.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 43.

### B.     Corneliuson's and ASW's Illicit Printing

44.     ASW is a business entity that profits from selling religiously themed art, ornaments, home décor, and other various goods to consumers.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 44.

45.     Upon information and belief, Corneliuson is the owner and sole member of ASW. ASW, at the direction of Corneliuson, sells products on its website, which it also utilizes to promote and sell its goods. Exhibit E. At Corneliuson's direction and with her knowledge, ASW

sells products on various e-commerce stores such as Amazon, eBay, Carpentree, Christianbooks, Mardel, and others. See, e.g. Exhibit F.

**ANSWER:** Carpentree admits that it offers for sale products it has ordered from ASW, denies that ASW sells products on or through Carpentree. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 45.

46. Upon information and belief, Corneliuson directs and controls the operations of ASW, ASW's websites https://art-soulworks.com and www.jesusprinceofpeace.com, and ASW's social media, including its Facebook page at www.facebook.com/jesusprinceofpeace, its Twitter page at https://twitter.com/ArtnSoulworks, its Instagram page at https://www.instagram.com/jesusartakiane/, and its Pinterest page. See, e.g. Exhibit G.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 46.

47. On January 11, 2007, Art Akiane and ASW entered into a licensing agreement (the "Agreement"), which expired on January 11, 2019. Exhibit H.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 47.

48. Art Akiane licensed the copyrighted paintings "Prince of Peace" (Reg. VA 1-921-911), Father Forgive Them (Reg. VA 1-960-272), Trust (Reg. VA 1-925-445), Love at First Sight (Reg. VA 1-924-183), Blessing (Reg. VA 1-924-543), The Challenge (Reg. VA 1-924-186), and Mother's Love (VA 1-925-543), to ASW to be reproduced and printed on bookmarks, journals, wallet cards, calendars, deck cards, and greeting cards for Corneliuson and ASW to sell to consumers.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 48.

13

49. Unknown to Art Akiane, and upon information and belief, Corneliuson and ASW have been copying, modifying, displaying, distributing, and selling Art Akiane's other Works, despite never having been granted licensing rights to do so under the Agreement.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 49.

50. Corneliuson and ASW have at a minimum sold and printed the following Works without authorization from Art Akiane:

| Dimension | Title of Work | Work |
|---|---|---|
| 8x10 Custom Paper Print | Prince of Peace | *[picture omitted]* |
| 9x12 Canvas, OE | Prince of Peace | *[picture omitted]* |
| 12x16 Paper Print | Prince of Peace | *[picture omitted]* |
| 2x3 inch Wallet Cards | Prince of Peace | *[picture omitted]* |
| 11x14 Paper Print | Prince of Peace | *[picture omitted]* |
| 2x7 Bookmarks | Prince of Peace | *[picture omitted]* |
| 11x14 Paper Print | Jesus | *[picture omitted]* |
| 2x3 inch Wallet Cards | Jesus | *[picture omitted]* |
| 11 x 14 Paper Print | I AM | *[picture omitted]* |

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 50.

51. Unknown to Art Akiane, Corneliuson and ASW illicitly printed and sold excessive numbers of prints exceeding Art Akiane's approval.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 51.

52. For instance, unknown to Art Akiane, and upon information and belief, Corneliuson and ASW printed:

a.   469 8x10 Prince of Peace paper prints in excess of the 500 prints they purchased from Art Akiane;

b.   printed and sold over 834 9x12 Prince of Peace canvas prints in excess of the 300 prints they purchased from Art Akiane;

c.   printed and sold 3,000 12x16 Prince of Peace paper prints in excess of the 600 prints they purchased from Art Akiane;

d.   printed 400 11x14 Jesus paper print without authorization;

e.   printed 100 11x14 "I AM" paper print without authorization;

f.   printed 2,000 11x14 Prince of Peace paper prints;

g.   printed over 114,800 2x3 Prince of Peace wallet cards without authorization;

h.   printed 5,000 2x3 inch Jesus wallet cards without authorization; and

i.   printed 10,000 Prince of Peace bookmarks without authorization.

**ANSWER:**   Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 52.

53.   Defendants sold the illicit prints to various customers.

**ANSWER:**   Carpentree denies that it sold illicit prints. Answering further, Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balanced of the allegations set forth in Paragraph 53.

54.   ASW abused and exceeded its rights under the Agreement when it printed without permission, illicit versions of Art Akiane's artwork.

**ANSWER:**   Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 54.

55.     For instance, while only having rights to sell postcards, Defendants printed framed

postcards (sic) so that they would look like legitimate framed artwork by Akiane.

**ANSWER:**     As to itself, Carpentree denies that it sold "illicit versions of Art Akiane's artwork," admits that it framed and sold postcards, but denies that framing a postcard violates the law or the rights of Plaintiff. Answering further, Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balanced of the allegations set forth in Paragraph 55.

56.     An example of Defendants' illegitimate work is found below:

*[picture omitted]*

**ANSWER:**     Carpentree denies that it sold illicit prints or "illegitimate" work. Answering further, Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 56.

57.     Defendants also digitally modified the Prince of Peace work, printed it on wallet

cards, added "Copyright by Arts & Soulworks," and framed the wallet cards so it would look like

legitimate framed artwork by Akiane.

**ANSWER:**     As to itself, Carpentree denies that it digitally modified the Prince of Peace work, admits that it framed and sold wallet cards, but denies that framing a wallet card violates the law or the rights of Plaintiff. Answering further, Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 57.

58.     An example of Defendants' illegitimate work is found below:

*[picture omitted]*

**ANSWER:**     Carpentree denies that it sold illicit prints or "illegitimate" work and denies that it digitally modified the Prince of Peace work. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 58.

59.     Defendants impermissibly took postcards and wallet cards and framed these items

to look like legitimate framed artwork by Akiane, when in reality, these items were not legitimate

artwork, but merely postcards and wallet cards that were framed by Defendants in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane.

**ANSWER:**     As to itself and Hobson, denied. Answering further, Carpentree denies that framing postcards or wallet cards violates the law or the rights of Plaintiff and denies that it did so to deceive customers. Carpentree denies consumers were ever "deceived" in the manner asserted by Plaintiff. Answering further, Carpentree lacks information sufficient for it to admit the balance of the allegations set forth in Paragraph 59.

60.     Corneliuson's and ASW's illicit artwork were also often of an inferior quality. For instance, the illicit artwork was often framed on cardboard, and used low quality colors and materials.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 60.

