**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ART AKIANE LLC, | |
| Plaintiff, | |
| v. | Case No. 19-cv-02952 |
| ART & SOULWORKS LLC, CAROL CORNELIUSON, CARPENTREE, LLC, and VIRGINIA HOBSON, | Judge Edmond E. Chang |
| | Mag. Judge Jeffrey Cole |
| Defendants. | |
| ART & SOULWORKS LLC, and CAROLYNE CORNELIUSON, | |
| Defendants-Counter-Plaintiffs, | |
| v. | |
| ART AKIANE LLC, | |
| Plaintiff Plaintiffs – Counter-Defendant, | |
| and | |
| AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, | |
| Counter-Defendants. | |

**ART AKIANE LLC'S, AKIANE ART GALLERY, LLC'S, AND AKIANE KRAMARIK'S RESPONSE IN OPPOSITION TO ART & SOULWORKS, LLC'S AND CAROL CORNELIUSON'S MOTION TO COMPEL [DKT NO. 142]**

**INTRODUCTION**

At the onset, Defendants Art & SoulWorks LLC and Carol Corneliuson ("Defendants") have withdrawn their motion to compel directed to Plaintiffs' document production. (*See* Ex. A at 2.) Plaintiff Art Akiane LLC, and Counter-Defendants Akiane Art Gallery, LLC and Akiane Kramarik (collectively, "Plaintiffs"[1]), had informed Defendants that documents and interrogatory supplements were imminently coming (and did come). Defendants were simply trigger happy.

After the parties' initial conference, Plaintiffs agreed to produce additional documents and supplement their interrogatories. Then COVID19 occurred. While this slowed Plaintiffs' tempo, Plaintiffs still moved diligently to process over 250,000 documents, including from archived sources. During this time, Defendants refused *any* calls, and even refused to meet and confer on a search protocol to filter the documents down to a reasonable number. Plaintiffs then unilaterally drafted a protocol, yet Defendants still refused *any* calls. After Defendants provided input and agreed to proceed, Plaintiffs ran the agreed search, reviewed the documents, and produced them. They also supplemented their interrogatory responses twice. In short, Plaintiffs did what they could and continually told Defendants they were supplementing. To be clear, Defendants sought irrelevant and overly broad requests, but Plaintiffs compromised to avoid unnecessary motion practice and assured the production and supplements. Defendants still moved to compel.

In short, despite Plaintiffs' compliance and willingness to resolve these discovery issues, Defendants have persisted in pursuing a needless discovery dispute, which is largely moot: Plaintiffs produced documents and supplemented their interrogatories. Even if portions of the motion are still ripe, Defendants still failed to include the required Local Rule 37.2 certification.

---

[1] While only Art Akiane, LLC is a plaintiff in this case, and Art Akiane LLC, Akiane Art Gallery, LLC, and Akiane Kramarik are counter-defendants, they are collectively referred to herein as "Plaintiffs" for ease of reference.

1

**FACTUAL BACKGROUND**

Plaintiffs served timely responses to Defendants' Interrogatories and Requests for Production on March 2, 2020. After Plaintiffs served discovery deficiency notices to Defendants, Defendants in turn served a deficiency letter on Plaintiffs. The parties then met and conferred on March 20, 23 and 24, originally relating to Plaintiffs' requests to Defendants. Then Defendants, rather than discuss their issues with Plaintiffs' responses, simply read off the numbers of the requests that they believed were deficient. Defendants refused to supplement their responses, which led to the filing of Plaintiffs' motions to compel. In contrast, Plaintiffs agreed to revisit their responses and soon thereafter agreed to supplement. To that end, Defendants' summary of these exchanges are contradicted and dispelled by the attached exhibits—Plaintiffs' motions to compel stem directly from Defendants' outright refusal to supplement their responses. But unlike Defendants, Plaintiffs have maintained their intention to supplement their responses and production and have indeed done so despite delays from the COVID19 pandemic.

