IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-02952 ) |
| ART & SOULWORKS LLC, CAROL CORNELIUSON, CARPENTREE, LLC, and VIRGINIA HOBSON, | ) Judge Edmond E. Chang ) ) Magistrate Judge Jeffrey Cole ) ) |
|     Defendants. | ) ) |
| ART & SOULWORKS LLC, and CAROLYNE CORNELIUSON, | ) ) ) |
|     Defendants - Counter-Plaintiffs, | ) ) |
| v. | ) ) |
| ART AKIANE LLC, | ) ) |
|     Plaintiff - Counter-Defendant, | ) ) |
| and | ) ) |
| AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, | ) ) ) |
|     Counter-Defendants. | ) ) |

**ART & SOULWORKS LLC AND CAROL CORNELIUSON'S
<u>CONSOLIDATED RESPONSE TO ART AKIANE LLC'S MOTIONS TO COMPEL</u>**

Art & Soulworks, LLC ("ASW") and Carolyne Corneliuson ("Corneliuson") submit this consolidated response to Art Akiane LLC's ("Art Akiane") four Motions to Compel, and state as follows:

**INTRODUCTION**

This lawsuit stems from Plaintiff's abrupt termination, without notice, of a more than ten-year relationship between Art Akiane, artist Akiane Kramarik and the Akiane Gallery on the one hand, and ASW and Carol Corneliuson, the sole proprietor of ASW on the other, related to the manufacture, distribution and promotion of products related to art work created by Akiane. Unlike a typical license agreement where the rights of the licensor (ASW) terminates upon termination of the license agreement, the parties entered into numerous oral agreements over the years where Corneliuson and ASW purchased outright significant numbers of Akiane's artwork, thus giving rise to additional rights, including of first sale and to display that are separate from the licensing relationship. In addition to the multiple claims by Plaintiff for copyright infringement, violation of rights of publicity, trademark infringement, among others, ASW has brought counterclaims for breach of contract, tortious interference and breach of the duty of good faith and fair dealing, among others, against Art Akiane, Akiane Kramarik, and the Akiane Gallery.

As set forth in detail in ASW's Memorandum in support of its Motion to Compel (Dkt. 148), for the past several months, Art Akiane has relentlessly charged ASW, Corneliuson and other co-defendants with substantial discovery deficiencies. To that end, Art Akiane has filed five motions to compel (one directed at Carpentree [Dkt. 102]), has sent multiple "deficiency" letters and too many emails to count, all while ignoring its own failure to comply with even the most basic discovery obligations. With respect to the four motions at issue here, directed at ASW and Corneliuson, not only has ASW and Corneliuson answered the multiple sets of discovery served upon them, but at considerable effort and expense, they produced more than ten thousand pages of documents in connection with the Mandatory Initial Discovery Pilot project and Plaintiffs'

requests.[1] ASW and Corneliuson's initial responses are attached hereto as **Exhibit A**. On April 21, 2020, ASW and Corneliuson also made a first supplement to their responses to Art Akiane's Interrogatories and Requests for Production following three separate meet and confer conferences that occurred in late March, 2020, in an effort to avoid court intervention. Following another meet and confer conference in early June, ASW and Corneliuson amended their supplemental responses to include additional answers, and made an additional document production. The second amended responses are attached hereto as **Exhibit B**.

Where ASW and Corneliuson have stood firm on certain responses despite the continued barrage of "still not good enough" missives from Art Akiane, they have done so because they are unable to comply with requests seeking a recitation of "every instance" a certain action was taken over the course of more than 10 years. As noted below, Art Akiane's insistence that Corneliuson or ASW provide such a recitation is not only impossible, it is incredibly overbroad and in no way proportional to the needs of this case. That is because it encompasses conduct permitted by the parties' written License Agreement (attached as **Exhibit C**) and multiple oral agreements, which gave broad rights to ASW to display and use Akiane's work for promotional purposes. Thus, even if ASW *could* recite every time it modified Akiane's art for promotional purposes, the request encompasses conduct allowed by the parties' agreements. *See Zambrano v. Sparkplug Capital, LLC*, 2020WL 1847396, at 4 (N.D. Ill. 2020) (holding as overbroad a request seeking "all" documents reflecting "any" allegation or conclusion that Plaintiff violated the law); *see also*, *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 2018 WL 4356594 at 4 (N.D. Ill. 2018) (holding as overbroad and vague, a request seeking "all documents that relate" to disputes); and *Fields v.*

