# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 19-cv-02952<br>)<br>) Judge Edmond E. Chang |
| ART & SOULWORKS LLC, CAROL CORNELIUSON, CARPENTREE, LLC, and VIRGINIA HOBSON, | )<br>) Magistrate Judge Jeffrey Cole<br>)<br>) |
| Defendants. | )<br>) |
| ART & SOULWORKS LLC, and CAROLYNE CORNELIUSON, | )<br>)<br>) |
| Defendants - Counter-Plaintiffs, | )<br>) |
| v. | )<br>) |
| ART AKIANE LLC, | )<br>) |
| Plaintiff - Counter-Defendant, | )<br>) |
| and | )<br>) |
| AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, | )<br>)<br>) |
| Counter-Defendants. | ) |

**ART & SOULWORKS LLC AND CAROL CORNELIUSON'S**
**ANSWER TO CARPENTREE, INC.'S CROSS-CLAIMS**

Art & Soulworks LLC and Carolyne Corneliuson ("ASW Defendants") hereby answer Carpentree, Inc.'s Cross-Claims as follows:

### Count I (Breach of Warranty Against Infringement)

1. Cross-Plaintiff is Carpentree, Inc. ("Carpentree").

**ANSWER:** ASW Defendants admit the allegations contained in paragraph 1.

2. Cross-Defendants are Art & Soulworks LLC and Carolyne Corneliuson (collectively "ASW").

**ANSWER:** ASW Defendants admit the allegations contained in paragraph 2.

3. Carpentree has filed its answer to the Second Amended Complaint simultaneously with this cross-claim. In its answer, Carpentree denies all substantive allegations of wrongdoing. By way of alternative pleading, Carpentree asserts this cross-claim against ASW.

**ANSWER:** ASW Defendants admit that Carpentree denied all substantive allegations of wrongdoing and by alternative pleading, asserted a cross claim against ASW Defendants. ASW Defendants deny that they engaged in any unlawful conduct as set forth in the Second Amended Complaint and Carpentree's cross-claim.

4. Beginning in about July, 2011 Carpentree and ASW have had a business relationship whereby Carpentree purchased from ASW certain products for its own resale.

**ANSWER:** ASW Defendants admit the allegations contained in paragraph 4.

5. This includes the products that are the subject of Plaintiff's Second Amended Complaint.

**ANSWER:** ASW Defendants admit the allegations contained in paragraph 5.

6. Moreover, on February 27, 2019 ASW sold to Carpentree additional works at a significant discount purportedly pursuant to an agreement with Art Akiane, LLC ("Art Akiane").

**ANSWER:** ASW Defendants admit they sold Carpentree various works as alleged in paragraph 6.

7. ASW never informed Carpentree that any of the works it sold were produced or being sold beyond the terms of its express, oral, and/or implied licenses with Art Akiane.

**ANSWER:** ASW Defendants deny they sold Carpentree any works that were produced or being

sold beyond the terms of its agreements with Art Akiane. ASW Defendants deny any wrongdoing alleged in paragraph 7.

8. ASW knew that the purpose of Carpentree purchasing the products from ASW was to resell the products on Carpentree's website.

**ANSWER:** ASW Defendants admit they knew Carpentree intended to resell product on its website but deny that ASW Defendants had knowledge or control over the manner in which Carpentree sold the works once they were out of the control of ASW Defendants. ASW Defendants further deny any wrongdoing alleged in paragraph 8.

9. ASW did not disclose to Carpentree any restrictions on the use of the products or any claims by Art Akiane that Carpentree's resale of the products was subject to restrictions identified in the various license agreements between ASW and Art Akiane.

**ANSWER:** ASW Defendants deny that Carpentree was restricted in the use of the products in any way and at the time of the sale, and deny that Art Akiane claimed that the resale was subject to any restrictions. ASW Defendants deny any wrongdoing alleged in paragraph 9.

10. ASW is a merchant regularly dealing in the goods of the kind which it sold to Carpentree.

**ANSWER:** ASW Defendants admit the allegations contained in paragraph 10.

11. By not disclosing any limitation on the use and resale of the products that ASW sold to Carpentree, ASW breached the warranty against infringement provided by the Illinois Uniform Commercial Code, 810 ILCS 5/2-312(3).

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 11.

12. Carpentree has incurred damages as a result to ASW's breach of warranty.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 12.

### Count II (Breach of Warranty of Title)

13. Carpentree restates paragraphs 1 through 9 of Count I of its cross-claim against ASW as paragraph 13.

**ANSWER:** ASW Defendants repeat and reallege their responses to paragraphs 1 through 12 as though fully set forth herein as their answer to the allegations of paragraph 13.

14. By not disclosing any limitation on the use and resale of the products that ASW sold to Carpentree, ASW breached the warranty of title provided by the Illinois Uniform Commercial Code, 810 ILCS 5/2-312(1).

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 14.

15. Carpentree has incurred damages as a result to ASW's breach of warranty.

**ANSWER:** ASW Defendants deny the allegations contained in paragraph 15.

### Count III (Contribution Pursuant to the Illinois Joint Tortfeasor Contribution Act)

16. Carpentree restates paragraphs 1 through 9 of Count I of its cross-claim against ASW as paragraph 20.

**ANSWER:** ASW Defendants repeat and reallege their responses to paragraphs 1 through 15 as though fully set forth herein as their answer to the allegations of paragraph 16.

17. At all relevant times, there was in force and effect a statute commonly known as the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 et seq., which provides for the proportionate assessment of damages among the parties found liable of Illinois state law claims to an injured plaintiff according to their respective percentage of fault.

**ANSWER:** This paragraph is a conclusory statement to which no answer is required. To the extent an answer is required, ASW Defendants deny that they have acted unlawfully in any way that would trigger the Illinois Joint Tortfeasor Contribution Act.

18. If Carpentree is found liable to plaintiff on its state law claims, then Carpentree is entitled to contribution from cross-claim defendants ASW in the amount of their pro rata share of fault.

**ANSWER:** ASW Defendants deny any wrongdoing and deny the allegations contained in paragraph 18.

Dated: June 24, 2020

Respectfully submitted,

*/s/ Nicole N. Auerbach*

Nicole N. Auerbach
Salvador Carranza
Kehinde Durowade
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
(312) 676-5469 - Telephone
(312) 676-5499 - Facsimile
nicole.auerbach@elevatenextlaw.com
Salvador.carranza@elevatenextlaw.com
Kehinde.durowade@elevateservices.com

## CERTIFICATE OF SERVICE

I certify that on June 24, 2020, I caused a copy of the foregoing to be served upon all counsel of record via the Court's ECF system.

<i>/s/ Nicole N. Auerbach</i><br>
Nicole N. Auerbach

Case: 1:19-cv-02952 Document #: 159 Filed: 06/24/20 Page 6 of 6 PageID #:9312