# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC,<br>    Plaintiff,<br><br>v.<br><br>ART & SOULWORKS LLC, and<br>CAROL CORNELIUSON,<br>    Defendants. | Case No. 19-cv-02952<br><br>Judge Edmond E. Chang<br><br>Mag. Judge Jeffrey Cole<br><br>*Oral Argument Requested* |

## ART AKIANE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY TO DKT. 160

  Art Akiane LLC ("Plaintiff") respectfully requests leave to file a sur-reply to correct three newly-raised points by Art & Soulworks, LLC's and Carolyne Corneliuson's ("Defendants") Reply brief.

  *First*, Defendants suggest that Plaintiff's productions were untimely because its discovery responses were served on March 2, before the official COVID shutdown, and documents came later. (Dkt. 160 at 5.) Defendants' point is a half-truth. While the responses were timely served pre-COVID (and objected due to irrelevance), the parties meet and confer ended March 23 – Illinois's shutdown began March 21. Plaintiff then worked with Defendants through late-April on a search protocol (*see, e.g.*, Dkt. 157-4 at 1-8), and informed them it would produce more documents. (*See* Dkts. 157-3 & 157-4). And while Defendants only cite the June 3 production, thousands of documents were produced *on May 6*, then *again* on June 3. (Dkt. 157-3 at 2-8). It was *after* the March 23 conference that document processing and production was slowed by COVID issues.[1] In any event, Plaintiff has complied with Defendants' requests, so it is unclear

---

[1] Since March 23, Plaintiff worked on collecting and processing additional documents stemming from the meet and confer. After an additional 250,000+ documents were collected, the parties worked on a search protocol to narrow the amount, and agreed to a protocol in late April. Plaintiff then produced documents on May 6, and informed Defendants on May 5, 6, 20, 22 and 29 (Dkt. 157-3 & 157-4) that it would produce more. Defendants filed their motion on May 29. Plaintiff produced more documents on June 3.

why Defendants continue to press their motion; unlike the Defendants' position regarding Plaintiff's discovery requests—to "st[and] firm on certain responses" to produce nothing or nothing further (Dkt. 158 at 3)[2]—Plaintiff's position was the opposite, actively supplementing its discovery responses.

*Second*, Plaintiff complied with the Confidentiality Order. Whereas Paragraph 11(a) of that Order required Defendants to meet and confer over any disputes over a confidentiality designation; Defendants have not done so. If Defendants intended to challenge a designation, the parties should have met and conferred over that dispute before bringing it to the Court.

*Third,* it is not correct that Plaintiff failed to previously produce documents pursuant to the MIDP – it produced documents on November 15, 2019. The 'millions of pages' Defendants reference (Dkt. 160 at 3) were a separate issue that stemmed from ASW's demands made during the March 23, 2020 meet and confer. Plaintiff believes those requests sought irrelevant and overly-broad documents, but produced them regardless pursuant to the agreed-upon search protocol to avoid a discovery dispute.

Dated: June 26, 2020            Respectfully submitted,

                                         ART AKIANE LLC, AKIANE ART GALLERY, LLC, AND AKIANE KRAMARIK

                                         By: s/*Adam Wolek*
                                                   Adam Wolek
                                                   TAFT STETTINIUS & HOLLISTER LLP
                                                   111 E. Wacker Drive, Suite 2800
                                                   Chicago, Illinois 60601
                                                   Phone: (312) 836-4063
                                                   Fax: (312) 966-8598

---

[2] Defendants' statement that they are standing firm on not providing discovery (Dkt. 158 at 3) is at odds with their position that they promised to supplement their responses. (Dkt. 160 at 3.)

Rachel A. Smoot (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Phone: (614) 221-2838
Fax: (614) 221-2007
rsmoot@taftlaw.com

*Counsel for Plaintiff and Counter-Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2020, the foregoing was filed with the Clerk of Court via CM/ECF, which provided notice of same to all parties who have made an appearance in this case.

/s/ *Adam Wolek*