**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ART AKIANE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19-cv-02952 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ART & SOULWORKS LLC, | ) | |
| CAROL CORNELIUSON, | ) | |
| CARPENTREE, LLC., and | ) | |
| VIRGINIA HOBSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On August 28, 2020, the Court entered a preliminary injunction order in this dispute over Art & Soulworks' online display of Akiane Kramarik's artwork. R. 177. In part, the Court held that certain social media posts by Art & Soulworks—referred to in the preliminary injunction order as the "montage posts"—were likely to infringe on Art Akiane's intellectual property rights. R. 177 at 46. As a result, the Court ordered Art and Soulworks to go back through its social media pages and delete any montage posts that are currently visible to the public. *Id*. at 67. The Defendants now move to reconsider that part of the preliminary injunction decision and also ask to stay enforcement until the reconsideration motion is decided. R. 181. For the reasons explained below, the motion to reconsider is denied.

Federal Rule of Civil Procedure 54(b) says that a court may reconsider an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed R. Civ. P. 54(b). Motions for reconsideration serve the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). But a motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (cleaned up); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("[R]econsideration is not for rehashing previously rejected arguments.").

Here, Art & Soulworks' primary argument—which originally was buried in a footnote in the Defendants' 31-page response brief—is as follows: the montage posts were "derivative works" allegedly created under the License Agreement. R. 182 at 6. And under 17 U.S.C. § 203(b)(1), "[a] derivative work prepared under authority of [a licensing] grant before its termination may continue to be utilized under the terms of the grant after its termination… ." R. 182 at 8. In other words, the License Agreement allowed Art & Soulworks to create derivative works because it gave the Defendant the right to use Akiane's artwork "for all promotional purposes." R. 182 at 8-9. Art & Soulworks took advantage of that licensing provision by creating the montage posts, which allegedly are derivative works. Because they allegedly are derivative works, 17 U.S.C. § 203(b)(1) applies. Under that statute, the right to use the derivative works survives the termination of the License Agreement. R. 182 at 9.

But all of this rests on an assumption that the original footnote did not fully address, namely, that the montage posts actually count as "derivative works" under the Copyright Act (as distinct from the colloquial sense of the word "derivative"). That assumption is not accurate.

Under the Copyright Act, a "derivative work" is defined as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. But all that Art & Soulworks did was superimpose religious scripture and other text—none of which itself was copyrightable—onto the artwork. That is not enough to "readily distinguish[]" the montages from the underlying artwork. *See Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 516 (7th Cir. 2009). On the preliminary-injunction record, the montages did not recast, transform, or adapt the underlying artwork with sufficient originality such that the montages count as "derivative works." It is true that the preliminary-injunction order referred, at times, to the montage posts as "derivative," but that term was used in its colloquial sense rather than as a matter of the copyright law.

For these reasons, the motion to reconsider is denied, and the request for a stay is also denied as moot. For now, the tracking status of October 9, 2020 remains in place (but no appearance is required, as the case will not be called).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 4, 2020

2