**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ART AKIANE LLC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 2952 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ART & SOULWORKS LLC and | ) | |
| CAROL CORNELIUSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Art Akiane is named after Akiane Kramarik, who painted the originals of the artworks involved in this case, and owns the copyright to the dozen or so paintings at issue. There are numerous websites discussing Akiane Kramarik's undisputed, artistic, prodigal talents. Many of her paintings depict the likeness of Jesus, [Dkt. #97, ¶ 31], and many, if not most, have a spiritual theme. Art Akiane licensed commercial usage and development of those works to Art & SoulWorks, and the dispute is, essentially, over whether Art & SoulWorks went beyond the bounds of the parties' agreement. In its simplest form, this is a suit involving, at least formally, entitlement to marketing rights. [*See* Dkt. # 165, at 2-3].[1]

---

[1] The plaintiff contends that the case was brought because defendant allegedly "sold counterfeit versions of Art Akiane's artwork, and willfully exceeded a licensing agreement for their own unlawful financial gain. ASW also [allegedly] digitally manipulated the artwork to erase Akiane Kramarik's ("Akiane") signature on several pieces. ASW [allegedly] manipulated the artwork to falsely claim they owned the copyright to Akiane's work." [Dkt. #165 at 2]. There is a good deal more in plaintiff's allegations but this will suffice to give a flavor of the accusations being made.

Discovery began in November 2019. But by March 2020, things had reached an unfortunate impasse. Local Rule 37.2 recognizes that disputes in discovery are inevitable and provides a mechanism to deal with impasses, like those which occurred in this case. The Rule requires parties to negotiate in good faith should they find themselves involved in discovery disputes that initially, at least, seem unresolvable. Like the concept of proportionality in Rule 26, "good faith," as used in Rule 37.2, has real significance. An ultimatum on one side, met with steadfast defiance on the other, will seldom constitute the good faith required by Local Rule 37.2.[2]

Art Akiane tells us that its counsel and attorneys from Art & SoulWorks had a conference on March 20, 2020. [Dkt. ## 120, at 2; 124, at 2; 126, at 2]. It did not resolve the dispute. The parties' counsel lay the blame for deficiencies at the feet of their opponents. It is not going out on a limb to suspect that a single meeting that engenders four motions to compel and hundreds of pages of filings suggests a certain degree of obduracy in discovery by both sides. *Cf. Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016). And we know from the letter plaintiff's counsel wrote to defendants' counsel on March 5, 2020 that plaintiff never altered its original position. [Dkt. #120-1].

This is not to conclude that a party must yield and give in to the other side's demands, even where that party is convinced of the rightness (and the importance) of the position it is espousing. It is, however, to suggest that all counsel ought to be reasonably flexible in resolving discovery disagreements. Or, as Judge Shadur was fond of saying, lawyers on both sides should have an instinct for the jugular not the capillary. *HyperQuest, Inc. v. N'Site Solutions, Inc.*, 2008 WL 3978310, 2

---

[2] Unfortunately, given the present extent of the various motions supported by some 500 pages of materials, one may be concerned whether Rule 26(b)(1) and Local Rule 37.2 have been given their proper due.

(N.D.Ill. 2008).

While it is plaintiff's argument throughout its motions that its requests are "relevant" to its copyright claims, that position is open to question given the open-ended scope of plaintiff's discovery requests. But beyond an open-ended claim of relevance, no explanation is given as to why incidents occurring outside the limitations period, 17 U.S.C. §507(b), *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014), would be "relevant" in this case. Perhaps there is an argument to be made. But it has not been offered, at least so far as we have been able to ascertain. One possible course would be to order the parties to have another hopefully more meaningful conference pursuant to Local Rul 37.2. But, a briefing schedule has been set, and it will be honored. However, future discovery motions must include a separate joint statement of the parties' efforts and time spent to resolve their disputes over each of the document requests at issue, along with a statement of the parties' final positions taken during negotiations, supported by the pertinent authority they relied upon during negotiations, on each request that remains in dispute. *See Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *2 (N.D. Ill. 2016); *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 2007 WL 2713352 (N.D. Ill. 2007); *O'Toole v. Sears, Roebuck & Co.*, 302 F.R.D. 490, 491 (N.D. Ill. 2014). The purpose is not to make it difficult for counsel or to needlessly dilate things. But experience has shown that the procedure is helpful to counsel in resolving issues that at first blush may appear intractable.

