## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ART AKIANE LLC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 2952 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ART & SOULWORKS LLC and | ) | |
| CAROL CORNELIUSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## INTRODUCTION

The Plaintiff previously filed four Motions to Compel. They were granted in part and denied

in part for the reasons discussed in the Opinions. [Dkt. #186, 188]. *See Art Akiane LLC v. Art &*

*SoulWorks LLC*, 2020 WL 58604064 (N.D.Ill. 2020) and *Art Akiane LLC v. Art & SoulWorks LLC*,

2020 WL 6305631 (N.D.Ill. 2020). In response to these decisions, the Plaintiff has now filed what

is titled a "Request for *Minor Clarification* of Dkt. #186 and 188." Dkt. #192](Emphasis supplied).[1]

Of course, titles are not determinative. *Blue Cross Blue Shield of Mass., Inc. v. BSC Insurance Co.,*

671 F.3d 635, 634-38 (7th Cir. 2011); *Curry v. United States*, 507 F.3d 603, 60 (7th Cir. 2007);

*Guyton v. United States*, 453 F.3d 425, 426 (7th Cir. 2006). "Our concern is with realities not

nomenclature," *Worthen Co. v. Cavanaugh*, 295 U.S. 562 (1935) – with substance, not semantics.

*Healthcare Industry Liability Ins. Program v. Momence Meadows Nursing Center, Inc.*, 566 F.3d

689 (7th Cir. 2009). Abraham Lincoln was once asked how many legs a donkey has if you call its tail

---

[1] The opening and final sentences of the Plaintiff's Motion seem to go a step further and state that what is sought is a "modification" of the Opinions. [Dkt. #192 at 1 and 7].

a leg. His answer was four: calling a tail a leg does not make it one. *Blue Cross Blue Shield*, 671 F.3d at 635.

In reality, the Motion is a Motion for Reconsideration, and Motions for Reconsideration are not favored – and for sound institutional reasons. *See* the discussion and cases in *Clark Mall v. General Insurance Co. of America*, 2010 WL 2901788 at *1-2 (N.D.Ill. 2010). They are not a vehicle for advancing arguments or theories that could and should have been made prior to the determination of that which is being called into question. *Caissa Nacionale de Credit Atricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). In sum, motions to reconsider – however they may be titled – are appropriate when they serve the narrow purpose of bringing to the court's attention newly discovered evidence not available at the time of the first hearing, changes in the law, or errors in the application of existing law by the court. None of those circumstances exist here. It is significant that the Plaintiff's four earlier Motions to Compel failed to tie the relevance of any of its outstanding discovery requests to a breach of contract claim or to the latter's ten-year statute of limitations, under Illinois law applicable to such claims or to some shorter limitations under the law of a state other than Illinois.

Instead, the Motions concentrated *solely* on the copyright claims, as the Defendants' Response correctly notes. [Dkt. #200]. Apart from the fact that statutes of limitations do not necessarily determine the relevant time period for discovery, *Hawkins v. Kroger Co.*, 2019 WL 4416132, *6 (S.D.Cal. 2019), copyright claims have a three-year statute of limitations; breach of contract claims have a statute of limitations determined by the law of the governing state. In Illinois

2

there is a ten-year limitations period, as the Plaintiff notes.[2]  But, as the Plaintiff concedes, it previously made no argument regarding its contract claims or the statute of limitations applicable to those claims. Thus, the challenged Orders properly limited the discovery requests to a period of three years.  Now, however, Plaintiff wants the ruling on the Motions to Compel changed to accommodate arguments not even previously hinted at.

## ARGUMENT

### A.

There are several flaws in the current Motion. First, the Plaintiff failed to file timely objections to my rulings on the multiple discovery Motions with the District Court  as it could have under Rule 72(a), Federal Rules of Civil Procedure, if Plaintiff thought the rulings on the Motions were in error.[3] Those objections were due October 2nd.  Plaintiff's "Request for *Minor* Clarification" (emphasis supplied) – which wouldn't count as a properly filed set of objections before Judge Chang – comes two weeks after that.  Accordingly, any arguments the plaintiff might have had regarding the rulings of September 18th have been waived. The Federal Rules of Civil Procedure provide a mechanism to correct, amend, or appeal discovery orders.  Since, as the Defendants argue, [Dkt. #200 at 2-3, 6-7],  it has not been followed, it is now too late to have the District Court review the ruling.

