UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, <br><br> Plaintiff, <br><br> v. <br><br> ART & SOULWORKS LLC, <br> CAROL CORNELIUSON, and <br> CARPENTREE, INC., <br><br> Defendants. <br> ------------------------------------------------ <br><br> ART & SOULWORKS LLC, and <br> CAROLYNE CORNELIUSON, <br><br> Defendants - Counter-Plaintiffs, <br><br> v. <br><br> ART AKIANE LLC, <br><br> Plaintiff - Counter-Defendant, <br><br> and <br><br> AKIANE ART GALLERY, LLC, and <br> AKIANE KRAMARIK, <br><br> Counter-Defendants. | Case No. 19-cv-02952 <br><br> Judge Edmond E. Chang <br><br> Magistrate Jeffrey Cole |

**ART & SOULWORKS AND CAROLYNE CORNELIUSON'S
MOTION TO REASSIGN AND CONSOLIDATE**

Defendants/Counter-Plaintiffs, Art & SoulWorks, LLC and Carolyne Corneliuson (collectively "ASW"), pursuant to Federal Rule of Civil Procedure 42(a)(2) and Local Rule 40.4, move to reassign to the Honorable Edmond E. Chang a related case captioned *Art Akiane, LLC v. Mardel, Inc., St. Jude Shop, Inc., and Christianbook, LLC*, No. 1:20-cv-05643, (the "Mardel Action") pending before the Honorable John J. Tharp, Jr., and to consolidate that case with *Art*

1

*Akiane, LLC v. Art & SoulWorks, Carolyne Corneliuson, Carpentree, LLC, and Virginia Hobson*, No. 19-cv-02952 (the "ASW Action") for the purposes of discovery and trial.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Art Akiane, LLC ("Plaintiff"), a foreign limited liability company doing business in Illinois, filed the ASW Action in the Northern District of Illinois on May 1, 2019 alleging *inter alia*, breach of contract, copyright infringement, trademark infringement, unfair competition, violation of the Illinois deceptive trade practices act, and unjust enrichment. The case revolves around the termination of a 10+ year exclusive licensing agreement between Art Akiane and ASW relating to artwork by Akiane Kramarik (the "Licensing Agreement"). Art Akiane claims that ASW engaged in unlawful conduct that allegedly occurred both prior to and following the termination of the Licensing Agreement. (A copy of the Second Amended Complaint [Dkt. 96] is attached as **Exhibit A)**. ASW has asserted counterclaims against Art Akiane. [Dkt. 47.]

In the Second Amended Complaint, Art Akiane added additional defendants; Carpentree, LLC, a customer of ASW's, and Virginia Hobson, Carpentree's owner (collectively, "Carpentree"). (Ex. A.) Carpentree cross-claimed against ASW. [Dkt. 61.] ASW contends that all sales made to Carpentree and others were authorized under the Licensing Agreement and no "counterfeit" or "illicit" artwork was ever sold. Furthermore, ASW denies that any copyright or trademark infringement has occurred, as ASW had a worldwide exclusive license to display and promote the Akiane artwork ("Akiane Works"). If ASW prevails, then the claims against Carpentree fail, as Carpentree obtained the Akiane Works in question from ASW. The parties in the ASW Action have engaged in written discovery but no depositions have been taken.

On September 23, 2020, Plaintiff initiated the Mardel Action against Mardel, Inc., St. Jude Shop, Inc., and Christianbook, LLC (collectively the "Mardel Defendants"), customers of ASW and/or Carpentree, alleging the exact same claims relating to the exact same artwork by Akiane

Kramarik. (A copy of the complaint in the Mardel Action is attached as **Exhibit B)**. The Mardel Action is still in its infancy. Although the answers from the Mardel Defendants were recently due, the dates were extended until March.[1] Art Akiane did not inform this Court or ASW that it had filed a nearly identical action in this same court but before a different judge. Instead, ASW learned of the action from the Mardel Defendants.

It is readily apparent from Plaintiff's pleadings that both the ASW and Mardel Actions derive from the same set of alleged operative facts. Furthermore, the Mardel Action raises identical issues of fact and law as the ASW action. Like the claims against Carpentree in the ASW Action, if ASW is found not liable for "illicit or counterfeit sales" or copyright and trademark infringement during the course of the Licensing Agreement, then the Mardel Defendants are similarly not liable. As such, reassignment of the Mardel Action to this Court pursuant to L.R. 40.4, and consolidation with the ASW Action, which bears the lower docket number, pursuant to Fed. R. Civ. P. 42(a)(2), is warranted. Doing so will promote judicial economy and efficiency, save the parties unnecessary costs and expenses, and avoid the risk of inconsistent judgments among the actions.

