UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC,<br>            Plaintiff,<br><br>v.<br><br>ART & SOULWORKS LLC,<br>CAROL CORNELIUSON,<br>CARPENTREE, LLC, and VIRGINIA<br>HOBSON,<br>            Defendants. | Case No. 19-cv-02952<br><br>Judge Edmond E. Chang<br><br>Mag. Judge Jeffrey Cole<br><br>**ORAL ARGUMENT REQUESTED** |

**ART AKIANE'S MOTION FOR PARTIAL RECONSIDERATION OF
THE CHOICE OF LAW ORDER (DKT. 252) UNDER RULE 54(B)**

Recognizing that a choice of law decision is highly factual, and that fact discovery is ongoing, this Court invited Art Akiane to revisit the Court's decision finding that Colorado procedural law applies to the breach of contract claims, if new facts or discovery would affect the Court's ruling.[1] Sufficient facts exist or can be developed through discovery to support reconsideration of the Court's initial Order [2].

In its consideration of Defendants Art & SoulWorks LLC's and Carol Corneliuson's (collectively, "ASW") *Motion for Choice of Law Determination* (Dkts. 217 & 218), the Court issued its order based on an incomplete factual record—a record that to this day is still being developed. At the time of the initial briefing, the Court understood Art Akiane's business operations to be the only tie that its breach of contract claim had with Illinois. *See* Dkt. 252 at 14. However, additional discovery and further fact development have uncovered facts demonstrating

---

[1] Although Art Akiane recognizes that the Court believed further factual development was unlikely to affect its decision, based on the additional facts outlined here, unknown to the Court at the time of its Order, Art Akiane believes such facts sufficiently provide a basis for the Court to revisit its ruling now.

[2] Declaration of Mark Kramarik is filed herewith.

127102316.7

a stronger nexus between the breach of contract claims and Illinois.

For instance, it was Illinois, not Colorado, where the contract was signed, negotiated, and performed. Dkt. 252 at 14. As noted below, **ASW traveled to Illinois** to discuss renewal of the operative contract, **stayed in Illinois** to meet with Art Akiane about the renewal, and **ASW and Art Akiane both executed the renewal in Illinois**. And, during the performance of the contractual requirements, ASW contacted Art Akiane in Illinois for certain required approvals, Art Akiane sold its products from Illinois, and all limited edition and original artwork was fulfilled from Illinois. Accordingly, all of Art Akiane's acts under the Licensing Agreement were in Illinois, not just some of its operations.

These additional facts warrant reconsideration of this Court's Order. Further, additional factual development providing for an even more significant nexus to Illinois is also likely to be demonstrated through anticipated deposition testimony,[3] which the parties have yet to conduct, and through additional sought, but withheld, documents.[4] For these reasons, Art Akiane asks this Court to revisit its decision and find that Illinois procedural law applies to the breach of contract claims or, alternatively, defer its ultimate decision on this issue until after the end of fact discovery, allowing for further factual discovery relating to the contractual nexus with Illinois.

## LEGAL STANDARD

"Rule 54(b) governs the reconsideration of non-final orders, and the rule states that such orders may be revised at any time before the entry of a judgment adjudicating all the claims and

---

[3] Plaintiff notes that, even in ASW's reply in support of its Motion, it "received discovery responses from Plaintiff" that it felt were relevant to the choice of law determination. Dkt. 228 at 5. This acknowledgment alone provides more evidence that relevant facts relating to the ultimate choice of law determination are still being adduced.

[4] ASW produced a number of scattered documents in this case, but omits significant relevant information, as noted in Plaintiff's pending Motion to Compel. Dkt. 262. Indeed, much of ASW's production consisted of external documents, like court filings, Facebook printouts, and other public records, not internal email communications or financial records. Even so, documents themselves only tell part of the story. Deposition testimony is likely to show an even stronger connection between the parties' contractual relationship with Illinois.

all the parties' rights and liabilities." *Chencinski v. Zaruba*, 2018 WL 10705082, at \*2 (N.D. Ill. May 23, 2018) (J. Chang) (internal quotations omitted). Indeed, the inherent power of courts, the common law, and Rule 54(b) of the Federal Rules of Civil Procedure **all** permit courts to review and revise their interlocutory orders prior to the entry of final judgment. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988); *Ramade Franchise Sys., Inc. v. Royal Vale Hosp. of Cinc., Inc.*, 2004 WL 2966948, \*3 (N.D. Ill. 2004) ("[t]he Court need not decide whether Defendants are invoking the inherent authority of the Court, the common law, Rule 54(b), or all three…"). Courts often reconsider motions "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

**ARGUMENT**

As this Court correctly notes, the most critical question of where a breach of contract has arisen is determined by applying the "most significant relationship" test from the *Second Restatement of Conflicts of Law*. Dkt. 252 at 13 (citing *Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004)). "Under this test, the contacts relevant to the choice-of-law decision include the place of contracting, negotiations, performance, location of the subject matter of the contract, and the domicil[e], residen[ce], place of incorporation, and business of the parties." *Id.* "The place of contracting is the jurisdiction wherein is accomplished the last act necessary to give validity to the contract." *Id.* (cleaned up).

