UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ART AKIANE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-02952 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ART & SOULWORKS LLC, | ) | |
| CAROL CORNELIUSON, and | ) | Magistrate Jeffrey Cole |
| CARPENTREE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ART & SOULWORKS LLC, and | ) | |
| CAROLYNE CORNELIUSON, | ) | |
| | ) | |
| Defendants - Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ART AKIANE LLC, | ) | |
| | ) | |
| Plaintiff - Counter-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AKIANE ART GALLERY, LLC, and | ) | |
| AKIANE KRAMARIK, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**ART & SOULWORKS AND CAROLYNE CORNELIUSON'S
<u>RESPONSE TO ART AKIANE'S MOTION FOR PARTIAL RECONSIDERATION</u>**

Defendants/Counter-Plaintiffs, Art & SoulWorks, LLC and Carolyne Corneliuson (collectively "ASW"), submit their response to Plaintiff/Counter-Defendants Art Akiane LLC's ("Plaintiff") Motion for Partial Reconsideration [Dkt. 266] and state as follows:

1

## INTRODUCTION

Plaintiff asks this Court to reconsider its ruling on ASW's Motion for Choice of Law Determination that Colorado's statute of limitations applies to Plaintiff's breach of contract claim. [Dkt. 252]. It does so purportedly under Federal Rule of Civil Procedure 54(b), yet fails to satisfy *any* aspect of that rule whatsoever. In fact, Plaintiff offers no "newly discovered" evidence that did not exist when it filed its response to the original Motion and has established no manifest error of law or fact made by this Court. Rather, while deceptively suggesting that this Court "***invited*** Art Akiane to revisit the Court's decision" (Motion for Reconsideration ("Motion or Mot." at 1), the present motion is nothing more than an attempt at a "do over" because Plaintiff did not agree with the outcome.[1] For the reasons set forth below, this Motion should be denied in its entirety and ASW should be awarded its costs of response.

## LEGAL STANDARD

Rule 54(b) governs non-final orders and permits revision of an order at any time prior to the entry of final judgment. Fed. R. Civ. P. 54(b). "The standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b)." *Morningware, Inc. v. Hearthware Home Products*, Inc., 2011 WL 1376920, at *2 (N.D. Ill. April 12, 2011). It is well-established that motions to reconsider "serve a narrow function: to correct manifest errors of law

---

[1] Seeking do-overs has become a pattern for Plaintiff. It recently filed its ***sixth*** Motion to Compel against ASW, which is nothing more than a rehash of its prior motions. [See ASW's Response, Dkt. 262.] When the Magistrate Judge ruled on Plaintiff's first four motions to compel and ordered ASW to produce documents going back only three years from the filing of the lawsuit, Plaintiff filed a "Motion for Minor Clarification," which was, in reality, a motion for reconsideration. This was denied. [Dkt. 203.] Plaintiff then served ASW and Corneliuson with virtually identical discovery requests to the ones that were previously at issue in an effort to do an end-run around the Magistrate's three-year ruling. Thus, the very same issues addressed in the first four motions to compel and "minor clarification" motion are now the subject of the sixth motion to compel that is currently pending. These efforts at rehashing the same issues time and again should not be a cost born by ASW, a virtually defunct company with an elderly sole-proprietor. (See Section B, *infra*).

or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264. 1269 (7th Cir. 1996); *see also, Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A statement made by Judge Shadur in *LaBouve v. Boeing Co.*, is particularly on point to the situation at hand:

> Despite what [some reconsideration movants] appear[] to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration.

387 F. Supp. 2d 845, 855 (N.D. Ill. 2005), quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988). The Court's discretion to revisit a ruling under Rule 54(b) "is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Ellenby Technologies, Inc. v. Fireking Sec. Group, et al.,* 2021 WL 1387870 at *3 (N.D. Ill, April 21, 2021), citing *U.S. Tobacco Coop., Inc. v. Big South Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018), quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003). The circumstances here simply to do not warrant a re-do of the same battle.

## ARGUMENT

A.  **The Evidence Plaintiff Points the Court to is Not "New."**

Plaintiff argues that "additional discovery and further fact development have uncovered facts demonstrating a stronger nexus between the breach of contract claims and Illinois." Mot. at 1-2. This is patently false. There has been ***no*** "additional discovery" since February 22, 2021when Plaintiff filed its response to the Motion for Choice of Law Determination ("Response") [Dkt. 226]. That is because: (a) written fact discovery had already closed as of that date, and (b) Plaintiff successfully moved to stay all depositions until this Court's determination on the choice of law

3

issue. [Dkt. 223 and 238 (court order)].

In fact, the allegedly "new" facts that Plaintiff points to, that Carol Corneliuson traveled to Illinois and signed the 2016 agreement there, is hardly "newly discovered." It occurred five years prior to Plaintiff filing its Response and involved an interaction that Plaintiff itself had. Plaintiff had ample opportunity to include this information in its Response and to present other facts for the Court to weigh under the choice of law analysis presented. Instead, Plaintiff chose to use its brief to argue that the motion was a glorified discovery dispute, while also urging this Court to award it 10 years' of discovery [Dkt. 226.][2]

Similarly, the facts now contained in Mark Kramarik's declaration in support of this motion are not "newly discovered." [Dkt. 266, Ex. A]. They were just as available in February 2021 when Mark Kramarik filed a prior declaration, as they are today. The new declaration is simply an effort to rehash the very issues teed up in the course of briefing the original motion. The facts Plaintiff now offers as "new" include an explanation as to why Art Akiane chose not to change the locale of its incorporation from Idaho and includes further efforts to re-argue the choice of law motion to present a closer nexus to Illinois. These facts were not offered by Plaintiff the first time around-- not because they were not in existence or somehow concealed, but because Plaintiff made a strategic decision about how to approach its response to the motion.

