UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, <br><br> Plaintiff, <br><br> v. <br><br> ART & SOULWORKS LLC, <br> CAROL CORNELIUSON, <br> CARPENTREE, LLC, and VIRGINIA HOBSON, <br><br> Defendants. | Case No. 19-cv-02952 <br><br> Judge Edmond E. Chang <br><br> Mag. Judge Jeffrey Cole |
| ART & SOULWORKS, and CAROLYNE CORNELIUSON, <br><br> Counter-Claimants, <br><br> v. <br><br> ART AKIANE LLC, AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, <br><br> Counter-Defendants. | |

**REPLY TO SUPPORT PLAINTIFF ART AKIANE LLC'S
AND COUNTER-DEFENDANTS' MOTION TO COMPEL [DKT. 262]
AGAINST DEFENDANTS ART & SOULWORKS AND CAROL CORNELIUSON**

Dated: October 29, 2021

Respectfully submitted,

By: *s/ Adam Wolek*
Adam Wolek
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 517-9299
Facsimile: (312) 517-9201
awolek@foxrothschild.com

*Counsel for Plaintiff and Counter-Defendants*

# INTRODUCTION[1]

Defendants' Opposition avoids the merits and relevancy of the Requests at issue, which relate to Art Akiane's state law claims, and, instead, seeks to apply rulings regarding unrelated, prior requests not at issue here. Defendants first contend that these Requests are "duplicative" because of prior rulings to earlier discovery requests the Court found were directed to Art Akiane's copyright claims. Put plainly, Defendants assert that this Court's prior rulings regarding copyright discovery also limit Defendants' obligation to respond to separate and additional discovery requests directed to Art Akiane's state law claims. However, this Court's ruling that *copyright* damages are limited to 3 years does not bar Art Akiane's state law claims that span longer. And, Judge Chang's choice of law ruling applied Illinois law to the state claims and Colorado procedural law to the breach of contract claim, to which the Requests here relate.[2]

Defendants' opposition next does not address the longer period permitted by Colorado's 6-year contract statute or its codified discovery rule statute that enables the factfinder to look back to when the claims accrued. Because Defendants hid their underlying conduct, Art Akiane can investigate when it began by looking further back in time.

Further, despite their principal defense that "oral modifications" or "oral agreements" altered their rights and obligations under the License Agreement, defendants do not dispute that they failed to substantively respond to Requests about when the disputed "oral modifications" occurred, who allegedly agreed to them, and the purported terms. Defendants now appear to argue

---

[1] All capitalized terms are used as in Movants' Motion to Compel Against Defendants Art & SoulWorks LLC and Carol Corneliuson (Dkt. 262, "Motion") unless otherwise stated.

[2] Even if the damages period was limited to 3 years (which it is not), the requested discovery is relevant to motive, intent, planning, and state of mind and, thus, should not be limited at the discovery phase. If Defendants assert that such production is not admissible at trial, Defendants have the ability to seek such relief at the appropriate time. Unilaterally withholding discovery deprives Movants of the ability to fully evaluate their claims and have this matter decided on the merits.

1

that these permissions were separate from the License Agreement and thus it forgives them from responding to the interrogatory about oral modifications to the License Agreement. Even though they answered an interrogatory that they "received permission…to produce, reproduce, copy, modify, or print...pursuant to the License Agreement." Defendants position is logically flawed. If these alleged "oral modifications" are Defendants' primary defense, and Defendants contend they received oral "permission" to "modify" the terms of the License Agreement, such "oral modifications" relate to the License Agreement and are, therefore, relevant. Defendants' responses are insufficient.

Finally, Defendants contend that, because they previously produced some documents and because they estimate Plaintiff's damages as "low," they do not have to fully respond to interrogatories or provide sales information past 3 years.[3] While Defendants have a right to argue their theory on damages, they cannot unilaterally withhold documents that would prevent Movants from countering Defendants' damages valuation and are not relieved of their Rules 33 and 34 obligations to provide full responses or sales information. Plaintiff has the right to assess the sales information and to do its own damages assessment.

