UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC, <br><br> Plaintiff, <br><br> v. <br><br> ART & SOULWORKS LLC, <br> CAROL CORNELIUSON, <br> CARPENTREE, LLC, and VIRGINIA HOBSON, <br><br> Defendants. | Case No. 19-cv-02952 <br><br> Judge Edmond E. Chang <br><br> Mag. Judge Jeffrey Cole |
| ART & SOULWORKS, and CAROLYNE CORNELIUSON, <br><br> Counter-Claimants, <br><br> v. <br><br> ART AKIANE LLC, AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK, <br><br> Counter-Defendants. | |

**REPLY TO SUPPORT ART AKIANE'S MOTION FOR PARTIAL
RECONSIDERATION OF THE CHOICE OF LAW ORDER (DKT. 252)**

Dated: November 1, 2021

Respectfully submitted,

By: *s/ Adam Wolek*
Adam Wolek
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 517-9299
Facsimile: (312) 517-9201
awolek@foxrothschild.com

*Counsel for Plaintiff and Counter-Defendants*

**INTRODUCTION**

The goal of discovery is to ensure a level playing field and to allow the factfinder to consider all the facts to so that correct and just decisions are rendered.

Defendants Art & SoulWorks ("ASW") and Carol Corneliuson do not deny that the new facts show that all parties negotiated the contract in Illinois, signed the contract in Illinois, or that Defendants flew to Illinois to negotiate it. Rather, Defendants' response ignores the merits and presupposes that this information was known before filing Art Akiane's response to the Choice of Law Motion. Defendants' response also ignores that discovery is ongoing and that the parties discovered and will continue to discover this, and other similar information, through future investigation and discovery—particularly whereas here, depositions have yet to been taken. Defendants also ignore that they had failed to disclose some facts identified in Plaintiff's Motion to Reconsider and that they have used the "3-year" barrier to foreclose any discovery that would provide for an alternative ruling on the Motion by this Court. While Defendants claim they produced many documents, much of that production was simply docket entries *from this case* and thousands of auto-printed pages of a Facebook site. Their response also ignores that they refused to reveal the details of the alleged "oral modifications" of the License Agreement (their primary defense) and failed to produce other key documents.

Defendants, instead, choose to cast unfounded aspersions, rely on conclusory assertions, misinterpret Court orders, and distort both the factual encounters between the parties and the procedural record of this case. They claim that this Motion is a delay tactic (yet *Defendants* moved to stay the case, including depositions that Art Akiane already noticed).[1] Defendants finally contend that asking for partial reconsideration is unreasonable and vexatious conduct under 28

---

[1] The Court denied Defendants' Joint Motion to Stay just this afternoon. Dkt. 275.

U.S.C. § 1927 (despite it being a key issue that drastically impacts this case) —a remedy reserved for egregious conduct.[2] Simply put, seeking partial reconsideration of a key issue is simply not vexatious conduct, and the delays Defendants complain of result from their own refusals to produce basic information about their claims and defenses. In short, the new facts show the contract centered on Illinois or, at a minimum, raise enough doubt that this particular ruling should be reserved until the facts are fully developed.[3]

## ARGUMENT

**I.     The Court Is Free To Reconsider Its Choice Of Law Order.**

Courts can review their interlocutory orders at any time before entry of the final judgment. Defendants' Response does not address the merits of Art Akiane's Motion, such as whether the new facts raised by Art Akiane—*i.e.*, all contract negotiations, contract execution, and all business of Licensor being in Illinois—show that Illinois had more connection to the contract than Colorado. Or, whether that question should remain open throughout discovery.

Defendants contend that Art Akiane merely seeks a "do over" and that there has been no "additional discovery." Defendants claimed that Art Akiane failed to state sufficient grounds for reconsideration, despite discovery and fact investigation is still ongoing. Defendants, however, do not dispute the newly raised facts or state why more discovery would not change the outcome of the choice of law determination. Nor do they apply these facts to the choice of law analysis. They simply seek to maintain the prior ruling, and discount that the facts (and the facts still being developed) do not support the Colorado nexus.

