UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ART AKIANE LLC,

Plaintiff,

v.

ART & SOULWORKS LLC,
CAROL CORNELIUSON,
CARPENTREE, INC, and
VIRGINIA HOBSON,

Defendants / Counter-Plaintiffs,

v.

AKIANE ART GALLERY, LLC
AKIANE KRAMARIK,

Counter-Defendants.

No. 1:19-CV-02952

Judge Edmond E. Chang

## ORDER

Art Akiane's motion to reconsider, R. 266, the choice-of-law opinion, R. 252, is denied. A court may reconsider an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed R. Civ. P. 54(b). Motions for reconsideration serve the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). Thus, a motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). But a motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *see also Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (motion to alter or amend a judgment under Rule 59(e), which also requires a showing of manifest error

of law or fact or new evidence, "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." (citation and quotations omitted)). In accordance with this legal standard, the Court had invited the parties to revisit the choice of law decision "if further discovery somehow reveals new facts that affect the choice of law." R. 252 at 9.

Art Akiane's reconsideration motion is not based on any newly discovered facts and does not allege any errors of law or fact in the previous opinion. All of the supposedly new facts proffered in the reconsideration motion and the new affidavit from Mark Kramarik are about events that took place years ago and involved both Mark and Akiane Kramarik. R. 266 at 3–4; R. 266-1, Kramarik Decl. Although these facts may have been only recently "presented to [Art Akiane's] counsel as part of the discovery process," they have been known (or should have been known) to the Plaintiff since well before this litigation began. R. 276, Pl's. Reply at 8. No discovery process was needed to uncover any of these facts, which was within the personal knowledge of the principals of the Plaintiff. Art Akiane's failure to present these facts in the original motion for a choice of law determination, even though it knew the facts at that time, is exactly the kind of mistake that cannot support a motion for reconsideration. *Bordelon*, 233 F.3d at 529. Given the spotlight that the magistrate judge had shined on the importance of the choice-of-law decision, Art Akiane should have presented all the available facts on the issue. It is too late now to relitigate the issue based on already-available facts.

But the defense motion to impose costs on Art Akiane, R. 272 at 5, is also denied. A party may be ordered to pay the opposing party's costs when it "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The record does not support a finding that Art Akiane's motion to reconsider was vexatious.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: November 4, 2021