UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>ART & SOULWORKS LLC,<br>CAROL CORNELIUSON,<br>CARPENTREE, LLC, and VIRGINIA HOBSON,<br><br>  Defendants. | Case No. 19-cv-02952<br><br>Judge Edmond E. Chang<br><br>Mag. Judge Jeffrey Cole |

**ART AKIANE'S MOTION FOR EXTENSION OF TIME TO PARTIALLY OBJECT TO THE ORDER DENYING ART AKIANE'S MOTION TO COMPEL (DKT. 279)**

Plaintiff Art Akiane LLC requests an extension of time to object to the Court's Order denying Art Akiane's Motion to Compel (Dkt. 279), until after the Court's disposition of Art Akiane's Motion for Leave to Serve Two Additional Interrogatories (Dkt. 280) on Defendant Art & SoulWorks LLC ("ASW"). If this Court grants Art Akiane's request in Dkt. 280, ASW would be required to explain its chief defense, i.e. its alleged oral agreements, which would moot Art Akiane's need to seek the review of the Order on the Motion to Compel (Dkt. 279). In support of this Motion, Art Akiane asserts as follows:

1. Art Akiane issued various requests with the intent to discover Defendant ASW's principal defense of "oral modifications" or "oral agreements" that allegedly altered the parties' rights. *See, e.g.*, Dkt. 262, Ex. A at 1 (Interrog. 1 to ASW), 15 (Interrog. 21 to Corneliuson).

2. Art Akiane disputes the existence of any oral modifications or oral agreements, and is thus unaware of what ASW will claim are the terms and conditions of those oral modifications or agreement, who they were with, or even how many oral agreements ASW purports existed.

1

3. ASW has provided **no discovery about** its oral modifications/agreement defense that identifies any terms, conditions, when they occurred or with who, or context that ASW will advance at trial (whether through document requests or interrogatory answers).

4. ASW's pleadings claim that oral modification(s) or oral agreement(s) modified the parties' rights under the License Agreement.

5. Art Akiane moved to compel (Dkt. 262) Defendants ASW and Carol Corneliuson about their alleged oral agreements defense, among other things, and asked Defendants to:

> Identify and describe all instances in which you received permission from Art Akiane LLC [or the Kramarik family] to produce, reproduce, duplicate, copy, modify, or print Art Akiane's Works from January 11, 2009, to the present pursuant to the Licensing Agreement.

Dkt. 262, Ex. A at 1 (Interrog. 1 to ASW), 15 (Interrog. 21 to Corneliuson).

6. Art Akiane believed that these Interrogatories requested ASW to provide specifics describing the terms and the substance of the alleged oral modifications or oral agreements. *See id.*

7. Judge Cole issued a Memorandum Opinion and Order on November 5, 2011, ("Order at Dkt. 279") denying Art Akiane's Motion to Compel. Dkt. 279.

8. Order at Dkt. 279 interpreted the interrogatories differently than what was intended by Art Akiane and found that: "*[a]s written*, [the interrogatories] do not pertain to any oral agreements the parties might have had." *Id.* at 21 n. 5 (emphasis added).

9. Art Akiane has **until November 19, 2021**, to file an objection to Order at Dkt. 279.

10. Art Akiane issued its interrogatories in good faith to learn and be placed on notice of the specifics of ASW's defense of alleged oral modifications/agreements.

11. Art Akiane seeks the information about the alleged oral modifications and agreements so it can effectively investigate ASW's defenses before depositions so, for instance, it

2

could be prepared to challenge specific assertions made by ASW during a deposition.

12. Mindful of the Court's and parties' resources, and to avoid further motion practice, Art Akiane sought to obviate the need to object to Order at Dkt. 279 by asking ASW to answer two additional, narrow interrogatories that unquestionably target the alleged oral modifications and agreements, which are as follows:

> 26) State with specificity the circumstances surrounding the alleged oral agreements between ASW and Plaintiff, including the dates of the alleged agreements, the persons involved, the terms encompassed, and why the alleged oral agreements were not memorialized in writing.
>
> 27) Identify all evidence that you contend supports your allegation that Plaintiff and ASW entered into alleged oral agreements.

*See* Dkt. 280, Exhibit A.

13. ASW refused to agree to Art Akiane's request.

14. Given ASW's refusal, and to obviate the need to object to Judge Cole's Order, Art Akiane moved for leave to serve the two additional interrogatories on ASW ("Motion for Leave"). Dkt. 280.

15. The Court ordered ASW to respond to the Motion for Leave by December 1, 2021—12 days *after* Art Akiane's deadline to object to Order at Dkt. 279. Dkt. 281.

16. If Judge Cole grants ASW's Motion for Leave, it will moot the need for Art Akiane to object to the Order at Dkt. 279—thereby conserving the Court's and the parties' resources.

17. However, if Judge Cole denies the Motion for Leave, Art Akiane intends on objecting to Judge Cole's Order on the Motion to Compel, but wishes to be mindful of the resources of the Court and parties until such a time as it becomes necessary, and also does not want to waive its right to object by failing to do so by the current deadline.

18. If the Court denies the Motion for Extension, Art Akiane submits the foregoing as

3

its objection to Order at Dkt. 279 ruling on Interrogatory Nos. 1 and 22. Dkt. 279 at 21 n. 5.[1]

In view of the foregoing, and to avoid expending Court and party resources associated with an objection to Judge Cole's Order that may be rendered moot by Judge Cole's pending disposition of the Motion for Leave, Art Akiane respectfully requests that the Court extend Art Akiane's deadline to object to Judge Cole's Order on the Motion to Compel (Dkt. 279) until 1 week *after* Judge Cole's disposition of the pending Motion for Leave (Dkt. 280).

Dated: November 18, 2021

Respectfully submitted,

By: *s/ Adam Wolek*
Adam Wolek
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 517-9299
Facsimile: (312) 517-9201
awolek@foxrothschild.com

Melissa E. Scott
Fox Rothschild LLP
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA 19341
Telephone: (610) 458-7500
Facsimile: (610) 458-7337
mscott@foxrothschild.com
(*admitted pro hac vice*)

*Counsel for Plaintiff and Counter-Defendants*

---

[1] Although Art Akiane believes it has additional grounds for a meritorious objection to the Court's Order denying its Motion to Compel (Dkt. 279), which are not addressed herein, it submits this request in an effort to reduce inefficiencies upon the Court. Should this Court allow an extension of time, but deny its motion for leave to serve two additional interrogatories (Dkt. 280), Art Akiane reserves and does not waive any grounds for its objection to the Court's Order denying its Motion to Compel for these or other reasons.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 18, 2021, I filed Art Akiane's Motion for Extension of Time to Object to the Order Denying Art Akiane's Motion to Compel (Dkt. 279) with the Clerk of Court via CM/ECF, which provided notice of same to all parties and counsel who have made an appearance in this case.

Dated: November 18, 2021                  By: *s/ Adam Wolek*
                                                           Adam Wolek