IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ART AKIANE LLC., | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 19 C 2952** |
| | ) | |
| v. | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| ART & SOULWORKS LLC and | ) | |
| CAROL CORNELIUSON, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

"Lawsuits like this one cast the legal profession in a bad light and contribute to the impression
that Americans are an overlawyered and excessively litigious people."
*Purtell v. Mason*, 527 F.3d 615, 627 (8th Cir. 2008).

The defendants have filed a "Motion for Miscellaneous Relief." For the following reasons,

the motion [Dkt. #311] is denied.

This case, perhaps as much as any other, confirms Judge Posner's lament that "protracted

discovery, [is] the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539,

542 (7th Cir.2000). When last we left the attorneys in this case, they were struggling with routine

discovery, but, blessedly, after multiple extensions, both fact and expert discovery have closed.

That closure, however, has not changed things as much as might have been hoped because the

struggles continue. Counsel in this case seem unable – or unwilling – to let discovery go, and they

continue manufacturing needless disputes as this case goes well into its fourth year. Whatever the

reasons that underlie the apparent inability to resolve what seems to be basic and unimportant areas

of disagreement, we are again presented with further discovery spats for the court to resolve.

Counsel have filed sixty-four pages of materials over four briefs regarding two very minor issues

which ought to have been settled between them or, at the very least, in about five minutes at a motion hearing or during a phone call to chambers.[1] The tone of their email exchanges regarding their disagreements, however, explains why that did not happen, and the tone of their briefs is not much better.[2]

The defendants' current motion concerns two matters, the first being an exchange at the deposition of Ms. Foreli Kramarik on February 24, 2022 – nearly six months ago. But, as already noted, fact discovery is closed – and has been since March 31, 2022.  Consequently, the motion is simply too late – exceedingly so.  And that is really saying something as discovery has dragged on for years with extension after extension. [Dkt. ## 306, 300, 299, 275, 243, 223, 198, 111]. Accordingly, the motion [Dtk. 311] is denied. Motions filed after the close of discovery are almost always deemed untimely. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001). *See also Gonzalez v. City of Milwaukee*, 791 F.3d 709, 714 (7th Cir. 2015)("He does not explain the lateness of his request, and the district court did not abuse its discretion" by denying the motion to compel); *Haynes v. Alliant Food Serv., Inc*., 93 F. App'x 71, 73–74 (7th Cir. 2004)("... rarely will we find an abuse of discretion when the motion to compel came after the close of discovery."). "Lawyers and litigants who decide to play by rules of their own invention will find that the game

---

[1] Sadly, but not surprisingly given the history of this case, the attorneys have even joined battle over whether a deposition was ending at 5:30 pm or 4:30 pm, given the time difference between Florida and Chicago. [Dkt. # 318, at 3; #319, at 1].

[2] The kind of intemperance all too often exhibited in this case has been roundly criticized by judges in other cases. *See, e.g., Sahyers v. Prugh, Holliday & Karatinos, P.L.* 560 F.3d 1241, 1244 -1245 (11th Cir. 2009); *Procaps S.A. v. Patheon Inc.*, 2014 WL 1237553, at *8 (S.D. Fla. 2014); *Perry v. Jones,* 2007 WL 1455863, 1 -2 (N.D.Ill. 2007); *Schaffner v. Hispanic Housing Development Corp.,* 76 F.Supp.2d 881, 883 (N.D.Ill.1999)(Bucklo J.); *Regional Transportation Authority v. Grumman Flxible Corp.,* 532 F.Supp. 665, 667 (N.D.Ill.1982)(Shadur, J.).

cannot be won." *United States v. Golden Elevator, Inc*., 27 F.3d 301, 302 (7th Cir.1994).

Defense counsel, Ms. Durowade, seems to think my recent and completely unsurprising ruling regarding the payment of fees to an expert witness being relevant to bias somehow excuses her five-month delay in bringing her current motion. [Dkt. #311, Pars. 3, 4]. But Ms. Kramarik was not an expert witness so the matter is quite different. *See, e.g., Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 797 F.2d 370, 382 (7th Cir. 1986)(". . . expert witnesses . . . are often the mere paid advocates or partisans of those who employ and pay them, as much so as the attorneys who conduct the suit. There is hardly anything, not palpably absurd on its face, that cannot now be proved by some so-called 'experts.' "). Defense counsel does not explain – nor could she – how bias enters into the equation when a party like Akiane Kramarik or Akiane Art Gallery pays legal fees, and the cases from my previous Order that she adverts to do not help. *See, e.g., North v. Russell*, 427 U.S. 328, 337 (1976)( judge's possible bias due to interest in the outcome of the case); *United States v. Abel*, 469 U.S. 45, 52 (1984)(gang membership supported the inference that testimony was slanted or fabricated); *Tumey v. State of Ohio*, 273 U.S. 510, 523 (1927)(direct personal pecuniary interest in convicting the defendant). But, no matter, because if it is somehow relevant, it was somehow relevant five months ago and defense counsel's failure to think about it from February through July suggests it was not very important in the first place. While wisdom may come slowly, it does not justify what occurred in this case.

