**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ART AKIANE LLC,<br><br>Plaintiff,<br><br>v.<br><br>ART & SOULWORKS LLC,<br>and CAROL CORNELIUSON,<br><br>Defendants.<br><br>---<br><br>ART & SOULWORKS LLC and CAROLYNE<br>CORNELIUSON,<br><br>Counter-Claimants,<br><br>v.<br><br>ART AKIANE LLC, AKIANE ART GALLERY,<br>LLC, and AKIANE KRAMARIK,<br><br>Counter-Defendants. | Case No. 19-cv-02952<br><br>Judge Edmond E. Chang<br><br>Mag. Judge Jeffrey Cole |

**PLAINTIFF ART AKIANE'S SUPPLEMENTAL BRIEF CONCERNING RECOVERY**
**OF COPYRIGHT INFRINGEMENT DAMAGES FOLLOWING THE U.S. SUPREME**
**COURT'S PRECEDENTIAL OPINION IN _NEALY_**

In *Nealy*, the Supreme Court held that the Copyright Act does **not** impose a temporal limit on monetary recovery and thus "a copyright owner [, like Art Akiane,] possessing a timely claim for infringement is entitled to damages, **no matter when the infringement occurred**." *Warner Chappell Music, Inc. v. Nealy*, No. 22-1078, 601 U.S. __, 144 S.Ct. 1135, 1139 (2024) (emphasis added). While the Copyright Act "establishes a three-year period for filing suit," "[t]he Copyright Act contains no separate time-based limit on monetary recovery." *Id.* at 1139-40. A copyright owner that brings a timely infringement claim may recover damages for infringements occurring more than 3 years before the lawsuit's filing. *Id.* at 1139. Plaintiff's and Counter-Defendants' Motion For Partial Summary Judgment And Opposition To Defendants' Motion For Partial Summary Judgment discusses the timeliness of the copyright filings (*e.g.*, ECF 355 at 35, 41-44; ECF 365 at 15-16), but the monetary recovery is now affected by *Nealy*. Because *Nealy* was decided after the briefing was submitted, Art Akiane submits this brief for consideration.

Defendants Art & SoulWorks LLC and Carolyne Corneliuson (collectively, "ASW") moved for partial summary based on the incorrect premise that the 3-year statute of limitations under the Copyright Act "prohibited [Art Akiane] from seeking damages outside the applicable limitations period." ECF 333 at 23-24. But as the Supreme Court recognized in *Nealy*, ASW's position has **no** support in the Copyright Act and is directly contradicted by *Nealy*. Because the Copyright Act contains no time limit on damages, the Court in *Nealy* rejected precluding recovery of damages for infringements occurring more than 3 years before the filing of the lawsuit.

In *Nealy*, the plaintiff sued for copyright infringement in 2018, claiming infringement and damages back to 2008, ten years before the suit was filed. *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1334 (11th Cir.), *cert. granted in part*, 144 S. Ct. 478 (2023), and *aff'd*, 144 S. Ct.

1

1135 (2024).[1] The district court held that the 3-year statute of limitations for filing a copyright infringement claim also applied to limit the recovery of damages to only those infringements occurring 3 years before the filing of the lawsuit. The Supreme Court disagreed, holding "the plain text of the Copyright Act does not support the existence of a separate damages bar for an otherwise timely copyright claim." *Nealy*, 144 S.Ct. at 1138.

In sum, the clock on the 3-year period for suing "establishes no separate 3-year period for recovering damages…" *Id.* The Court held that the Copyright Act's remedial sections include "no time limit on monetary recovery[, s]o a copyright owner possessing a timely claim for infringement is entitled to damages, ***no matter when the infringement occurred***." *Id.* (emphasis added). As the Court noted, holding otherwise would prove self-defeating—"[w]ith one hand, that court recognizes a discovery rule, thus enabling some copyright owners to sue for infringing acts occurring more than three years earlier. And with the other hand, the court takes away the value in what it has conferred, by preventing the recovery of damages for those older infringements." *Id.* The Court "reject[ed] applying [such] a judicially invented damages limit…" *Id.*

Here, Plaintiff Art Akiane ("AA") timely brought its suit within the Copyright Act's 3-year statute of limitations. Further, AA sued for all of Defendants' infringements, including for infringements beyond the 3 years immediately before this lawsuit. Indeed, Defendants hid many of their infringements from AA, including to "**sidestep**" AA from learning about their additional printing and framing, which was only learned in discovery well after the suit was filed. *See, e.g.,* ECF 355 at 35, 41-44; ECF 365 at 15-16; *Oppenheimer v. GEI Consul., Inc.*, No. 21 C 1967, 2021 WL 8314495, at *2 (N.D. Ill. Oct. 27, 2021) ("Post-Petrella, the Seventh Circuit continues to

