UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART AKIANE LLC,<br><br>  Plaintiff,<br><br> v.<br><br>ART & SOULWORKS LLC,<br>and CAROL CORNELIUSON,<br><br>  Defendants. | Case No. 19-cv-02952<br><br>Judge Edmond E. Chang<br><br>Mag. Judge Jeffrey Cole |
| ART & SOULWORKS LLC and CAROLYNE CORNELIUSON,<br><br>  Counter-Claimants,<br><br> v.<br><br>ART AKIANE LLC, AKIANE ART GALLERY, LLC, and AKIANE KRAMARIK,<br><br>  Counter-Defendants. | |

**PLAINTIFF ART AKIANE'S RESPONSE TO ASW'S SUPPLEMENTAL BRIEF REGARDING THE IMPACT OF *WARNER CHAPPELL MUSIC V. NEALY* ON THE PENDING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

The supplemental briefing was to be "laser-focused on the specific copyright-damages issue addressed in [*Nealy*]." ECF 385. Yet ASW effectively ignored *Nealy*'s holding that the Copyright Act didn't limit damages, and instead rehashed its summary judgment arguments.

ASW now concedes that for "a plaintiff with a timely claim under the discovery rule, ***there is no time limit for recovery of damages***."[1] ECF 386 at 1 (emphasis added). But while tacitly accepting the discovery rule, ASW then takes a second bite at its summary judgment briefing, arguing that AA's copyright infringement and DMCA claims are untimely and barred for other reasons[2]—each of which AA previously refuted. ASW cites *Petrella v. MGM*, 572 U.S. 663 (2014) to argue *Nealy* doesn't apply and that AA's claims are untimely and AA "knew or reasonably should have known about the alleged infringements more than 3 years before filing suit."[3] ECF 386 at 2-4. But ASW's reliance on *Petrella* is misplaced—*Petrella* didn't address applying the discovery rule to copyright infringement claims. It focused on whether ***laches*** may "bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period."[4] *Petrella*, 572 U.S. at 667 (it cannot). And unlike AA, Petrella ***didn't claim the benefit of the discovery rule***—she admitted <u>actual knowledge</u> of MGM's infringements beyond 3 years, including hiring an attorney and threatening suit for over 9 years. *Id.*

---

[1] ASW suggests it never argued that copyright damages are limited to 3 years from suit. But it indeed argued "[t]he Copyright Act has a 3-year statute of limitations…and thus, ***there is no basis upon which [AA] can claim DMCA or other copyright-related damages prior to May 1, 2016***." ECF 333 at 24 (emphasis added).
[2] ASW argues the claims fail because (a) lack of standing for some works; (b) the montages were derivative works that ASW had a right to use during and after the license; (c) AA has not satisfied the scienter requirements for the DMCA claim; and (d) framing does not constitute copyright infringement. ECF 386 at 2 n.1. Each is baseless. AA only asserts copyright infringement and DMCA claims for the Works in its Assignment, so it has standing. ECF 355 at 37. ASW also didn't have the right to prepare and display derivative works (*id.* at 8-13), so the scienter requirement for the DMCA claims is met (*id.* at 15-19), and framing greeting cards and selling them as fine art is outside the License, so it is infringement. *Id.* at 19-22.
[3] ASW's entire application of the discovery rule to the facts *is a single sentence* in its Summary Judgment Reply, stating the discovery rule does not apply to AA's copyright and DMCA claims. ECF 360 at 27.
[4] Unlike AA, Petrella "sought no relief for conduct occurring outside § 507(b)'s three-year limitations period." *Petrella*, 572 U.S. at 667.

AA claims the benefit of the discovery rule, and ASW's assertion that AA's claims are untimely is unsupported by the record.[5] Indeed, the record establishes that ASW took several actions to "sidestep" AA and to hide its illicit conduct, thereby preventing AA from discovering many of the infringements when they occurred—affording AA the benefit of the discovery rule.

For example, ASW admits that AA told it not to frame wallet cards and greeting cards, yet ASW still covertly did so and printed posters for ex-defendant Carpentree to cut and frame. ECF 355 at 21. Upon discovery, AA demanded Defendants to "shut [it] down." *Id.* Yet even after the License expired, ASW entered into a secret arrangement with Carpentree to cut and frame calendar pages, knowing AA had prohibited such conduct. ECF 352 at Resp. ¶ 16. Carpentree even stated ASW was "**doing this to sidestep Akiane's dad**" (AA's principal). ECF 355 at 21 (emphasis added). And in 2016, ASW suddenly ceased sending AA itemized royalty reports for sales by product, sending only total sales instead. ECF 355 at 40 n. 44. And ASW admits AA knew nothing of ASW's inventory. *Id.* at 28. AA thus had no way of knowing *which products* ASW was selling or for which the royalties were paid (which even then were shorted).