## C.     Corneliuson's and ASW's Illicit Sales

61.     Unknown to Art Akiane, and upon information and belief, Corneliuson and ASW sold its illicit artwork through online vendors, including Carpentree, Mardel, Christianbook, St. Judge Shop, and Amazon. See, e.g. Exhibit I.

**ANSWER:**     Carpentree denies that it violated the law or the rights of Plaintiff in any manner. Answer in further, Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 61.

62.     Carpentree then sold the framed illicit artwork to consumers at a significant mark-up. For instance, upon information and belief, Carpentree framed a 3x4 inch Prince of Peace wallet card to make it look like it was a legitimate framed artwork by Akiane.

 **ANSWER:**     Denied.

63.     Carpentree then sold this illicit artwork to customers. See, e.g. Exhibit J.

**ANSWER:**     Carpentree denies that it sold illicit artwork.

64. Carpentree's sales were illicit and not approved by Art Akiane and the copying, redistribution, and sale of Art Akiane's work directly infringed Art Akiane's copyrights.

**ANSWER:** Denied.

**D. ASW Hid the True Sales from Art Akiane, and Underpaid Royalties**

65. ASW was required to pay a 10% royalty fee to Art Akiane for items sold under the Agreement.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 65.

66. Upon information and belief, ASW failed to disclose numerous sales to Art Akiane so that ASW could avoid making royalty payments to Art Akiane as required by the Agreement.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 66.

67. Upon information and belief, ASW has underreported its sales and royalty payments to Art Akiane and has kept Art Akiane's royalty revenue for its exclusive and sole benefit despite completing various sales to customers under the Agreement.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 67.

68. Upon information and belief, Corneliuson and ASW hid at least $464,730.26 in undisclosed revenue they made from Akiane related products.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 68.

69. Upon information and belief, ASW underpaid Art Akiane at least $46,473 in unpaid royalties.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 69.

**E.     Art Akiane's Lost Sales and Termination of the Agreement**

70.     Upon information and belief, Corneliuson represented herself to be the sole representative of all the Works to customers.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 70.

71.     Corneliuson and ASW induced the public to download illegal "free" copies of Akiane's artwork from ASW's website.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 71.

72.     Corneliuson and ASW also misrepresented to the public that they are the authorized source and representatives of Akiane's artwork. Exhibit K.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 72.

73.     For instance, ASW's website states:

*[picture omitted]*

See Exhibit A.

**ANSWER:**     On information and belief, Carpentree admits that ASW's website includes the statements identified, but lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 73.

74.     Between 2011 to 2018, potential customers and art collectors who were interested in purchasing Art Akiane's artwork contacted Corneliuson in order to purchase original artwork.

Corneliuson would contact Art Akiane to request the price for the original artwork, without disclosing to Art Akiane the identity of the potential customer.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 74.

75.     Upon information and belief, Corneliuson would not allow further communications between these potential customers and Art Akiane, despite Art Akiane's willingness to negotiate purchase terms for the artwork and the legitimate expectancy to enter into a valid business relationship with those customers.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 75.

76.     Art Akiane often could not contact the potential customers because Corneliuson withheld customer contact information. Art Akiane lost sales because negotiations with potential customers deteriorated when Art Akiane could not contact these customers.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 76.

77.     On January 10, 2019, Art Akiane sent a letter to Corneliuson, formally notifying her that Art Akiane would not be renewing the Agreement.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 77.

78.     Corneliuson was upset that Art Akiane would not renew the Agreement.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 78.

**F.     Corneliuson's and ASW's Infringing Conduct and Willful Copying**

79.     Despite the expiration of the Agreement, Corneliuson and ASW continue to make copies, display, and distribute the Works without authorization, including on ASW's online store, ASW's Facebook page at www.facebook.com/jesusprinceofpeace, ASW's Twitter page at https://twitter.com/ArtnSoulworks, ASW's Instagram page at https://www.instagram.com/ jesusartakiane/, and through Squareup, St. Jude Shop, Amazon, eBay, Christianbook, Mardel, and other online stores on the internet. See, e.g. Exhibit L and Exhibit M.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 79.

80.     Corneliuson and ASW also modified copies of Akiane's artwork by altering or removing Akiane's signature and other identifying information, and distributed the altered Works on the internet on ASW's Facebook page, Twitter page, Instagram page, Pinterest page, YouTube, their online store, and other websites. See Exhibit G and Exhibit N.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 80.

81.     Corneliuson and ASW altered or removed copyright management information from Akiane's artwork in at least 755 instances, publicizing those images with altered or removed copyright management information. Attached as Exhibit O is a table summarizing the instances Corneliuson and ASW impermissibly published the artwork with altered or removed copyright management information along with each of the identified instances.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 81.

82.     Upon information and belief, the alteration or removal of copyright management information was directed by Corneliuson, and done with the purpose of marketing and profiting off of ASW's association with Art Akiane.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 82.

83.     Art Akiane never gave Corneliuson or ASW permission or authority to remove copyright management information from the Works.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 83.

84.     Corneliuson and ASW also created, registered, and ran unauthorized Facebook, Twitter, Instagram, and Pinterest pages using Akiane's likeness, and that prominently uses the AKIANE Marks, including in the domain name for the Facebook page located at www.facebook.com/jesusprinceofpeace. See Exhibit P.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 84.

85.     The domains advertise the sale of the Works and uses Akiane's likeness to promote the sale of infringing goods.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 85.

86.     Upon information and belief, Corneliuson and ASW maintain the Facebook, Twitter, Instagram, and Pinterest domains solely to profit from the sale of the Works.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 86.

87.     Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW also published unauthorized videos displaying the Works on Corneliuson's and ASW's YouTube account. Exhibit Q.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 87.

88.     Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW also edited Art Akiane's documentary videos of Akiane, including the "Painting the Impossible" documentary. Corneliuson and ASW published these edited and unauthorized videos on Corneliuson's and ASW's YouTube account.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 88.

89.     Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW also created "inspirational magnets" using the Works. These magnets said that Art by Akiane was a "trademark of © Art & SoulWorks," which is false.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 89.

90.     An example of the magnets are (*sic*) found below:

*[Picture omitted]*

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 90.

91.     Corneliuson and ASW also created, registered, and continue to run the website domain www.jesusprinceofpeace.com, which prominently uses the AKIANE Marks, including in the domain name.