For instance, on March 23, 2020, the parties met and conferred by telephone, and Plaintiffs' counsel notified Defendants' that his office had to be closed due to a visitor testing positive for coronavirus, causing staff to be redirected to remote work, causing delays and accessibility issues. Plaintiffs wrote Defendants a couple of weeks later stating that they were in the process of supplementing interrogatory responses. (Ex. B at 3.) Plaintiffs also notified Defendants several times of the volume of documents collected as a result of Defendants' overbroad requests. The additional collections totaled over 250,000 documents spanning hundreds of thousands, if not millions of pages, including 29 unique email accounts dating back nearly 15 years. (*See, e.g.*, Ex. D at 5.) Plaintiffs further explained that "[e]ach [email] account was pulled individually, each had to be processed, and each had to be checked for data integrity . . . ." (*Id.*) (*See also, e.g.*, Ex. C at

7-8.) Defendants still persisted in their pursuit of immediate production.[2]

Plaintiffs attempted numerous calls to Defendants to relay the complications in the process and number of documents, but their calls went unanswered. While Plaintiffs could produce documents, Defendants also demanded immediate interrogatory supplements. Ultimately, Plaintiffs provided two options: 1) supplement interrogatory responses after document production was completed, and Plaintiffs could identify documents by bates number then; or 2) Plaintiffs "can supplement soon with the understanding that they would further supplement their responses after the document production is complete and relevant documents can be identified by bates number." (Ex. B at 2.) Defendants opted for the second choice, and requested Plaintiffs "supplement the discovery now and then revise with the bates numbers when [Plaintiffs'] production is complete." (*Id.* at 1.)

On April 29, 2020, Defendants wrote to Plaintiffs to "clarify a number of statements" and to propose a number of additional search terms and parameters. (Ex. C at 13-15.) Plaintiffs responded that a call would be more efficient to discuss the issue but because Defendants refused several attempts at a call, Plaintiffs responded by email to move this dispute forward. (*Id.* at 12-13.) Upon Defendants' request, Plaintiffs added seven additional search terms and parameters, even though the other search terms were either redundant of searches already proposed or overbroad and seeking irrelevant information. (*Id.* at 10.) At all times Plaintiffs expressed willingness to meet and confer on the search terms for reassessment or exploration of alternative search terms. (*Id.*) In any event, Plaintiffs agreed to include the overly broad search terms and requested Defendants' confirmation that said terms were acceptable. (*Id.*) Defendants agreed to "move forward" with the search terms and requested rolling productions. (*Id.* at 9.)

---

[2] Plaintiffs reiterated delays in processing as a direct result of the COVID outbreak, which Defendants ignored. (*See, e.g.*, Ex. D at 4-6.)

3

The same day, Plaintiffs responded that the review process covers thousands of documents, and that they would do a rolling production, but due to the number of documents, and everyone working remotely, timing was difficult to predict and "will turn on the contents of the review," but that production would be provided soon. (Ex. C at 8-9.) Plaintiffs again requested agreement on the search terms before undertaking the additional review. (*Id.*) In response, Defendants agreed to rolling production, and stated "we think the best move is to proceed forward with the understanding that the issues may be revisited after we have had a chance to review the documents in question." (*Id.* at 8.)

On May 6, 2020, Plaintiffs produced thousands of documents, spanning more than 34 gigabytes of data. (Ex. C at 7-8.) Plaintiffs then shared that an additional production was forthcoming, as were supplemental interrogatory responses. (*See, e.g.*, *id.* at 4-6.)

Then, without having a meet and confer, Defendants moved to compel. (Dkt. 142). This was especially surprising as Defendants had requested supplementation of the interrogatories *after* production was completed. (*See* Ex. B at 1.) Because of their ongoing efforts and imminent supplementation, Plaintiffs requested Defendants withdraw the motion to compel. (Ex. C at 3-4.) Defendants responded that they would let Plaintiffs know by June 9 whether any portions of the motion to compel were moot. (*Id.* at 3.) Plaintiffs again requested Defendants withdraw the motion to avoid needless motion practice. (*Id.* at 2.)