---

[1] Art Akiane served five sets of discovery requests on ASW consisting of 18 interrogatories, 41 document requests, and three requests to admit that each contained 100 or so separate and distinct documents. In the same vein, Art Akiane served three sets of discovery requests on Corneliuson, consisting of 9 interrogatories, 37 document requests, and three requests to admit that each contained 100 or so separate and distinct documents.

*Wright Medical Technology, Inc.*, 2017 WL 3048867 at 3 (N.D. Ill. 2017) (finding a request seeking general information for a period of thirty years overbroad and not sufficiently targeted). Rather than relying on a litany of objections or refusing to answer, however, ASW and Corneliuson attempted to answer the requests to the best of their abilities.

To avoid the expense of responding to the four motions, ASW repeatedly requested that Art Akiane withdraw the portions of its four motions directed to requests that have been sufficiently answered, either initially or through supplements. Art Akiane has refused to do so. Art Akiane's motions should be denied, and ASW and Corneliuson should be deemed in compliance with the requests. ASW should be awarded appropriate fees for responding to this motion.

**ASW's Response to Art Akiane's Interrogatories**

**No. 1:** Art Akiane requests that ASW "[i]dentify and describe *all* instances in which [it] modified any of Art Akiane's Works." This request is not only overbroad and unduly burdensome, it is not practical. The License Agreement and oral agreements between the parties gave ASW permission to modify Akiane's works – something it has readily admitted to doing during the parties' entire 10+ year relationship. (See Ex. C.) ASW simply cannot recall or identify *every* instance of modification in a decade; *i.e.,* ten years of emails, internet postings, marketing materials, tradeshows, website displays, sales presentations, mock ups, the creation of products, promotional materials, etc. Nevertheless, ASW has supplemented its response with previously produced documents and recently produced supplemental documents identifying representative examples of instances in which ASW modified Akiane's Works. ASW has answered this Interrogatory as best as it could, and to the extent the issue is whether ASW *in fact* modified Akiane's work, it has admitted that it did. ASW's response should be deemed sufficient.

**No. 2:** This Interrogatory requests that ASW "identify and describe *all* instances in which [it] printed or directed another person or entity to print Art Akiane's Works." In response, per FRCP 33(d), ASW produced a range of documents (ASW016042-16064) which shows the names of the people and entities ASW directed to print Akiane's works, what they printed, and the amount they printed. Contrary to Art Akiane's claim in its motion (see p. 5 of Dkt. 120), Digital Color Print Center is featured prominently in the documents referenced in ASW's responses. The redacted entries on those pages relate to non-Akiane-related art sales of ASW that are not at issue in this case. These documents are sufficient to respond to Interrogatory No. 2.

**No. 3:** This interrogatory serves as a perfect example of Art Akiane's hypocrisy in connection with its position on discovery. While demanding that ASW "identify *all* instances in which it sent, shared, distributed, or permitted other persons to download images of Akiane's art through the internet," Art Akiane refused to provide similar information to ASW, arguing that such a request is "overly broad and compliance would impose an undue burden because it is disproportionate to the needs of the case." But discovery is a two-way street and Art Akiane should not be allowed to demand what it has refused to provide. *See Johnstone v. Fox*, 1986 WL 7978, at 1 (N.D. Ill. 1986) (reiterating that "discovery is a two-way street.") Nevertheless, ASW previously supplemented its response to this Interrogatory, and has further supplemented its response with recently produced supplemental documents sufficient to show examples of the broad type of conduct at issue in this request. (See Ex. B).