## ARGUMENT

The plaintiff has filed four motions to compel responses to interrogatories and production of documents – three of which are against defendant, Art & Soulworks. [Dkt. ##120, 124, 126]. The motions against Art & Soulworks, are granted in part and denied in part.

## A.

The resolution of discovery disputes is committed to the court's extremely broad discretion. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Cobian v. McLaughlin*, 804 F. App'x 398, 400 (7th Cir. 2020). At the same time, discovery, like all matters of procedure, has ultimate and necessary boundaries. Or as Judge Moran succinctly put it, "[t]he discovery rules are not a ticket to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts – and no more." *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055, at *2 (N.D. Ill. 1994). Discovery of material not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26. Thus, it is proper to deny discovery of material that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351-352 (1978).

An abuse of discretion occurs when no reasonable person could take the view of the district court. *Pittman by & through Hamilton v. Cty. of Madison, Illinois*, 2020 WL 4727347, at *4 (7th Cir. 2020). That means that where discretion is involved there are no hard and fast rules. *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937 (7th Cir. 1995). Indeed, two decision-makers—on virtually identical facts—can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *See McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987). *Accord Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Elliot v. Mission Trust Services,*

4

*LLC*, 2015 WL 1567901, 4 (N.D. Ill. 2015). As a result, a party that obdurately maintains its position without budging could insist that it was "right," but find itself on the losing side when the matter comes before the court, and the court's vast discretion in overseeing discovery leads it to accept the other side's "right" position.

To overturn a ruling on a discovery motion requires a showing that the ruling was "clearly erroneous" or contrary to law. *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016). That is an exceedingly difficult standard to meet. *See Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir.2001). As the Seventh Circuit famously quipped, a decision is clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish." *Id.* In more prosaic terms, the clear error standard means that the district court can overturn the magistrate judge's ruling only if it is left with "the definite and firm conviction that a mistake has been committed." *United States v. Friedman*, 2020 WL 4913648, at *10 (7th Cir. 2020).

Thus, a negotiated outcome is more likely to give both sides a mutually satisfactory – although not a "perfect" – resolution, even where each side gets something short of the 100% it was demanding through a motion. And, a willingness to be conciliatory is often more a sign of strength and effectiveness than the opposite. But, motions have been made by both sides, and so we turn to them.

## B.

The 2015 Amendment to Rule 26(b) governs the scope of discovery in federal litigation and permits only "proportional" discovery that is relevant to the claims or defenses. *See also Kaye v. New York City Health & Hosps. Corp.*, 2020 WL 283702, at *2 (S.D.N.Y. 2020)("Moreover, such an inquiry must be proportional to the facts and circumstances of the case."); *Gross v. Chapman*, 2020

WL 4336062, at *3 (N.D. Ill. 2020). Proportionality, like other concepts, requires a common sense and experiential assessment. *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018) ("Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'").

The concept of proportionality did not, however, make its first appearance in the Federal Rules of Civil Procedure with the 2015 Amendments. It had appeared as part of Rule 26(b)(2)(C)(iii). *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114 (S.D.N.Y. 2016); *Certain Underwriters at Lloyds v. Nat'l RR Passenger Corp.*, 318 F.R.D. 9, 14 (E.D.N.Y. 2016). And before that, the concept appeared in Rule 26(b)(C)(iii). Renumbering the proportionality requirement, giving it a specific name, and placing it in Rule 26(b)(1) was designed to put a greater emphasis on the need to achieve proportionality than was thought to previously have existed given its placement in the structure of Rule 26. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016); *Boehringer Ingelheim Pharma GMBH & Co. KG v. Teva Pharm. USA, Inc.*, 2016 WL 11220848, at *3 (D.N.J. 2016). *See* Linda Simard, *Seeking Proportional Discovery: The Beginning of the End of Procedural Uniformity in Civil Rules*, 71 Vanderbilt L.Rev., 1919 (2018).