---

[2] The statute of limitations for breach of contract are not uniform throughout the United States, and the applicable law of each state defines the applicable period of limitations. The law governing contract disputes is apparently a matter of dispute in this case.

[3] Rule 72(a) provides that "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See Foreman v. Wadsworth*, 844 F.3d 620, 625 (7th Cir. 2016).

The reality is that the Plaintiff seeks to raise their contract relevance argument for the first time by way of their Motion for "Minor Clarification." Call the motion what you will, but fairly viewed, it is a request for reconsideration: "'reconsideration' means just that: Courts will not entertain arguments that could have been but were not raised before the just-issued decision." *Banister v. Davis*, _U.S._, 140 S. Ct. 1698, 1708 (2020). Motions for reconsideration are viewed with disfavor, *In re United Airlines*, 447 F.3d 50 (7th Cir. 2006); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). They "'are not replays of the main event' and should not be used to argue what was or could have been raised" but was not. *Shaohua He v. Holder*, 781 F.3d 880, 882 (7th Cir. 2015). A District Court's "'opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).

The court can only rule on the motion a party files; it cannot serve, in effect, as the lawyer for one side or the other. *See United States v. McLee*, 436 F.3d 751, 760 (7th Cir. 2006); *Burdett v. Miller*, 957 F.2d 1375, 1380 (7th Cir. 1992); *Art Akiane LLC v. Art & Soulworks LLC*, 2020 WL 5593242, *3-4 (N.D.Ill. 2020). *See also Hormel v. Helvering*, 312 U.S. 552, 556 (1941); *Kay v. Board of Ed.*, 547 F.3d 736, 738 (7th Cir. 2008); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (2005). The Motions the Plaintiff filed had nothing to do with the disputed discovery requests being relevant to Plaintiff's contract claims, only its copyright claims. Indeed, there was no request for a determination regarding the appropriate statute of limitations or its duration on any breach of contract claim.

It must be stressed that through forty pages of prior briefing on the several Motions to

Compel, plaintiff mentioned the word "contract" in just one of its four Motions, and then only in the context of *defendants'* contracts with *their* customers. [Dkt. #120, at 7, 8]. Through all four Motions, relevance, as well as the need for discovery, was tied exclusively to copyright claims. The four discovery Motions covered forty pages, with almost 200 pages of exhibits in a week. Yet, nowhere was there a hint of the argument now forcefully advanced. Significantly, nowhere in the nine-page "Request for Minor Clarification" is there any indication that Plaintiff raised this matter in its four motions, four memoranda, or reply briefs. [Dkt. #192]. The Plaintiff does not deny that it did not argue that any of the disputed discovery requests were relevant to its breach of contract claims: instead, that argument is now made for the first time. [*See* Dkt. #192 (" . . . that while "[p]erhaps there is an argument to be made" for going beyond three years, "it has not been offered, at least so far as we have been able to ascertain." Dkt. 186 p. 3. This is that argument.")]. Moreover, nothing in the discovery requests addressed in Plaintiff's Motions to Compel suggested that the Motions had anything to do with plaintiffs' breach of contract claim. The breach of contract claim alleged that Defendants failed to disclose numerous sales of Plaintiff's works so that defendants could avoid making royalty payments as required by the parties' licensing agreement. [Dkt. #96, at 38]. Interrogatories 1-6, 14, 15 do not address sales. They address modifications made to works, postings, printing, etc. In other words, potential Copyright Act violations. Document request 34 addresses payments defendants made to their co-defendant. Again, this does not relate to sales defendants made in alleged breach of the licensing agreement.

The unlimited time frame of Plaintiff's discovery requests was an issue from the first time the defendants objected, and significantly Plaintiff never addressed it with anything other than reference to its rights under the Copyright Act, [Dkt. ##120, 122, 124, 126, 165], with its three-year