## II. ARGUMENT

### A. Reassignment of the Mardel Action is Proper.

Local Rule 40.4 provides for reassignment of related cases before the judge assigned to the earlier-filed case in order to "promote efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142 at *2 (N.D. Ill. 2008). Reassignment is appropriate where the requirements of L.R. 40.4(a) and (b) are satisfied. *River Village West LLC v. Peoples Gas Light and Coke Co.*, 2007 WL 541948 at *1-2 (N.D. Ill. 2007).

---

[1] One Mardel Defendant has moved to dismiss for lack of jurisdiction.

1. **Local Rule 40.4(a).**

Local Rule 40.4(a) provides in pertinent part that two or more civil cases are related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; or (3) the cases grow out of the same transaction or occurrence. L.R. 40.4(a). The rule "does not require complete identity of the issues in order for cases to be considered related." *Murry v. America's Mortgage Bank, Inc.*, 2004 WL 407010 at *2 (N.D. Ill. 2004).

Here, the requirements of L.R. 40.4(a) are clearly met. Given the Plaintiff's pleadings, it is undeniable that the ASW and Mardel Actions involve identical issues of fact and law. Both lawsuits allege that the defendants produced, shared, sold or distributed illicit versions of the same Akiane Works, and in so doing infringed on the rights exclusively held by Plaintiff. Furthermore, Art Akiane, the plaintiff in both actions, alleges on information and belief in the Mardel Action that "the counterfeit Works may have been sourced from entities known as Art & SoulWorks, LLC and Carpentree, LLC" (Ex. B, ¶¶ 55, 68, 79). These allegations are nothing more than a continuation of the exact allegations against ASW and Carpentree. As such, both lawsuits derive from the same occurrence, involve identical issues of fact, and the allegations in each action are, in fact, virtually identical. This common nexus of operative facts, law and occurrence satisfies not one, but all three of the relevant conditions set forth in L.R. 40.4(a).

2. **Local Rule 40.4(b).**

Local Rule 40.4(b) requires that once relatedness is established, the cases may be reassigned if all four of the following criteria are met: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed

case as related would be likely to delay the proceeding in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b). The requirements of L.R. 40.4(b) are satisfied here as well.

### a. Both cases are pending in the Northern District, and consolidation will promote the conservation of judicial resources and litigation costs.

The ASW and Mardel Actions are both pending in the Northern District of Illinois. Because of the significant similarities between these cases, a substantial saving of judicial time and effort will result from having the same judge preside over both lawsuits. *See, e.g.*, *River Village West LLC*, 2007 WL 541948 at *2 (granting motion for reassignment, stating "given the similarities among the three cases, it is clear that substantial judicial resources will be saved if the matters are consolidated"); *Teacher's Retirement System of Louisiana v. Black*, 2004 WL 1244236 at *2 (N.D. Ill. 2004) ("[w]here the cases are so closely related as these three, it conserves resources to have them all determined by a single judge"). This Court has already become familiar with the facts, having ruled on a Motion for Temporary Restraining Order and a partial Motion for Preliminary Injunction. Magistrate Judge Cole has also become quite familiar with the case as well, as he has ruled on five motions to compel and a Motion for Minor Clarification filed by Plaintiff.

Here, both cases involve the same Plaintiff and the same alleged infringement, *i.e.*, Plaintiff is accusing the ASW and the Mardel Defendants of producing, selling, distributing, sharing, and otherwise profiting from alleged illicit copies of the same Akiane Works. Just as Carpentree cross-claimed against ASW, ASW expects to be added to the Mardel Action once the Mardel Defendants answer the complaint. Both cases also present identical legal theories, identical factual theories, and derive from the same occurrences – the sale of Akiane Works by ASW or Carpentree.

The fact and expert discovery needed in the ASW Action is also the same discovery that will be needed in the Mardel Action. The ASW Action has not progressed to the point where

reassignment of the Mardel Action would result in substantial delay in either action. In fact, the ASW parties just filed an agreed motion to extend the deadlines in that case. [Dkt. 222]. While the parties in the ASW Action have exchanged documents, these documents can easily be shared with the Mardel Defendants once reassignment is complete. In any event, Plaintiff issued subpoenas and already received documents from the Mardel Defendants in the ASW Action. Given the overlap of the issues, it is difficult to determine what additional discovery besides the discovery that has already occurred in the ASW Action would be needed. More importantly, depositions have yet to be taken in the ASW Action. Should the Mardel Action not be reassigned and the two cases consolidated into a single proceeding, at a minimum, relevant depositions will need to occur on two separate occasions, resulting in the unnecessary duplication of resources and expenses. Finally, expert discovery has not begun. As the issues in both actions are the same, it is highly likely that the same expert discovery will occur in both cases. It is therefore, proper to reassign and consolidate the Mardel Action to the instant case to save judicial resources, expenses, and costs not only for the Court, but all parties as well.