In ASW's Motion and the Court's original determination, the focus was on Art Akiane's place of incorporation rather than the other facts listed in *Hinc v. Lime-O-Sol*. *See* Dkts. 218 at 5-6 & 228 at 5. The place of contracting, the parties' negotiations, Plaintiff's performance, or the

3

location of the subject matter were ostensibly not as heavily weighed. However, in considering the new facts previously unknown to the Court, Illinois has the most significant contacts with the contractual dispute when considering **all** of the *Hinc* factors.

The contract was renewed in 2016. This renewal became the operative agreement, which was executed and negotiated in Illinois. Indeed, ASW traveled to Illinois specifically to meet with Plaintiff, discuss the contract extension, and execute the same. ASW knew that, not only had Art Akiane relocated to Illinois, performance of Art Akiane's contractual duties such as review, authorization, approvals, monitoring, and shipments would all come from Illinois. And ASW was aware that Art Akiane was an Illinois business, which will be further shown by deposition testimony, despite Art Akiane not updating its incorporation from Idaho to Illinois.[5]

Although this Court noted that the documentary evidence "tenuously linked to Illinois," it is the story behind the documents, like where the documents were executed or negotiated, which provides a clearer nexus to Illinois. This type of information and facts are still being gathered through discovery, like upcoming depositions, that will bolster the nexus between the parties' contractual claims and Illinois. Thus, if the additional facts cited herein leave the Court unpersuaded, despite the more detailed ties to Illinois of which the Court was previously unaware, Art Akiane respectfully requests that the Court reconsider its ruling following the close of fact discovery.[6] A determination at this point will forestall Plaintiff's ability to sufficiently prosecute

---

[5] Art Akiane is a small, family run company that only sells and licenses its daughter's art. It had no in-house counsel or experience with legal formalities, and its Idaho incorporation was a legacy from before it moved to Illinois. In fact, its office, art studio, storage of original pieces of artwork, shipping, and management of the business all occurred in the family's living space, under one roof, in Chicago, Illinois.

[6] Art Akiane understands the goal of resolving the conflict of law dispute is to help the parties allocate their resources efficiently, but applying that ruling to limit discovery produces an incomplete record that limits clarity and risks applying incomplete facts to decide the case. This is particularly true where, as here, Defendants are alleged to have hidden their conduct from Plaintiff and worked to "sidestep" them, as emails have revealed.

And without the benefit of complete testimonial evidence, it will hinder a decision of this matter on the merits, not further it. Permitting this factual issue to be developed will only aide the Court in ultimately making the correct

4

its claims and gather all evidence relevant for this Court's determination, as well as relevant damage evidence. All of these factors, previously unknown to the Court at the time of its initial Order, support reconsideration of the Court's ruling that Colorado procedural law applies to the parties' breach of contract claims.

## CONCLUSION

For the reasons stated above, Art Akiane respectfully requests that this Court reconsider its Order that Colorado law procedural law (*i.e.*, statute of limitations) applies to the parties' breach of contract claims and find that either Illinois' statute of limitations applies to the breach of contract claims, or that the Court should defer its ruling on this issue until after the close of fact discovery.

Dated: October 14, 2021

Respectfully submitted,

By: *s/ Adam Wolek*
Adam Wolek
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 517-9299
Facsimile: (312) 517-9201
awolek@foxrothschild.com

*Counsel for Plaintiff and Counter-Defendants*

---

decision, without restricting the parties from gathering more evidence. Moreover, if a decision is later rendered by this Court that Illinois law is not appropriate, which Plaintiff asserts is unlikely, this Court is able to so hold in summary judgment or motions in limine to exclude evidence it deems irrelevant to future rulings.

5

127102316.7

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2021, this Motion for Partial Reconsideration was filed with the Clerk of the Court via CM/ECF, which provided notice of same to all parties who have made an appearance in this case.

Dated: October 14, 2021      By: *s/ Adam Wolek*
Adam Wolek
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 517-9299
Facsimile: (312) 517-9201
awolek@foxrothschild.com

*Counsel for Plaintiff and Counter-Defendants*

127102316.7