The Court noted this absence, stating:

> Art Akiane has submitted the affidavit of Mark Kramarik, in which he explains that Art Akiane was 'based and operating in Illinois' in 2016 when it renewed the contract with Art & Soulworks. But Mark Kramarik and Art Akiane do not explain what significant activities Art Akiane engaged in in Illinois, or why the activities (whatever they are) should outweigh the activities of Art & Soulworks in Colorado.

---

[2] In its reply brief, ASW expressly pointed out that Plaintiff chose not to address the choice of law issue in its Response [Dkt. 228- at p. 6]: "Art Akiane had every opportunity to challenge ASW's choice of law analysis in its Response or even engage in an analysis of its own. It chose to do neither. Therefore, any argument that ASW's analysis in favor of Colorado law is incorrect has been waived. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 383 (1989)."

> Moreover, Art Akiane never became an Illinois LLC, which matters for the next part of the test.

Dkt. 252 at 14 (internal citations omitted). This motion is Plaintiff's belated effort to cure that which should have been offered the first time around. Now that the Court has ruled in a manner Plaintiff disagrees with, it pretends that "further discovery" uncovered the facts it failed to previously offer, but that, of course, is a fallacy. Plaintiff does not like the outcome of the choice of law motion, but reconsidering that ruling is simply an inappropriate remedy.[3]

### B. Plaintiff Should Be Ordered to Pay Costs

This motion is frivolous at best. Though Plaintiff invokes Rule 54(b), it fails to establish any of the grounds that would warrant another look at the previously fully briefed choice of law motion. Though Plaintiff pretends this motion was filed because of some red carpet invitation personally delivered by the Court, a simple reading of the language used in the Order shows that "further discovery" was the linchpin. (Dkt. at 9) ("Of course, if *further discovery* somehow reveals new facts that affect the choice of law (as unlikely as that is), the parties can ask the Court to revisit today's decision.") There has been no further discovery, and Plaintiff is well aware of that.

28 U.S.C. §1927 provides: "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously, may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As noted in footnote 1, the constant effort by Plaintiff to rehash arguments by filing motions for "minor clarification," and motions for reconsideration when the sole issue is that Plaintiff did not like the

---

[3] Even if it were appropriate to completely redo the analysis that the Court engaged in from briefs submitted months ago, the fact that Carol Corneliuson traveled to Illinois and signed an amendment to the long-standing agreement between the parties hardly tips the balance in favor of Illinois. The conduct alleged in the breach of contract claim is that ASW and Corneliuson made sales for which they failed to pay royalties. Though untrue, any such conduct would have originated and centered in Colorado where ASW is incorporated, where Corneliuson resides and from where ASW conducted its business.

outcome, is unreasonably and vexatiously multiplying the proceedings, at a cost to ASW and Carol Corneliuson personally. *In re TCI Ltd.*, 769 F.2d 441, 447 (7th Cir.1985) (repetitious assertion of a legal argument may be grounds for sanctions to be awarded if "a competent attorney would find no basis for a legal argument.")

Motions must be justified by existing law or a good faith argument for the modification, reversal, or extension of existing law. *Id*. Whether sanctions under 28 U.S.C. § 1927 are appropriate is based on an objective test and focuses on whether an attorney "has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice" or pursued a "claim without a plausible legal or factual basis and lacking in justification." *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir.1988) (internal quotations omitted). *Mangel v. Loeb Rhoades & Co.,* 1990 WL 125371, at *2 (N.D. Ill. 1990) ("plaintiff's motion to reconsider, and the costs it imposed on defendants, was a direct result of plaintiff's vexatious multiplication of the proceedings within the meaning of § 1927); *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1349 (S.D. Fla. 2009) ("This Court agrees that the motion for reconsideration lacked any colorable basis, was frivolous and unreasonably and vexatiously multiplied these proceedings. The motion did not address the standard for reconsideration, regurgitated arguments made in opposition to summary judgment and improperly presented new arguments.") This Motion to Reconsider was not filed in good faith by Plaintiff. Accordingly, costs should be awarded under § 1927.

## **CONCLUSION**

For the reasons stated above, ASW and Carolyne Corneliuson respectfully request that this Court deny Plaintiff's Motion for Reconsideration and award their costs under 28 U.S.C. § 1927.

Dated:  October 27, 2021               Respectfully submitted,

                                       */s/ Nicole N. Auerbach*

                                       Nicole N. Auerbach
                                       Kehinde Durowade
                                       ELEVATENEXT LAW
                                       218 N. Jefferson Street, Suite 300
                                       Chicago, IL 60661
                                       (312) 676-5460 - Telephone
                                       nicole.auerbach@elevateservices.com
                                       kehinde.durowade@elevateservices.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 27, 2021, I caused the foregoing to be served upon all counsel of record via the Court's ECF system.

                                                         */s/ Nicole N. Auerbach*
                                                         Nicole N. Auerbach