In sum, the Requests at issue seek information relating to Defendants alleged oral modifications, instances in which Defendants' breached of the License Agreements, Defendants printing of Movants' work without authorization, and associated damages. These Requests are relevant to Defendants' infringing acts, Movants' state law claims (including breach of contract, unjust enrichment, and tortious interference), damages, and to Defendants' affirmative defenses. Defendants' exhaustive efforts to avoid providing responsive answers and producing responsive

---

[3] Defendants claim that their previous production of 20,000 pages of documents is a red herring because much of the production (and page count) are public docket documents and auto-Facebook printouts, and they still fail to state how they relate to the Requests at issue.

documents is telling.

## ARGUMENT

I. **The Court's Prior Ruling On Copyright Requests Did Not Address Nor Bar Art Akiane's Later Requests Relating To Its Breach Of Contract and State Claims.**

Defendants first argue that when the Court compelled Defendants to respond to discovery on the copyright claims (Dkt. 186), its ruling acted as a bar to Art Akiane's later Requests, which relate to Movants' breach of contract and state law claims, and which the Court did not previously consider. Defendants contend that even though these later Requests were separate requests, they do not have to respond because they appear similar so are barred as "duplicative." ***First***, the Court has not previously ruled on any of these discovery requests at issue. ***Second***, because the Requests are separate requests, Defendants are obligated to fully respond to them under Rules 33 and 34. ***Third***, Defendants' "duplicative" objection rings hollow because Defendants responded to many of the Requests, but limited their responses to 3-years. Accordingly, Defendants have conceded the legitimacy of the Requests; they simply seek to unilaterally limit their temporal scope.

Defendants premise their 3-year limitation on discovery, in part, on the copyright statute of limitation for damages that the September 18, 2020 Order (Dkt. 186) addressed in prior requests. But Judge Chang's Choice of Law Order and Colorado procedural law contravenes Defendants' position because Art Akiane's state law claims make Defendants' acts and the resulting damages relevant to a much longer time period (enabling Movants to look back to the start of Defendants' acts).[4]

Defendants contend that the September 18, 2020 Order that addressed prior requests to copyright claims ("Dkt. 186 Order") justifies their refusal to respond to later-issued interrogatories.

---

[4] Movants note that it is improper for Defendants to unilaterally limit production at the discovery phase. As noted earlier, if Defendants have a compelling argument to limit the use of production, once the facts are fully developed, Defendants are free to file their motion. Such a decision is simply premature at this stage.

But the Dkt. 186 Order was not directed to Art Akiane's breach of contract and state law claims, and the Order did not preemptively make these claims "irrelevant" or "duplicative" to later issued discovery. Movants served these Requests after the Court's Order, and this will also be the Court's first time addressing Defendants' responses (including after Judge Chang's Choice of Law Order).[5] Indeed, Judge Cole even said that his rulings on the prior requests were "*solely* on the copyright claims." *See* Dkt. 203 at 2; *see e.g.*, Dkt. 186 at 3 ("While it is plaintiff's argument throughout its motions that its requests are 'relevant' to its copyright claims…"); *id.* at 6 ("Given plaintiff's claim that this request is relevant to its copyright claim…").[6] Thus, the Court did not previously address the issues raised in this Motion.

Defendants' contention that the Requests are irrelevant to Art Akiane's breach of contract claim is similarly without merit. For instance, Defendants' principle defense is that they "orally modified" the License Agreement with Art Akiane, and that such modifications permitted their conduct. Movants dispute that any oral modifications occurred.[7] At its crux, without these alleged "oral modifications," *each of* Defendants' acts would be a breach of the License Agreement, making each such action relevant to Movants' breach of contract claim.

Tellingly, during a meet and confer, Defendants stated that Movants could simply seek the information about "oral modifications" in depositions, rather than through the interrogatories

---

[5] Judge Cole's prior rulings predated Judge Chang's Choice of Law Order.