---

[2] Defendants suggest that Art Akiane is engaging in purposeful delay. Yet **Defendants** moved to effectively stay the entire case, including Art Akiane's pending Motion to Compel (Dkt. 262) and ***all*** depositions. Dkt. 270. Defendants' efforts proved unsuccessful. Dkt. 275.

[3] This Reply brief will focus on the merits of the arguments, but Plaintiff welcomes an evidentiary hearing delays in the case or what discovery has or has not been produced if the Court has any questions.

2

### A. The Court Can Reconsider The Choice Of Law Order At Any Time Prior To Final Judgment And For Any Reason.

Defendants assert that a court may consider motions for reconsideration only "to correct manifest errors of law or fact or to present newly discovered evidence." Dkt. 272, at 2-3. Federal Rule of Civil Procedure 54(b) is not so limited and states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and ***may be revised at any time*** before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).

The Supreme Court similarly declared that "every order short of a final decree is subject to reopening ***at the discretion of the district judge***." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 & n.14 (1983) (emphasis added). Thus, a district court may reconsider an interlocutory order, such as the Choice of Law Order, at any time before final judgment. Fed. R. Civ. P. 54(b); *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018).

And contrary to Defendants' assertions, a court may reconsider its order ***for any reason it deems sufficient***, even absent new evidence or an intervening change in substantive law. *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 738 (5th Cir. 1993), *rehearing denied*, 3 F.3d 441 (5th Cir. 1993); *see also Saqui v. Pride Cen. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) ("[W]hen a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"); *In re Life Inv. Ins. Co. of Am.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009) ("a district court may always reconsider and revise its interlocutory orders while it retains jurisdiction over the case"); *Union Mut. Life Ins. Co. v. Chrysler Corp.*, 793 F.2d 1, 15 (1st Cir. 1986) (district court not bound by its interlocutory order and "remained free to correct its

3

order").[4] Indeed, it lies within the discretion of the Court to "consider new arguments on a motion for reconsideration of an interlocutory order." *Ruehman v. Village of Palos Park*, 842 F. Supp. 1043, 1065, 1067 (N.D. Ill. 1993), *aff'd*, 34 F.3d 525 (7th Cir. 1994). Thus, the Court is not foreclosed from revisiting the Choice of Law Order in view of the new facts Art Akiane presents.

The Choice of Law Order even stated that "if further discovery somehow reveals new facts that affect the choice of law…, **the parties can ask the Court to revisit today's decision**." Dkt. 252, at 9. The parties' investigations continue to reveal new facts. Thus, in its Motion, Art Akiane did exactly what the Court suggested. Moreover, despite Defendants' ongoing refusal to produce information beyond 3 years, Defendants also seek to block discovery to prevent Plaintiff from discovering the entire record of this matter, which Art Akiane believes will reveal the totality of Defendants' conduct and establish that Illinois has the most significant nexus here.

Defendants seek to discount this language by arguing that the new facts were not discovered in response to *new discovery requests* and thus do not fall within the Court's intent. Discovery is ongoing, and all parties have an obligation to keep searching for relevant information, and to disclose that information when located or discovered. This obligation is not limited to new requests or a finite set of circumstances as Defendants suggest.

Art Akiane discovered the new facts through its investigations; new information that it had not uncovered and which affects the Court's Choice of Law analysis of the breach of contract claims. Art Akiane has a right, and the Court invited Art Akiane, to raise new facts for that analysis. Yet, instead of responding on the merits, Defendants seek sanctions to attempt to discourage Plaintiff from zealously litigating its case and providing the Court with the complete picture.

---

[4] Even in this Circuit, courts reconsider motions "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

In the alternative to revisiting the Order now, Art Akiane requested that the Court defer its ruling until after the close of fact discovery. As discussed, discovery is ongoing. The parties have yet to take depositions. Continued development of the record will reveal additional ties for Illinois over Colorado law for the breach of contract claims.[5] Indeed, Defendants have withheld virtually all discovery beyond 3 years, including information that may provide other evidence tying their actions to Illinois, refused to disclose the details of the alleged "oral modifications" of the License Agreement (their primary defense) that the parties presumably entered into in Illinois, and failed to produce other key documents. As Defendants have failed to disclose such facts voluntarily, Art Akiane needs to seek them through depositions and its Motion to Compel (Dkt. 262).