Still, it should not go unnoticed that plaintiff's counsel, Mr. Wolek, made a hash of the end of Ms. Kramarik's deposition:

> Ms. Durowade:  Okay, is Art Akiane paying any attorneys fees in this law suit?
>
> Mr. Wolek: Objection, calls for legal conclusion. Counsel, if you ask anything like
> this again, I'm just going to end the deposition.  Is that understood?

[Dkt. #311-1, at 153]. The two attorneys then had another one of their tiffs with Mr. Wolek adamant that he wasn't going to allow his client to answer the question. Ms. Durowade finally said, "If you'd stop interrupting me, you might actually hear what I'm trying to say. Okay? She can either say, 'I don't know,' she can either say, 'No,' she can either say, 'Yes.' Either way, the question is relevant." [Dkt. #311-1, at 154].

Mr. Wolek ought not to have been so chesty, of course, because his objection was plainly incorrect: whether legal fees are being paid or not is a fact, not a legal conclusion. Moreover, by instructing his client not to answer the question, Mr. Wolek violated Rule 30(c)(2) of the Federal Rules of Civil Procedure, which unambiguously prohibits a lawyer from instructing a witness not to answer a question unless necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(c)(2). *See Redwood v. Dobson*, 476 F.3d 462, 468 (7th Cir. 2007); *LM Insurance Corp. v. ACEO, Inc.*, 275 F.R.D. 490, 492 (N.D.Ill. 2011). In any other circumstance, the "examination still proceeds; the testimony is taken subject to any objection. . . ." Rule 30(c)(2). Mr. Wolek evinced either an unfamiliarity with, or a disregard for, the Federal Rules of Civil Procedure before [Dkt. #290], and his conduct at Ms. Kramarik's deposition was unacceptable.

Following his quarrel with Ms. Durowade, Mr. Wolek changed his mind and decided he was objecting on the grounds of attorney-client privilege:

> Mr. Wolek: I'm instructing you not to answer the question. Ms. Durowade, please stop being so aggressive to my client. We're viewing this as attorney-client privilege. If this line of questioning continues, I'm going to end the deposition.

[Dkt. #311-1, at 154-55]. This was still wrong – and it did not matter how Mr. Wolek viewed things. The existence of a privileged communication is not decided by whether a lawyer in the case chooses

to consider it a privileged communication. Reality and perception are not the same. "The logic of words should yield to the logic of realities." *DiSanto v. Pennsylvania*, 273 U.S. 34, 43 (1927). *Accord Schmidt v. Ottawa Medical Center*, 322 F.3d 461, 464 (7th Cir. 2003).

Whether Art Akiane is paying legal fees – "yes or no" – does not reveal anything remotely in the nature of a client confidence or legal advice. *See, e.g., Matter of Witnesses Before The Special Mar. 1980 Grand Jury*, 729 F.2d 489, 495 (7th Cir. 1984) (". . . information about a known client's fees is privileged only if, under the circumstances, its disclosure would in effect reveal confidential communications between the attorney and client."); *Huntington Chase Condo. Ass'n v. Mid-Century Ins. Co.*, No. 16 C 4877, 2017 WL 440730, at *5 (N.D. Ill. Feb. 1, 2017)("The fact that an attorney-client relationship is created and the general information incidental to the attorney-client relationship, such as the payment of fees, simply does not amount to legal advice protected by the attorney-client privilege."); *Faught v. Pulver*, No. 15 C 7105, 2016 WL 11701703, at *3 (N.D. Ill. Aug. 1, 2016)(". . . general information incidental to the attorney-client relationship, such as the payment of fees, simply does not amount to legal advice protected by the attorney-client privilege."); *Sullivan v. Alcatel-Lucent USA, Inc.*, No. 12 C 7528, 2013 WL 2637936, at *7 (N.D. Ill. June 12, 2013)(email "regarding legal fees . . . does not independently contain legal advice or confidential communications, [so] it is not privileged.'); *Stopka v. American Family Mut. Ins. Co., Inc.*, 816 F.Supp.2d 516, 532 (N.D. Ill. 2011)("It is well-recognized that information regarding a client's fees generally is not a 'confidential communication' between an attorney and client, and thus is not protected by the attorney client privilege."); *Com. Bank of Korea, Ltd. v. Charone, Inc.*, No. 90 C 260, 1992 WL 186037, at *10 (N.D. Ill. July 29, 1992)("In regard to disclosure of the amount of attorney's fees paid by a client, the critical question is whether disclosure exposes the substance of

a confidential communication between the attorney and client.").