---

[1] Warner Chappell "accepted that the discovery rule governed the timeliness of Nealy's claims" and so the Eleventh Circuit and the Supreme Court assumed, for purposes of answering the certified question, that Nealy's claims were timely. *Nealy*, 144 S. Ct. at 1138; *see also* 17 U.S.C. § 507(b).

measure the statute of limitations on copyright claims from the discovery date of the alleged violation."); *Richardson v. Kharbouch*, 2020 WL 1445629, at *7 (N.D. Ill. Mar. 25, 2020) (Chang, J.). Even so, each of ASW's transmissions, displays, printing, and distributions of AA's copyrighted Works constituted new infringements, restarting the statute of limitations. 17 U.S.C. § 106; *Consumer Health Info. V. Amylin Pharma., Inc.*, 819 F.3d 992, 996 (7th Cir. 2016) (each infringing act restarts the statute of limitations for copyright claims). Contrary to the position taken in ASW's summary judgment briefing, AA, as the Court conclusively held in *Nealy*, is not limited to recovering damages for only the 3-year period before filing this lawsuit. It may recover damages for all Defendants' infringements, "***no matter when the infringement[s] occurred***." *Nealy*, 144 S.Ct. at 1139 (emphasis added).[2]

Apart from its impact on the parties' motions for partial summary judgment, AA respectfully submits that *Nealy* also requires (1) revisiting the temporal limits *this Court* previously placed on Defendants' responses to AA's discovery requests, and (2) allowing AA's damages expert, Michal Malkiewicz, to supplement the opinions in his April 8, 2022 expert report.

In 2020, this Court limited Defendants' responses to a substantial number of AA's discovery requests to the 3-year period immediately preceding the filing of this lawsuit, citing the 3-year state of limitations applied to copyright infringement claims. *See, e.g.*, ECF 186 at 6-8, 10, 12-13 (limiting ASW's discovery responses to AA's Interrogatory Nos. 1-4 and 14 and Document

---

[2] Under its copyright claim, AA seeks actual damages and Defendants' profits attributable to the infringement. The Copyright Act allows a prevailing copyright owner to receive separate monetary awards for both its actual damages and the defendants' profits to the extent there is no overlap. *See McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 568-69 (7th Cir. 2003) (recognizing a prevailing copyright owner may recover its actual damages and defendant's profits attributable to the infringement to the extent the profits are not duplicative of the actual damages award); *see also* 17 U.S.C. § 504(b) ("The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.").

Request No. 34 to only 3 years before AA filed suit based on the 3-year statute of limitations applied to copyright infringement claims); ECF 188 at (limiting Corneliuson's discovery responses to AA's Document Request Nos. 32-33 to only 3 years before AA filed suit based on the 3-year statute of limitations applied to copyright infringement claims). Thus, this ruling assumed that the Copyright Act also limited copyright *damages* to 3 years before a suit, which was expressly rejected by *Nealy*.

As a result, Defendants only produced profit and loss statements for 2015-2019, tax returns for 2015-2018, and Sales by Customer Detail and Purchases by Vendor Detail Reports for 2016-2019. *See, e.g.*, ECF 342-1 at ¶¶ 63, 65, 69, 72. And AA's damages expert, Mr. Malkiewicz, was thus limited to information to opine only on copyright infringement damages for the 3-year period immediately before this lawsuit.[3] *Id.* at ¶ 60.

But as *Nealy* recognized, AA's damages are not limited to just the infringements 3-years immediately before this suit—AA should have been permitted to take discovery beyond the 3-year period imposed by the Court. In view of *Nealy*, AA should be permitted to obtain additional discovery of Defendants' finances and the sales of Akiane artwork before 2016, and Mr. Malkiewicz should be permitted to supplement his prior expert report to account for damages associated with the earlier infringements. Alternatively, the Court should permit this discovery, and permit AA to extrapolate the methodology Mr. Malkiewicz had employed in his April 2022 expert report to account for the earlier infringements and update AA's damages claims through later testimony at trial, or to allow AA to perform limited discovery and an accounting after a summary judgment ruling or trial.

---

[3] This does not apply to AA's CMI damages claims, which were based on different factors.

4

Dated: May 23, 2024                Respectfully submitted,

By: */s/ Adam Wolek*
Adam Wolek
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 517-9299
Fax: (312) 517-9201
Email: awolek@foxrothschild.com

Melissa E. Scott *(pro hac vice)*
Fox Rothschild LLP
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA 19341
Telephone: (610) 458-1413
Fax: (610) 457-7337
Email: mscott@foxrothschild.com

*Counsel for Plaintiff and Counter-Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on May 23, 2024, I caused Plaintiff Art Akiane's Supplemental Brief Concerning Recovery of Copyright Infringement Damages Following the U.S. Supreme Court's Precedential Opinion in *Nealy* to be filed with the Clerk of Court via CM/ECF, which provided notice of same to all parties and counsel who have made an appearance in this case.


Dated: May 23, 2024                                     By: */s/ Adam Wolek*
                                                            Adam Wolek