ASW similarly hid its illicit printing of AA artwork. While ASW says it entered into an *oral* 'Printing Agreement' for it to print AA artwork in unlimited quantity, *it offered no evidence of it* (and would nonsensically cannibalize AA's own business). ECF 354 ¶¶ 126-129; ECF 352 ¶¶ 4, 51.[6] The sole printing agreement ASW had was a ***one-time*** print of 300 art prints (9"x12") for $15,000. ECF 352 ¶ 51. Yet AA learned ***during discovery*** that ASW had printed *hundreds of AA prints* without authorization. In fact, it was only through discovery that AA uncovered ***26 pallets***

---

[5] *Petrella* also affirmed that *statute of limitations* **restarts** *for each successive infringement*. *Id.* at 671. ASW argues the "separate accrual" rule does not apply, stating AA had notice of certain infringements 3 years before filing. This wasn't shown, and even if so, knowledge of one infringement does not automatically impart knowledge of other infringements, and each distribution is a new infringement.
[6] Art prints are AA's primary source of income, and AA repeatedly denied requests to print the Works, including ASW's requests. ECF 354 ¶ 131.

2

of unauthorized Akiane products. ECF 329 at 5-6. AA only exposed this from a deposition and settlement release (and not from Defendants' discovery disclosures). ASW's further claim that AA should have been responsible to monitor all of ASW's social media for AA's Works likewise fails. Aside from ASW conceding AA had sporadic internet access for many years while abroad, and that Mr. Kramarik didn't have or use social media (ECF 355 at 43), the License *required AA's preapproval* for any use of AA images and ASW never requested it, nor did AA give it outside of a few select uses. ECF 354 ¶¶ 23-24, 63. Indeed, when AA learned of ASW's use of a montage in 2014, it reiterated that ASW required AA's prior approval of all images and that "any further posts of Akiane's images…have to be cleared with us first…" *Id.* ¶ 69. After ASW was again warned, further continuous policing of ASW's social media shouldn't have been necessary.[7] *Id.* ¶ 70.

    ASW's reliance on estoppel, waiver, and ratification also fails. Estoppel and waiver are ASW's burden to show, but it made only a token effort to do so. *See* ECF 355 at 42-44. Nor did ASW plead the affirmative defense of ratification in its Answer or raise it in its summary judgment briefing, so the defense is waived. ECF 151, 333, 360; FRCP 8(c) ("In responding to a pleading, a party must affirmatively state any…affirmative defense"); *see also Spyder Enters. v. Ward*, 872 F. Supp. 8, 13 (S.D.N.Y. 1995) (affirmative defense of ratification waived because it was not raised in answer); *Principal Life Ins. v. Locker Grp*, 869 F. Supp. 2d 359, 366 (E.D.N.Y. 2012) (same).

    In sum, for the reasons and facts stated in prior summary judgment briefing and Rule 56.1 Statements, ASW has not established AA knew of the alleged infringements 3 years before filing. Rather, the record shows ASW hid its infringements from AA, hindering AA from discovering them when they occurred, and allowing AA to claim the benefit of the discovery rule. Thus, under *Nealy*, AA may recover damages for timely claims beyond 3 years from suit.

---

[7] ASW admits it never sought AA's approval of a single social media post. *Id.* ¶ 75. AA did not discover that ASW continued to post montages online without its prior approval until early 2019. *Id.* ¶ 71.

Dated: May 30, 2024                                   Respectfully submitted,

                                                  By: */s/ Adam Wolek*
Adam Wolek
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 517-9299
Fax: (312) 517-9201
Email: awolek@foxrothschild.com

Melissa E. Scott *(pro hac vice)*
Fox Rothschild LLP
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA 19341
Telephone: (610) 458-1413
Fax: (610) 457-7337
Email: mscott@foxrothschild.com

*Counsel for Plaintiff and Counter-Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on May 30, 2024, I caused Plaintiff Art Akiane's Response to ASW's Supplemental Brief Regarding the Impact of Warner Chappell Music v. Nealy on the Pending Cross-Motions for Partial Summary Judgment to be filed with the Clerk of Court via CM/ECF, which provided notice of same to all parties and counsel who have made an appearance in this case.

Dated: May 30, 2024                                      By: */s/ Adam Wolek*
                                                                   Adam Wolek