23

**ANSWER:**      Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 91.

92.      Without Art Akiane's authorization, Corneliuson and ASW continue to use Akiane's likeness and the AKIANE Marks on their domain names, websites, e-commerce sites, and social media sites, including on their Facebook page, Twitter page, Instagram page, and Pinterest page. See Exhibit G and Exhibit R.

**ANSWER:**      Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 92.

93.      Upon information and belief, Corneliuson and ASW continue to distribute, provide, market, advertise, promote, and offer for sale the Works under the AKIANE Marks.

**ANSWER:**      Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 93.

94.      In the alternative or in addition, upon information and belief, Corneliuson and ASW continue to do so willfully, despite having actual knowledge of Art Akiane's rights under the AKIANE Marks.

**ANSWER:**      Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 94.

95.      Corneliuson and ASW also printed images of Akiane's artwork without authority, cut and framed those images, and sold them to consumers. Exhibit S. These products were of inferior quality. (*Id.*) Corneliuson and ASW printed these inferior copies so with the intent to ***sidestep*** Art Akiane and with full knowledge of Art Akiane's rights in the images and artwork. (*Id.*)

**ANSWER:**      Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 95.

96.     Hobson and Carpentree had direct knowledge of and participated in Corneliuson's scheme to print and frame the unauthorized images. (*Id.*) Upon information and belief, Hobson and Carpentree benefitted economically from these unauthorized sales because they distributed the illicit copies through Carpentree's website and received payments from customers for the illicit works.

**ANSWER:**     Denied.

97.     Upon information and belief, Hobson and Carpentree also printed images of Akiane's artwork without authority, framed those images, and sold them to consumers. These products were of inferior quality. (*Id.*)

**ANSWER:**     Denied.

98.     Upon information and belief, Hobson participated in and supervised Carpentree's framing of the images of Akiane's artwork and obtained direct financial benefits from Carpentree's infringing activities, including but not limited to receipts from customers and other monetary income from the sale and distribution of the illicit works.

**ANSWER:**     Denied.

99.     Upon information and belief, Corneliuson and ASW offer and sell the Works under the AKIANE Marks to the same types of consumers that comprise Art Akiane's same class of consumers and to whom Art Akiane sells the same goods to. Consumers are likely to be confused as to the source or sponsorship of the goods, as well as the association between Corneliuson and ASW and Art Akiane.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 99.

100.     Corneliuson and ASW, upon information and belief, willfully appropriated Akiane's name and likeness in multiple ways including, without limitation, by uploading Akiane's images and name to Corneliuson's and ASW's publicly available YouTube channel, Facebook page, Twitter page, Instagram page, and Corneliuson's and ASW's website.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 100.

101.     In the alternative or in addition, Corneliuson and ASW, upon information and belief, knowingly and willfully appropriated Akiane's name and likeness in multiple ways including, without limitation, by uploading Akiane's images and name to Corneliuson's and ASW's publicly available YouTube channel, Facebook page, Twitter page, Instagram page, and Corneliuson's and ASW's website.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 101.

102.     At all times relevant, Corneliuson participated in and supervised ASW's infringing activities and, due to her status as the sole member of ASW, obtained direct financial benefits from ASW's infringing activities, including but not limited to receipts from customers and other monetary income from the sale and distribution of the illicit works.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 102.

103.     Art Akiane did not authorize Corneliuson and ASW to use Akiane's name, identity, or likeness and Corneliuson and ASW had no consent to do so.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 103.

104.     Upon information and belief, Corneliuson's and ASW's utilization of Akiane's name, identity, likeness, and reputation was purely for commercial purposes including, without limitation, to offer for sale and promote Corneliuson's and ASW's products via Corneliuson's and ASW's website, Facebook page, Twitter page, Instagram page, Pinterest page, YouTube channel, and other channels of trade.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 104.

105.     Upon information and belief, Corneliuson and ASW have received and continue to receive a benefit from their utilization of Akiane's full name, identity, likeness, and reputation including, without limitation, internet traffic to Corneliuson's and ASW's social media channels and website, increased search engine relevancy, and potential or actual customers who were directed to Corneliuson and ASW because of Corneliuson's and ASW's utilization of Akiane's name, identity, and likeness.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 105.

106.     Corneliuson's and ASW's infringing acts as alleged above have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Corneliuson's and ASW's goods and have and are likely to continue to deceive the relevant consuming public into believing, mistakenly, that Corneliuson's and ASW's goods originate from, are associated or affiliated with, or otherwise authorized by Art Akiane.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 106.

107.    In the alternative or in addition, upon information and belief, Corneliuson's and ASW's acts are knowing, willful with the deliberate intent to trade on the goodwill of Art Akiane's AKIANE Marks, cause confusion and deception in the marketplace, and divert potential sales of Art Akiane's goods to Corneliuson and ASW.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 107.

108.    Corneliuson's and ASW's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Art Akiane and to its valuable reputation and goodwill with the consuming public for which Art Akiane has no adequate remedy at law.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 108.

## COUNT I
## COPYRIGHT INFRINGEMENT
## (AGAINST CORNELIUSON AND ASW)

109.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    Carpentree incorporates by reference its responses to the preceding paragraphs.[1]

110.    Art Akiane is the assignee of copyrights registered with the United States Copyright Office.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 110.

---

[1] Since Plaintiff incorporates by reference all of its previous allegations into each count of its Complaint, Carpentree responds herein to all allegations, including those contained in counts not directed against Carpentree.

111.    Art Akiane is the true, rightful, and sole owner of the copyrights in the Works, including Copyright Registration Nos. VA 1-921-911, VA 1-960-272, VA 2-142-942, VA 2- 010-303, VA 2-010-300, VA 1-925-543, VA 2-010-352, VA 1-924-181, VA 1-924-448, VA 1- 924-158, VA 2-011-840, VA 1-924-183, and VA 2-010-397.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 111.

112.    By their actions alleged above, Corneliuson and ASW have infringed Art Akiane's copyrights by copying, reproducing, and distributing into the market infringing content including direct copies and derivatives of the copyrighted materials.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 112.

113.    In the alternative or in addition, by their actions alleged above, Corneliuson and ASW willfully and knowingly infringed Art Akiane's copyrights by copying, reproducing, and distributing into the market infringing content including direct copies and derivatives of the copyrighted materials.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 113.