After multiple emails, Defendants finally agreed to meet and confer, and Defendants again refused to confirm whether they would withdraw their motion. (Ex. A at 5-6.) Only after multiple emails to Defendants, dating up until June 16, 2020, were Plaintiffs made aware of what portions of the motion remain pending and what portions have been withdrawn. (*See generally* Ex. A.) Plaintiffs still sought to avoid unnecessary motion practice by stating that the document

4

productions concluded Plaintiffs' production and that supplementation was imminently forthcoming, yet Defendants refused to withdraw their motion.

Even after Plaintiffs supplemented their interrogatory responses, Defendants refused to withdraw their motion.

## LAW AND ARGUMENT

### I. Legal Standard.

District courts have broad discretion in discovery matters. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 626 (7th Cir. 2001). While a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), discovery does have limits. *See Portis v. City of Chicago*, No. 02 C 3139, 2005 WL 991995, at *3 (N.D. Ill. Apr. 15, 2005). Under Rule 26(b)(2), a court may "limit the frequency or extent of use of otherwise permissible discovery methods if the discovery sought is unreasonably cumulative or duplicative, if the discovery is obtainable from some other source that is more convenient, less burdensome, or less expensive, if the party seeking discovery has had ample opportunity to obtain the information sought, and/or if the burden or expense of the discovery outweighs its likely benefits." *Portis*, 2005 WL 991995, at *3. In addition, "the manner and scope of discovery must be tailored to some extent to avoid harassment or being oppressive." *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F.Supp.2d 923, 926-27 (N.D. Ill. 2003). "When the purpose of the discovery is to obtain information for reasons other than the prosecution or defense of the lawsuit, unless vital information is at stake, discovery will be denied in its entirety." *Id.* at 927.

### II. Defendants' Motion to Compel Lacks a Local Rule 37.2 Certification.

Defendants did not confer with Plaintiffs before moving to compel and so Defendants cannot—and did not—certify that they complied with Local Rule 37.2's meet-and confer

requirement. *See BankDirect Capital Fin., LLC v. Capital Premium Fin., LLC*, 343 F. Supp. 3d 742, 744 (N.D. Ill. 2018) (Cole, J.) ("Local Rule 37.2 requires an in-person or telephonic meet and confer and cannot be satisfied by the exchange of emails.") (quotation omitted). "The command in the rule could not be more explicit. Emails and letters are not enough under Rule 37.2." *Id*.

Defendants fleetingly discussed Plaintiffs' purported deficient responses in their March 24, 2020 meet and confer: they merely read the discovery numbers they viewed as deficient without stating why they were. While Plaintiffs disagreed with the requests' relevancy and scope, they still agreed to supplement to avoid motion practice. After being informed of the supplementation, Defendants indeed received additional document production and supplemented interrogatories. While they were further informed of imminent supplements many times (*see, e.g.*, Ex. B at 2, Ex. C at 4-6; Ex. D at 1-2, 4-7.), Defendants evidently could not wait and filed the motion without requesting a meet and confer, or the required certification.[3] Because Defendants flouted Local Rule 37.2's meet-and-confer requirement, Defendants' motion to compel should be denied on that basis alone.

In fact, Defendants only agreed to meet and confer *after* they filed their motion to compel[4], and even then Defendants still refused to withdraw their motion on the written discovery responses despite being told that they would be supplemented within a week. Sure enough, Plaintiffs supplemented only a few days later. To this day, Defendants still refuse to withdraw their motion to compel or clarify which portions they would withdraw.

---

[3] For example, while there were prior telephonic meet and confers on March 23-24, 2020, Plaintiffs said they would produce documents and supplement interrogatories as requested in those conferences, both of which they did.

[4] The meet-and-confer took place on June 10, 2020 at 3:30pm CT. Attorneys Adam Wolek and Rachel Smoot participated on behalf of Plaintiffs, while Attorneys Nicole Nehama Auerbach and Kehinde Durowade appeared on behalf of Defendants.