**No. 4:** This Interrogatory is duplicative of Interrogatory No. 3, *supra.* As previously noted, despite Art Akiane's refusal to provide ASW with similar information, ASW has supplemented its response, though the request continues to be overbroad. (See Ex. B); *see also, Duncanson v. Wine and Canvas IP Holdings LLC,* 2018 WL 2723913 at 6 (S.D. Ind. 2018) (finding request

seeking "every email, text message, and Facebook post" the plaintiff has "ever participated in" in a copyright infringement case not proportional to the needs of the case).

**No. 5:** This Interrogatory requests that ASW "identify and describe *all* instances in which [it] received permission to produce, reproduce, duplicate, copy, modify, or print Art Akiane's Works" from any Akiane entity or Kramarik family member. In response to this Interrogatory, ASW identified several written and oral agreements between the parties permitting ASW to do just that. Where ASW could find additional examples of the many times that Mark Kramarik was put on notice of ASW's displays or productions, ASW attached these instances to the Response to Art Akiane's Motion for Preliminary Injunction, and directed Art Akiane to those exhibits. Furthermore, once art was approved by Art Akiane, ASW did not need permission to print or re-print the same art. Therefore, it is unclear what additional information Art Akiane is seeking that ASW has not already provided.

**No. 6:** This Interrogatory seeks identification of *all* persons ASW engaged, retained, employed, or otherwise worked with to print Akiane's works. Since this is duplicative of Interrogatory No. 2, ASW's response is sufficient for the same reasons set forth in Interrogatory No. 2, *supra*.

**No. 7:** This Interrogatory seeks identification of all damages or other harm suffered by ASW as a result of the misconduct alleged in ASW's pleadings. Despite ASW's agreement to supplement its response to this Interrogatory during the parties' meet and confer, Art Akiane moved to compel anyway. ASW has since supplemented its response with additional documents. (See Ex. B.) Moreover, this request is premature as discovery is still ongoing and ASW continues to incur damages as a result of Art Akiane's bad faith actions.

**No. 9:** This Interrogatory asks ASW to support of its tortious interference claim by "identify[ing] each person with whom [it] had a contract, interest, or business expectancy," which it lost as a result of the termination of the parties' relationship. Contrary to Art Akiane's assertion in this motion, in both its initial and supplemental responses, ASW specifically identified the entities whose business ASW lost as a result of Art Akiane's abrupt and bad faith termination of the parties' relationship and the tortious interference alleged against Akiane Kramarik. (See Ex. A and B). For example, ASW identified the following: Art Akiane, Mark Kramarik and other Kramarik family members, Carpentree, Mardel, St. Jude Shop, Munce Stores, Parable Store, Rainbow West, as well as customers from its own website and Amazon marketplace. Thus, ASW has sufficiently answered this Interrogatory.

**No. 10:** Once again, Art Akiane misrepresents ASW's response. Interrogatory No. 10 asks ASW to describe in detail the factual basis for its defense of acquiescence. ASW identified with specificity the documents which contained the factual basis for its defense of acquiescence, namely: ASW's Response to Art Akiane's Motion for Temporary Restraining Order, Motion for Preliminary Injunction, ASW's Counterclaim, and its answer to Art Akiane's Amended Complaint, as well as the exhibits to these pleadings. Furthermore, ASW specifically identified the Kramarik family members with whom it exchanged email correspondences, which demonstrate acquiescence to ASW's conduct, namely: Mark Kramarik, Jeanlu Kramarik, and Delfini (Raphael) Kramarik. ASW has sufficiently answered this Interrogatory.

**No. 11:** This Interrogatory asks ASW to describe in detail the factual basis for its defense of copyright misuse. ASW's response to this Interrogatory is sufficient because ASW provided in detail the factual basis for its defense of copyright misuse in its Response to Art Akiane's Motion for Temporary Restraining Order, Motion for Preliminary Injunction, ASW's

Counterclaim, and its answer to Art Akiane's Amended Complaint, as well as the exhibits to these pleadings. ASW directed Art Akiane to these documents and provided additional factual support for this defense in its response to this Interrogatory. Thus, ASW has sufficiently answered this Interrogatory.