## C.

Interrogatory 1 asked defendant to "[i]dentify and describe all instances in which [it] modified any of Art Akiane's Works." Defendant objected to this interrogatory as overly broad and unduly burdensome as there was no time frame. Defendant did not cite every instance in which it modified the works, but did cite several general ones. Given plaintiff's claim that this request is

relevant to its copyright claim, which has a three-year statute of limitations, and given the proportionality requirement of Fed.R.Civ.p. 26(b)(1), defendant must comply, but only for the period of three years before plaintiff filed suit. Should there be instances of "modification" within this period, the court will consider expanding the time frame for a reasonable period upon a showing that earlier instances are otherwise relevant to the allegations in the Complaint.

Interrogatory 2 asked defendant to "[i]dentify and describe all instances in which [it] printed or directed another person or entity to print Art Akiane's Works, including identifying the person, what they printed, and the amount they printed." Defendant objected as there was no time frame and directed plaintiff to 23 documents as its answer. Defendant's reference to documents did not result in the detail necessary to fulfill the request. Given plaintiff's claim that this request is relevant to its copyright claim, which has a three-year statute of limitations, and the proportionality dictates of Fed.R.Civ.P. 26(b), defendant must comply, but only for the period of three years before plaintiff filed suit.

Interrogatory 3 asked defendant to "[i]dentify and describe all instances in which [it] sent, shared, distributed, or permitted other persons to download images relating to Art Akiane's Works through the Internet." Defendant again objected as there was no time frame and stated generally that it did so throughout the ten-year term of the parties' license agreement. Given the copyright claims with their three-year statute of limitations, and given the "proportionality" dictates of Fed.R.Civ.p. 26(b), defendant must comply, but only for the period of three years before plaintiff filed suit.

Interrogatory 4 asked defendant to "[i]dentify and describe all instances in which [it] posted or shared an image relating to Art Akiane's Works through the Internet, including but not limited to posting to or sharing through social media." Defendant objected as there was no time

frame and answered that it did so throughout the period of the parties' license agreement, and after the expiration of that agreement, did so only with regard to works it had purchased outright. Defendant's response is not sufficiently detailed. Given the applicable three-year statute of limitations and the proportionality dictates of Fed.R.Civ.P. 26(b), defendant must comply, but only for the period of three years before plaintiff filed suit.

Interrogatory 5 asked defendant to "[i]dentify and describe all instances in which you received permission from Art Akiane [and related enterprises] to produce, reproduce, duplicate, copy, modify, or print Art Akiane's Works." Once again, the objection went to the lack of time frame. Defendant answered that it had permission for every post, display, reproduction, duplicate, copy, modification and print of Akiane's works *during the term of the parties' agreement.* This would seem to indicate by implication that outside the term of the agreement it did not have permission. To the extent that that was not the implication, the defendant must say so, and the answer should be clarified.

Interrogatory 6 asked defendant to "[i]dentify all persons, including any third-party companies, [it] engaged, retained, employed, or otherwise worked with to print Art Akiane's Works." Defendant directed plaintiff to some two dozen documents wherein plaintiff would find the requested names. *See* Rule 33(d). Those documents [Dkt. #126-3] are inadequate. There should be no question or uncertainty about the contents of and specificity of the answer. Defendant must supplement this response with a list of the printers.