5

statute of limitations. This, then, effectively, is a multi-layered waiver of the argument now being made. It was up to the Plaintiff to establish relevance of the period of the statute of limitations of contract claims in the Motions to Compel. *See Eternity Mart, Inc. v. Nature's Sources, LLC*, 2019 WL 6052366, at *2 (N.D. Ill. 2019) ("The party requesting discovery bears the initial burden of establishing its relevancy."); *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA, Inc*., 2020 WL 1701861, at *8 (N.D. Ill. 2020)(motion to compel denied for failure to make any attempt to explain connection between information sought and claim). *See Art Akiane LLC. v. Art & Soulworks LLC*, 2020 WL 5593242, at *5 (N.D. Ill., 2020)("As the Supreme Court and the Seventh Circuit have cautioned '[f]ailure to exercise [control over what is and is not relevant] results in needless and enormous costs to the litigants and to the due administration of justice.' *See* cases collected in *Sapia v. Bd. of Educ. of the City of Chicago*, 2017 WL 2060344 at *2 (N.D. Ill. 2017). And they have emphasized that the core requirement of Rule 26(b)(1) that non-privileged material sought in discovery must be 'relevant' should be firmly applied."). Unless the requestor can demonstrate that the materials sought are relevant, judges should not hesitate to exercise appropriate control over the discovery process. *See also Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 2018 WL 4356594, at *1 (N.D. Ill. 2018). The Plaintiff not only did not meet that burden, it did not even try to do so until now, more than a month after the rulings and two weeks after the deadline for objecting to those rulings under Rule 72.

It is not until the Plaintiff's Reply brief that the true purpose underlying the tendentiously captioned Motion for "Minor Clarification" is revealed. At bottom, the "point of clarification [Plaintiff] seeks," [Dkt. #201 at 3], is a concession by this court that its ruling compelling responsive answers from the defendant for three years for Plaintiff's copyright claim must be expanded to

embrace a ten-year period since a breach of contract under Illinois law is also alleged. But nothing in what we have previously said determines which state's law applies to the breach of contract claim or which statute of limitations governs. But, that is as it should be, for as the Reply properly notes, "choice of law questions should not be decided as part of a discovery dispute...." [Dkt. #201 at 13]. And nothing in the ruling on which "Minor Clarification" is sought did so. Nowhere was there a "substantive ruling that Colorado law rather than Illinois law applies...." *Id.* at 13. With all deference, it seems that the Plaintiff is seeking by indirection to obtain the very ruling it says should not be made (and was not) a part of a discovery dispute. [Dkt. #201 at 13]. The question of what law governs Plaintiff's contract claims was never decided in ruling on the discovery motions, and it is not being decided here.

### B.

The cases Plaintiff points to involving motions for reconsideration or clarification are not covered by Fed.R.Civ.P. 72. *See GEFT Outdoor, L.L.C. v. City of Westfield, Hamilton Cty., Ind.*, 2020 WL 6047910, at *3 (S.D. Ind., 2020)(preliminary injunction); *Ripmax Ltd. v. Horizon Hobby, Inc.*, 2008 WL 5385538, at *1 (C.D. Ill. 2008)(patent claim construction)*; Kasten v. Saint-Gobain Performance Plastics Corp.*, 2008 WL 11508716, at *1 (W.D. Wis. 2008)(partial summary judgment). And, there has to be some finality to a discovery dispute. *Flint v. City of Belvedere*, 791 F.3d 764, 768 (7th Cir. 2015). This one has gone on for nearly eight months. Rule 72, which covers not patent rulings or summary judgment rulings but discovery referrals provides the requisite finality.

This case has included discovery disputes covering hundreds of pages of requests and responses and briefs. Given the history of the case, it should perhaps come as no surprise that the Plaintiff's discovery request did not link its request to any claims in the Complaint other than the

copyright claim. [Dkt. # 201, at 9-10]. Indeed, the Plaintiff mentioned no limitations period in its briefs or requests whatsoever. Simply stated, the requests were open-ended, and the Defendants objected to the unlimited temporal scope.

Discovery requests without time limitations are generally (if not always) overbroad and do not withstand scrutiny. The Plaintiff and the Defendants in this case could not resolve their dispute and left it to the court to determine an appropriate time frame for discovery. But the only claim that plaintiff mentioned was its copyright claim. A contract claim was never mentioned, and it was not for the court to determine the argument or arguments to be made. Indeed, as already discussed, doing so would have been patently unfair and was prohibited by the most basic principles of our adversary system. *See supra* at 4. "[A]s the saying goes, all things (good or bad) must come to an end." *United States v. Hinds*, 770 F.3d 658, 660 (7th Cir. 2014)(parentheses in original). Accordingly, the Plaintiff's "Request for Minor Clarification" [Dkt. #192] is denied.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

DATE: 11/5/20

8