    **b. Both actions are susceptible to disposition in a single proceeding.**

Given that both actions derive from the same nucleus of operative facts, they are susceptible to disposition in a single proceeding. *See, e.g.*, *Teacher's Retirement System of Louisiana*, 2004 WL 1244236 at *2 (holding that, "[a]s these three cases are all securities class actions that originate from the same core of facts, it is clear that they are susceptible of disposition in a single proceeding"). Here, Plaintiff alleges in both actions that the ASW Defendants and the Mardel Defendants, among other things, illicitly profited from producing, distributing, and sharing the Akiane Works. If ASW is not liable, then neither are the Mardel Defendants because ASW sold the art to Carpentree and Mardel, and Carpentree in turn sold the art obtained from ASW to

the other Mardel Defendants. The liability of all Defendants can and should be disposed of in a single proceeding.

Since the requirements of L.R. 40.4(a) and (b) are clearly met here, and the Court should grant ASW's motion for reassignment.

### B. Consolidation of the ASW and Mardel Actions is warranted.

Fed. R. Civ. P. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may (1) order a joint hearing or trial of any or all matters in issue in the actions; (2) order all the actions consolidated; or (3) issue any other orders to avoid unnecessary costs or delay." Fed. R. Civ. P. 42; *see also*, *Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009).

The purpose of Fed. R. Civ. P. 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971). District courts have discretion to consolidate related cases involving common questions of law and fact "under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *see also*, *Sylverne v. Data Search*, 2008 WL 4686163 at *2 (N.D. Ill. 2008).

In this regard, the Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap. *See e.g.*, *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidated all before a single judge"); and *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), aff'd, 328 U.S.

7

654 (1946)) ("Rule 42(a) of the Federal Rules of Civil Procedure … was designed and intended to encourage such consolidation where possible").

In determining whether consolidation is appropriate, "a court should consider whether the proposed consolidation would promote convenience and judicial economy … and whether it would cause prejudice to any party." *Sylverne*, 2008 WL 4686163 at *1, citing *Ikerd*, 435 F.2d at 204; *Knauer*, 149 F.2d at 519. As set forth in detail above, consolidation would promote convenience and judicial economy without prejudice to any party.

### 1. Consolidation will promote convenience and judicial economy.

Application of these factors to the instant case weighs heavily in favor of consolidating the ASW and Mardel Actions. Given the commonality of facts and issues to be litigated, consolidation will afford greater convenience and judicial economy by reducing the amount of additional resources and expenses needed to complete two separate lawsuits. These additional expenses and costs would necessarily include: (1) handling motion practice, written discovery and trial in two separate actions; (2) preparing witnesses to appear and give testimony on the same subject on multiple occasions; (3) incurring the cost of twice the number of court reporters for depositions and trial; (4) purchasing two transcripts for each witness, etc. Absent consolidation, the witnesses, the parties, and this Court would unnecessarily incur double the burden and expense than if these two lawsuits were consolidated into a single action.

### 2. Consolidation will not prejudice any of the parties.

There is no reason to believe that consolidation will prejudice any of the parties involved. As noted earlier, Plaintiff has already obtained documents relevant to the Mardel Action in the ASW Action and neither depositions nor expert discovery has begun in the ASW Action. Both lawsuits allege identical issues of fact and law as set forth in section A *supra*. As such, there is no

real risk that any party would be prejudiced if both lawsuits were consolidated for the purposes of discovery and trial. [2] In fact, it would streamline both cases since the issue of liability of the other Defendants rises and falls on the liability of ASW.

### III. CONCLUSION

For the reasons set forth above, ASW and Carolyne Corneliuson respectfully request that this Court enter an Order granting their motion to reassign *Art Akiane, LLC v. Mardel, Inc., St. Jude Shop, Inc., and Christianbook, LLC,* No. 1:20-cv-05643, to Judge Edmond E. Chang and consolidate it with *Art Akiane, LLC v. Art & SoulWorks, Carolyne Corneliuson, Carpentree, LLC, and Virginia Hobson,* No. 19-cv-02952 for purposes of discovery and trial, and any further relief as this Court deems just and proper.

Dated: February 10, 2021

Respectfully submitted,

*/s/ Nicole N. Auerbach*

Nicole N. Auerbach
Kehinde Durowade
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
(312) 676-5460 - Telephone
(312) 676-5499 - Facsimile
nicole.auerbach@elevateservices.com
kehinde.durowade@elevateservices.com

---

[2] Art Akiane would be hard-pressed to argue prejudice because the ASW case has progressed too far given that it filed the Mardel Action in September but failed to alert the Court or the parties of this fact. Had it done so then, the ASW action would not have progressed nearly as far as it has now.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 10, 2021, I caused the foregoing to be served upon all counsel of record via the Court's ECF system.

*/s/ Nicole N. Auerbach*
Nicole N. Auerbach