[6] Judge Cole further stated in his November 5, 2020 Order:

> [T]he [earlier] Motions concentrated *solely* on the copyright claims …. [A]s the Plaintiff concedes, it previously made no argument regarding its contract claims or the statute of limitations applicable to those claims. Thus the challenged Orders properly limited the discovery requests to a period of three years [, the statute of limitations for copyright claims.]
>
> \* \* \* \*
>
> The court can only rule on the motion a party files… The Motions the Plaintiff filed had nothing to do with the dispute discovery requests being relevant to Plaintiff's contract claims, only its copyright claims… Dkt. 203 at 2-3, 4 (emphasis in original).

[7] Movants dispute that any oral modifications occurred.

4

Movants had already issued. This itself betrays Defendants' relevancy contention. Defendants do not get to direct which discovery mechanisms Movants can utilize. Defendants offer no opposition to Movants' argument that they have a right to serve interrogatories on such issues. By telling Movants to get the information regarding their oral modifications in depositions, Defendants effectively concede the relevance of Interrogatory Nos. 1 and 21. Defendants merely seek to dictate the way Movants obtain the information.

Even so, the Licensing Agreement expressly dictates what conduct was permitted and prohibited. For instance, the License Agreement ***required*** Defendants to send Art Akiane samples of each item prior to being sold, and to ***keep getting preapproval*** "on each product and each image…" Dkt. 96-8 §§ I, L. To that end, Interrogatory Nos. 15, 17, and 22 seek information relating to instances in which Defendants' modified or altered Art Akiane's works without approval or pre-approval. Thus, these requests seek information about violations of the Licensing Agreement, instances of breaches to the same, and are also relevant to Art Akiane's unjust enrichment allegations.

The License Agreement also specifies the contractually permitted marking of an image, and Interrogatory No. 16 seeks discovery related to Defendants' use of markings other than those permitted by the Licensing Agreement. Dkt. 96-8 § H; *and see* Ex. A, at Interrog. 16.[8] Thus, Interrogatory No. 16 also seeks information relevant to Art Akiane's breach of contract claim.

Defendants contend next that the Requests seek information relating to actions taken "pursuant to the Licensing Agreement," so they only relate to the express written Licensing Agreement, and not alleged oral modifications of it. That is a pedantic argument that ignores basic contract principles. Defendants' primary defense is that the parties made oral modifications to the

---

[8] All references to exhibits refer to the exhibits attached to the Motion, unless otherwise stated.

Licensing Agreement. If true (which Art Akiane disputes), such oral modifications are actions taken pursuant to the License Agreement (which would include modifications to the same) and the very modifications in dispute become a part of the operative terms of the written Licensing Agreement. That falls squarely within the scope of Movants' Requests. Given that the alleged modifications form the cornerstone of their defense, Defendants should not be excused from providing the basis of their defense through written discovery. Indeed, Defendants have only stated that there were "oral modifications" and agreements, **but have provided zero details of what those agreements were, with whom, or when they allegedly occurred**. Simply put, Movants have a right to have notice of Defendants' defenses so that they can diligently investigate them and prepare for depositions and trial.

Defendants also newly contend that they have responded to an excessive number of discovery requests and produced 20,000 pages of documents. But Defendants waived that objection because they did not previously object to the numerosity of the Requests or that they exceeded permissible allotments. *See* Ex. A, *generally*. Nor did Defendants seek a motion for a protective order. Having failed to raise such an objection in their discovery responses or by motion, Defendants waived it. *See, e.g.*, *N.Y. Life Ins. Co. v. Peters*, 2021 WL 229659, at *3 (N.D. Ill. Jan. 22, 2021) (party waived objection to number of interrogatories by failing to raise it); *U.S. Equal Employ. Opp. Comm'n v. Dolgencorp, LLC*, 2015 WL 7251947, at *3 (N.D. Ill. Nov. 17, 2015) (objection to the number of interrogatories waived where responding party answered the interrogatories). To the contrary, Defendants answered each Request—though incompletely. *See* Ex. A. ASW should not now be permitted to create new objections to avoid its belated responses.

At any rate, Defendants omit that much of its production are *public documents*, such as thousands of pages pleadings and Facebook posts, which can be downloaded in minutes.