Akiane respectfully submits that Art Akiane was justified in filing the Motion for Partial Reconsideration and alternatively requesting that the decision be held in abeyance until the record is developed.[6]

### B. Defendants Do Not Dispute That The New Facts Art Akiane Presents Are Relevant To The Choice Of Law Analysis.

Defendants also do not dispute the new facts, or that they are relevant to and influence the choice of law analysis for the breach of contract claims. Defendants do not dispute that Corneliuson traveled to Illinois to discuss renewal of the contract, stayed in Illinois to meet with Art Akiane about the renewal, and that ASW and Art Akiane both executed the renewal in Illinois. Nor do Defendants dispute that, during the performance of the contractual requirements under the renewal,

---

[5] As showed by withholding information, Art Akiane can hardly rely on Defendants to affirmatively disclose their ties to Illinois. Indeed, Defendants failed to disclose in their Choice of Law Motion the fact that Defendant Corneliuson traveled to Illinois in 2016 to execute the renewal of the License Agreement. Dkt. 218. The place of contracting is relevant to a choice of law analysis for a breach of contract claim. *See, e.g.*, *Bradley v. TNT Skypack, Inc.*, 983 F. Supp. 1147, 1149 (N.D. Ill. 1997) (the place of contracting is relevant to Illinois' "most significant contacts" test for breach of contract claims).

[6] If after discovery closes Art Akiane fails show Illinois procedural law applies to the breach of contract claims, Defendants can revisit the issue in summary judgment motions.

5

ASW contacted Art Akiane in Illinois for certain required approvals, Art Akiane sold its products from Illinois, all limited edition and original artwork was fulfilled in Illinois, and Art Akiane's principal place of business and all of its business activities occurred in Illinois.

Defendants do not (and cannot) dispute that these facts are relevant to the choice of law analysis here. The place of contracting, performance, and business of the parties are three of the most significant contacts considered under Illinois' "most significant contacts" test. *Bradley*, 983 F. Supp. at 1149 (citing *Palmer v. Beverly Enters.*, 823 F.2d 1105, 1109-10 (7th Cir. 1987)).

Defendants cite **no** facts and present **no** legal authority to support the claim that the newly presented facts are irrelevant to the choice of law determination. While Defendants' Opposition includes one footnote where Defendants state that the new facts "hardly tip[] the balance in favor Illinois," Dkt. 272, at p. 5 n.3, this rings hollow. Defendants' conclusory statements, without citation to evidence or authority, do not trump the new facts warranting adjustment of the choice of law determination for the breach of contract claims.

## II. Defendants Do Not Satisfy The Standards For Obtaining An Award Of Fees And Costs Under 28 U.S.C. § 1927.

The Court should also reject Defendants' request for an award of fees and costs under 28 U.S.C. § 1927 because Defendants fail to establish that Art Akiane's counsel has multiplied the proceedings in a "vexatious and unreasonable" fashion. To support this argument, Defendants claim that Art Akiane cited no ground warranting revisitation of the Choice of Law Order and also filed multiple motions seeking to "rehash" the same arguments.[7] Defendants base these arguments

---

[7] Importantly, the positions taken by Defendants in the Joint Motion to Stay (Dkt. 270) also show that Defendants themselves do not believe Art Akiane's Motion has no merit. To the contrary, Defendants asserted that the ruling on this Motion will have an impact on the future of this matter. Defendants implicitly recognized that this Court may in fact reconsider its decision when it stated that "the Motion to Reconsider the choice of law ruling will have a direct impact" on the Court's later rulings. Dkt. 270. While Art Akiane agrees that the Motion will have an impact on future rulings, Art Akiane disputes, for the reasons stated in

on misinterpretations of the Choice of Law Order and a distortion of the record. Neither argument supports an award of fees and costs under § 1927.