The second part of defendants' motion concerns a document the parties exchanged during their unsuccessful settlement proceedings on June 25, 2019. Plaintiff's counsel used the document as an exhibit during the August 1, 2022 deposition of Mr. Plumpe. For defendants, that violated the parties' previous agreement they claim was expressed in a lengthy email exchange back in June 2019. Now, defendants want the portions of Mr. Plumpe's expert witness deposition relating to the inventory list stricken. Defendants do not argue Fed.R.Evid. 408, as the document did not contain a settlement offer, and plaintiff's counsel cites no pertinent authority in support of the motion. That failure normally results in waiver. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021)(". . . arguments that are unsupported by pertinent authority, are waived."). Defendants concede that the document is neither privileged, nor a trade secret, nor worthy of protection under the parties' Confidentiality Agreement. [Dkt. #318, at 7]. Indeed, the defendants have made the document part of the public record in connection with this filing. Instead, defendants complain that the parties agreed that the list would be kept confidential and not used in litigation. But, that's not exactly the agreement the parties had – at least it does not appear to be from their typically tedious email exchange on the matter.

While it is difficult to parse the back and forth exchange as it might relate to the inventory list at issue, at one point defense counsel wrote:

> The materials will need to be subject to an agreement that they are being produced for settlement purposes only and not for use in the litigation (recognizing that if we don't settle and you are entitled to any based on the current litigation, you will get them).

[Dkt. #311-6, Page 4/12](Parentheses in original). Plaintiff's counsel responded, changing the terms a bit:

6

> We agree to keep the discovery confidential, agree to produce non-overlapping discovery from Art Akiane as requested, and agree that this early production for settlement purposes does not waive any later objections to propriety or scope of discovery. Please let us know if you agree.

[Dkt. #311-6, Page 3/12]. So, at that point, there was no agreement to not use the materials in litigation, simply to keep them confidential. At the time, the parties had no Confidentiality Order in place. [Dkt. #85]. Defendants' response didn't indicate any problem with that and instead said:

> If there are any issues re: the documents, we can tee them up before Mag. Cole if we're unable to resolve them.

[Dkt. #311-6, Page 1/12]. So, in the end, there was no agreement that the materials could not be used in litigation. The agreement seemed to be that the materials would simply be regarded as confidential and any dispute or matter regarding them would be brought before *me* as the parties have done throughout the years of contentious discovery in this case. But, as the defendants concede, the document isn't confidential, or privileged, or irrelevant. So there aren't any grounds for objection.

As this issue arose during a deposition, it's unclear why counsel for defendants did not make a call to my chambers as the attorneys had been instructed to do at least a dozen times [Dkt. ##211, 227, 240, 241, 242, 261, 285, 286, 290, 300, 303, 307, 308]. After all, the parties were on the phone to my chambers over *another* issue during that same deposition [Dkt. #310] – as already indicated, the attorneys in this case have *a lot* of issues – so, if it was important, the matter should have been handled then. It wasn't, and it is inefficient and often unwieldy to handle deposition disputes well after the fact and on paper. In this instance, the defendants have not even provided the court with excerpts from the deposition transcript to allow for assessment of the attorneys' quarrel.

Exercising my broad discretion to resolve this final discovery dispute, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *In re Stericycle Sec. Litig.*, 35 F.4th 555, 571 (7th Cir. 2022); *Fields v. City of Chicago*, 981 F.3d 534, 551 (7th Cir. 2020), I find that to the extent the parties agreed to anything, it was to keep the list confidential as they had not yet asked the court to enter a standard confidentiality protective order. So, while the plaintiff's use of the document at the deposition might have been a surprise, it was not, seemingly, out-of -bounds. Again, if it had been so terribly offensive as defendants now suggest, their complaint would have been raised during the call to my chambers regarding the deposition, and the document would have been sealed in connection with the defendants' motion.

## CONCLUSION

The defendants' motion to strike [Dkt. #311] is denied.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/15/22

8