114.    Corneliuson and ASW without authority copied copyrighted content owned by Art Akiane for use on websites including Corneliuson's and ASW's website at http://artsoulworks.com, www.jesusprinceofpeace.com, Amazon, Facebook, Twitter, Instagram, YouTube, and eBay.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 114.

115. Corneliuson and ASW without authority induced the public to download illegal copies of Akiane's artwork from ASW's website, and upon information and belief, made illicit digital copies and distributed them without authorization.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 115.

116. Corneliuson and ASW without authority digitally modified the Prince of Peace work, printed it on wallet cards, added "Copyright by Arts & Soulworks," and had the wallet cards framed so it would look like legitimate framed artwork by Akiane, and sold and distributed them.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 116.

117. Corneliuson and ASW without authority printed various illicit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers and online vendors.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 117.

118. Corneliuson and ASW without authority published unauthorized videos displaying the Works on Corneliuson's and ASW's YouTube account.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 118.

119. Corneliuson and ASW without authority edited Art Akiane's documentary videos of Akiane, including the "Painting the Impossible" documentary. Corneliuson and ASW published these edited and unauthorized videos on Corneliuson's and ASW's YouTube account.

**ANSWER:** Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 119.

120.     Corneliuson and ASW without authority printed, copied, modified, displayed, distributed, and sold Art Akiane's other Works.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 120.

121.     This infringement was willful, deliberate, and done with knowledge of Art Akiane's rights.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 121.

122.     Corneliuson's and ASW's acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 122.

123.     Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Corneliuson's and ASW's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 123.

## COUNT II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (AGAINST DEFENDANTS)

124.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     Carpentree incorporates by reference its responses to the preceding paragraphs.

31

125.     Corneliuson's and ASW's unauthorized use in commerce of the AKIANE Marks as alleged above is likely to confuse, cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of its goods, and is likely to cause consumers to believe, contrary to fact, that Corneliuson's and ASW's goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Corneliuson and ASW are in some way affiliated with or sponsored by Art Akiane.

**ANSWER:**     To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 125.

126.     Corneliuson's and ASW's unauthorized use in commerce of the AKIANE Marks as alleged above constitutes use of a false designation of origin and misleading description and representation of fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**     To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 126.

127.     Corneliuson and ASW created magnets using the Works that incorrectly stated that Art by Akiane was a "trademark of © Art & SoulWorks," which is false. Corneliuson's and ASW's unauthorized use of the Art Akiane name constitutes use of a false designation of origin and misleading description and representation of fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**     To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 127.

32

128.     Defendants' sold illicit artwork with AKIANE'S Marks which is likely to confuse consumers.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 128.

129.     Corneliuson and ASW continue to misrepresent that they are the authorized source and representatives of Akiane's artwork. For instance, ASW's and Corneliuson's website incorrectly states: "In fact, we are the Trusted Source for 'Prince of Peace' high-quality reproductions." Exhibit A. Such misrepresentations constitute a false designation of origin and misleading description and representation of fact that is likely to confuse consumers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 129.

130.     Upon information and belief, Defendants' conduct as alleged above is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Corneliuson and ASW with Art Akiane.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 130.

131.     In the alternative or in addition, upon information and belief, Defendants' conduct as alleged above is knowing, willful, and is intended to and is likely to cause confusion, mistake,

or deception as to the affiliation, connection, or association of Corneliuson and ASW with Art Akiane.

**ANSWER:**     As to Carpentree, denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the balance of the truth of the allegations set forth in Paragraph 131.

132.     Defendants' conduct as alleged above constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 132.

133.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Art Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court. Art Akiane has no adequate remedy at law.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 133.

134.     Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to

34

form a belief about the truth of the balance of the allegations set forth in Paragraph 134.

# COUNT III
## COMMON LAW UNFAIR COMPETITION
### (AGAINST DEFENDANTS)

135.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    Carpentree incorporates by reference its responses to the preceding paragraphs.

136.    Art Akiane owns all rights, title, and interest in and to the AKIANE Marks, including but not limited to all common law rights in such marks due to Art Akiane's first use of the AKIANE Marks in this district. Defendants' unauthorized use in commerce of the AKIANE Marks as alleged herein occurred long after Art Akiane began using the AKIANE Marks and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Art Akiane, or that Defendants are in some way affiliated with or sponsored by Art Akiane.

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 136.

137.    Upon information and belief, Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Art Akiane.

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this

allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 137.

138.    In the alternative or in addition, upon information and belief, Defendants' conduct as alleged herein is knowing and willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Art Akiane.

**ANSWER:**    As to Carpentree, denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 138.

139.    By reason of their acts, Defendants have committed unfair competition under Illinois common law.

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 139.

140.    Defendants' conduct is causing immediate and irreparable harm and injury to Art Akiane, and to its goodwill and reputation, and will continue to both damage Art Akiane and confuse the public unless enjoined by this Court. Art Akiane has no adequate remedy at law.

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 140.

141.    Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Illinois common law, together with prejudgment and postjudgment interest.

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 141.

## COUNT IV
## VIOLATION OF THE ILLINOIS
## UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (AGAINST DEFENDANTS)

142.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    Carpentree incorporates by reference its responses to the preceding paragraphs.

143.    The Illinois Uniform Deceptive Practices Act ("UDPA"), 815 ILCS § 510/2, et seq. provides that a person engages in deceptive trade practices when the person "(1) passes off goods or services as those of another . . . (3) causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; . . . [or] (5) represents that goods or services has sponsorship, approval, characteristics, . . . that they do not have."

**ANSWER:**    Carpentree admits that the Illinois Uniform Deceptive Practices Act provides, in part, as alleged.

144.    Defendants have violated the UDPA by falsely and deceptively representing to consumers that Art Akiane is associated with Defendants, and because Defendants have used deception, fraud, false pretense, misrepresentation or concealment, suppression or omission of material facts, either expressly or by implication, in causing the false association with the intent that the public rely upon those false representations.

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to

form a belief about the truth of the balance of the allegations set forth in Paragraph 144.

145.     Defendants' trade practice of misleadingly holding themselves out as being associated with Art Akiane is directed to the market generally, and otherwise constitutes a consumer protection matter because consumers need to be protected from false and misleading advertising of the type that Defendants are engaged in.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 145.

146.     The unauthorized use by Defendants of Art Akiane's Works and the AKIANE Marks is causing and is likely to cause substantial injury to the public and to Art Akiane, and Art Akiane has no adequate remedy at law for this injury.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 146.