### III. Defendants' Motion to Compel is Moot.

As Plaintiffs told Defendants multiple times, Defendants' Motion to Compel was and is moot, given Plaintiffs' willingness to supplement production and responses to written discovery: the exception directed to one is issue is noted below. Had Defendants picked up the phone before filing their motion, Defendants would have learned that Plaintiffs had completed their review and intended to produce documents in short order. To that end, Plaintiffs produced documents within a few days of Defendants' filing. As Defendants had agreed to accept supplementation after production was completed, Plaintiffs further served supplemental responses to written discovery responses beyond even those identified in Defendants' motion to compel. Indeed, Defendants' motion even reflects Plaintiffs' good intentions, identifying a number of written discovery requests "Counter-Defendants Agreed to Supplement." (Dkt. 143 at 10-11.)

Only after Plaintiffs' demanded a call, Defendants' counsel stated that "we have agreed that the portions of [Defendants'] motion to compel that relates to [Plaintiffs'] failure to produce or tell [Defendants] when the production would be forthcoming is moot and [Plaintiffs] need not address it in [their] response." (Ex. A at 5-6.) When asked to clarify, Defendants refused, other than to state that they have not withdrawn their motion to compel to Plaintiffs' interrogatory responses. (*See, e.g.*, *id.*; Ex. C at 3.) Given Plaintiffs' productions and supplementation, Defendants' motion is largely, if not entirely, moot.

**Interrogatory Nos. 6-9 to Art Akiane:** After a reasonable and diligent search, and consistent with their previous statements to Defendants, Plaintiffs supplemented their response to these interrogatories, including producing additional documents, rendering these demands moot.

**Interrogatory Nos. 5 & 6 to Akiane Kramarik:** After a reasonable and diligent search, and consistent with their previous statements to Defendants, Plaintiffs supplemented their

7

responses to these interrogatories, including producing additional documents, rendering these demands moot.

**RFP Nos. 57, 55, and 51**: While Plaintiffs maintain their objection that Defendants' demand for documents is exceedingly overbroad and seeks irrelevant information, Plaintiffs, after a reasonable and diligent search, produced additional documents, rendering this demand moot.

**RFP No. 38 to Akiane Art Gallery:** While Plaintiffs maintains their objection that Defendants' demand for documents is improper, as they seek information not relevant to any party's claim or defense or proportional to the needs of the case, Plaintiffs, after a reasonable and diligent search, produced additional documents, rendering this demand moot.

In addition to the above identified responses, Plaintiffs has produced two additional sets of documents, which Plaintiffs found following a reasonable and diligent search while applying the terms Defendants proposed. Plaintiffs believe these additional documents supplement the remaining requests for production for which Defendants has demanded supplementation. (Dkt. 143 at 10-11.)

**IV.     Plaintiffs Have Not Delayed, and Defendants Have Not Been Prejudiced.**

Defendants suggests, in heated and conclusory terms, that Plaintiffs have delayed in producing documents. (Dkt. 143 at 5.) Defendants mischaracterize the record. Plaintiffs complied with the MIDP order. Plaintiffs then timely responded to Defendants' discovery requests. Once Defendants claimed that Plaintiffs' responses were insufficient, Plaintiffs conferred with Defendants by phone on March 24, 2020. To be clear, while nearly all Defendants' discovery requests were not relevant to a claim or viable defense, Plaintiffs made substantial efforts to gather and collect many additional records to avoid unnecessary motion practice. These additional documents included hundreds of thousands of emails and attachments, *many of which were from*

*archived accounts* that Plaintiffs did not believe contained relevant information. Nonetheless, Plaintiffs worked to agree on a search protocol with Defendants.

Plaintiffs then incorporated many of Defendants' search parameters, even though they were substantially overbroad. For instance, Defendants demanded Plaintiffs search for, review, and produce *all* communications with Defendants, regardless of whether those communications related to any of the issues in the case. While overbroad, Plaintiffs agreed. Plaintiffs also agreed to produce sensitive tax records, even though the documents were irrelevant to Defendants' claims and defenses. This all took place after the COVID19 crisis hit, which further strained resources and slowed the processing and review of the documents.