**No. 12:** This Interrogatory seeks the factual basis for ASW's defense of unclean hands. ASW sufficiently answered this Interrogatory because it directed Art Akiane to the documents that contain the factual basis for this defense, specifically, ASW's Response to Art Akiane's Motion for Temporary Restraining Order, Motion for Preliminary Injunction, ASW's Counterclaim, and its answer to Art Akiane's Amended Complaint, as well as the exhibits to these pleadings. ASW provided additional factual support for this defense in its response to this Interrogatory. Thus, ASW has sufficiently answered this Interrogatory.

**No. 14:** This Interrogatory asks ASW to "identify and describe *all* instances in which [it] added [certain] text" to Akiane's Works. ASW has responded to this Interrogatory to the best of its ability. Given the parties' 10+ year relationship and the fact that the entire purpose of the relationship was to create, promote and sell products using Akiane's works, the task of identifying *every* instance in which ASW added scripture or its website address or other language to Akiane's works is impossible. Nevertheless, ASW has supplemented its response with both previously produced documents and recently produced supplemental documents identifying representative examples of instances in which quoted text were added to products created by ASW for Akiane's Works. To the extent that the goal was to have ASW admit that it did so under certain circumstances, this goal was accomplished.

**No: 15:** Interrogatory No. 15 asks ASW to "identify and describe *all* instances in which [it] removed, cropped out, or altered text on any of Art Akiane's Works." Given the fact that the

written license agreement and the oral agreements that arose during the parties' 10+ year relationship allowed ASW to modify or make derivative works for purposes of promoting Akiane's work, it is impossible for ASW to identify *every* instance in which a "text" was removed, cropped out, or altered from Akiane's works. As previously explained in multiple pleadings, certain websites or social media platforms automatically "crop" pictures posted so that the art appears as a thumbnail. Despite the unduly burdensome nature of this Interrogatory, ASW identified the different ways in which Akiane's signature was either enlarged or automatically modified (all with the knowledge of the Kramarik family, who would often use the same images on Art Akiane's and Akiane Gallery, LLC's websites). ASW has attempted to answer this overbroad request, but cannot provide more detailed information than it already has.

### ASW's Response to Art Akiane's Requests for Production

**No. 19:** Art Akiane has withdrawn its motion to compel directed at this request.

**No. 20:** Art Akiane has withdrawn its motion to compel directed at this request.

**No. 34:** This request seeks documents sufficient to show all payments from ASW to Corneliuson. ASW previously supplemented it response to this request to the best of its ability. (See Ex. B.)

### Corneliuson's Response to Art Akiane's Interrogatories

**No. 1:** This Interrogatory asks Corneliuson to identify all instances in which she modified Akiane's works. Since this is duplicative of Interrogatory No. 1 to ASW, Cornelusion's response is sufficient for the same reasons set forth in ASW's response to Art Akiane's Interrogatory No. 1, *supra*. Furthermore, Corneliuson has supplemented her response to this Interrogatory with previously produced documents and recently produced supplemental documents. (See Ex. B.)

**No. 2:** This Interrogatory asks Corneliuson to identify and describe *all* instances in which she added certain text to Akiane's works. Since this is duplicative of Art Akiane's Interrogatory No. 14 to ASW, Corneliuson's response to is sufficient for the same reasons set forth in ASW's response to Art Akiane's Interrogatory No. 14, *supra*. Furthermore, Corneliuson has supplemented her response to this Interrogatory with previously produced documents and recently produced supplemental documents. (See Ex. B.)

**No. 3:** This Interrogatory asks Corneliuson to identify and describe *all* instances in which she removed, cropped out, or altered text on any of Art Akiane's Works. Since this is duplicative of Art Akiane's Interrogatory No. 15 to ASW, Corneliuson's response is sufficient for the same reasons set forth in ASW's response to Art Akiane's Interrogatory No. 15, *supra*.