Interrogatory 7 asked defendant to "[i]Identify all damages or other harm [it] claim[s] to have suffered as a result of Art Akiane's alleged misconduct as alleged in [its] Counterclaim, including an identification of all documents, by production number, supporting [its] claim for such

damages and harm." Defendants answered in detail, and at length, as well as directing plaintiff to some 70 documents that supported its claim. That is adequate.

Interrogatory 9 asked defendant to "identify each person with whom [it] had a contract, interest, or business expectancy that [it] claim[ed] to have lost due to the events described in [its] Amended Counterclaim." Defendant answered, specifically listing Mark Kramarik, other members of the Kramarik family, Carpentree, Mardel, and St. Jude, but only generally referred to unnamed repeat customers and printers. The answer is insufficient and Defendant must name the repeat customers and printers.

Interrogatory 10 asked defendant to "describe in detail the factual basis for [its acquiescence] defense, including an identification of all documents and/or other evidence relevant to [its] response." Defendant described the basis for its defense in detail, along with directing plaintiff to its submissions in the briefing on plaintiff's motion for a temporary restraining order and other filings. Plaintiff's objection that defendant did not provide Bates Numbers is inconsistent with Rule 33(d), which "does not require documents to be identified by Bates-stamp, only that the documents be clearly identified." *Cont'l Ins. Co. v. Chase Manhattan Mortg. Corp.*, 59 F. App'x 830, 838 (7th Cir. 2003). *See* Rule 33(d) ("A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."). The response was adequate.

Interrogatory 11 asked defendant to "describe in detail the factual and legal basis for [its copyright misuse] defense, including an identification of all documents and/or other evidence relevant to [its] response." Defendant described the basis for its defense, along with directing plaintiff to its submissions in the briefing on plaintiff's motion for a temporary restraining order and other filings,

including the documents defendant submitted in support of its defense in that proceeding. The response was adequate.

Interrogatory 12 asked defendant to "describe in detail the factual basis for [its unclean hands] defense, including an identification of all documents and/or other evidence relevant to [its] response. Defendant described the basis for its defense in detail, along with directing plaintiff to its submissions in the briefing on plaintiff's motion for a temporary restraining order and other filings, including the documents defendant submitted in support of its defense in that proceeding. That response is adequate.

Interrogatory 14 asked defendant to "[i]dentify and describe all instances in which [it] added the text ©" to Art Akiane's works. Defendant objected as there was no time frame but went on to answer as follows:

> to its knowledge, it has never added any of the quoted texts "to" or on top of Akiane's works. With magnets and certain other products, a backer card or sticker containing one of the quoted texts as part of product packaging and merchandising on items that featured Art by Akiane was used. This was not part of the product but instead, was a disposable backer card used for retail merchandising that included product information, pricing, bar codes and/or company information. In other instances, ASW placed one of the texts in question, including most often the company name or website on a post or web page, general on the bottom right corner of posts. ASW of course utilized its own company name or the website address on most if not all social media posts, including those featuring Akiane's works, while the various agreements were in place and being wound down. After the wind down period, ASW included its company name or website address in connection with the efforts to sell the wholesale and privately purchased items that it was left with when AA and the other counterdefendants improperly terminated the agreements.

Defendant must supplement this response with specific instances, but given Fed.R.Civ.P. 26(b)'s proportionality requirement and the copyright statute of limitations, at this juncture and on the present record, it must do so only for the three-year period prior to the filing of this suit.

Interrogatory 15 asked defendant to "[i]dentify and describe all instances in which [it] removed, cropped out, or altered text on any of Art Akiane's Work." Defendant again objected based on the open-ended time frame and answered that:

> on the 2 x 3-inch wallet cards, Akiane's signature was enlarged so that it was visible to the consumer. In addition, a copyright notice or Akiane's name may have been modified, cropped or altered, either automatically by certain websites, social media displays, etc. in the process of sizing thumbnail displays, or manually for product, with the knowledge of Art Akiane, Mark Kramarik and other Kramarik family members. These displays often mimicked the displays of Akiane's works on AA's website, the Akiane Gallery website, Akiane's social media pages, Foreli Kramarik's websites and posts and, AA or the Akiane Gallery often sold the products in question with the "altered" materials on their own websites and featured them in catalogs. Whenever thumbnail displays cropped out the trademark or copyright notice, a viewer could click on the image, which would take them to full size image which would show the material previously "altered." Furthermore, in all displays where there was any alteration as described above, it was abundantly clear that the work was Akiane's.