Defendants thus have not, as they imply, produced tens of thousands of internal documents and emails to these or any other discovery requests.[9]

## II.  Judge Chang's Choice Of Law Order Does Not Limit Discovery To 3 Years.

Defendants next contend that they have fully complied with their discovery obligations because Judge Chang's Choice of Law Order limited damages to 3 years. The Choice of Law Order, however, does not discuss the length of the statute of limitations for any claim nor limits discovery or damages to 3 years. Dkt. 252. It only holds that Colorado's statute of limitations applies to the parties' breach of contract claims and that Illinois law applies to other state law claims. *Id.* at 17.[10] Both Colorado breach of contract law and Illinois state law claims permit relevant discovery past *any* statute of limitations periods for damages, and each have statutes of limitations that extend beyond 3 years, including to the beginning of the breaching acts.

To begin, Federal Rule 26 places no limits on discovery for statutes of limitations and federal courts have expressly held that statutes of limitations do ***not*** establish the outer limits of discovery. Fed. R. Civ. P. 26; *see also Geinosky v. Cty. of Chi.*, 675 F.3d 743, 750 (7th Cir. 2012) (stating that "even if [plaintiff] cannot recover damages" from "acts outside the limitations period," the earlier acts may still provide relevant discovery).[11] Defendants do not dispute this principle.

Defendants also fail to address Colorado's discovery rule statute and the "accrual date" of claims, which extend contract breaches beyond 3-years. In Colorado, a breach of contract claim does not accrue on the date the breach occurs. It accrues "on the date the breach is discovered or

---

[9] Defendants also have cited to many of these documents, as responses to interrogatories under Rule 33(d).

[10] Defendants repeatedly claim that they provided documents and information going back beyond the 3 years. Yet Defendants ignore they objected to each Request past 3 years relying on "information beyond the time frame permitted by Judge Cole's September 18, 2020 Order." *See* Ex. A, *generally*.

[11] For instance, if Defendants, without authorization, posted an image of one Art Akiane's works on Facebook in 2015, each time the post is viewed, it becomes a new "transmission" of a copyrighted work. Thus, Defendants' posting of the image in 2015 (ostensibly outside the limitations period) is relevant to a transmission occurring in 2019 (within the limitations period).

7

should have been discovered by the exercise of reasonable diligence." C.R.S.A. § 13-80-108(6). In other words, Colorado codified the discovery rule for breach of contract claims. So, discovery is not "cut off" at 3-years in Colorado (or under Illinois' state law claims). Rather, courts permit the parties to investigate the date(s) on which the claims *accrued*. This takes into consideration Defendants' concealment efforts, breaching acts, and their motivations for the same.

For instance, Art Akiane has alleged that Defendants undertook actions specifically directed to conceal their improper and illegal conduct from Art Akiane. Revealing this, Movants attached an email where Defendants planned to undertake actions to "sidestep" Akiane Kramarik's father. Ex. C at 1. While Defendants claim they were not a party to the communication, they omit that the email chain begins with them (Defendant Corneliuson) writing to Defendant Carpentree, and the chain later describes the intent to "sidestep" Art Akiane. Indeed, that is exactly what happened. This email infers both parties' conduct and participation. Producing more information about their "side stepping" scheme would undoubtably provide more context to this case and more evidence of concealment—the very reason Defendants wish to withhold such information.[12]

Movants have shown the relevance of the issues relating to the concealment of Defendants' actions, allowing discovery to go beyond 3-years. At the discovery phase of this case, Movants should be permitted to seek evidence of Defendants' efforts to keep Art Akiane in the dark. But Defendants' efforts to unilaterally set a cutoff date should not be permitted as it prejudices Art Akiane's ability to investigate the complete merits of its asserted claims.