### A. Defendants Face A High Burden To Justify An Award Of Fees and Costs Under § 1927.

Section 1927 provides that an award of fees and costs under § 1927 is permissible *only* if an attorney litigates "unreasonably" *and* vexatiously. *Koffski v. Village of N. Barrington*, 988 F.2d 41, 45 n.8 (7th Cir. 1993). The Seventh Circuit has long interpreted "vexatious" to mean "subjective or objective bad faith." *Kostilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992); *see also Overnite Transp. Co. v. Chi. Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983) ("vexatious" is defined as "lacking justification and intended to harass"). Thus, a showing of bad faith on the part of the attorney is a precondition to an award of fees and costs under § 1927. *Kostilieris*, 966 F.2d at 1184 (citing *McCandless v. Great Atl. & Pac. Tea Co.*, 697 F.2d 198, 201 (7th Cir. 1983)).

The Seventh Circuit has cautioned that the power to impose costs under § 1927 should be exercised "'only in instances of a serious and studied disregard for the orderly processes of justice,'" *Overnite Transp.*, 697 F.2d at 795 (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163 (7th Cir. 1968)), or "where a claim [is] without a plausible legal or factual basis and lacking in justification." *Pac. Dunlap Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994); *see also Suslick v. Rothschild Sec. Corp.*, 741 F.2d 1000, 1006 (7th Cir. 1984) (holding, to justify an award of fees under § 1927, "the claim must lack even a colorable basis in law").

Even if this high standard is satisfied, § 1927 sanctions are discretionary, not mandatory. *Ross v. City of Waukegan*, 5 F.3d 1084, 1089 n.6 (7th Cir. 1993). To prevent courts from inhibiting

---

its Response to the Joint Motion to Stay (Dkt. 273), that the Court's ruling will have an impact on the pending Motion to Compel.

"the legitimate zeal of an attorney in representing her client," *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991), courts interpret § 1927 as penal and generally construe it ***in favor of the party against whom sanctions are sought***, *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994).

Defendants have failed to establish that Art Akiane's counsel acted unreasonably and vexatiously, warranting an award of fees and costs under § 1927. Defendants simply seek to impede counsel's ability to zealously advocate for Art Akiane's position. Art Akiane presented new facts to counsel after it uncovered them. The new facts should have an effect on the Court's analysis in its Choice of Law Order and establish a reasonable basis for modification of the Court's prior ruling. Alternatively, the facts provide more evidence supporting Art Akiane's argument that the Court should defer its ruling on the choice of law issue until after the close of fact discovery so that the Court can make the best assessment after reviewing all facts.

    **B.**    <u>Art Akiane's Motion For Partial Reconsideration Does Not Constitute Unreasonable And Vexatious Conduct Warranting A Fee Award.</u>

As discussed above, a district court has discretion to modify any interlocutory order, such as the Choice of Law Order, at any time before final judgment. Fed. R. Civ. P. 54(b); *see also Moses H. Cone Mem. Hosp.*, 460 U.S. at 12 n.14 (1983); *Terry*, 888 F.3d at 893. Further, a court may reconsider the order ***for any reason it deems sufficient***, even absent new evidence or an intervening change in substantive law. *McKethan*, 996 F.2d at 738; *see also Ruehman*, 842 F. Supp. at 1065, 1067 (holding it lies within the court's discretion to "consider new arguments on a motion for reconsideration of an interlocutory order.").

Art Akiane seeks only *partial* reconsideration of the Choice of Law Order and based that reconsideration request on new facts uncovered by it and presented to its counsel as part of the discovery process. The Choice of Law Order expressly invited reconsideration if discovery revealed new facts affecting the choice of law analysis. Dkt. 252, at 9. This is precisely what Art

8

Akiane did.

And Defendants cite no facts and present no legal authority to support the argument that the newly presented facts are irrelevant to the choice of law determination. Thus, Defendants do not establish that Art Akiane's argument for modification lacks legal or factual justification. For these reasons, Art Akiane's Motion cannot serve as the basis for an award of fees under § 1927.

### C. Art Akiane Has Not Filed Multiple Motions Seeking To "Rehash" The Same Issues.

Defendants' assertion that Art Akiane has unreasonably and vexatiously multiplied these proceedings by filing six motions to compel "rehashing" the same issues is similarly without merit and is a distortion of the record. All of the referenced motions to compel were addressed to different parties or different legal issues. Thus, they were not, as Defendants suggest, duplicative, unreasonable, or lacking in legal or factual justification.