147.     As a result of Defendants' unlawful business practices, Art Akiane is entitled to an order enjoining such future conduct, attorneys' fees under 815 ILCS § 510/3, and such other orders and judgments necessary.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 147.

## COUNT V
## UNJUST ENRICHMENT
## (AGAINST ASW AND CARPENTREE)

148.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     Carpentree incorporates by reference its responses to the preceding paragraphs.

149.     Art Akiane's ownership of the rights to distribute and the rights to license the use of the Works are valuable assets to Art Akiane.

**ANSWER:**     To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 149.

150.     By reproducing, distributing, and selling Art Akiane's Works without permission or authorization, and profiting off the Works without paying compensation to Art Akiane, ASW and Carpentree have appropriated a valuable asset belonging to Art Akiane.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 150.

151.     By failing to pay proper compensation to Art Akiane for the sale and use of the Works, ASW and Carpentree have retained Art Akiane's benefit and such retention violates the fundamental principles of justice, equity and good conscience.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 151.

## COUNT VI
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
## (AGAINST CORNELIUSON AND ASW)

152.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     Carpentree incorporates by reference its responses to the preceding paragraphs.


153.     The Works and Akiane's artwork contain the signature or name of Akiane or Art Akiane, which is copyright management information protected under 17 U.S.C. § 1202(b).

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 153.


154.     Upon information and belief and without Art Akiane's authorization, Corneliuson and ASW created magnets using the Works that incorrectly said Art by Akiane was a "trademark of © Art & SoulWorks," which is false.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 154.


155.     Upon information and belief, Corneliuson and ASW intentionally and knowingly removed and/or altered the copyright management information identifying Akiane or Art Akiane as the author and owner, and distributed the same without authorization.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 155.


156.     Corneliuson's and ASW's conduct alleged herein is a violation of 17 U.S.C. § 1202(b).

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 156.

157.     Corneliuson's and ASW's removal and/or altering of the aforementioned copyright management information and its distribution was made without the knowledge or consent of Art Akiane.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 157.

158.     Upon information and belief, the removal and/or altering of the aforementioned copyright management information and its unauthorized distribution were made by Corneliuson and ASW to induce, enable, facilitate, or conceal its infringement of Art Akiane's copyrights.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 158.

159.     Corneliuson and ASW also knew, or should have known, that such removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Art Akiane's copyrights.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 159.

160.     As a result of the wrongful conduct of Corneliuson and ASW, Art Akiane is entitled to recover from Corneliuson and ASW the damages that Art Akiane sustained and will sustain, and any gains, profits and advantages obtained by Corneliuson and ASW because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 160.

161.     Alternatively, Art Akiane may elect to recover from Corneliuson and ASW statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 161.

## COUNT VII
## VIOLATION OF THE LANHAM ACT – ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
## (AGAINST ASW)

162.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     Carpentree incorporates by reference its responses to the preceding paragraphs.

163.     At the time of ASW's registration or first use of its domain names, including its Facebook domain name, Instagram domain name, and the www.jesusprinceofpeace.com domain name, each of the AKIANE Marks was distinctive.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 163.

164.     ASW's domain names are identical or confusingly similar to the AKIANE Marks.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 164.

165.     ASW has registered, trafficked in, or used the domain names with a bad faith intent to profit from the AKIANE Marks in violation of 15 U.S.C. § 1125(d).

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 165.

166. ASW's bad faith intent is demonstrated by numerous factors, including the following:

    a.    ASW intends to divert consumers from Art Akiane's online location to a site accessible under its own domain names that could harm the goodwill represented by the AKIANE Marks, either for ASW's commercial gain or with the intent to tarnish or disparage the AKIANE Marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site accessible under ASW's domain names; and

    b.    ASW knows that its domain names are identical or confusingly similar to the AKIANE Marks.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 166.

167. Upon information and belief, ASW's actions have been and are willful, deliberate, and done with knowledge of Art Akiane's rights.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 167.

168. Art Akiane has no adequate remedy at law. Unless enjoined by this Court, Art Akiane will continue to do the acts complained of in this Complaint and cause damage and injury, all to Art Akiane's irreparable harm and to ASW's unjust enrichment.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 168.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
## (AGAINST CORNELIUSON)

169.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    Carpentree incorporates by reference its responses to the preceding paragraphs.

170.    Art Akiane had a reasonable business expectancy of entering into a valid business relationship with customers with whom Art Akiane would have sold artwork to.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 170.

171.    Corneliuson had knowledge of this expectancy, which knowledge Corneliuson acquired because she facilitated communications between Art Akiane and the potential customers.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 171.

172.    Upon information and belief, through dishonest, unfair, and/or improper means, Corneliuson intentionally interfered with Art Akiane's prospective relationships with these customers, including by preventing further communications between Art Akiane and the potential customers.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 172.

173.    Corneliuson's interference caused injury to Art Akiane's prospective relationships with these customers.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 173.

174.    Art Akiane has no adequate remedy at law for Corneliuson's tortious conduct. Unless Corneliuson is enjoined by the Court, Art Akiane will continue to suffer irreparable harm.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 174.

175.    Under Illinois law, Art Akiane may elect to recover exemplary and punitive damages and attorneys' fees from Corneliuson for her willful, intentional, and tortious acts.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 175.

## COUNT IX
## VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT
## (AGAINST CORNELIUSON AND ASW)

176.    Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**    Carpentree incorporates by reference its responses to the preceding paragraphs.

177.    Corneliuson's and ASW's unauthorized use of Akiane's identity for commercial purposes is a violation of the Illinois Right of Publicity Act, 765 ILCS § 1075/1-60.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 177.

178.    Corneliuson's and ASW's use of Akiane's identity was unauthorized because Corneliuson and ASW did not obtain Art Akiane's consent to use Akiane's identity in connection with any advertisement.

**ANSWER:**    Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 178.

179.     In the alternative or in addition, upon information and belief, Corneliuson's and ASW's use of Akiane's identity was knowing and willful because they used Akiane's identity intentionally and with knowledge that its use was not authorized.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 179.

180.     Art Akiane has been damaged by Corneliuson's and ASW's unauthorized use of Akiane's identity. Art Akiane has no adequate remedy at law.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 180.