The process was also cumbersome and time-consuming, due in part to Defendants' repeated refusals to confer by phone about the search parameters. In short, Defendants' claim that Plaintiffs delayed is baseless and ignores Defendants' own intransience and refusal to cooperate in discovery.

**V. Defendants' Demand Irrelevant and Privileged Documents, and Plaintiffs Had Agreed to Provide the Other Documents.**

Defendants' claims of "specific deficient responses" should be rejected because Defendants seek irrelevant and privileged material and because Defendants seek discovery that Plaintiffs have already produced.

*A. Defendants have no right to discovery of irrelevant information.*

**RFP Nos. 53, 51, and 47:** Defendants' requests for documents relating to "third-party funding for this litigation" should be rejected because, even if such documents exist, they would be irrelevant and attorney work product. (Dkt. 143 at 12.) "Litigation funding agreements are often considered by the federal courts to be protected by the work product doctrine or as otherwise irrelevant to the issues at hand." *SecurityPoint Holdings, Inc. v. U.S.*, 2019 WL 1751194, at *5

9

(Fed. Cl. Apr. 16, 2019) (citing *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F.Supp.3d 711 (N.D. Ill. Jan. 6, 2014)).

Indeed, in *Fulton v. Foley*, No. 17-CV- 8696, 2019 WL 6609298, at *2-3 (N.D. Ill. Dec. 5, 2019), which Defendants cites in their motion, the court *rejected* discovery of litigation funding information. The *Fulton* court held, "[a]s a general matter, courts across the country that have addressed the issue have held that **litigation funding information is generally irrelevant to proving the claims and defenses** in this case." *Id.* (emphasis added). So even if litigation funding documents exist, they would not be discoverable because they would be irrelevant and contain the mental impressions of counsel. Thus, Defendants' motion to compel on RFP Nos. 53, 51, and 47 should be denied.

### B. *Defendants' claimed deficiencies in Plaintiffs' interrogatory responses were premature, distort facts, and otherwise conflate this dispute.*

As noted above, nearly all the purported deficiencies Defendants claim are moot, as Plaintiffs at all times agreed to supplement their responses. When Plaintiffs explained to Defendants that, because their responses would supplemented under Fed. R. Civ. P. 33(d), they gave Defendants a choice: (1) supplement their responses after their document production was complete and they could identify documents by bates number; or (2) supplement their interrogatory responses before producing additional documents with the understanding that they would supplement a second time once the production was complete and documents could be identified by bates number. (*See* Ex. B at 2.) Defendants' counsel stated: "please supplement the discovery now and then revise with the bates numbers when your production is complete." (*Id*. at 1.) Despite choosing this proposal, Defendants still filed their motion. Defendants now audaciously claims that Plaintiffs' response is "in doubt" because Plaintiffs have not yet supplemented their responses when, in fact, it was *Defendants* who *chose* two separate supplementations, the second of which

10

would occur *after* Plaintiffs' production was completed. Defendants are now playing games. Instead of waiting for Plaintiffs' supplementation, which Plaintiffs consistently maintained would occur, Defendants raced to the courthouse with a motion that is mainly moot.

### C. *Defendants' demand for verifications forms was likewise premature and now moot.*

Because the parties agreed that Plaintiffs would supplement their interrogatory responses under Rule 33(d) after their final production, Plaintiffs could not certify they had answered "fully" to the prior responses. In other words, because the answers would still be supplemented, by definition they were not complete. FED. R. CIV. P. 33(b)(3). As Plaintiffs stated they would, they supplemented their document production, then supplemented their interrogatories and produced verifications. Plaintiffs have never taken the position that they would not verify their interrogatory responses and indeed have now provided both supplements and verifications. Defendants' claims should be denied for mootness.

## VI. Defendants' Motion to Compel Otherwise Ignores the Parties' Negotiations and Communications, Distorts the Case History, and Confuses the Issues.