**No. 4:** This Interrogatory seeks identification of all instances in which Corneliuson sent, shared, distributed, or permitted other persons to download images relating to Art Akiane's Works through the Internet, including through social media. Since this is duplicative of Art Akiane's Interrogatory Nos. 3 and 4 to ASW, Corneliuson's response is sufficient for the same reasons set forth in ASW's responses to Art Akiane's Interrogatory Nos. 3 and 4, *supra*. Furthermore, Corneliuson previously supplemented her response to this Interrogatory, and has further supplemented her response with recently produced supplemental documents. (See Ex. B.)

**No. 5:** This Interrogatory seeks identification of *all* instances in which Corneliuson printed or directed another person or entity to print Art Akiane's Works. Since this is duplicative of Art Akiane's Interrogatory Nos. 2 and 6 to ASW, Corneliuson's response is sufficient for the same reasons set forth in ASW's responses to Art Akiane's Interrogatory Nos. 2 and 6, *supra*.

**No. 7:** Art Akiane has withdrawn its motion to compel directed at this Interrogatory.

**No. 8:** This Interrogatory asks Corneliuson to identify and describe *all* instances in which she received permission from any Akiane entity or Kramarik family member to produce, reproduce, duplicate, copy, modify, or print Art Akiane's Works. Since this is duplicative of Art Akiane's Interrogatory No. 5 to ASW, Corneliuson's response is sufficient for the same reasons set forth in ASW's response to Art Akiane's Interrogatory No. 5, *supra*.

**No. 9:** This Interrogatory seeks identification of all damages or other harm suffered by ASW as a result of the misconduct alleged in ASW's pleadings. Since this is duplicative of Art Akiane's Interrogatory No. 7 to ASW, Corneliuson's response is sufficient for the same reasons set forth in ASW's response to Art Akiane's Interrogatory No. 7, *supra*. Furthermore, Corneliuson previously supplemented her response to this Interrogatory. (See Ex. B.)

### Corneliuson's Response to Art Akiane's Requests for Production

**No. 19:** Art Akiane has withdrawn its motion to compel directed at this request.

**No. 32:** This requests seeks Corneliuson's federal, state, and local income tax returns for calendar years 2006 to the present. In response, Corneliuson indicated that she files joint tax returns with her husband, who is not a party to this litigation and who does not consent to the disclosure of personal financial information, even on an attorneys' eyes only basis. It is unclear the purpose of the joint returns, including those going back 14 years. Corneliuson did produce ASW's tax returns as well as other sensitive accounting information related to the business. Corneliuson's refusal to produce the personal tax returns that relate to her non-party husband's finances is warranted by the sensitive nature of the documents. Cornelusion's response should be permitted to stand.

**No. 33:** This requests seeks documents sufficient to show all payments Corneliuson received from ASW. Corneliuson previously supplemented her response to this Request and has

answered the request to the best of her ability. (See Ex. B.)

## CONCLUSION

Therefore, ASW and Corneluison respectfully request that this Court deny Art Akiane's Motions to Compel, order Art Akiane to reimburse ASW and Corneliuson for their reasonable attorney's fees under Fed. R. Civ.P. 37(a)(5)(A) in responding to them, and grant ASW and Corneliuson all other relief the Court deems just and proper.

Dated:  June 19, 2020

Respectfully submitted,

/s/ Nicole N. Auerbach

Nicole N. Auerbach
Salvador Carranza
Kehinde Durowade
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL  60661
(312) 676-5469 - Telephone
(312) 676-5499 - Facsimile
nicole.auerbach@elevatenextlaw.com
salvador.carranza@elevatenextlaw.com
kehinde.durowade@elevatenextlaw.com

12

## **CERTIFICATE OF SERVICE**

I certify that on June 19, 2020, I caused a copy of the attached Consolidated Response to Art Akiane's Four Motions to Compel to be served upon all counsel of record via the Court's ECF system.

*/s/ Nicole N. Auerbach*
Nicole N. Auerbach