Defendant claims that it has explained the burdensome nature of this interrogatory "in multiple pleadings," but fails to direct the court to any of them. [Dkt. #158, at 9]. There are over 9300 pages of docket entries in the docket. The Seventh Circuit has repeatedly cautioned judges that it is not their function to find items buried in the record. *See, e.g., DeSilva v. DiLeonardi,* 181 F.3d 865, 867 (7th Cir.1999); *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991). As the Supreme Court recently stressed, "[i]n our adversarial system of adjudication we follow the principle of party presentation." *United States v. Sineneng-Smith,* _U.S._, 140 S.Ct. 1575, 1579 (2020). That principle assigns to the court the role of "neutral arbiter of matters the parties present." *Id.* Thus, "as a general rule, [o]ur system is designed around the premise that [parties represented by competent counsel] know what is best for them and are responsible for advancing the facts and arguments entitling them to relief.' " *Id.* at 1579. (Brackets in original).

11

Document request 19[3] asked for "[a]ll documents relating to written procedures for verifying that any of Art Akiane's Works purchased or sold by [defendant] are authentic or unaltered." Defendant responded by objecting that the request was unclear and asked plaintiff to clarify. After plaintiff clarified, plaintiff claims defendant's "counsel stated that she believed [defendant] had no such documents; however, in a subsequent email, [plaintiff] stated that it would not modify its response." Plaintiff does not provide the email in support of its motion. [Dkt. #126, at 5]. The response will stand as a denial that there are any such documents.

Document request 20 asked defendant for "[a]ll [its] social media posts relating to Art Akiane's Works, including but not limited to posts on [its] Facebook, Instagram, Twitter, Instagram, Pinterest, and YouTube pages." Defendant objected to the request as unduly burdensome and overbroad and stated that '[a]ny social media posts that were not removed at [plaintiff's] direction as part of this litigation or that [plaintiff ]or the Kramariks have not caused to be removed by virtue of its take down notices or other efforts are still posted on social media and [plaintiff] can access the posts as easily as [plaintiff] can." But defendant clearly has better access to this information and must respond fully to this request.

Document request 34 asked for "[d]ocuments sufficient to show all payments from [defendant] to Corneliuson." Defendant objected to the request as "not calculated to lead to admissible information relevant to this case, overbroad in that it does not have a time frame and seeks information outside the scope of this litigation." Unsupported and unexplained objections such

---

[3] Defendants claim the plaintiffs have withdrawn their motions to compel as to Document Requests 19 and 20 [Dkt. #158, at 9], but as the motion was still pending and I had heard nothing from the plaintiffs in the nearly three months between the filing of the motions and defendant's response, the motions are regarded as pending.

as "irrelevant" or "overbroad" are tantamount to making no objections at all. *See Zambrano v. Sparkplug Capital*, LLC, 2020 WL 1847396, at *1-2 (N.D. Ill. 2020); *Gevas v. Dunlop*, 2020 WL 814875, at *1 (N.D. Ill. 2020); *Kelley v. Bd. of Educ. of City of Chicago*, 2012 WL 1108135, at *2 (N.D. Ill. 2012); *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 2017 WL 5890923, at *2 (N.D. Ill. 2017). However, the lack of a time frame in light of the applicable statute of limitations is a valid argument. The defendant must respond, but only for the three-year period prior to plaintiff filing suit.

For the foregoing reasons, the plaintiff's motions [Dkt. ##120, 124, 126], are granted in part and denied in part.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/18/20

13