Despite limiting its discovery responses to 3 years, Defendants appear to concede that a 6-

---

[12] Indeed, there are many emails and acts showing Defendants' schemes and concealment uncovered from Defendant Carpentree, but Defendants ASW and Corneliuson have refused to produce their records relating to the same. Movants seek this information, and the Requests to them, are tailored to learn more about ASW's and Corneliuson's conduct and defenses. Accordingly, if the Court would find it helpful, an evidentiary hearing on Defendants' conduct could help the Court determine that there is the need for more discovery on this issue.

year statute of limitations applies to unpaid royalties under the License Agreement. Dkt. 267 at 11. Defendants, however, contend that damages for the unauthorized modifications are excluded. But unauthorized modifications are still breaches of the contract, and are even easier to calculate as they go directly to ASW's sales of the works (without the need to multiply by the royalty rate). Or if Defendants contend that they agreed to a different formula through oral modifications, Art Akiane has the right to discover what that is and to assess Defendants' claims. But Defendants' unilateral attempt to bar any discovery beyond 3 years creates a sword-and-shield scenario allowing them to claim the defense without having to state any details about it or sales from sidestepping Movants.[13]

### III. The Discovery Sought In The Motion Is Otherwise Relevant To Issues In The Case.

At its crux, Defendants' acts that were contract breaches and unfair competition are directly relevant to the claims and damages alleged in the operative complaint. Defendants' acts are also relevant to their affirmative defenses and representations made to Movants. For instance, did Defendants intend to conceal their conduct or "sidestep" Movants? If so, those acts and conduct are relevant to when the claim accrued, and also to damages for unfair competition and unjust enrichment. Defendants' concealment and conduct is also relevant to their intent, motive, bias, planning and mindset for those acts and behaviors. Similarly, Defendants' affirmative defense that it had "oral agreements" and agreed "oral modifications" with Movants to modify the License Agreement and to ignore its demands rests only on Defendants word, and it also goes to

---

[13] The cases Defendant cite for applying the 6-year statute of limitations are not on-point because the contracts there did not include methods for determining damages. *See Neruomonitoring Assocs. v. Centura Health Corp.*, 351 P.3d 486, 488-490 (Colo. App. 2012) (plaintiff sought recovery for loss of business expectation and future losses, not nonpayment for services provided under a contract); *Union Pac. R. Co. v. Certain Underwriters at Lloyd's, London*, 37 P.3d 524, 525 (Colo. App. 2001) (insurance contract failed to include method for calculating amount due). Here, a Licensing Agreement expressly provides a formula for calculating royalties owed to Art Akiane, or the court can look to the total sales.

9

Defendants' intent, motive and bias to create the "oral modifications."

Indeed, a witness' motivation or bias is always relevant at trial. Aside from any bars to recovery of damages relating to a statute of limitations period, providing the jury with the context of "why" Defendants engaged in such behavior is relevant. As money is often times the ultimate motivator for one to act, especially in business, showing the jury why—*i.e.*, the money they were making at Movant's expense—will provide context as to Defendants motive, intent, planning and bias in this case.

Defendants' opposition is more suited for a motion *in limine*, when the Court has the benefit of reviewing the entire record, than allowing Defendants to withhold documents in the first place.

### IV. The Requests Are Proportional And Not Unduly Burdensome.

Finally, Defendants contend they should not have to respond to the Requests because the Requests are not proportional to the needs of the case and are unduly burdensome. Defendants argues that Art Akiane seeks "at least $46,473 in unpaid royalties," ASW is essentially "defunct," and Art Akiane can just as easily obtain copies of Defendants' Facebook and social media posts. Dkt. 267 at 14-15.

Defendants suggest that because Art Akiane seeks a "small" amount of damages, the Court should excuse Defendants' inadequate and incomplete discovery responses. Putting aside that Defendants only provided sales data for 3 years, their "$46,473 in unpaid royalties" calculation is incomplete and only goes to one ***form*** of damages (ignoring lost profits, disgorgement, and other damages theories). Defendants deficient responses also prevent Movants from doing their own analysis or challenging this calculation. At bottom, Defendants' earnings from Movants' works is some of the key discovery sought. In effect, Defendants are arguing that because one type of damages for what they disclosed *so far* are potentially small, this should bar Movants from assessing the full extent of potential damages. Defendants cite no authority for this radical position,

10

or that less discovery should be provided based on Defendants' self-reported potential damages. Rather, Movants have a right to investigate the full damages from Defendants' breaches and unfair competition, and thus should have a right to see all of Defendants' sales of Movants' works.