All motions to compel filed by Art Akiane were reasonable and justified, and Art Akiane generally prevailed on those motions. These motions include compelling production of financial records of **Defendant Carpentree** (Dkt. 102), seeking Court ordered responses from **Defendant Carpentree** by a date certain (Dkt. 103),[8] substantive responses to requests directed to, among other things, **ASW's** unauthorized printing, modifying and distributing of Art Akiane's artwork (Dkt. 120), compelling **Defendant Corneliuson's** responses and production relating to her unauthorized conduct under the license agreement (Dkt. 122), and compelling **ASW**'s complete interrogatory responses (Dkts. 124, 126). Despite Defendants' assertions, Art Akiane's motions have been directed at different defendants, on different requests, for different justified reasons. Plaintiff's pending Motion to Compel (Dkt. 262) relates to new requests targeted at ASW's failure

---

[8] Carpentree had failed to timely provide any written responses to Art Akiane's discovery requests. Dkt. 103.

to provide any details of its alleged "oral license(s)" and Art Akiane's state law claims (such as unjust enrichment and tortious interference), which this Court has not previously addressed. Even so, the motions resulted from Defendants' flip-flopping about whether they would produce key documents. Simply, Defendants' positions changed and their actions, including their refusal to abide by the discovery rules, necessitated the filing of such motions.

So contrary to Defendants' accusations, each of the motions to compel addressed different parties or different discovery requests, which Art Akiane succeeded on. Defendants have therefore failed to show that Art Akiane lacked legal and factual justification for the discovery motions filed and that Art Akiane has unreasonably and vexatiously multiplied these proceedings.[9] Art Akiane's motions to compel cannot serve as a justification for imposing sanctions on Art Akiane's counsel under § 1927.[10]

## **CONCLUSION**

For these reasons, and the reasons set forth in the Motion, Art Akiane respectfully requests that the Court reconsider its Order that Colorado procedural law (*i.e.*, the statute of limitations) applies to the parties' breach of contract claims and find that Illinois' statute of limitations applies

---

[9] The cases Defendants cite in support of their fee request are inapposite. For example, in *In re TCI Ltd.*, the Seventh Circuit affirmed a fee award under § 1927 when a party's complaint failed to set forth any basis for relief recognized in existing law. 769 F.2d 441, 447 (7th Cir. 1985). Defendants do not allege that Art Akiane's claims have no basis in law. In *Walter v. Fiorenzo*, the Seventh Circuit affirmed a fee award under § 1927 when a party filed a meritless claim and a non-response to a motion for summary judgment, repeatedly raised arguments the court had found meritless, **and** then compounded the severity of foregoing conduct by moving to reconsider. 840 F.2d 427, 432-33 (7th Cir. 1988). Such has not occurred in this case.

*Mangel v. Loeb Rhoades & Co.* is similarly of no import here. While this 30-year-old, non-precedential case imposed sanctions under § 1927 in connection with the filing of a motion to reconsider, the opinion does not discuss the procedural history of the case, or the substance of the motion to consider and the order disposing of same. 1990 WL 125371, at *2 (N.D. Ill. Aug. 22, 1990). We do not know the grounds the court relied on to award sanctions and Defendants have no basis for arguing that *Mangel* has any application here. And *Robinson v. Alutiq-Mele, LLC*, is a non-binding case issued from outside the Seventh Circuit. 643 F. Supp. 2d 1342 (S.D. Fla. 2009).

[10] If the Court is inclined, Art Akiane welcomes an evidentiary hearing on which party was unreasonably multiplying the proceedings.

to same. Alternatively, Art Akiane respectfully requests that the Court defer its ruling on this issue until after the close of fact discovery.

 Additionally, Art Akiane requests that the Court deny Defendants' request for an award of fees and costs under 28 U.S.C. § 1927.

## CERTIFICATE OF SERVICE

    I hereby certify that, on November 1, 2021, I filed the foregoing Reply in Further Support of Art Akiane's Motion for Partial Reconsideration of the Choice of Law Order (Dkt. 252) Under Rule 54(b) with the Clerk of Court via CM/ECF, which provided notice of same to all parties and/or counsel who have made an appearance in this case.

Dated: November 1, 2021                             By: *s/ Adam Wolek*
                                                                                     Adam Wolek