181.     Unless enjoined by this Court, Corneliuson and ASW will continue to do the acts complained of in this Complaint and cause damage and injury, all to Art Akiane's irreparable harm and to Corneliuson's and ASW's unjust enrichment.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 181.

182.     Art Akiane may elect to recover statutory damages from Corneliuson and ASW pursuant to 765 ILCS § 1075/40 in a sum of at least its actual damages, profits derived from the unauthorized use, or both, and punitive damages.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 182.

### COUNT X
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (AGAINST DEFENDANTS)

183.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     Carpentree incorporates by reference its responses to the preceding paragraphs.

184.     Corneliuson and ASW printed various illicit and counterfeit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers on ASW's website via various vendors, including Defendant Carpentree.

**ANSWER:**     To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 184.

185.     Carpentree then sold the illicit and counterfeit artwork to consumers and other resellers.

**ANSWER:**     Denied.

186.     Corneliuson, ASW, Carpentree, and Hobson also took postcards and wallet cards and framed them to look like legitimate framed artwork by Akiane, in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane, and sold them to consumers without authority to do so.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 186.

187.     Corneliuson's and ASW's illicit artwork were of an inferior quality.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 187.

188.     Carpentree's sales to consumers and other resellers were illicit and not approved by Art Akiane and the copying, modification, redistribution, and sale of Art Akiane's work directly infringed Art Akiane's copyrights.

**ANSWER:**     Denied.

189.     On information and belief, Corneliuson and ASW had knowledge of Carpentree's infringing activities, while Hobson condoned and participated in Carpentree's infringing activities.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and that Hobson condoned and participated in Carpentree's infringing activities; as a consequence, denies the allegations set forth in Paragraph 189.

190.     Corneliuson and ASW have contributorily infringed Art Akiane's copyrights and exclusive rights under copyright when they on information and belief knowingly and intentionally facilitated, encouraged, allowed, assisted, and induced Carpentree to infringe Art Akiane's copyrights.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 190.

191.     On information and belief, Defendants have directly profited from Carpentree's and Hobson's unauthorized and illegal use of Art Akiane's copyrights.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 191.

192.     The infringement of Art Akiane's rights in each of its copyrighted work constitutes a separate and distinct act of infringement.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 192.

193.     Defendants' contributory infringement was reckless, intentional, and/or purposeful, in disregard of, and indifferent to, the rights of Art Akiane.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 193.

194.     In the alternative or in addition, Defendants' contributory infringement was knowingly and willful because Defendants infringed with knowledge of Art Akiane's rights and with the intent to avoid compensating Art Akiane.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations set forth in Paragraph 194.

195.     As a direct and proximate result of Defendants' contributory infringement of Art Akiane's copyrights and exclusive rights under copyright, Art Akiane is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each act of infringement.

**ANSWER:**     Denied.

196.     Art Akiane is further entitled to its reasonable attorneys' fees, and costs of the action, together with prejudgment and postjudgment interest.

**ANSWER:**     Denied.

## COUNT XI
## INDUCEMENT OF COPYRIGHT INFRINGEMENT
## (AGAINST CORNELIUSON AND ASW)

197.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     Carpentree incorporates by reference its responses to the preceding paragraphs.

49

198.     Corneliuson and ASW printed various illicit and counterfeit versions of Art Akiane's artwork without permission, and then sold the illicit artwork to consumers on ASW's website via various vendors, including Defendant Carpentree.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 198.

199.     Carpentree then sold the illicit and counterfeit artwork to consumers and other resellers.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 199.

200.     Corneliuson, ASW, and Carpentree also took postcards and wallet cards and framed them to look like legitimate framed artwork by Akiane, in order to deceive customers into thinking that they were purchasing legitimate artwork by Akiane.

**ANSWER:**     As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the balance of the allegations set forth in Paragraph 200.

201.     On information and belief, Corneliuson and ASW had knowledge of Carpentree's infringing activities.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 201.

202.     On information and belief, Corneliuson and ASW directed and participated in, and benefited from, Carpentree's infringing conduct as alleged herein, and has been the guiding spirit behind and central figure in Carpentree's infringing activities.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 202.

203.    Corneliuson's and ASW's acts alleged herein were in reckless disregard of, and indifferent to, or intentionally against the rights of Art Akiane.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 203.

204.    In the alternative or in addition, Corneliuson's and ASW's acts alleged herein were knowing and willful because Corneliuson and ASW had personal knowledge of Art Akiane's rights and deliberately ignored those rights for their own profit.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 204.

205.    As a direct and proximate result of Corneliuson and ASW inducing the unauthorized copying, redistribution, and sale of Akiane's copyrights and exclusive rights under copyright, Art Akiane is entitled to damages and Corneliuson's and ASW's profits pursuant to 17 U.S.C. § 504(b) for each act of infringement.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 205.

206.    Art Akiane is further entitled to its reasonable attorneys' fees, and costs of the action, together with prejudgment and postjudgment interest.

**ANSWER:**     Carpentree denies it engaged in any infringing activities and as a consequence, denies the allegations set forth in Paragraph 206.

## COUNT XII
## BREACH OF CONTRACT
## (AGAINST ASW)

207.     Art Akiane realleges and incorporates each and every allegation in the paragraphs

above as if they were fully set forth herein.

**ANSWER:**     Carpentree incorporates by reference its responses to the preceding paragraphs.


208.     Art Akiane and ASW entered into a valid and enforceable Agreement.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about
the truth of the allegations set forth in Paragraph 208.


209.     ASW was required to pay a 10% royalty fee to Art Akiane for items sold under the

Agreement.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about
the truth of the allegations set forth in Paragraph 209.


210.     Upon information and belief, ASW failed to disclose numerous sales to Art Akiane

so that ASW could avoid making royalty payments to Art Akiane as required by the Agreement.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about
the truth of the allegations set forth in Paragraph 210.


211.     Upon information and belief, ASW has underreported its sales and royalty

payments to Art Akiane and has kept Art Akiane's royalty revenue for its exclusive and sole benefit

despite completing various sales to customers under the Agreement.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about
the truth of the allegations set forth in Paragraph 211.


212.     Upon information and belief, Corneliuson and ASW hid at least $464,730.26 in

undisclosed revenue they made from Akiane related products.

52

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 212.

213.     Upon information and belief, ASW underpaid Art Akiane at least $46,473 in unpaid royalties.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 213.