Defendants devote much of their motion to compel to asserting a host of incendiary allegations presumably intended to paint Plaintiffs as the dilatory party. These claims are baseless and largely irrelevant to the substance of Defendants' motion. Plaintiffs address each of Defendants' claims in turn.

**Plaintiffs followed the agreed ESI protocol.** Defendants argue that Plaintiffs failed to comply with the parties' ESI protocol because Plaintiffs supposedly "produced every page of every document as individual pages." (Dkt. 143 at 4.) That's simply incorrect: only a small percentage of documents were produced as single pages, and these documents were produced as they were received. Plaintiffs explained that the documents were produced how they were kept and received;

11

nevertheless, Defendants now demand that Plaintiffs go beyond the parties' obligations under the Federal Rules and Local Rules to modify their records by combining files. Further, Defendants' demands would alter the files' metadata, which is inconsistent with the parties' agreed upon protocol and best practices. Defendants' claim that Plaintiffs failed to follow the parties' agreed protocol is baseless and Defendants' motion to compel on this point should be denied.

**Defendants failed to confer regarding their "challenge" to the confidentiality of Plaintiffs' discovery responses.** Defendants' counsel never conferred with Plaintiffs' counsel about allegedly improper confidentiality designations. The Confidentiality Order requires the party "challenging the designation of Confidential Information . . . by conferring directly for counsel for the designating party." (Dkt. 85 § 11(a).) While Defendants sent an email claiming that Plaintiffs' designations were improper (Dkt. 143-3), Plaintiffs asked which responses Defendants were challenging and reiterated Plaintiffs' willingness to confer and reconsider. (*Id.*) Defendants never replied. (*See id.*) Indeed, every time Defendants have requested a particular de-designation, Plaintiffs agreed. Defendants thus failed to comply with the Confidentiality Order, and their motion to compel on this point should be denied. Even so, had Defendants picked up the phone, they would have learned that residential addresses, private emails, and license agreements were confidential (*see, e.g.*, Dkt. 148-2 at 5, 24-25, 38), in part because Counter-Defendant Akiane Kramarik has stalkers, and Plaintiffs sought to prevent her private contact information from being publicly disclosed.[5]

**Defendants' arguments regarding Plaintiffs' general objections are unfounded.** In an effort to manufacture a discovery dispute, Defendants claim that Plaintiffs have imposed

---

[5] Indeed, within a few days of Defendants refiling at docket number 148-2, a suspected stalker emailed those email addresses – some private, some public - and copied all counsel and the court on the correspondence. Moreover, had Defendants informed Plaintiffs that Defendants were filing their motion, Plaintiffs would have only referred to those instances.

12

numerous, improper general objections. For instance, Defendants claim that an objection to the misleading factual and legal contentions in Defendants' discovery requests somehow "directly conflicts with the rules of evidence." (Dkt. 148 at 8.) Contrary to Defendants' assertions, Plaintiffs explicitly stated that they would supplement their responses and did so, and Defendants were unaware of which documents they were provided. (*See* Dkt. 143-4, Letter to Defendants.)

Defendants' claim that Plaintiffs failed to perform a reasonable investigation is also baseless. Plaintiffs investigated their discovery responses prior to serving them, and as Defendants concede, Plaintiffs timely responded and objected to Defendants' requests. (Dkt. 148 at 3.)

Further, in addition to their general objections, Plaintiffs also asserted specific objections in each of their discovery responses. Plaintiffs have properly asserted their objections. *See* FED. R. CIV. P. 34(b)(2)(B); FED. R. CIV. P. 33(b)(4). Thus, even if the Court determines that Plaintiffs' general objections are improper, the Court may disregard the general objections and proceed to the merits of Plaintiffs' specific objections. But again, other than the three requests noted above, Plaintiffs produced documents pursuant to the search protocol the parties corresponded about.