Defendants similarly cite no legal authority for the newly raised position that if a defendant is defunct or out of business (which is news to Movants), it is excused from discovery obligations. First, Art & SoulWorks is still operating, and has repeatedly stated that it would continue to do so and keep making (infringing) sales. In fact, Movants were forced to seek and win a preliminary injunction to get Defendants to stop their conduct.

Defendants also fail to show how production will create an undue cost, time, or burden with standard productions like sales figures, breaching acts, or the details for their "oral agreements" defense.

Additionally, Defendants contention that Movants can simply print out Defendants' social media pages is not responsive to Movants' interrogatories asking Defendants to identify the works that **Defendants** modified or altered. Defendants, not Plaintiff, are in the best position to identify the works they modified, and should be unable to reverse their discovery obligations.

Finally, the cases Defendants cited for their proportionality argument are not relevant here. For instance, in *Aptargroup, Inc. v. 3M Co.*, plaintiff sought discovery of "'thousands (if not hundreds of thousands)' of documents "'that [went] back decades and originate[d] with two' other non-party pharmaceutical companies and various clinical trials associated with the pharmaceuticals." 2018 WL 11189351, at *3 (N.D. Ill. May 25, 2018). But unlike in *Aptagroup*, Movants do not seek hundreds of thousands of documents. Even so, the court in *Aptargroup* still ordered the pharmaceutical company to produce a subset of the requested documents. *Id.*

Defendants also cite *Greene v. Sears Prot. Co.* for support. However, unlike here, the

11

plaintiffs in *Greene* conceded that they had "proceeded on the assumption" that a 4-year statute of limitations applied to their claims but then, near the close of discovery, argued that a strong case could be made for application of a 10-year statute of limitations. 2017 WL 1134484, at *5 (N.D. Ill. Mar. 27, 2017). Moreover, the *Greene* court allowed discovery going back more than 4 years before the filing of the lawsuit—*i.e.*, longer than the 4-year statute of limitations. *Id.* (plaintiff filed the case on March 25, 2015; the Court allowed discovery dating back to March 25, 2010).

No matter the ultimate statute of limitation period this Court imposes, Defendants' attempts to unilaterally cut off discovery should be denied.[14] The Requests go to relevant evidence that will make the claims and defenses more or less probable. The Court will be in a better position to make the right rulings after the facts are fully developed, enabling the parties to present their full cases and defenses to the Court and jury. This case should be decided on the merits, not what Defendants unilaterally believe is appropriate for them to turn over. Defendants' attempts to handcuff Movants' ability to counter any of its contentions by withholding responses should be denied.

## **CONCLUSION**

For these reasons and the reasons set forth in the Motion, Movants respectfully request that the Court grant this Motion and order Defendants to provide detailed responses, without objection, to the Requests for the life of the Licensing Agreement to the present. Movants also request their reasonable attorneys' fees incurred in bringing this Motion and any other relief the Court deems just and proper.

---

[14] Defendants' unduly burdensome claim is also not supported with statements, sworn or otherwise, showing the production would be unduly burdensome. Defendants provide no context as to the time, energy or effort it would require them to gather such documents. Thus, Defendants' burdensome objection should be given no weight. Further, Defendants' claim that ASW is "virtually defunct," without explaining what that means, even if true, does not excuse it from producing company records easily generated from its accounting system, or collection of a simple word search of its email records.

## CERTIFICATE OF SERVICE

      I certify that, on October 29, 2021, I filed this Reply to support Plaintiff/Counter-Defendant Art Akiane LLC and Counter-Defendants' Motion to Compel Against Defendants Art & SoulWorks and Carol Corneliuson with the Clerk of Court via CM/ECF, which provided notice of same to all parties and/or counsel who have made an appearance in this case.

Dated: October 29, 2021                    By: *s/ Adam Wolek*
                                                       Adam Wolek