214.     ASW has breached the Agreement because it has not paid royalties that are rightfully owed to Art Akiane under the Agreement.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 214.

215.     Accordingly, Art Akiane is entitled to recover damages from ASW in an amount to be determined at trial, and is entitled to reasonable sums for attorneys' fees in the discretion of the Court.

**ANSWER:**     Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 215.

## COUNT XIII
## COPYRIGHT INFRINGEMENT
## (AGAINST CARPENTREE AND HOBSON)

216.     Art Akiane realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

**ANSWER:**     Carpentree incorporates by reference its responses to the preceding paragraphs.

217.     Art Akiane is the assignee of copyrights registered with the United States Copyright Office.

**ANSWER:**   Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 217.

218.   Art Akiane is the true, rightful, and sole owner of the copyrights in the Works, including Copyright Registration Nos. VA 1-921-911, VA 1-960-272, VA 2-142-942, VA 2- 010-303, VA 2-010-300, VA 1-925-543, VA 2-010-352, VA 1-924-181, VA 1-924-448, VA 1- 924-158, VA 2-011-840, VA 1-924-183, and VA 2-010-397.

**ANSWER:**   Carpentree lacks knowledge or information sufficient for it to form a belief about the truth of the allegations set forth in Paragraph 218.

219.   By their actions alleged above, Carpentree and Hobson have infringed Art Akiane's copyrights by copying, modifying, framing, and reproducing and distributing into the market infringing content.

**ANSWER:**   As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations set forth in Paragraph 219.

220.   In the alternative or in addition, by their actions alleged above, Carpentree and Hobson knowingly and willfully infringed Art Akiane's copyrights by copying, modifying, framing, and reproducing and distributing into the market infringing content with knowledge that they are either direct copies or derivatives of the copyrighted materials.

**ANSWER:**   As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations set forth in Paragraph 220.

221.   Carpentree and Hobson without authority copied copyrighted content owned by Art Akiane for use in commerce, including on Carpentree's website at https://www.carpentree.com.

54

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations set forth in Paragraph 221.

222.    Carpentree's and Hobson's acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations set forth in Paragraph 222.

223.    Carpentree's and Hobson's acts of copyright infringement have caused and will continue to cause damage to Art Akiane, in an amount to be proven at trial.

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations set forth in Paragraph 223.

224.    Art Akiane is entitled to, among other relief, injunctive relief and an award of actual damages, Carpentree's and Hobson's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

**ANSWER:**    As to Carpentree, denied. To the extent this paragraph is based on actions which Carpentree denies or are based on legal conclusions which Carpentree denies, this allegation is denied. Carpentree lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations set forth in Paragraph 224.

CARPENTREE HEREBY DEMANDS TRIAL BY JURY FOR ALL CLAIMS FOR WHICH A JURY TRIAL IS AVAILABLE.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – LICENSE

On information and belief, Carpentree's alleged copying, posting, use or sale involving the works and/or marks is lawful use per the express terms of a license agreement between Art Akiane and ASW, attached to ASW's counterclaim as Exhibit A, as well as the license granted in the other agreements between the parties and/or an implied license. As a consequence, Carpentree's alleged infringing copying, posting, selling or use of the works and/or marks at issue was lawful.

### SECOND AFFIRMATIVE DEFENSE – FIRST SALE/EXHAUSTION DOCTRINE

The causes of action Art Akiane alleges are barred, in whole or in part, by the First Sale Doctrine and/or the doctrine of exhaustion. Art Akiane placed its works into the stream of commerce by selling them and exhausted its exclusive statutory right to control distribution of those products (to the extent it had such statutory rights by assignment from Akiane Kramarik). Carpentree cannot be prevented from advertising and selling Art Akiane works.

### THIRD AFFIRMATIVE DEFENSE – COPYRIGHT FAIR USE

Any copying, posting, selling or use by Carpentree involving Art Akiane works or Akiane marks was transformative and was created when the License Agreement and other agreements were in full force, and/or otherwise permitted by said agreements. Consequently, they did not and do not harm the market for Art Akiane's works. The copying, posting, selling or use constitutes permissible fair use.

### FOURTH AFFIRMATIVE DEFENSE – ACQUIESENCE

Art Akiane has acquiesced to the alleged copying, posting, selling or use about which it bases its complaint because these activities were carried out with its full knowledge and

56

encouragement and without objection until this litigation. In addition, Plaintiff acquiesced to the manner in which the works were displayed; and Plaintiff and the Kramarik family display the art in question in the same manner as ASW and/or Carpentree.

## FIFTH AFFIRMATIVE DEFENSE – PREEMPTION

The Copyright Act and/or Lanham Act both preempt the state law claims brought by Art Akiane because the facts that form the basis for the state law claims are the same as those that form the basis for the Copyright Act and/or Lanham Act claims.

## SIXTH AFFIRMATIVE DEFENSE – COPYRIGHT MISUSE

The cause of action of copyright infringement Art Akiane is barred, in whole or in part, because Art Akiane misused its copyright to unlawfully restrict or monopolize the distribution, sale, and licensing of its products, and therefore used its copyright in a manner which violates the public policy embodied in the grant of a copyright.

## SEVENTH AFFIRMATIVE DEFENSE – TRADEMARK MISUSE

The cause of action of trademark infringement Art Akiane is barred, in whole or in part, because Art Akiane misused or misrepresented its ownership of the purported trademarks in an attempt to unlawfully restrict or monopolize the distribution, sale, and licensing of its products, and therefore used its trademarks in a manner which violates the public policy embodied in the grant of a trademark.

## EIGHTH AFFIRMATIVE DEFENSE – LACHES & ESTOPPEL

The doctrines of laches and estoppel bar the claims in the Second Amended Complaint. Art Akiane unreasonably delayed in bringing its claims for injunctive relief. It knew for years of

the copying, posting, selling or use of Art Akiane works and/or Akiane Marks by the Defendants, but remained silent about those acts and its agents encouraged and, upon information and belief, facilitated the very conduct of which it complains. Thus, laches prevents the assertion of the claims asserted and estoppel bars Plaintiff from obtaining the relief it seeks.

## NINTH AFFIRMATIVE DEFENSE – LACK OF STANDING

Art Akiane fails to provide evidence that Akiane Kramarik properly assigned "all rights, title and interest" in her art works, likeness and/or her name and any common law trademarks. No assignments were attached to the Complaint and without lawful assignments Art Akiane lacks standing to bring any cause of action asserted here against Defendants.