**Plaintiffs complied with the MIDP.** Defendants' claim that Plaintiffs failed to comply with the MIDP is baseless because Plaintiffs produced the documents believed to be relevant as required by the MIDP Order. While the parties dispute the scope of relevancy under the MIDP, this dispute does not render Plaintiffs' production insufficient. Indeed, the MIDP Order does not contemplate full discovery and states that, "[a]fter the initial mandatory discovery responses have been provided, additional discovery may proceed under the Federal Rules of Civil Procedure and as set forth in a case management order to be entered by the Court." (MIDP Order § (A)(1)(a).) Plaintiffs produced documents as required under the Order and proceeded with written discovery. For example, Plaintiffs produced documents relevant to their allegations of copyright

13

infringement, including screen captures of Defendants' infringements, Defendants' social media posts with infringing images, screen captures of websites selling the infringing works, and copies of Plaintiffs' copyright registration certificates. However, many of Defendants' requests were not relevant to recognized defenses, were overly broad, and sought *all* documents and emails between the parties regardless of relevance. Defendants' requests also demanded unrelated contracts, payments and correspondence with third-parties, which were and are not related to any credible defense. Even so, Plaintiffs produced such documents to avoid motion practice.

### VII. Defendants' Request for Fees Should Be Denied, and If Anything, Plaintiffs Should Be Awarded their Reasonable Expenses and Attorneys' Fees Incurred in Defending against Defendants' Premature and Baseless Motion to Compel.

Rule 37(a)(5)(A) provides that the court should award the prevailing party in a motion to compel their reasonable expenses, including attorneys' fees, unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," the opposing party's "nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Each mitigating factor is present here. Defendants never conferred in good faith prior to moving to compel, Plaintiffs' objections were substantially justified, and any purported delays were due to ongoing efforts to confer as to the scope of discovery and search terms. As an award of fees would be unjust, Defendants are not entitled to their attorneys' fees.

Plaintiffs, however, should be awarded their fees. FED. R. CIV. P. 37(a)(5)(B) provides "[i]f the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion their reasonable expenses in cured in opposing the motion." The court should award fees unless the motion was "substantially justified or other circumstances make an award of expenses unjust." *Id*. "[T]he

14

payment of fees is mandatory under Rule 37(a)(5)(B) absent a showing of substantial justification or mitigating circumstances." *ED&F Capital Mkts. Ltd. v. JVMC Holdings Corp.*, No. 18 C 5704, 2020 WL 2307445, at *5 (N.D. Ill. May 8, 2020); *see Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994) ("The great operative principal of Rule 37(a)[(5)(B)] is that the loser pays."). Here, Defendants were not justified in moving to compel without the required Local Rule 37.2 certification and in seeking irrelevant and privileged information. Further, Defendants are not justified in moving to compel, given that they jumped the gun to file a premature motion. Indeed, Plaintiffs consistently informed Defendants that documents and supplements were coming, yet Defendants still filed the motion. Plaintiffs should be awarded their reasonable costs and attorneys' fees for the defense.

WHEREFORE, Plaintiffs respectfully request the Court deny Defendants' motion to compel in its entirety, award Plaintiffs their reasonable fees and expenses incurred in defending against Defendants' motion under Fed. R. Civ. P. 37(a)(5)(B), and for any other and further relief the Court deems proper.

Dated: June 17, 2020

Respectfully submitted,

ART AKIANE LLC, AKIANE ART GALLERY, LLC, AND AKIANE KRAMARIK

By: s/ *Adam Wolek*
Adam Wolek
Marcus Harris
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Phone: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com
mharris@taftlaw.com

Rachel A. Smoot (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Phone: (614) 221-2838
Fax: (614) 221-2007
rsmoot@taftlaw.com

Matthew B. Barbara (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
Phone: (216) 241-2838
Fax: (216) 241-3707
mbarbara@taftlaw.com

*Counsel for Plaintiff and Counter-Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2020, the foregoing was filed with the Clerk of Court via CM/ECF, which provided notice of same to all parties who have made an appearance in this case.

<u>/s/ *Rachel Smoot*</u>