## TENTH AFFIRMATIVE DEFENSE
## LACK OF TRADEMARK PROTECTION

There are no federal or state trademark registrations for the trademarks Art Akiane suggests exists. Art Akiane has not established the necessary requirements to assert common law rights in the marks in question, nor has Art Akiane established that it owns such marks, as opposed to Akiane Kramarik, or some other person or entity, who is not a party to this lawsuit.

## ELEVENTH AFFIRMATIVE DEFENSE
## INADEQUACY OF CLAIM FOR INJUNCTIVE RELIEF

Art Akiane cannot satisfy the requirements applicable to its requests for injunctive relief and has an adequate remedy at law, in that money damages, should it prove any of its claims, are adequate.

## TWELVTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

Art Akiane's claims are barred in whole or in part by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE – NO DAMAGES**

Art Akiane's claims are barred in whole or in part because it has suffered no damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**NO STATUTORY DAMAGES AND ATTORNEYS FEES**

To the extent Art Akiane's copyright claims involve infringement prior to the registration of a copyrighted Art Akiane work, statutory damages and attorney fees are barred.

**FIFTEENTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

Art Akiane fails to state claims upon which relief may be granted.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**ADOPTION OF ASW'S AFFIRMATIVE DEFENSES**

Carpentree hereby adopts and incorporates each affirmative defense asserted by Defendants Art & Soulworks LLC and Carolyne Corneliuson, as if fully set forth herein as applicable.

WHEREFORE Defendant, Carpentree, Inc., prays for judgment in its favor and against Art Akiane on all counts and for their fees, costs and expenses under the Copyright and Trademark Act, and for such other relief as the Court deems just and proper.

**CROSS-CLAIMS**
**(Art & Soulworks LLC and Carolyne Corneliuson)**

**Count I (Breach of Warranty Against Infringement)**

1. Cross-Plaintiff is Carpentree, Inc. ("Carpentree").

2. Cross-Defendants are Art & Soulworks LLC and Carolyne Corneliuson (collectively "ASW").

3.      Carpentree has filed its answer to the Second Amended Complaint simultaneously with this cross-claim.  In its answer, Carpentree denies all substantive allegations of wrongdoing. By way of alternative pleading, Carpentree asserts this cross-claim against ASW.

4.      Beginning in about July, 2011 Carpentree and ASW have had a business relationship whereby Carpentree purchased from ASW certain products for its own resale.

5.      This includes the products that are the subject of Plaintiff's Second Amended Complaint.

6.      Moreover, on February 27, 2019 ASW sold to Carpentree additional works at a significant discount purportedly pursuant to an agreement with Art Akiane, LLC ("Art Akiane").

7.      ASW never informed Carpentree that any of the works it sold were produced or being sold beyond the terms of its express, oral, and/or implied licenses with Art Akiane.

8.       ASW knew that the purpose of Carpentree purchasing the products from ASW was to resell the products on Carpentree's website.

9.      ASW did not disclose to Carpentree any restrictions on the use of the products or any claims by Art Akiane that Carpentree's resale of the products was subject to restrictions identified in the various license agreements between ASW and Art Akiane.

10.     ASW is a merchant regularly dealing in the goods of the kind which it sold to Carpentree.

11.     By not disclosing any limitation on the use and resale of the products that ASW sold to Carpentree, ASW breached the warranty against infringement provided by the Illinois Uniform Commercial Code, 810 ILCS 5/2-312(3).

12.     Carpentree has incurred damages as a result to ASW's breach of warranty.

Wherefore, Carpentree prays for an award of damages in the amount of any judgment rendered against Carpentree in favor of Art Akiane plus Carpentree's legal fees and expenses incurred in defending against Plaintiff's claims.

## Count II (Breach of Warranty of Title)

13. Carpentree restates paragraphs 1 through 9 of Count I of its cross-claim against ASW as paragraph 13.

14. By not disclosing any limitation on the use and resale of the products that ASW sold to Carpentree, ASW breached the warranty of title provided by the Illinois Uniform Commercial Code, 810 ILCS 5/2-312(1).

15. Carpentree has incurred damages as a result to ASW's breach of warranty.

Wherefore, Carpentree prays for an award of damages in the amount of any judgment rendered against Carpentree in favor of Art Akiane plus Carpentree's legal fees and expenses incurred in defending against Plaintiff's claims.

**Count III (Contribution Pursuant to the Illinois Joint Tortfeasor Contribution Act)**

16.     Carpentree restates paragraphs 1 through 9 of Count I of its cross-claim against ASW as paragraph 20.

17.     At all relevant times, there was in force and effect a statute commonly known as the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 et seq., which provides for the proportionate assessment of damages among the parties found liable of Illinois state law claims to an injured plaintiff according to their respective percentage of fault.

18.     If Carpentree is found liable to plaintiff on its state law claims, then Carpentree is entitled to contribution from cross-claim defendants ASW in the amount of their pro rata share of fault.

Wherefore, Carpentree prays that if judgment is entered against it and in favor of plaintiff on plaintiff's state law claims, that judgment also be entered in their favor and against cross-claim defendants ASW in the amount of their pro rata share of the fault, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

By: /s/ Michael L. Hahn
        One of the Attorneys for Carpentree, Inc.

Michael L. Hahn
Michael Baniak
**LITCHFIELD CAVO LLP**
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
312.781.6569 (Hahn)
312.781.6696 (Baniak)
312.781.6630 (Fax)
Hahn@LitchfieldCavo.com
Baniak@LitchfieldCavo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June, 2020, I electronically filed the foregoing Notice and Motion with the Clerk of Court using the CM/ECF system, which will send notification to the following:

Adam Wolek
Marcus S. Harris
Rashad A. Simmons
**Taft Stettinius & Hollister LLP**
111 E. Wacker Drive, 28th Floor
Chicago, IL  60601
awolek@taftlaw.com
mharris@taftlaw.com
rsimmons@taftlaw.com

Nicole Nehama Auerbach
Salvador Carranza
Patrick J. Lamb
**ElevateNext Law**
218 N. Jefferson Street, Suite 300
Chicago, IL  60661
Nicole.auerbach@elevatenextlaw.com
Salvador.carranza@elevatenextlaw.com
Patrick.lamb@elevatenextlaw.com

/s/ Michael L. Hahn